IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREESHONE C. MCLEOD, #229466, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. |
| ) | 1:05-CV-1123-F |
| ) | |
| ARNOLD HOLT, et. al., ) | |
| ) | |
| RESPONDENTS. ) | |

## ANSWER

Come now the respondents in the above styled cause by and through the Attorney General of the State of Alabama and make the following response to McLeod's §2254 petition as ordered by this Court.

1. The petitioner, Freeshone C. McLeod, is presently lawfully incarcerated in the state prison as a result of a lawful conviction of first degree rape and attempted murder and resulting consecutive sentences of ninety-nine years' imprisonment.

2. Respondents aver that McLeod's claim that he was never given his Miranda rights "as required by law" and that he never waived his rights "before or

Case 1:05-cv-01123-MEF-CSC    Document 8    Filed 01/09/2006    Page 2 of 9

after questioning as required by <u>Miranda</u>" is procedurally defaulted pursuant to <u>Teague v. Lane</u>, 489 U.S. 489 U.S. 288 (1989).

3. Respondents aver that McLeod's claim that "there was never a (sic) affidavit/warrant issued and signed by an (sic) judge or magistrate for his arrest" and thus only an invalid arrest warrant was issued is procedurally defaulted pursuant to <u>Teague v. Lane</u>, 489 U.S. 288 (1989).

4. Respondents deny that any federal constitutional right of McLeod's has been violated by the State of Alabama incident to his conviction in this case.

5. Respondents aver that, by alleging a defense of procedural default they do not intend to waive the future assertion of other applicable defenses such as lack of merit.

## CHRONOLOGY

Freeshone Cornelius McLeod, alias "Freek Nasty", was indicted by a Houston County Grand Jury on January 31, 2002 and charged with first degree rape in violation of Section 13A-6-61 of the Code of Alabama (1975) (CC-02-235) and with attempted murder in violation of Sections 13A-6-2 and 13A-4-2 of the Code of Alabama (1975). (Exhibit A, pgs. 13-16, 57) On March 4, 2002, McLeod waived arraignment. (Exhibit A, pgs. 1, 7)

McLeod's trial commenced on April, 2003, at which time he was represented by the Honorable Thomas K. Brantley. (Exhibit A, pgs. 2, 3) The jury

returned a verdict finding him guilty of first degree rape and attempted murder. (Exhibit A, pgs. 4, 10) On May 28, 2003, McLeod was sentenced to ninety-nine years' imprisonment on both charges. (Exhibit A, pgs. 4-5, 10-11) Both sentences were ordered to run consecutively. (Exhibit A, pgs. 6, 11) McLeod was also fined $20,000 and ordered to pay court costs and a Victim Compensation Assessment of $5,000. (Exhibit A, pgs. 5, 11)

McLeod filed a motion for new trial on May 15, 2003 (Exhibit A, pgs. 68-69), which the trial court denied on that same date. (Exhibit A, pg. 11) On May 15, 2003, Mr. Brantley was allowed to withdraw as counsel and the Honorable C. Parker was appointed to represent McLeod on appeal. (Exhibit A, pg. 11) He raised the following issues on appeal:

> 1. "Whether the trial court erred in denying the appellant's motion for a new trial?
>
> 2. "Whether the trial court erred in sustaining the State's objection to the appellant's examination of the victim's mother regarding her custody of the victim?
>
> 3. "Whether the trial court erred in determining there was sufficient evidence to convict the appellant of attempted murder as charged in the indictment?
>
> 4. "Whether the trial court erred in determining there was sufficient evidence to convict the appellant of rape in the 1st degree as charged in the indictment?"

(Exhibit B) His conviction was affirmed by the Alabama Court of Criminal Appeals in a written memorandum opinion issued March 19, 2004. (Exhibit D)

His application for rehearing (Exhibit E) was overruled on April 16, 2004. (Exhibit F) He filed a petition for writ of certiorari (Exhibit G) which was denied by the Supreme Court of Alabama on August 13, 2004 and a certificate of judgment was entered on that same date. (Exhibits H and I).

On February 14, 2005, McLeod filed a Rule 32 postconviction petition raising these claims:

> 1. "Whether the trial court erred in denying the petitioner (sic) motion for a new trial?
>
> 2. "Whether the trial court erred in sustaining the State's objection to the petitioner's examination of the victim's mother regarding her examination of the victim's mother regarding her custody of the victim?
>
> 3. "Whether the trial court erred in determining there was sufficient evidence to convict the petitioner of attempted murder as charged in the indictment?
>
> 4. "Whether the trial court erred in determining there was sufficient evidence to convict the petitioner of rape in the first degree as charged in the indictment?

(Exhibit J, pgs. 14, 21, 23, 29, 33) On March 8, 2005, the circuit court entered the following ruling on the case action summary:

> "The Court has carefully weighed and considered the defendant's Rule 32 petition and is satisfied that each and every issue raised therein was raised or could have been raised, either at trial or on appeal. The State's motion for summary disposition is therefore granted and defendant's Rule 32 petition is hereby dismissed."

(Exhibit J, pg. 45) McLeod appealed raising the following issues:

4

> 1. "Whether the trial court erred in denying the appellant (sic) motion for a new trial?
>
> 2. "Whether the trial court erred in sustaining the State's objection to the appellant (sic) examination of [the] victim's mother regarding her custody of the victim and the mother (sic) whereabout' (sic) when the incident occurred?
>
> 3. "Whether the trial court erred in determining there was sufficient evidence to convict the appellant of attempted murder as charged in the indictment?
>
> 4. "Whether the trial court erred in determining there was sufficient evidence to convict the appellant of rape in the first degree as charged in the indictment?"

(Exhibit K, pg. 2) On August 19, 2005, the Alabama Court of Criminal Appeals issued a written memorandum opinion affirming the denial of McLeod's Rule 32 petition. (Exhibit M) A certificate of judgment was entered in this case on September 27, 2005. (Exhibit N)

On November 15, 2005,[1] McLeod filed this present §2254 petition raising the following grounds for relief:

> 1. He was never given his <u>Miranda</u> rights "as required by law" and that he never waived his rights "before or after questioning as required by <u>Miranda</u>"; and,
>
> 2. that "there was never a (sic) affidavit/warrant issued and signed by an (sic) judge or magistrate for his arrest" and thus only an invalid arrest warrant was issued.

---

[1] This is the date this Court has determined (in footnote one of its order to show cause dated November 30, 2005) this petition to have been "filed".

5

## STATUTE OF LIMITATION

McLeod's petition does not appear to be barred by the one year statute of limitation applicable to §2254 petitions.

## EXHAUSTION

These two claims were not presented to the state courts for review and thus are not technically exhausted; however, because McLeod has already had a direct appeal and a Rule 32 postconviction proceeding, he has no available state remedy and, thus, his claims are effectively exhausted.

## PROCEDURAL DEFAULT

Neither of the claims raised by McLeod in this petition has been properly presented to the state courts for review either in the direct appeal or in the Rule 32 postconviction proceeding. Therefore, under Teague v. Lane, 489 U. S. 288 (1989), these claims are procedurally defaulted from federal habeas review. Therefore, unless McLeod overcomes this procedural default, this petition is due no further review or relief and is due to be dismissed with prejudice. *See,* Kennedy v. Herring, 54 F. 3d 678, 683-4 (11th Cir. 1995).

## CONCLUSION

Based on the foregoing, this petition is due to be denied and dismissed with prejudice.

## EXHIBIT LIST

A. Copy of the record on direct appeal. CR-02-1610; CC-02-235 and 236.

B. Copy of McLeod's brief on direct appeal. CR-02-1610; CC-02-235 and 236.

C. Copy of the State's brief on direct appeal. CR-02-1610; CC-02-235 and 236

D. Copy of Court of Criminal Appeals's written memorandum opinion issued on March 19, 2004 affirming McLeod's conviction and sentence. CR-02-1610; CC-02-235 and 236

E. Copy of McLeod's application for rehearing. CR-02-1610; CC-02-235 and 236

F. Copy of Court of Criminal Appeals's notice of denial of application for rehearing. CR-02-1610; CC-02-235 and 236

G. Copy of McLeod's petition for writ of certiorari and brief. S. Ct. No. 1031189; CR-02-1610; CC-02-235 and 236.

H. Copy of Supreme Court of Alabama's order denying the petition for writ of certiorari. S. Ct. No. 1031189; CR-02-1610; CC-02-235 and 236.

I. Copy of certificate of judgment. S. Ct. No. 1031189; CR-02-1610; CC-02-235 and 236.

J. Copy of the Rule 32 record in McLeod's Rule 32 proceeding. CR-04-1304; CC-02-235.60.

K. Copy of McLeod's pro se brief on appeal in his Rule 32 proceeding. CR-04-1304; CC-02-235.60.

L. Copy of the State's brief in the Rule 32 proceeding. CR-04-1304; CC-02-235.60.

M. Copy of the Court of Criminal Appeals memorandum opinion issued on August 14, 2005. CR-04-1304; CC-02-235.60.

Respectfully submitted,

Troy King, ASB #KIN047
*Attorney General*
By-

*Beth Slate Poe*
Beth Slate Poe ID#POE005
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2006, I served a copy of the foregoing (excluding exhibits) on Petitioner, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Freeshone C. McLeod
AIS #229466
P.O. Box 5107
Union Springs, AL  36089

*Beth Slate Poe*
Beth Slate Poe
Assistant Attorney General
POE005

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

88455/88232-001