COURT OF CRIMINAL APPEALS NO.  CR-02-1610

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

CIRCUIT COURT OF ___HOUSTON___ COUNTY, ALABAMA

CIRCUIT COURT NO. ___CC-2002-235 & 236___ Volume I

CIRCUIT JUDGE ___Brad Mendheim___

Type of Conviction / Order Appealed From: ___Rape 1 and Attempted Murder___

Sentence Imposed: ___99 Years $20,000.00 Fine, $5,000.00 Victime Compensation.___
99 years, $20,000.00 Fine $5,000.00 Victim Comp

'endant Indigent: [X] YES  [ ] NO

1. __hone Cornelius McLeod__
   NAME OF APPELLANT

Hon. Clark Parker  PAR 069        793-9009
(Appellant's Attorney)              (Telephone No.)
401 N. Foster St.
(Address)
Dothan          Alabama      36303
(City)          (State)      (Zip Code)

V.

STATE OF ALABAMA
                              NAME OF APPELLEE
(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

Part 1 of 9



CLERK'S INDEX OF RECORD

| | |
|---|---|
| CASE ACTION | 1 - 12 |
| INDICTMENTS | 13 - 16 |
| WRITS OF ARREST | 17 - 18 |
| AFFIDAVIT OF HARDSHOP | 19 - 20 |
| WAIVER OF ARRAIGNMENT | 21 |
| ORDER FOR DISCOVERY | 22 |
| NOTICE OF WITHDRAWAL OF YOUTHFUL OFFENDER APPLICATION | 23 |
| ORDER, WITHDRAWAL OF YOUTHFUL OFFENDER APPLICATION GRANTED | 24 |
| MOTION TO REDUCE BOND | 25 - 26 |
| AMENDED MOTION TO REDUCE BOND | 27 |
| MOTION TO REDUCE BOND SET FOR HEARING | 28 |
| MOTION TO REDUCE BOND DENIED | 29 |
| MOTION FOR SPEEDY TRIAL | 30 - 31 |
| CASE TO BE PLACED ON NEXT AVAILABLE DOCKET | 32 |
| MOTION FOR ORDER REGARDING DNA TESTING | 33 - 34 |
| MOITON TO REDUCE BOND | 35 - 36 |
| ORDER TO COMPLETE TESTING | 37 |
| MOTION TO REDUCE BOND DENIED | 38 |
| MOTION TO WITHDRAW | 39 - 40 |
| ORDER ON MOTION TO WTIHDRAW | 41 |
| ATTORNEY ALLOWED TO WITHDRAW | 42 |
| MOTION TO CONTINUE AND ORDER | 43 - 44 |
| MOTION TO WITHDRAW AND ORDER | 45 - 47 |
| CASES CONSOLIDATED | 48 |
| LETTER FROM DEFENDANT | 49 |
| INSTANTER SUBPOENA ORDERED | 50 |
| REQUESTED INSTRUCTIONS | 51 - 54 |
| JUDGMENTS, SENTENCING SET | 55 - 56 |

CLERK'S INDEX CONTINUED

| | |
|---|---|
| SENTENCING REPORT | 57 — 65 |
| SENTENCING | 66 — 67 |
| MOTION FOR NEW TRIAL | 68 — 71 |
| MOTIONF OR NEW TRIAL DENIED | 72 |
| NOTICES OF APPEAL | 73 — 74 |
| DOCKETING STATEMENT | 75 — 76 |
| COURT REPORTER'S TRANSCRIPT ORDER | 77 |
| AMENDED NOTICES OF APPEAL | 78 — 79 |
| HABEAS CORPUS | 80 — 88 |
| HABEAS DISMISSED | 89 |
| REQUEST AND ORDERS FOR TIME EXTENSIONS | 90 — 100 |
| COURT REPORTER'S INDEX OF EXHIBITS | 101 — 103 |
| STATE'S EXHIBIT NUMBER 1 AND 2 | 104 |
| STATE'S EXHIBIT NUMBER 3 | 105 |
| STATE'S EXHIBIT NUMBER 5 | 106 — 107 |
| STATE'S EXHIBIT NUMBER 6 | 108 |
| STATE'S EXHIBIT NUMBER 7 | 109 |
| STATE'S EXHIBIT NUMBER 8 | 110 — 111 |
| STATE'S EXHIBIT NUMBER 9 | 112 — 113 |
| STATE'S EXHIBIT NUMBER 11 | 114 — 115 |
| STATE'S EXHIBIT NUMBER 12 | 116 — 117 |
| STATE'S EXHIBIT NUMBER 13 | 118 — 119 |
| STATE'S EXHIBIT NUMBER 16 | 120 — 121 |
| STATE'S EXHIBIT NUMBER 17 | 122 — 123 |
| STATE'S EXHIBIT NUMBER 18 | 124 — 125 |
| STATE'S EXHIBIT NUMBER 20 | 126 — 127 |
| STATE'S EXHIBIT NUMBER 22 | 128 — 129 |
| STATE'S EXHIBIT NUMBER 23 | 130 — 131 |

CLERK'S INDEX CONTINUED

STATE'S EXHIBIT NUMBER 24                                    132 – 133

STATE'S EXHIBIT NUMBER 25                                    134 – 135

STATE'S EXHIBIT NUMBER 26                                    136

STATE'S EXHIBIT NUMBER 27                                    137

STATE'S EXHIBIT NUMBER 28                                    138

STATE'S EXHIBIT NUMBER 29                                    139 – 140

STATE'S EXHIBIT NUMBER 30                                    141 – 142

STATE'S EXHIBIT NUMBER 31                                    143 – 144

STATE'S EXHIBIT NUMBER 33                                    145 – 146

STATE'S EXHIBIT NUMBER 34                                    147 – 148

STATE'S EXHIBIT NUMBER 35                                    149 – 150

STATE'S EXHIBIT NUMBER 36                                    151 – 152

STATE'S EXHIBIT NUMBER 38                                    153 – 156

STATE'S EXHIBIT NUMBER 39                                    157 – 158

STATE'S EXHIBIT NUMBER 40                                    159 – 160

STATE'S EXHIBIT NUMBER 41                                    161 – 162

STATE'S EXHIBIT NUMBER 42                                    163 – 164

STATE'S EXHIBIT NUMBER 43                                    165

STATE'S EXHIBIT NUMBER 44                                    166

STATE'S EXHIBIT NUMBER 45                                    167

STATE'S EXHIBIT NUMBER 46                                    168 – 169

STATE'S EXHIBIT NUMBER 57                                    170 – 171

STATE'S EXHIBIT NUMBER 58                                    172 – 173

STATE'S EXHIBIT NUMBER 59                                    174 – 175

STATE'S EXHIBIT NUMBER 60                                    176

STATE'S EXHIBIT NUMBER 61                                    177 – 178

STATE'S EXHIBIT NUMBER 62                                    179 – 180

STATE'S EXHIBIT NUMBER 63                                    181 – 182

CLERK'S INDEX CONTINUED

STATE'S EXHIBIT NUMBER 65                                        183 — 184

STATE'S EXHIBIT NUMBER 66                                        185 — 186

COURT REPORTER'S TRANSCRIPT OF TRIAL                             1 — 646

COURT REPORTER'S TRANSCRIPT OF SENTENCING AND MOTION FOR
NEW TRIAL                                                        1 — 39

CERTIFICATE OF COMPLETION                                        872

```
ACR0372                  ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2002 000235.00
OPER: PAS                      CASE ACTION SUMMARY
PAGE:   1                      CIRCUIT   CRIMINAL                   RUN DATE: 02/07/2002
                                                                   JUDGE:
  THE CIRCUIT COURT OF  HOUSTON

ATE  OF  ALABAMA                    VS      MCLEOD FREESHONE CORNELIU
CASE: CC 2002 000235.00                     % HOUSTON COUNTY JAIL
                                            DOTHAN, AL  36302 0000

DOB: 10/13/1977       SEX: M  RACE: B  HT: 5 09  WT: 130   HR: BLK EYES: BRO
SSN: 423152024  ALIAS NAMES:
CHARGE01: RAPE 1ST DEGREE      CODE01: RAP1  LIT: RAPE 1ST DEGRE TYP: F #: 001
OFFENSE DATE: 10/06/2001              AGENCY/OFFICER: 0300000 S SEAY

DATE WAR/CAP ISS:                     DATE ARRESTED: 10/07/2001
DATE   INDICTED: 01/31/2002           DATE    FILED: 02/07/2002
DATE  RELEASED:                       DATE  HEARING:
BOND     AMOUNT:     $100,000.00           SURETIES:

DATE 1: 03/06/2002   DESC: ARRG        TIME: 0900 A
DATE 2: 05/06/2002   DESC: JTRL        TIME: 0830 A

TRACKING NOS: DC 2001 002451 00  /
  DEF/ATY: CRESPI MICHAEL A               TYPE: A
           309 W ADAMS ST
           P O BOX 935                    (A)
           DOTHAN        AL 36302
  PROSECUTOR: VALESKA DOUGLAS A

OTH CSE: DC2001002451000 CHK/TICKET NO: 012790329     GRAND JURY: 000000003
COURT REPORTER:               SID NO:    000000000
  STATUS: JAIL                DEMAND: Y                          OPER: PAS

       ACTIONS,  JUDGEMENTS,  AND  NOTES
```

3-4-02 — WAIVER OF ARRAIGNMENT    J. C. Steele, Judge

RECIPROCAL DISCOVERY ORDER
3-6-2002

Within 14 days of this Order, the State and Defendant will make
available for inspection and copying all materials discoverable under
the Alabama Rules of Criminal Procedure. In addition, the State will
make any exculpatory material available to the Defense. The State will
make its materials available at the District Attorney's office, and the
Defense will do likewise at the Defense Counsel's office.

C. LAWSON LITTLE
CIRCUIT JUDGE

NOTIFIED ALL PARTIES

3-4-2002 — Notice of withdrawal of Youthful Offender application.

March 13 2002  Defendant Allowed to withdraw
Youthful Offender Application
(3-14-02  J. McDougal)

State of Alabama vs. Freeshone Cornelius McLeod                    CC2002-235

4-2002  Motion to reduce bond

5-16-02  Motion to reduce bond to be heard on 5-28-02 at 9 A.M.
(5-17-02-D)-
(M C, D A)
J. White, Judge

5-16-2002  Amended motion to reduce bond

May 28, 2002. Motion to reduce bond denied. Deny M White Judge
Notify
C/o J Jones 5/29/02

5-28-02 notify M Crespi + DA

10-9-02 - Motion for Speedy Trial.

October 10, 2002. Clerk directed to place case on next available docket. Notify. White Judge
(10-10-02-D)-M C, D A
Duly

11-14-02 Motion For Order Regarding DNA Testing.
Motion To Reduce Bond.

November 20, 2002 - Because the defendant has filed a motion for speedy trial the Court is in a position of requiring the Department of Forensic Sciences to complete its testing of the evidence in this case in order to protect the defendant's constitutional rights. It is therefore Ordered that said department complete its testing prior to February 20, 2003. Clerk to notify attorneys and Director of Department of Forensic Sciences
Deny M White.
Judge

Nov. 20, 2002. Motion to reduce bond denied. Deny M White

ACR0329 A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2002 000235.00
JUDGE ID:   JMW

ATE  OF  ALABAMA                    VS    MCLEOD FREESHONE CORNELIU

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 12-3-2002 | Motion to withdraw |

December 4, 2002   Michael Crespi
allowed to withdraw.   Dft. directed
to have new attorney file appearance
within 30 days. Notto. _____ Judge
(12-11-02 — N-MC)
TB, DA)

12-4-03 — Order On Motion To Withdraw.
(Im Blantt, Appt d)

| 3-27-2003 | Motion to continue (3-3-03) (Order denying on motion in file) |
| 3-27-2003 | Motion to withdraw (3-3-03) Order denying on Motion in file |

4-7-03  Case Consolidated with CC02-236  B.Mullin, Judge

4-9-03  Instaner Subpoena Ordered for Witness
Mary Wesley   to be in Court Court immediately
did not ___
Witness appears in
B.Mullin, Judge

JURY CONVICTION

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA

CRIMINAL DIVISION

VS.

_Freeshone Cornelius McLeod_    CASE NO. _CC02-235_

The Defendant having been indicted and arraigned upon the Indictment on a charge of ___ _Rape 1st Degree_ and heretofore having plead not guilty thereto the case was tried before a jury composed of ___ _Margaret C. Davis_ as foreperson and eleven others. The Jury having been duly empanelled, sworn and charged by the Court according to law, with the Defendant being present in open court with his attorney at each and every stage of proceedings, said jury has now on this date pursuant to their oath found the Defendant guilty of ___ _Rape 1st Degree_ as charged in the Indictment (a lesser included offense of that charge in the Indictment).

In accordance with the verdict of the Jury, Defendant is hereby adjudged guilty of ___ _Rape 1st Degree_ Defendant being asked if he/she had anything to say why sentence of law should not be pronounced upon him/her, and Defendant says nothing.

**IT IS THEREFORE ORDERED AND ADJUDGED BY THE COURT** that the Defendant is guilty of said charge.

. (X) A Sentence hearing is set for the _28th_ day of ___ _May_ , 20_03_ at _9_ o'clock _A_.M.

DONE, this the _9th_ day of ___ _April_ , ~~2002~~ _2003_
_"Bond Revoked. Deft to be held in Custody_
_04-09-03rsd_

_____
CIRCUIT JUDGE

### SENTENCING ORDER

AS PUNISHMENT, DEFENDANT IS HEREBY FORMALLY SENTENCED:

( ) to hard labor for Houston County for a term of _____.

( X) to the penitentiary of the State of Alabama for a term of _99_ years. ( ) FHOA

_05-29-03 rsd_

On the 30th day after the Clerk transmits to the Department of Corrections a copy of this judgment entry and sentence, if the Department has not directed the Sheriff where the Defendant shall be taken for confinement, the Sheriff is hereby ordered to transport Defendant forthwith to the Department's receiving center at Kilby/Tutweiler (circle) and effectuate the transfer of the Defendant to the custody of the Department. In the event the Department refuses to accept the Defendant in compliance with state law, the Sheriff is ordered to secure the Defendant to the property at the Department's receiving center.

Said sentence shall run (X) consecutive or ( ) concurrent with case number (s)

_____

( ) said sentence is suspended for _____ years on the condition of good behavior and payment of all fines, costs, and restitution.

(X) The Defendant is hereby given credit for the days spent incarcerated pending trial.

Defendant is also ordered to pay:

(X) A fine of $ 20,000.00
(X) A Victim Compensation Assessment of $ 5,000.00.
(X) All Court Costs.
( ) Restitution of $ _____ to _____
( ) Drug Demand Reduction Act Assessment of $1,000.00.
( ) Alabama Forensics Sciences Trust Fund $100.00.

## ADDITIONAL SENTENCE PROVISION ORDERED ARE:

( ) Completion of a substance abuse program CRO
( ) The Department of Public Safety is ordered to comply with Alabama Code 13A-12-290 by suspending Defendant's drivers license for six months.
( ) Continued on same bond.
( ) Appeal bond is set at $ _____.
( ) Indigency status granted and free transcript is ordered.

## PROBATION:

( ) Defendant applies for probation.
( ) Defendant waives application for probation.
( ) Probation hearing is set for the _____ day of _____ 20__ at _____
( ) Defendant to remain on same bond pending probation hearing

DONE this the 28 day of _____May___ 20 03...

_____
CIRCUIT JUDGE

5-15-B — Motion In New Trial
5-28-03 ~~hear~~ After hrg. Motion for New Trial denied; Agrees
~~es~~ N: CPA A6 oral notice of appeal; C. Brantley allowed to withdraw, C. Parker
A CPA Dpt CP.     apptd.; ~~free transcript ordered~~ — Brantley, Judge

State of Alabama
Unitied Judicial System

**CASE ACTION SUMMARY**
CONTINUATION

CC2002-235                    5
ID   YR    Number

Form C-7  Rev. 2/79

**Style:**
te of Alabama vs. Freeshone Cornelius McLeod

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 6-4-03 | Mailed Clerk's Notice of Appeal to CCA, AG, DA, CR, Deft, and Clark Parker. |
| | *Dec 23, 2003 - Petition for writ of Habeas Corpus dismissed. Deft's case on appeal.* — *Eugene White, Judge* |
| 7-22-03 | Request for local extension of time to complete the reporter's transcript |

```
ACR0372              ALABAMA JUDICIAL INFORMATION SYSTEM       CASE: CC 2002 000236.00
OPER: PAS                    CASE ACTION SUMMARY
PAGE:   1                  CIRCUIT    CRIMINAL                  RUN DATE: 02/07/2002
```

THE CIRCUIT COURT OF HOUSTON                                          JUDGE: JMW

ATE OF ALABAMA                    VS       MCLEOD FREESHONE CORNELIU     7
SE: CC 2002 000236.00                      % HOUSTON COUNTY JAIL

                                           DOTHAN, AL  36302 0000

DOB: 10/13/1977        SEX: M  RACE: B  HT: 5 09  WT: 130   HR: BLK EYES: BRO
SSN: 423152024  ALIAS NAMES:

CHARGE01: ATTEMPT - MURDER     CODE01: MURDA LIT: ATTEMPT - MURD TYP: F #: 001
OFFENSE DATE: 10/06/2001                   AGENCY/OFFICER: 0380000 K COOK

DATE WAR/CAP ISS:                          DATE ARRESTED: 10/07/2001
DATE    INDICTED: 01/31/2002               DATE    FILED: 02/07/2002
DATE    RELEASED:                          DATE  HEARING:
BOND     AMOUNT:     $100,000.00           SURETIES:

DATE 1: 03/06/2002   DESC: ARRG            TIME: 0900 A
DATE 2: 05/06/2002   DESC: JTRL            TIME: 0830 A

TRACKING NOS: DC 2001 002452 00  /

   DEF/ATY: CRESPI MICHAEL A           TYPE: A
            308 W ADAMS ST
            P O BOX 935
            DOTHAN          AL 36302
PROSECUTOR: VALESKA DOUGLAS A.                            *Consolidated*

OTH CSE: DC200100245200 CHK/TICKET NO: 012790329          GRAND JURY: 000000003
URT REPORTER: ---------------   SID NO:     000000000
F STATUS: JAIL                 DEMAND: Y                            OPER: PAS

TE        ACTIONS, JUDGEMENTS, AND NOTES

3-4-02 — WAIVER OF ARRAIGNMENT

        RECIPROCAL DISCOVERY ORDER
        3-6-2002

        Within 14 days of this Order, the State and Defendant will make
        available for inspection and copying all materials discoverable under
        the Alabama Rules of Criminal Procedure. In addition, the State will
        make any exculpatory material available to the Defense. The State will
        make its materials available at the District Attorney's office and the
        Defense will do likewise at the Defense Counsel's office.

                        C. LAWSON LITTLE
                        CIRCUIT JUDGE

                 MAR 1 1 2002    NOTIFIED ALL PARTIES

5-14-2002   Motion to reduce bond

5-16-02   Bond Reduction Motion to be heard on
          5-28-02 at 9 A.M. Notify
                              J. White, Judge

          (5-17-02 — D-MC, DA)

State of Alabama vs. Freeshone Cornelius McLeod                    CC2002-236

5-16-2002  Amended motion to reduce bond

May 28, 2002 - Motion to reduce bond
denied. Notify                      Jerry M. White, Judge

C/O CF Jones
5/28/00

5-28-02 notf M Creepi + DA

10-9-02 - Motion for Speedy Trial
October 10, 2002 - Clerk directed to place case on
next available docket. Notify.         White, Judge
(10-10-02 - N - MC, DA, Judy)

11-14-02 - Motion For   Order Regarding D.N.A.
          Testing.   Motion To Reduce Bond.

November 20, 2002 - Because the defendant
has filed a motion for speedy trial, the Court
is in a position & hurry to require the Department
of Forensic Science to complete its testing of
the evidence in this case in order to protect
the defendant's constitutional rights, it is
therefore ordered that said department complete
its testing prior to February 20, 2003. Clerk
to notify attorneys and Director of Department
of Forensic Sciences.
                              Jerry M. White, Judge

November 20, 2002 - Motion to reduce bail denied.
                              Jerry M. White, Judge
(11-21-02 - N - MC,
DA, Judy & DFS) C,

12-3-2002  Motion to withdraw

ACR0269  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2002 000236.00
JUDGE ID:  JMW

| STATE OF ALABAMA | VS | MCLEOD FREESHONE CORNELIU |
|---|---|---|

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 12-3-2002-- | Motion to withdraw. |
| 12-4-2002-- | Michael Crespi allowed to withdraw.  Defendant directed to have new attorney file appearance within 30 days.  Notify.  See Judge White's original order on CC-2002-235. |
| 12-4-2002-- | Order on motion to withdraw.  (Tom Brantley appointed) |
| 3-27-2003 | Motion to continue  *3-5-03 order denying on motion in file* |
| 3-27-2003 | Motion to withdraw  *3-31-03 order denying on motion in file* |
| 4-1-03 | *Case Consolidated with CC02-235* |
|  | *Brantley, Judge* |

JURY CONVICTION

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA

CRIMINAL DIVISION

VS.

_Freeshone Cornelius McLeod_          CASE NO. _CC02-236_

The Defendant having been indicted and arraigned upon the Indictment on a charge of _Attempted Murder_ , and heretofore having plead not guilty , thereto the case was tried before a jury composed of _Margaret C. Davis_ as foreperson and eleven others. The Jury having been duly empanelled , sworn and charged by the Court according to law , with the Defendant being present in open court with his attorney at each and every stage of proceedings, said jury has now on this date pursuant to their oath found the Defendant guilty of _Attempted Murder_ as charged in the Indictment (a lesser included offense of that charge in the Indictment).

In accordance with the verdict of the Jury, Defendant is hereby adjudged guilty of _Attempted Murder_ Defendant being asked if he/she had anything to say why sentence of law should not be pronounced upon him/her, and Defendant says nothing .

IT IS THEREFORE ORDERED AND ADJUDGED BY THE COURT that the Defendant is guilty of said charge.

(X) A Sentence hearing is set for the _28th_ day of _May_ , 20 _03_ at _9_ o'clock _A_ M.

DONE, this the _9th_ day of _April_ , ~~2002~~ _2003_

_Bond revoked. Deft to be held in custody._

04-09-03a12

_[signature]_
CIRCUIT JUDGE

### SENTENCING ORDER

AS PUNISHMENT, DEFENDANT IS HEREBY FORMALLY SENTENCED:

( ) to hard labor for Houston County for a term of _____ .

(X) to the penitentiary of the State of Alabama for a term of _99_ years. ( ) FHOA

05.29.03 BAH

11

On the 30th day after the Clerk transmits to the Department of Corrections a copy of this judgment entry and sentence, if the Department has not directed the Sheriff where the Defendant shall be taken for confinement, the Sheriff is hereby ordered to transport Defendant forthwith to the Department's receiving center at Kilby/Tutweiler (circle) and effectuate the transfer of the Defendant to the custody of the Department. In the event the Department refuses to accept the Defendant in compliance with state law, the Sheriff is ordered to secure the Defendant to the property at the Department's receiving center.

Said sentence shall run (X) consecutive or ( ) concurrent with case number (s)
_____.

( ) said sentence is suspended for _____ years on the condition of good behavior and payment of all fines, costs, and restitution.

(√) The Defendant is hereby given credit for the days spent incarcerated pending trial.

Defendant is also ordered to pay:

(X) A fine of $ 20,000.00
(X) A Victim Compensation Assessment of $ 5,000.00
(X) All Court Costs.
( ) Restitution of $ _____ to _____.
( ) Drug Demand Reduction Act Assessment of $1,000.00.
( ) Alabama Forensics Sciences Trust Fund $100.00.

## ADDITIONAL SENTENCE PROVISION ORDERED ARE:

( ) Completion of a substance abuse program CRO
( ) The Department of Public Safety is ordered to comply with Alabama Code 13A-12-290 by suspending Defendant's drivers license for six months.
( ) Continued on same bond.
( ) Appeal bond is set at $_____.
( ) Indigency status granted and free transcript is ordered.

## PROBATION:

( ) Defendant applies for probation.
( ) Defendant waives application for probation.
( ) Probation hearing is set for the _____ day of _____ 20__ at _____
( ) Defendant to remain on same bond pending probation hearing

DONE this the 28 day of ___May___, 20 03.

_____
CIRCUIT JUDGE.

State of Alabama
Unified Judicial System

**CASE ACTION SUMMARY**
CONTINUATION

CC2002-236   00  12
ID   YR   Number

Form C-7 Rev. 2/79

Style:
State of Alabama vs. Freeshone Cornelius McLeod

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 6-3-03 | PENITENTIARY TRANSCRIPT ~~MAILED TO DOC~~ |
| 6-4-03 | Mailed Clerk's Notice of Appeal to CCA, AG, DA, CR, Deft, and Clark Parker |
| | June 23, 2003 — Dft's petition for writ of Habeas corpus dismissed. Dft's case on appeal — _Ray M. Clark, Judge_ |
| 7-22-03 | Request for local extension of time to complete the reporter's transcript. |

Grand Jury No. 038                                    Case No. *01-02-235*

---

## INDICTMENT

The State of Alabama  }
Houston County

### CIRCUIT COURT
### TWENTIETH JUDICIAL
**JANUARY TERM, 2002**

#### COUNT 1

The Grand Jury of said county charge that, before the finding of this indictment, FREESHONE CORNELIUS MCLEOD, whose name is otherwise unknown to the Grand Jury, a male, did engage in sexual intercourse with JONTERIA JONES, a female, who was less than twelve years of age, he, the said FREESHONE CORNELIUS MCLEOD, being sixteen years or older, in violation of Section 13A-6-61 of the Code of Alabama, against the peace and dignity of the State of Alabama.

Douglas Albert Valeska
District Attorney

---

THE STATE OF ALABAMA
Houston County

THE CIRCUIT COURT
Twentieth Judicial Circuit

THE STATE
vs.
FREESHONE CORNELIUS MCLEOD

Witnesses for Agency No. 012790329

KEITH COOK, SO, DOTHAN, AL  36301
RICKY DUCKER, SO, DOTHAN, AL  36301
GARY JENKINS, HOUSTON COUNTY S.O., DOTHAN, AL  36301
JONTERIA JONES, 1684 N CO RD 81, GORDON, AL  36343
KRIS ROCCO, HCSO, DOTHAN, AL  36301
SUSAN SEAY, HOUSTON COUNTY S.O., DOTHAN, AL  36301
DONALD VALENZA, SO, DOTHAN, AL  36301

Charges: 1.  RAPE FIRST DEGREE (FEMALE 12 YEARS OR LESS)

\# 38

1 1

## A TRUE BILL

_Amy E Scott_
Foreman of the Grand Jury

Presented to the presiding Judge in open court foreman of the
Grand Jury, in the presence of _16_ Grand Jurors and
filed in open court by order of the court on this the _31st_
day of _Jan._, 20, _02_.

_Judge Byrd_
                                                        CLERK

## INDICTMENT

NO PROSECUTOR

Upon the arrest of Defendant let him be admitted to bail on
giving bond in the sum of

_$100,000_ _____ Dollars

With security to be approved by the Sheriff.

_Larry K. Anderson_
Judge Presiding

Grand Jury No. 039

Case No. CC-02-236

## INDICTMENT

5

The State of Alabama
Houston County

}

### CIRCUIT COURT
### TWENTIETH JUDICIAL
#### JANUARY TERM, 2002

COUNT 1

The Grand Jury of said county charge that, before the finding of this indictment, FREESHONE CORNELIUS MCLEOD, whose name is otherwise unknown to the Grand Jury, did with the intent to commit the crime of murder (Section 13A-6-2 of the Alabama Criminal Code) attempt to cause the death of JONTERIA JONES, by STRICKING HER ON THE HEAD WITH A PAN, in violation of Section 13A-4-2 of the Code of Alabama, against the peace and dignity of the State of Alabama.

Douglas Albert Valeska
District Attorney

---

THE STATE OF ALABAMA
Houston County

THE CIRCUIT COURT
Twentieth Judicial Circuit

THE STATE
vs.
FREESHONE CORNELIUS MCLEOD

Charges: 1. ATTEMPT MURDER

Witnesses for Agency No. 012790329

KEITH COOK, SO, DOTHAN, AL 36301
RICKY DUCKER, SO, DOTHAN, AL 36301
GARY JENKINS, HOUSTON COUNTY S.O., DOTHAN, AL 36301
JONTERIA JONES, 1684 N CO RD 81, GORDON, AL 36343
KRIS ROCCO, HCSO, DOTHAN, AL 36301
SUSAN SEAY, HOUSTON COUNTY S.O., DOTHAN, AL 36301
DONALD VALENZA, SO, DOTHAN, AL 36301

## A TRUE BILL

*Amy E Scot*
_____
Foreman of the Grand Jury

Presented to the presiding Judge in open court foreman of the
Grand Jury, in the presence of ___16___ Grand Jurors and
filed in open court by order of the court on this the __31st__
day of __Jan.__, 20, __02__

*Judge Byrd*
_____ CLERK

## INDICTMENT

NO PROSECUTOR

Upon the arrest of Defendant let him be admitted to bail on
giving bond in the sum of

_____ *$100,000* _____ Dollars

With security to be approved by the Sheriff.

*Larry K. Anderson*
_____
Judge Presiding

# WRIT OF ARREST

The State of Alabama
Houston County                                    CIRCUIT COURT

To Any Sheriff of the State of Alabama:                                    No. 38

An indictment having been found against _Freshone Carolina McLeod_

at the _January_ Term _02_ of the Circuit Court of said County

for the offense of _Rape First Degree (Female 12 years or Less)_

you are therefore commanded forthwith to arrest the said Defendant and commit him to jail unless he gives bail to answer said Indictment, and you are further directed to make return of this writ according to law.

Dated this _31st_ day of _January_, _02_

_Judy Byrd_ Clerk

Defendant lives at _____

The officer executing this writ may admit the Defendant to bail upon entering into Bond in the amount of _$100,000_ Dollars with two or more good securities approved by said officers.

_Judy Byrd_ Clerk

Received in office this the _____ day of __JAN 31 2002__, _____

_Lamar Glover_ Sheriff

I have executed this writ by arresting the within named defendant and

☐ Taking Appearance Bond    ☒ Committing Defendant to Jail    ☐ Confined on Existing Bond

This the _03_ day of _Feb_, _2002_.

Sheriff _LAMAR GLOVER_        Deputy Sheriff _JAMES IVEY_

TRI-STATE / DOTHAN

# WRIT OF ARREST

The State of Alabama }

Houston County }

CIRCUIT COURT

To Any Sheriff of the State of Alabama:

No. *39*

An indictment having been found against *Freeshone Cocnelius McLeod*

at the *January* Term, *02* of the Circuit Court of said County

for the offense of *Attempt Murder*

you are therefore commanded forthwith to arrest the said Defendant and commit him to jail unless he gives bail to answer said Indictment, and you are further directed to make return of this writ according to law.

Dated this *31st* day of *January*, *02*

*Judy Byrd* Clerk

Defendant lives at _____

The officer executing this writ may admit the Defendant to bail upon entering into Bond in the amount of *$100,000* Dollars with two or more good securities approved by said officers.

*Judy Byrd* Clerk

Received in office this the _____ day of JAN 31 2002, *Lamar Glover*

Sheriff _____

I have executed this writ by arresting the within named defendant and

☐ Taking Appearance Bond    ☒ Committing Defendant to Jail    ☐ Continued on Existing Bond

This the *03* day of *Feb*, *2002*

Sheriff *LAMAR GLOVER*    Deputy Sheriff *JAMES IVEY*

TRI-STATE / DOTHAN

| State of Alabama<br>Unified Judicial System<br><br>Form C-10<br>Page 1 of 2    Rev. 2/95 | AFFIDAVIT OF SUBSTANTIAL<br>HARDSHIP AND ORDER | Case Number<br><br>*38, 39* |

IN THE ___*Circuit*___ COURT OF ___*Houston*___ , ALABAMA
   (Circuit, District, or Municipal)      (Name of County or Municipality)

STYLE OF CASE: ___*State of Alabama*___ v. ___*Freeshone C. McLeod*___
       Plaintiff(s)             Defendant(s) *att*

TYPE OF PROCEEDING: ___*Criminal*___ CHARGE(S) (if applicable): ___*Rape 1st Murder*___

☐ CIVIL CASE-- I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request
   that payment of these fees be waived initially and taxed as costs at the conclusion of the case.
☐ CIVIL CASE-- (such as paternity, support, termination of parental rights, dependency) - I am financially unable to hire an
   attorney and I request that the court appoint one for me.
☐ CRIMINAL CASE-- I am financially unable to hire an attorney and request that the court appoint one for me.
☐ DELINQUENCY/NEED OF SUPERVISION-- I am financially unable to hire an attorney and request that the court appoint
   one for my child/me.

**AFFIDAVIT**

**SECTION I.**

1. IDENTIFICATION
   Full name ___*Freeshone Cornelius McLeod*___ Date of birth ___*10-13-77*___
   Spouse's full name (if married) _____
   Complete home address ___*26 Depot Street*___
   ___*Gordon, Al 36343*___
   Number of people living in household _____
   Home telephone number _____
   Occupation/Job _____ Length of employment _____
   Driver's license number _____ *Social Security Number ___*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*___
   Employer ___*Unemployed*___ Employer's telephone number _____
   Employer's address _____

2. ASSISTANCE BENEFITS
   Do you or anyone residing in your household receive benefits from any of the following sources? (If so, please check those which
   apply.)

   ☐ AFDC   ☐ Food Stamps   ☐ SSI   ☐ Medicaid   ☐ Other _____

3. INCOME/EXPENSE STATEMENT ___*Michael Crespi is his attorney*___
   Monthly Gross Income:
      Monthly Gross Income               $ ___*0*___
      Spouse's Monthly Gross Income (unless a marital offense)        *F.M*
      Other Earnings: Commissions, Bonuses, Interest Income, etc.
      Contributions from Other People Living in Household
      Unemployment/Workmen's Compensation,
         Social Security, Retirements, etc.        *0*
      Other Income (be specific) _____

      TOTAL MONTHLY GROSS INCOME       $ ___*0*___

   Monthly Expenses:
    A. Living Expenses
      Rent/Mortgage               $ ___*0*___      *F.M*
      Total Utilities: Gas, Electricity, Water, etc.
      Food
      Clothing
      Health Care/Medical
      Insurance               *0*
      Car Payment(s)/Transportation Expenses
      Loan Payment(s)

*OPTIONAL

Form C-10 Page 2 of 2    Rev. 2/95

## AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER

Monthly Expenses: (cont'd page 1)
Credit Card Payment(s)
Educational/Employment Expenses
Other Expenses (be specific) _____

**Sub-Total**

B.    Child Support Payment(s)/Alimony    $ _____

**Sub-Total**

C.    Exceptional Expenses    $ _____

TOTAL MONTHLY EXPENSES (add subtotals from A & B monthly only)    $ _____

A/ $ _____

B  $ _____

Total Gross Monthly Income Less total monthly expenses:

**DISPOSABLE MONTHLY INCOME**    $ _____

4.    LIQUID ASSETS:
Cash on Hand/Bank (or otherwise available such as stocks,
bonds, certificates of deposit)    $ _____
Equity in Real Estate (value of property less what you owe)
Equity in Personal Property, etc. (such as the value of
motor vehicles, stereo, VCR, furnishing, jewelry, tools,
guns, less what you owe)
Other (be specific)
Do you own anything else of value?  ☐ Yes  ☐ No
(land, house, boat, TV, stereo, jewelry)
If so, describe _____

TOTAL LIQUID ASSETS    $ _____

5.    Affidavit/Request
I swear or affirm that the answers are true and reflect my current financial status. I understand that a false statement or answer to any question in the affidavit may subject me to the penalties of perjury. I authorize the court or its authorized representative to obtain records of information pertaining to my financial status from any source in order to verify information provided by me. I further understand and acknowledge that, if the court appoints an attorney to represent me, the court may require me to pay all or part of the fees and expenses of my court-appointed counsel.

Sworn to and subscribed before me this

_____ day of _____, _____.

_____    Affiant's Signature _____
Judge/Clerk/Notary                                       Print or Type Name

## ORDER OF COURT

SECTION II.
IT IS THEREFORE, ORDERED, AND ADJUDGED BY THE COURT AS FOLLOWS:
☐ Affiant is not indigent and request is DENIED.
☐ Affiant is partially indigent and able to contribute monetarily toward his/her defense; therefore defendant is ordered to pay
$ _____ toward the anticipated cost of appointed counsel. Said amount is to be paid to the clerk of court or as otherwise
ordered and disbursed as follows: _____
☐ Affiant is indigent and request is GRANTED.
☐ The prepayment of docket fees is waived.

IT IS FURTHER ORDERED AND ADJUDGED that _____, is hereby appointed as counsel to represent
affiant.
IT IS FURTHER ORDERED AND ADJUDGED that the court reserves the right and may order reimbursement of attorney's fees and
expenses, approved by the court and paid to the appointed counsel, and costs of court.
Done this _____ day of _____, _____.

_____
Judge

State of Alabama
Unified Judicial System

Form CR-9    Rev. 3/95

# PLEA OF NOT GUILTY AND WAIVER OF ARRAIGNMENT

Case Number

CC 2003-235.6

IN THE _CIRCUIT_ COURT OF _HOUSTON_, ALABAMA
(Circuit, District, or Municipal)          (Name of County or Municipality)

☑ STATE OF ALABAMA v. _FREESHONE MCLEOD_, Defendant

Comes now, the defendant in the above-styled matter, and to the offense charged enters a plea of

☑ Not Guilty
☐ Not Guilty by Reason of Mental Disease or Defect
☐ Not Guilty and Not Guilty by Reason of Mental Disease or Defect

Defendant acknowledges receipt of the copy of the charge against him/her and further waives the right to have an arraignment at which the defendant is present in person, or at which the defendant is represented by an attorney.

But, the defendant specifically and expressly reserves the right upon the filing hereof to hereafter, but before trial or before such date as may be set by the court, to interpose any defenses, objections, or motions which the defendant had the right as a matter of law or rule to interpose in this cause, prior to the filing hereof.

Defendant's date of birth is _10/13/77_ Defendant's age is _23_
The defendant is not eligible for consideration by the court for youthful offender status as provided by law.

_3-4-02_
Date

_3/4/02_
Date

_Freeshone McLeod_
Defendant

_Michael Crisp_
Attorney for Defendant

This is to certify that I am the attorney for the defendant in this matter, and that I have fully explained this form and all matters set forth herein, and pertaining hereto, to the defendant. I further state to the court that I have explained to the defendant his right to be arraigned in person and his right to have me represent him at arraignment. I further certify to the court that my client hereby knowingly, voluntarily, and intelligently waives these rights after a full and complete explanation of each and every one of them to him/her by me. BOTH MYSELF AND THE DEFENDANT UNDERSTAND THAT I AM RESPONSIBLE FOR ASCERTAINING WHAT DATE, IF ANY, HAS BEEN SET BY THE COURT FOR THE MAKING OR FILING OF ANY DEFENSES, OBJECTIONS, OR MOTIONS. I FURTHER UNDERSTAND THAT I AM RESPONSIBLE FOR NOTIFYING MY CLIENT OF THE DATE HIS/HER CASE IS SET FOR TRIAL, AND THAT I HAVE ADVISED AND INFORMED HIM/HER THAT IN THE EVENT HE/SHE FAILS TO APPEAR ON THE DATE HIS/HER CASE IS SET FOR TRIAL, ALL APPROPRIATE LEGAL ACTION WILL BE TAKEN BY THE COURT AGAINST THE DEFENDANT AND HIS/HER BOND. I further certify to the court that I have advised my client that he/she is responsible for obtaining the date his/her case is set for trial in this matter and that in the event he/she fails to appear on the date his/her case is set for trial all appropriate legal action will be taken by the court against the defendant and his/her bond, and I hereby certify that the defendant knows that he/she is personally responsible for obtaining the date his/her case is set for trial and for being present in court on that date.

_3/4/02_
Date

_Michael Crisp_
Attorney for Defendant Signature

I certify that I served a copy of the foregoing plea and waiver of arraignment on the Prosecutor by mailing/delivering a copy of the same to him/her on:

_3/4/02_
Date

_MICHAEL CRISP_
Printed or Typed Attorney's Name
_P.O. Box 935_
_DOTHAN, AL 36302_
Address

This is to certify that my attorney has explained each and every matter and right set forth in this form and I have completely and fully read and do so understand each and every matter set forth in this form. I further state to the court that I do not wish to be personally present at an arraignment in this case and that I do not want to have an attorney represent me at an arraignment and WITH FULL KNOWLEDGE OF EACH OF THESE RIGHTS, I HEREBY EXPRESSLY WAIVE SUCH RIGHTS. I further state to the court that I have been informed of the charge against me and have received a copy of the charge.

_3-4-02_
Date

Filed in office this date _____

_Freeshone McLeod_
Defendant Signature

MAR 4 2002
By _____

Clerk

HOUSTON CO., AL

3-4-02

WAIVER OF ARRAIGNMENT

*C. Stab, Judge*

RECIPROCAL DISCOVERY ORDER

3-6-02

Within 14 days of this Order, the State and Defendant will make available for inspection and copying all materials discoverable under the Alabama Rules of Criminal Procedure. In addition, the State will make any exculpatory material available to the Defense. The State will make its materials available at the District Attorney's office, and the Defense will do likewise at the Defense Counsel's office.

C. LAWSON LITTLE
CIRCUIT JUDGE

23

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | IN THE CIRCUIT COURT OF |
| VS. | ) | HOUSTON COUNTY, ALABAMA |
| FREESHONE CORNELIUS McLEOD, | ) | |
| DEFENDANT. | ) | CASE NO. CC 2002 - 235, 6 |

## NOTICE OF WITHDRAWAL OF YOUTHFUL OFFENDER APPLICATION

The defendant gives notice of the withdrawal of the Youthful Offender application he previously filed in this case. His correct date of birth is October 13, 1977 and he is ineligible for the benefits of treatment under the Youthful Offender Act. He has filed a waiver of arraignment simultaneously with this notice.

Michael Crespi, Esq.
Attorney for the Defendant
308 West Adams Street
P. O. Box 935
Dothan, Alabama   36302-0935
(334) 702-9434

### CERTIFICATE OF SERVICE

I certify that I have served a copy of this motion on the District Attorney by placing it in the receptacle authorized for that purpose on March 4, 2002.

Michael Crespi

March 13, 2002 — Defendant actions to withdraw Youthful Offender application (written)
(3-14-02-N - McDGO.)

STATE OF ALABAMA                )      IN THE CIRCUIT COURT OF

    VS.                         )      HOUSTON COUNTY, ALABAMA

FREESHONE CORNELIUS McLEOD,     )

    DEFENDANT.                  )      CASE NO.  CC 2002 - 235, 6


## MOTION TO REDUCE BOND


The defendant moves the court to reduce the bonds in these cases.

1.  The defendant is in the Houston County Jail under two bonds of $100,000 each on charges of first degree rape and first degree sodomy.

2.  The defendant is indigent and unable to make bond in those amounts.

3.  The present bond amounts to no bond at all in violation of the right to reasonable bond guaranteed by the United States and Alabama Constitutions.

4.  The defendant moves the court to schedule a hearing on this motion at its earliest opportunity.


**FILED**

**MAY 1 4 2002**

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

Michael Crespi
Michael Crespi, Esq.
308 West Adams Street
P.O. Box 935
Dothan, Alabama   36302-0935
(334) 702-9434

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this motion on the District Attorney by placing it in the authorized receptacle on May 14, 2002.

Michael Crespi

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | IN THE CIRCUIT COURT OF |
| VS. | ) | HOUSTON COUNTY, ALABAMA |
| FREESHONE CORNELIUS McLEOD, | ) | |
| DEFENDANT. | ) | CASE NO.  CC 2002 - 235, 6 |

## AMENDED MOTION TO REDUCE BOND

The defendant incorporates all of the allegations of his original motion to reduce bond into this motion except for paragraph 1.

1.  The defendant is in the Houston County Jail under two bonds of $100,000 each on charges of first degree rape and attempted murder.


_Michael Crespi_
Michael Crespi, Esq.
308 West Adams Street
P.O. Box 935
Dothan, Alabama  36302-0935
(334) 702-9434

**FILED**

**MAY 16 2002**

### CERTIFICATE OF SERVICE

I certify that I have served a copy of this motion on the District Attorney by placing it in the authorized receptacle on May 16, 2002.


_Michael Crespi_
Michael Crespi

28

5-16-02    Motion to reduce bond to be
heard on 5-28-02 at 9 A.M.
(5-17-02-y)-
M.C.D.A)        J. White, Judge

May 28, 2002 · motion to reduce bond, denied. Guy M. White Judge

Notify:
C/O J Jones
5/28/02

5-28-02 notif. M Crespi + DA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | IN THE CIRCUIT COURT OF |
| VS. | ) | HOUSTON COUNTY, ALABAMA |
| FREESHONE CORNELIUS McLEOD, | ) | |
| DEFENDANT. | ) | CASE NO.  CC 2002 - 235, 6 $\mathcal{W}$ |

## MOTION FOR SPEEDY TRIAL

The defendant moves the court to grant him a speedy trial by scheduling his case on the next available docket.

1.  Freeshone Cornelius McLeod is in custody in lieu of bonds far past his ability to make, given his status as an indigent with court-appointed counsel.

2.  He has been in custody for a year since the date of his arrest and the court has not set a date for his trial as yet.

3.  Defense counsel has made repeated inquiries after the results of DNA testing critical to the resolution of these cases and the Sheriff's office has informed him that the materials submitted are still awaiting testing and comparison.

4.  The length of the delay has denied the defendant his rights to a speedy trial arising under the United States Constitution and the Alabama Constitution of 1901.

_Michael Crespi_
Michael Crespi, Esq.
Attorney for the Defendant
308 West Adams Street
P. O. Box 935
Dothan, Alabama   36302-0935
(334) 702-9434

FILED

OCT 09 2002

JUDY BYRD, CLERK.
HOUSTON CO., AL.

31

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this motion on the District Attorney by placing it in the receptacle authorized for that purpose on October 9, 2002.

Michael Crespi

October 10, 2002. Clerk directed to place case on trial on next available docket - Notify Atty for Defense

(10-10-02 - MCDA)

33

STATE OF ALABAMA                    )    IN THE CIRCUIT COURT OF

    VS.                             )    HOUSTON COUNTY, ALABAMA

FREESHONE CORNELIUS McLEOD,         )

    DEFENDANT.                      )    CASE NO. CC 2002 - 0235, 6 $W$


## MOTION FOR ORDER REGARDING DNA TESTING


    Freeshone Cornelius McLeod moves the court to order the
Alabama Department of Forensic Sciences to complete DNA testing
in regard to this case within thirty days.

    1.  Mr. McLeod has been in custody in the Houston County
Jail since October of 2001 on charges of Rape and Attempted
Murder.

    2.  As part of the evidence in this case, the State has
forwarded to the Department of Forensic Sciences alleged semen
residue from the vaginal area of the alleged victim for
comparison with a known standard taken from Mr. McLeod.

    3.  The court has noticed Mr. McLeod's motion for speedy
trial and set this case on the November trial calendar.

    4.  As a result of the setting of the capital murder trial
in State v. Hammond on the November calendar, Mr. McLeod's cases
will most likely go unreached.

    5.  On information and belief, these cases would not, in any
event, have been ready for trial as a result of the failure of
the Department of Forensic Sciences to complete the DNA
comparison alluded to in paragraph 2 of this motion.

    6.  The evidence in question may be highly exculpatory to

Mr. McLeod and he has no means of expediting its production other than through a court order.

Freeshone Cornelius McLeod therefore moves for the following relief:

(1)  An order from the court directing the Department of Forensic Sciences to complete the DNA procedure by a day certain; and

(2)  Such further relief as the court may determine to be appropriate.

_Michael Crespi_
Michael Crespi, Esq.
Attorney for the Defendant
308 West Adams Street
P. O. Box 935
Dothan, Alabama  36302-0935
(334) 702-9434

FILED

NOV 1 4 2002

**CERTIFICATE OF SERVICE**

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

I certify that I have served a copy of this motion on the District Attorney by placing it in the receptacle authorized for that purpose on November 14, 2002.

_Michael Crespi_
Michael Crespi

STATE OF ALABAMA                 )    IN THE CIRCUIT COURT OF

    VS.                          )    HOUSTON COUNTY, ALABAMA

FREESHONE CORNELIUS McLEOD,      )

    DEFENDANT.                   )    CASE NO.   CC 2002 - 235, 6 $\mathcal{W}$


## MOTION TO REDUCE BOND


The defendant moves the court to reduce the bonds in these cases.

1.  The defendant is in the Houston County Jail under two bonds of $100,000 each on charges of first degree rape and first degree sodomy.

2.  The defendant is indigent and unable to make bond in those amounts.

3.  The present bond amounts to no bond at all in violation of the right to reasonable bond guaranteed by the United States and Alabama Constitutions.

4.  The defendant has previously filed a motion for speedy trial and the court has set these cases on the November calendar.

5.  As a result of the court proceeding first with the capital murder trial of State v. Hammond and as a result of the Department of Forensic Sciences failure to complete DNA testing, these cases will not be tried at the present term of court.

6.  Neither of the reasons for this case's failure to go forward at this term of court are chargeable to the defendant.

7.  Therefore, the defendant asks to be heard on this motion and for the court to set a bond reasonably proportioned to the

defendant's ability to make bond.

_Michael Crespi_
Michael Crespi, Esq.
308 West Adams Street
P.O. Box 935
Dothan, Alabama  36302-0935
(334) 702-9434

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this motion on the District Attorney by placing it in the authorized receptacle on November 14, 2002.

_Michael Crespi_
Michael Crespi

FILED

NOV 1 4 2002

Judy Byrd, CLERK
HOUSTON CO., AL

000  37

November 20, 2002 — Because the
defendant has filed a motion for speedy
trial the Court is in a position to require
the Department of Forensic Sciences to complete
its testing of the evidence in this case in
order to protect the defendant's constitutional
rights. It is therefore Ordered that said
department complete its testing prior to
February 20, 2003. Clerk to notify Attorneys
and Director of Department of Forensic Sciences

Gary M. White
Judge

38

Nov. 20, 2000

Motion to reduce bail denied. Dennis White

STATE OF ALABAMA          )     IN THE CIRCUIT COURT OF

      VS.                )     HOUSTON COUNTY, ALABAMA

FREESHONE CORNELIUS McLEOD,  )

    DEFENDANT.         )     CASE NO. CC 2002 - 235, 6

## MOTION TO WITHDRAW

Counsel for the defendant moves to withdraw from this case.

1.  The district court appointed the undersigned as attorney of record for the defendant.

2.  The undersigned has served as appointed counsel for over a year and has done everything necessary to provide the defendant with effective legal representation.

3.  In the course of representation, the undersigned has filed motions as needed, visited with the defendant repeatedly either in person or through his paralegal and has conducted an extensive written correspondence with the defendant and his father.

4.  The time records maintained by the undersigned fill eleven pages of time expended both in and out of court.

5.  Notwithstanding these efforts on the defendant's behalf, the defendant has notified the undersigned that he will file a grievance against him with the Alabama State Bar alleging ineffective assistance of counsel.  Based on correspondence received directly from the defendant and through persons acting in concert with him, the undersigned has reason to believe that the allegations of the grievance will be factually baseless and

made with knowledge of their falsity.

6. Under these circumstances, a continued attorney client relationship will be impossible to maintain.

7. This case is not presently set for trial and is not likely to be ready for trial until after the first of the year due to the unavailability of DNA evidence highly material to the State's case and to the defendant's defense.

8. The defendant remains indigent and will need new court appointed counsel to represent him in connection with these matters.

_Michael Crespi_
Michael Crespi, Esq.
Attorney for Defendant
308 West Adams Street
P. O. Box 935
Dothan, Alabama   36302-0935
(334) 702-9434



DEC 0 3 2002

### CERTIFICATE OF SERVICE

I certify that I have served a copy of this motion on the District Attorney by placing it in the receptacle designated for that purpose on December 3, 2002.

_Michael Crespi_
Michael Crespi



STATE OF ALABAMA               )     IN THE CIRCUIT COURT OF

      VS.                          )     HOUSTON COUNTY, ALABAMA

FREESHONE CORNELIUS McLEOD,    )

    DEFENDANT.                     )     CASE NO. CC 2002 - 235, 6 W


### ORDER ON MOTION TO WITHDRAW

    The court has considered the motion to withdraw and finds it
well taken.  Michael Crespi, Esq., has leave of court to withdraw
as the defendant's attorney of record.  The court has appointed
_Tom Brantley_, Esq.  as the defendant's attorney of
record.

    ORDERED December _4_, 2002.

                        Circuit Judge

FILED

DEC 0 4 2002

JUDY BYRD, CLERK
HOUSTON CO., AL

December 4, 2002 — Michael Crespo
allowed to withdraw. Dft. directed
to have new attorney file Borrows
within 30 days. Notice
(12-11-02) — 11-MC,
TB, DA)

STATE OF ALABAMA                    )        IN THE CIRCUIT COURT OF
                                   )
            PLAINTIFF,             )        HOUSTON COUNTY, ALABAMA
                                   )
VS.                                )        CRIMINAL DIVISION
                                   )
FREESHONE MCLEOD,                  )        CASE NUMBER:  CC-02-235 & 236
                                   )
            DEFENDANT.             )

## MOTION TO CONTINUE

COMES NOW the Defendant, Freeshone McLeod  by and through his undersigned counsel, and moves this Honorable Court to continue the trial set in this matter for April 7, 2003 at 8:30 a.m. and as grounds would show as follows:

1.    That the undersigned counsel represents James Hickman Holloman  who is presently charged with Capital Murder (CC-00-755); Kidnapping 1st (CC-00-756); Attempted Murder (CC-00-757; & Attempted Murder (CC-00-758);

2.    That the undersigned counsel is scheduled to appear at trial in the Circuit Court of Houston County, Alabama in the matter of State of Alabama vs. James Hickman Holloman (CC-00-755, 756, 757 & 758) on April 21, 2003 at 8:30 a.m. before the Honorable Jerry White;

3.    That there are 4 alleged victims in these cases and the total number of witnesses including State and Defense witnesses and including the trial phase as well as the punishment phase may well exceed 60 people; and, further many of these witnesses reside outside of Houston County requiring travel time to interview said witnesses;

4.    That therefore the undersigned counsel requests that this matter be continued until after April 28, 2003 in order to allow the undersigned counsel to adequately prepare

for this Capital Murder case.

Respectfully submitted this the 25th day of March, 2003.

BRANTLEY & PARKER, L.L.C.

THOMAS K. BRANTLEY (BRA040)
ATTORNEY FOR DEFENDANT
401 NORTH FOSTER STREET
DOTHAN, ALABAMA  36303
(334) 793-9009

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Motion upon Douglas Valeska, District Attorney, by placing a copy of same in his appropriate Courthouse box, on this the 25th day of  March, 2003.

THOMAS K. BRANTLEY

*March 31, 2003 - motion to continue denied. Notify _____ Judge*

FILED
MAR 2 7 2003

JUDY BYRD, CLERK
HOUSTON CO., AL

STATE OF ALABAMA )    IN THE CIRCUIT COURT OF
                )
    PLAINTIFF,  )    HOUSTON COUNTY, ALABAMA
                )
VS.             )    CRIMINAL DIVISION
                )
FREESHONE MCLEOD, )  CASE NUMBER: CC-02-235 & 236
                )
    DEFENDANT.  )

## MOTION TO WITHDRAW

COMES NOW the undersigned counsel, and moves this Honorable Court for an order allowing him to withdraw; and as grounds would show as follows:

1.    That the Defendant has requested that the undersigned counsel withdraw from representing him and that the Court re-appoint, the Honorable Michael Crespi, his original court appointed attorney to represent him in this matter. (Please see exhibit A.)

Respectfully submitted this the 27th day of March, 2003.

BRANTLEY & PARKER, L.L.C.

THOMAS K. BRANTLEY (BRA040)
ATTORNEY FOR DEFENDANT
401 NORTH FOSTER STREET
DOTHAN, ALABAMA  36303
(334) 793-9009

FILED

MAR 2 7 2003

JUDY BYRD, CLERK

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Motion upon Douglas Valeska, District Attorney, Michael Crespi and on the Defendant by placing a copy of the same in the United States Mail, postage prepaid and properly addressed to them on this the 27th day of March, 2003.

THOMAS K. BRANTLEY

March 31, 2003 —
motion to withdraw denied Deny ... ...
Judge

Dear, Tom Brantley & Timothy E. Jeter

The reason why im writing to yal
is because i want yal to file a motion
to withdraw from my case soon as yal
git this letter ok. Yal are not trying
to do nothing for me Yal do not know
what the hell is going on ask Judge
white would he give me back my old
Attorney Michael Crespi.

Pluse withdraw Yalself from
my case

RECEIVED MAR 2 7 2003



4-7-03 Case Consolidated with CC02-236 _____
Bruelli, Judge

49

Rec 4-8-03
Bruillin, Judge

To The Honorable Judge White,

This letter is inregards to my defense. As
you may know, my last two Lawyers were
not representing me up to standard or making
any progress on resolving my case. I have
submitted a letter to Mr. Derek Yarbrough
, an Attorney at Law, in regards to my case
and have asked him to represent me on
these charges. Now I'm asking you, Your
Honor, to allow the above Attorney to be
my undersigned counsel on these matter
that are before the courts. If at all possible,
your Honor, will you notify me of your
dession. Thank you for your time on this
matter and I will be Awaiting your response.

Very Truly Yours
Freeshone C. McLeod

4-9-03   Instaner Subpoena Ordered for Witness)
Mary Wesley   to be in Circuit Court immediately
        did not in                    Bradley, Judge
        Witness appear in

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                    *

      vs.                              *    CASE NO.

FREESHONE MCLEOD,                    *

STATE'S PROPOSED JURY INSTRUCTION NO. _____

There must be penetration of the sexual organ of the female by the sexual organ of the male to

constitute rape, but the slightest pentration is sufficient. Hall v. State, 378 So. 2d 1193.

GIVEN_____

REFUSED_____

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,           )
                            )
                            )
                            )
VS.                         )  CASE NO.
                            )
FREESHONE MCLEOD.           )
                            )
                            )

STATE'S PROPOSED JURY INSTRUCTIONS NO._____

Lack of a finding of semen is irrelevant in a prosecution for
rape because sexual intercourse occurs upon any penetration of
the vagina, however slight, and emission is not required.
Smithv. State. 601 So. 2d 201 (Ala. Crim. App. 1992)

GIVEN_____

REFUSED_____

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA,                          *

     vs.                                    *     CASE NO.

FREESHONE MCLEOD.

                             *

        STATE'S PROPOSED JURY INSTRUCTION NO. _____

Since the slightest penetration is sufficient to prove rape, an ejaculation of semen is not required

to support a rape conviction.  Burkes V. State, 350 So.2d 1069.

GIVEN_____

REFUSED_____

*State of Alabama*
*vs*
*Freashone McLeod*

Houston Co AL
Case No. CC-02-235 & 236

### DEF'S REQUESTED JURY CHARGE #1

Circumstantial evidence has been presented in this case to justify a verdict at your hands against the Defendant in this case. The circumstances must not only be consistent with the hypothesis that the Defendant is guilty but inconsistent with the hypothesis that he is innocent and must be inconsistent with every other rational hypothesis except that of his guilt. Otherwise, you must return a verdict of not guilty against the Defendant in this case.

Given __✓__ Refused ____    _____
                            JUDGE

## JURY CONVICTION

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA

CRIMINAL DIVISION

VS.

*Freeshone Cornelius McLeod*     CASE NO. *CC02-235*

    The Defendant having been indicted and arraigned upon the Indictment on a charge of _____ *Rape 1st Degree* and heretofore having plead not guilty thereto the case was tried before a jury composed of _____ *Margaret C. Davis* as foreperson and eleven others. The Jury having been duly empanelled , sworn and charged by the Court according to law , with the Defendant being present in open court with his attorney at each and every stage of proceedings, said jury has now on this date pursuant to their oath found the Defendant guilty of *Rape 1st Degree* as charged in the Indictment (a lesser included offense of that charge in the Indictment).

    In accordance with the verdict of the Jury, Defendant is hereby adjudged  guilty of _____ *Rape 1st Degree* Defendant being asked  if he/she had anything to say why sentence of law should not be pronounced upon him/her, and Defendant says nothing .

    **IT IS THEREFORE ORDERED AND ADJUDGED BY THE COURT**  that the Defendant is guilty of said charge.

    (X A Sentence hearing is set for the *28th* day of *May*, 200*3* at
*9* o'clock *A*.M.

    DONE, this the *9th* day of *April*, ~~2002~~ *2003*

*Bond Revoked. Deft to be held in Custody*

*04-09-030xs*

_____
CIRCUIT JUDGE

JURY CONVICTION

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

STATE OF ALABAMA

CRIMINAL DIVISION

VS.

Froeshone Cornelius McLeod          CASE NO. CC02-236

The Defendant having been indicted and arraigned upon the Indictment on a charge of _Attempted Murder_ , and heretofore having plead not guilty . thereto the case was tried before a jury composed of _Margaret A. Davis_ as foreperson and eleven others. The Jury having been duly empanelled , sworn and charged by the Court according to law , with the Defendant being present in open court with his attorney at each and every stage of proceedings, said jury has now on this date pursuant to their oath found the Defendant guilty of _Attempted Murder_ as charged in the Indictment (a lesser included offense of that charge in the Indictment).

In accordance with the verdict of the Jury, Defendant is hereby adjudged guilty of _Attempted Murder_ Defendant being asked if he/she had anything to say why sentence of law should not be pronounced upon him/her, and Defendant says nothing .

IT IS THEREFORE ORDERED AND ADJUDGED BY THE COURT that the Defendant is guilty of said charge.

:(X A Sentence hearing is set for the _28th_ day of _May_ , 20_03_ at . 9 o'clock _A_ M.

DONE, this the _9th_ day of _April_ , 2002 2003

Bond revoked. Deft to be held in custody.

04-02-03 az

_____
CIRCUIT JUDGE

ALABAMA BOARD OF PARDONS AND PAROLES

REPORT OF INVESTIGATION

Type of Investigation _____ Pre-Sentence _____     Date Dictated _____ May 19, 2003 _____

Name   McLeod, Freeshone Cornelius _____     True name   Same

Alias   "Freek Nasty"

RSA   BM/25 _____     DOB   10-13-77 _____     Height and Weight   5'9", 130 lbs.

Complexion _____   Hair   Black _____   Eyes   Brown

Bodily Marks   Tattoo on left arm - "CRIP".  Scar on left side of neck

Driver's License # _____     SS#   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

AIS# _____   FBI#   937905NB3     SID#   AL.01429435

Address   355 Newton Avenue _____     Phone #   334-774-7953
          Ozark, AL.  36360

County   Houston _____     Case #   CC2002-235, CC2002-236

Offense(s)   Rape I,  Attempted  Murder

Sentence(s) _____

Date of Sentence _____     Date Sentence Began _____

Date of Arrest   10-7-2001   Date of Bond _____     Bond Amt. $   100,000 on
                                                                   each case

Judge   Brad Mendheim _____     D.A.   Douglas Valeska

Attorney   Thomas Brantley _____     Retained _____   Appointed   X

Court Ordered Restitution $ _____

Barred From Parole   Yes _____     No _____   X

NOTES:

99 yrs
$20,000 Fine JCF
$5,000 Costs

PRESENT OFFENSE(S)

County, Court, and Case Number

Houston County Circuit Court No. CC2002-235

**Offense:**

Rape I

**Sentence:**

**Date of Sentence:**

**Details of Offense:**

On 10-6-2001, Freeshone Cornelius McLeod did engage in sexual intercourse with Jonteria Jones, a seven year old female. This offense occurred near 76 Depot St. in Gordon, AL.

Houston Co. Sheriff's Dept. records indicate that on 10-6-2001, a "911 Call" was made to Houston Co. Communications by Freeshone McLeod. From the call, it was determined that a child had been found lying in some bushes in Gordon, AL., and that the child was injured. It was unclear from the call, whether the child was shot, assaulted, or mauled by an animal.

Jonteria Jones, the victim, was transported to the Southeast AL. Medical Center where doctors determined that she was suffering from a depressed skull fracture and a subdural hematoma, which was llife-threatening. Dr. Bruce Woodham performed surgery on the victim to treat the subdural hematoma, a skull fracture, and a brain edema. Dr. Robert Head was the Pediatrician assigned to the victim's case, and he observed some vaginal trauma.

Dr. Jonas Salna, Registered Nurse Carol Walding, Lt. Susan Seay, and Lt. Donald Valenza were present during the sexual assault examination on the victim. The evidence collected was submitted to the AL. Dept. of Forensic Science for further examination. Lt. Seay photographed the victim's injuries, and Dr. Salna documented the sexual assault injuries on a diagram. Dr. Salna noted vaginal and anal bruising. He also observed that the victim's hymen was impaired which indicated an attempt at penetration. There was also blood inside the vaginal canal. During the examination, Dr. Salna noted that one of the victim's teeth was chipped, and there was a laceration inside the victim's lip, inside of her mouth. Her lip was swollen, and she had sustained trauma consistent with being hit in the mouth. The victim also had an injury to the side of her head which was consistent with the shape of a pan handle. *Dr. Head*

Inv. Donald Valenza determined that Denitha Jones is the Mother of the victim. Lt. Valenza also determined that Kenyatta Jones and Mary Wesley, the victim's aunts, were babysitting at the time the incident took place.

Inv. Keith Cook and Inv. Susan Seay processed the crime scene in Gordon. Witnesses Kenyatta Jones, Talena Wesley, and Marquita Major advised officers that Jonteria Jones left the house of Mae Lizzie Jones, her Grandmother, which is located at 3251 Curtis Mixon Rd., Gordon, AL., with Freeshone McLeod at around 1:00 p.m. The victim's family started looking for her between 2:00

2

...return home.   McLeod indicated to the family member that Jonteria had left him to return home.

59

Lt. Valenza interviewed Moses McGriff, a neighbor of Freeshone McLeod. Mr. McLeod stated that McLeod came to his house and asked if he had seen Jonteria because she was missing. Mr. McGriff stated that they started looking for the victim near a drainage ditch, but they did not see her. Mr. McGriff stated that McLeod then came to him and advised him that he wanted to show him something.

Mr. McGriff stated that he walked to McLeod's yard, and McLeod pointed out marks indicating that something had been dragged through the area. These marks were located in the dirt leading from the porch at McLeod's residence to a burn pile. Mr. McGriff stated that he and McLeod were following a grassy drive when McLeod said, "there she is", and pointed to his right. Mr. McGriff stated that it was as if McLeod knew right where to go. Mr. McGriff stated that McLeod then went to his residence and called 911.

Mr. McGriff stated that Denitha Jones, the victim's Mother, carried the victim to McGriff's driveway and laid her down. Mr. McGriff stated that the child was bleeding from the head. Mr. McGriff stated that deputies arrived on the scene a short time later and secured the crime scene, which included the mobile home of Freeshone McLeod.

Inv. Keith Cook found blood in the bedroom at 76 Depot St., McLeod's residence. A spray of the blood was observed on the walls of McLeod's bedroom and hall. Blood was also found on a radio which was located in the kitchen area. A "wok" type cooking pan that was dented and also had blood on it was recovered from the crime scene. Broken handles from the "wok" pan were found in the bedroom and hall area of McLeod's residence.

This "wok" pan was believed to be the weapon used to assault the victim. The handle shape of this pan was consistent with the impact contusions on the right side of the victim's face. The small punctures in the victim's face were consistent with the exposed screw from the broken handle of the pan. Latent prints lifted from the "wok" pan were identified as those of Freeshone McLeod.

Pete Macchia, a DNA Expert with the AL. Dept. of Forensic Science, examined the rape kit evidence which was submitted on Jonteria Jones. Mr. Macchia detected semen on the victim's panties and Mr. Macchia reported that this semen matched DNA from a blood sample taken from Freeshone McLeod.

Freeshone McLeod was indicted by a Houston Co. Grand Jury on 10-7-2001, and he was convicted of Rape I and Attempted Murder by a Houston Co. Trial Jury on 4-9-2003.

### Serious Physical Injury Barring Parole:

None.

### Subject's Statement:

Mr. McLeod stated that he wants Denitha Jones, Mother of the victim, to tell the truth about what happened.

### Case Status of Co-Defendants:

None.

3

Victim Notification Inform. m.

Denitha Jones. C/O Mary Wesley, 1684 N. Co. Rd. 81, Gordon, AL. 36343

### Victim Impact:

Jonteria Jones was seven years old at the time of her attack. She was sexually assaulted and severely beaten. The victim suffered a depressed skull and a subdural hematoma. The victim will never fully recover from the injuries that she received on 10-6-2001.

### Location of Offense:

76 Depot St., Gordon, AL. This offense occurred within the boundaries of Houston County, AL.

### Court Ordered Restitution:


## PRESENT OFFENSE(S)

### County, Court, and Case Number

Houston County Circuit Court No. CC2002-236

### Offense:

Attempted Murder

### Sentence:


### Date of Sentence:


### Details of Offense:

On 10-6-2001, Freeshone Cornelius McLeod did attempt to cause the death of Jonteria Jones by striking her on the head with a pan. This offense occurred near 76 Depot St. in Gordon, AL.

Houston Co. Sheriff's Dept. records indicate that on 10-6-2001, a "911 Call" was made to Houston Co. Communications by Freeshone McLeod. From the call, it was determined that a child had been found lying in some bushes in Gordon, AL., and that the child was injured. It was unclear from the call, whether the child was shot, assaulted, or mauled by an animal.

Jonteria Jones, the victim, was transported to the Southeast AL. Medical Center where doctors determined that she was suffering from a depressed skull fracture and a subdural hematoma, which was llife-threatening. Dr. Bruce Woodham performed surgery on the victim to treat the subdural hematoma, a skull fracture, and a brain edema. Dr. Robert Head was the Pediatrician assigned to the victim's case, and he observed some vaginal trauma.

4

Dr. Jonas Salna, Registered Nurse Carol Walding, Lt. Susan Seay, and Lt. Donald Valenza were present during the sexual assault examination on the victim. The evidence collected was submitted to the AL. Dept. of Forensic Science for further examination. Lt. Seay photographed the victim's injuries, and Dr. Salna documented the sexual assault injuries on a diagram. Dr. Salna noted vaginal and anal bruising. He also observed that the victim's hymen was impaired which indicated an attempt at penetration. There was also blood inside the vaginal canal. During the examination, Dr. Salna noted that one of the victim's teeth was chipped, and there was a laceration inside the victim's lip, inside of her mouth. Her lip was swollen, and she had sustained trauma consistent with being hit in the mouth. The victim also had an injury to the side of her head which was consistent with the shape of a pan handle.

Inv. Donald Valenza determined that Denitha Jones is the Mother of the victim. Lt. Valenza also determined that Kenyatta Jones and Mary Wesley, the victim's aunts, were babysitting at the time the incident took place.

Inv. Keith Cook and Inv. Susan Seay processed the crime scene in Gordon. Witnesses Kenyatta Jones, Talena Wesley, and Marquita Major advised officers that Jonteria Jones left the house of Mae Lizzie Jones, her Grandmother, which is located at 3251 Curtis Mixon Rd., Gordon, AL., with Freeshone McLeod at around 1:00 p.m. The victim's family started looking for her between 2:00 p.m. and 2:30 p.m. Freeshone McLeod indicated to the family members that Jonteria had left him to return home.

Lt. Valenza interviewed Moses McGriff, a neighbor of Freeshone McLeod. Mr. McGriff stated that McLeod came to his house and asked if he had seen Jonteria because she was missing. Mr. McGriff stated that they started looking for the victim near a drainage ditch , but they did not see her. Mr. McGriff stated that McLeod then came to him and advised him that he wanted to show him something.

Mr. McGriff stated that he walked to McLeod's yard, and McLeod pointed out marks indicating that something had been dragged through the area. These marks were located in the dirt leading from the porch at McLeod's residence to a burn pile. Mr. McGriff stated that he and McLeod were following a grassy drive when McLeod said, "there she is", and pointed to his right. Mr. McGriff stated that it was as if McLeod knew right where to go. Mr. McGriff stated that McLeod then went to his residence and called 911.

Mr. McGriff stated that Denitha Jones, the victim's Mother, carried the victim to McGriff's driveway and laid her down. Mr. McGriff stated that the child was bleeding from the head. Mr. McGriff stated that deputies arrived on the scene a short time later and secured the crime scene, which included the mobile home of Freeshone McLeod.

Inv. Keith Cook found blood in the bedroom at 76 Depot St., McLeod's residence. A spray of the blood was observed on the walls of McLeod's bedroom and hall. Blood was also found on a radio which was located in the kitchen area. A "wok" type cooking pan that was dented and also had blood on it was recovered from the crime scene. Broken handles from the "wok" pan were found in the bedroom and hall area of McLeod's residence.

This "wok" pan was believed to be the weapon used to assault the victim. The handle shape of this pan was consistent with the impact contusions on the right side of the victim's face. The small punctures in the victim's face were consistent with the exposed screw from the broken handle of the pan. Latent prints lifted from the "wok" pan were identified as those of Freeshone McLeod.

Pete Macchia, a DNA Expert with the AL. Dept. of Forensic Science, examined the rape kit evidence which was submitted on Jonteria Jones. Mr. Macchia detected semen on the victim's panties, and

5

Mr. Maderia reported that - semen matched DNA from a bloc sample taken from Freeshone McLeod.

Freeshone McLeod was indicted by a Houston Co. Grand Jury on 10-7-2001, and he was convicted of Rape I and Attempted Murder by a Houston Co. Trial Jury on 4-9-2003.

## Serious Physical Injury Barring Parole:

None.

## Subject's Statement:

Mr. McLeod stated that he wants Denitha Jones, Mother of the victim, to tell the truth about what happened.

## Case Status of Co-Defendants:

None.

## Victim Notification Information:

Denitha Jones, C/O Mary Wesley, 1684 N. Co. Rd. 81, Gordon, AL. 36343

## Victim Impact:

Jonteria Jones was seven years old at the time of her attack. She was sexually assaulted and severely beaten. The victim suffered a depressed skull and a subdural hematoma. The victim will never fully recover from the injuries that she received on 10-6-2001.

## Location of Offense:

76 Depot St., Gordon, AL. This offense occurred within the boundaries of Houston County, AL.

## Court Ordered Restitution:

## RECORD OF ARREST(S)

## Prior Arrest Record:

| ARREST DATE | COURT | OFFENSE | DISP. DATE | DISPOSITION |
|---|---|---|---|---|
| 10-28-96 | Dale Co. Circuit Court CC97-64 | Burglary III Youthful Offender | 10-29-97 | 1 yr. sus., 1 yr. probation |
| 5-10-97 | Dale Co. Circuit Court CC97-343 | Receiving Stolen Property II Youthful Offender | 12-12-97 | 2 yrs. sus., 2 yrs. probation |

6

| 12-27-97 | Ozark, AL. Mun. Court | Assault III | 2-3-2000 | Fined | 63 |

| 3-4-99 | Ozark, AL. Mun. Court | Criminal Mischief III | 5-6-99 | Fined |
| 1-5-2001 | Gordon, AL. Mun. Ct. | Assault III | 12-12-2001 | Fined |

**Subsequent Arrest Record:**

None.

## PERSONAL/SOCIAL HISTORY

### Subject:

Freeshone Cornelius McLeod is a twenty-five year old black male who was born on 10-13-77, in Ozark, AL. He is the first of six children born to Renee Hawkins McLeod and the fifth of ten children fathered by Johnny Lee McLeod Sr. The subject was reared with both parents in the home.

### Marital Status History:

Mr. McLeod was married to KeKe Crawford (age 24) on 2-27-95. This marriage produced one child, Freeshone C. McLeod Jr. (DOB: 2-7-95). The child resides with his Mother in Troy, AL. The couple separated in 1997.

Mr. McLeod reports that he has also fathered Rodriquez Bailey (DOB: 10-15-97). Rachel Bailey (age 26) is the Mother of this child. The child resides with his Mother in Ozark, AL.

### Health:

The subject reports no serious injuries or illnesses and states that he has never received any type of mental health counseling. Mr. McLeod reports that he uses tobacco products and states that he consumes alcoholic beverages. He reports that he has used marijuana and "crack" cocaine in the past.

### Education:

The subject reports that he attended Carroll High School in Ozark, AL., where he completed the 11th grade in 1996. He received Special Education Services during his school years.

### Financial Status:

The subject is incarcerated and has no income. He reports no significant assets or debts.

### Employment History:

The subject was employed with ETI in Ashford, AL., from May, 2001, until Aug., 2001. He worked as a laborer and earned $6 per hour.

The subject was employed at Deloney's Restaurant on Hwy. 231, Ozark, AL., from Feb., 2000, to March, 2000. He worked as a dishwasher and earned $5.25 per hour.

The subject was employed with the City of Ozark Sanitation Dept. in Ozark, AL., from March, 2000, to Jan., 2001. He worked as a laborer and earned $5.45 per hour.

The subject was employed at the Golden Corral Restaurant in Ozark, AL., from Aug., 1997, until Oct., 1997. He worked as a dishwasher and earned $4.25 per hour.

The subject was employed at the Oakview Manor Nursing Home in Ozark, AL., from 6-6-96, to 10-4-96. He worked as an orderly and earned minimum wage.

## Military Record:

None.

## OFFENDER'S FAMILY:

## Father:

Johnny McLeod Sr. (DOB: 10-11-54) resides at 355 Newton Avenue in Ozark, AL. Mr. McLeod is a former police officer and also served in the U.S. Army.

## Mother:

Renee Hawkins McLeod (DOB: 9-8-58) resides at 355 Newton Avenue in Ozark, AL. Mrs. McLeod is employed at the Oakview Manor Nursing Home in Ozark, AL., where she works as a Certified Nursing Assistant.

## Siblings:

Cindy McLeod Barrow (DOB: 11-16-71) resides in Newport News, Virginia, where she is a military dependent.

Johnny Lee McLeod Jr. (DOB: 6-15-75) is incarcerated in Holman Prison in Atmore, AL., on a Rape I Conviction.

Bernita McLeod Walker (DOB: 2-22-73) resides in Troy, AL.

Tony Lee McLeod (DOB: 9-19-97) resides in Ozark, AL.

Centuria D. McLeod (DOB: 8-22-79) resides in Ozark, AL.

Chadwick L. McLeod (DOB: 7-15-81) resides in Ozark, AL.

Lucretia S. McLeod (DOB: 1-23-83) resides in Ozark, AL.

Rashaad McLeod (DOB: 1-16-87) resides in Ozark, AL.

Chastity McLeod (DOB: 3-13-89) resides in Ozark, AL.

**Psychological Reports:**

There are no known psychological reports available on this subject.

**Reputation and Community Activities:**

Freeshone McLeod's reputation in the community is not good. He dropped out of school in the 11th grade, and his employment history indicates that he does not hold a job more than a couple of months at a time. Mr. McLeod has also had problems getting along with fellow employees. The subject has the reputation of being capable of exhibiting violent behavior as can be witnessed by two previous misdemeanor Assault Convictions.

**Probation and Parole Officer's Remarks:**

Freeshone McLeod has no prior felony convictions, but he does have two Youthful Offender Convictions and three misdemeanor convictions. The Present Offenses are both of a most serious nature in that a seven year old girl was sexually assaulted and severely beaten. It is the recommendation of this officer that the court consider the most severe consequences available under the law for Mr. McLeod.

## PROBATION PLAN

**Home:**

355 Newton Avenue, Ozark, AL.

**Employment:**

The subject is incarcerated and submitted no employment plan.

**Signed and dated in Dothan, Alabama on May 20, 2003.**

Rodney H. Peak
State Probation & Parole Officer

RHP/jh

9

<u>SENTENCING ORDER</u>

AS PUNISHMENT, DEFENDANT IS HEREBY FORMALLY SENTENCED:

( ) to hard labor for Houston County for a term of _____.

( ⊠) the penitentiary of the State of Alabama for a term of 99 years. ( ) FHOA

On the 30th day after the Clerk transmits to the Department of Corrections a copy of this judgment entry and sentence, if the Department has not directed the Sheriff where the Defendant shall be taken for confinement, the Sheriff is hereby ordered to transport Defendant forthwith to the Department's receiving center at Kilby/Tutwiler (circle) and effectuate the transfer of the Defendant to the custody of the Department. In the event the Department refuses to accept the Defendant in compliance with state law, the Sheriff is ordered to secure the Defendant to the property at the Department's receiving center.

Said sentence shall run (⨯) consecutive or ( ) concurrent with case number (s)

_____

( ) said sentence is suspended for _____ years on the condition of good behavior and payment of all fines, costs, and restitution.

(⨯) The Defendant is hereby given credit for the days spent incarcerated pending trial.

Defendant is also ordered to pay:

(⨯) fine of $ 20,000.00
(⨯) Victim Compensation Assessment of $ 5,000.00
(⨯) All Court Costs.
( ) Restitution of $ _____ to _____
( ) Drug Demand Reduction Act Assessment of $1,000.00.
( ) Alabama Forensics Sciences Trust Fund $100.00).

ADDITIONAL SENTENCE PROVISION ORDERED ARE:

( ) Completion of a substance abuse program CRO
( ) The Department of Public Safety is ordered to comply with Alabama Code 13A-12-290 by suspending Defendant's drivers license for six months.
( ) Continued on same bond.
( ) Appeal bond is set at $ _____
( ) Indigency status granted and free transcript is ordered.

PROBATION:

( ) Defendant applies for probation.
( ) Defendant waives application for probation.
( ) Probation hearing is set for the _____ day of _____ 20___ at _____
( ) Defendant to remain on same bond pending probation hearing

DONE this the 28 day of  May 2003.

_____
CIRCUIT JUDGE

AS PUNISHMENT, DEFENDANT IS HEREBY FORMALLY SENTENCED:

( ) to hard labor for Houston County for a term of _____.

( ✓ to the penitentiary of the State of Alabama for a term of _99_ years. ( ) FHOA

On the 30th day after the Clerk transmits to the Department of Corrections a copy of this judgment entry and sentence, if the Department has not directed the Sheriff where the Defendant shall be taken for confinement, the Sheriff is hereby ordered to transport Defendant forthwith to the Department's receiving center at Kilby/Tutweiler (circle) and effectuate the transfer of the Defendant to the custody of the Department. In the event the Department refuses to accept the Defendant in compliance with state law, the Sheriff is ordered to secure the Defendant to the property at the Department's receiving center.

Said sentence shall run (✗) consecutive or ( ) concurrent with case number (s)
_____

( ) said sentence is suspended for _____ years on the condition of good behavior and payment of all fines, costs, and restitution.

( ✓ The Defendant is hereby given credit for the days spent incarcerated pending trial.

Defendant is also ordered to pay:

( ✓ A fine of $ 20,000.00
( ✓ A Victim Compensation Assessment of $ 5,000.00
( ✓ All Court Costs.
( ) Restitution of $ _____ to _____.
( ) Drug Demand Reduction Act Assessment of $1,000.00.
( ) Alabama Forensics Sciences Trust Fund $100.00.

## ADDITIONAL SENTENCE PROVISION ORDERED ARE:

( ) Completion of a substance abuse program CRO
( ) The Department of Public Safety is ordered to comply with Alabama Code 13A-12-290 by suspending Defendant's drivers license for six months.
( ) Continued on same bond.
( ) Appeal bond is set at $_____.
( ) Indigency status granted and free transcript is ordered.

## PROBATION:

( ) Defendant applies for probation.
( ) Defendant waives application for probation.
( ) Probation hearing is set for the _____ day of _____ 20__ at _____
( ) Defendant to remain on same bond pending probation hearing

DONE this the 28 day of ___May___ , 20 03 ...

68

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) |
| | ) |
| FREESHONE MCLEOD, | ) |
| | ) |
| DEFENDANT. | ) |

IN THE CIRCUIT COURT OF

HOUSTON COUNTY, ALABAMA

CRIMINAL DIVISION

CASE NUMBER: CC-02-235 & 236 W

## MOTION FOR NEW TRIAL

**COMES NOW** the Defendant by and through his undersigned counsel, and moves this Honorable Court for a new trial; and, in support thereof would show as follows:

1. That the verdict of the jury is contrary to the great weight of the evidence in this case.

2. The verdict of the jury is not supported by the evidence in this case beyond a reasonable doubt.

3. The evidence produced upon the trial of this case is insufficient to support a verdict.

4. The evidence produced upon the trial of this case is insufficient to support a finding beyond a reasonable doubt and to a moral certainty of the defendant's guilt.

5. The verdict of the jury is contrary to the law.

6. The verdict of the jury is contrary to the great weight and preponderance of the evidence of this case.

7. The evidence produced upon the trial of this case is insufficient to support a verdict.

8. The Court erred in its rulings on the admissibility of the testimony upon the trial of this case.

9. That subsequent to the trial the undersigned counsel has been made aware of evidence that could not been discovered by the exercise of due diligence prior to trial;

and, further said newly discovered evidence is material and arguably is evidence that had the jury been made aware of this evidence a verdict of not guilty would have been reached by the jury: (Please see exhibit A.)

Respectfully submitted this the ____ day of May, 2003.

BRANTLEY & PARKER, L.L.C.


_____
THOMAS K. BRANTLEY (BRA040)
ATTORNEY FOR DEFENDANT
401 NORTH FOSTER STREET
DOTHAN, ALABAMA  36303
(334) 793-9009


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Motion upon Douglas Valeska, District Attorney by placing a copy of the same in the United States Mail, postage prepaid and properly addressed to them on this the ____ day of May, 2003.


_____
THOMAS K. BRANTLEY


FILED

MAY 1 5 2003

JUDY BYRD, CLERK
HOUSTON CO., AL

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | IN THE CIRCUIT COURT OF |
| | ) | |
| PLAINTIFF, | ) | HOUSTON COUNTY, ALABAMA |
| | ) | |
| VS. | ) | CASE NUMBER: CC-02-235 & 236 |
| | ) | |
| FREESHONE MCLEOD, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## AFFIDAVIT OF TANA COLEMAN

My name is Tana Coleman and I swear and affirm the following facts to be true and correct to the best of my knowledge.

My Date of Birth is August 17, 1982. I live at 1291c East Andrews Ave., Ozark, Al. 36360.

I have known Donetia Jones since 1998. I lived with her in Ozark Heights, Ozark, Al.. When Donetia Jones moved to Gordon, Al. I moved in with her. I observed that she would put her own underwear on Jonteria Jones because she did not have a washer or dryer at this residence. She would take dirty clothes that would be in a huge pile all over the floor of her house. I observed that she washed clothes of hers or Jonteria Jones only about once a month if even then. Whenever Donetia went to change the childs clothes she always put her clothes on from the dirty clothes pile. I have also observed that Donetia Jones would repeatedly get intoxicated and leave Jonteria alone at the house while she was this way or going to get this way. She never had any food for Jonteria at the residence. She would get the money to buy food or alcohol by prostitution.

When I lived with Donetia at Ozark Village in Ozark, Al. she would use the closet in her bedroom for the dirty clothes and would place them dirty on Jonteria.

This the 6th day of May, 2003.

*Tana Coleman*
_____
TANA COLEMAN

STATE OF ALABAMA
COUNTY OF HOUSTON

Before me, the undersigned, a notary public in and for said County and State, personally appeared TANA COLEMAN, who, being known to me and being by me first duly sworn, deposes and says that she has read the foregoing document and the facts alleged therein are true and correct to the best of her knowledge, information and belief.

Sworn to and subscribed before me this the _6_ day of _May_ , 2003.

_____
NOTARY PUBLIC
MY COMM. EXPIRES: 5-15-04

5-28-03  ~~took~~ After hrg, Motion for New Trial denied, Δ given
N: CCA AG  oral notice of appeal, T. Brantley allowed to withdraw, C. Palmer
Def CP.  apntd: free transcript ordered - Brantley, Judge

000 73

ACR371
ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF HOUSTON COUNTY
STATE OF ALABAMA VS MCLEOD FREESHONE CORNELIU JUDGE: BRADY EUTAW MENDHEIM

APPEAL DATE: 05/28/2003

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT:      __X__ YES    _____ NO
APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  __X__ YES    _____ NO
INDIGENT STATUS REVOKED ON APPEAL:            __X__ YES    __X__ NO
INDIGENT STATUS GRANTED ON APPEAL:            __X__ YES    _____ NO

DEATH PENALTY: NO

APPEAL TYPE: STATE CONVICTION    Clark Parker (PAR 069) appointed as Counsel

THIS IS AN APPEAL FROM A CONVICTION.

DATE OF CONVICTION: 04/09/2003          DATE OF SENTENCE: 05/28/2003

YOUTHFUL OFFENDER STATUS: DENIED

CO/CASE NUMBER: 38/CC 2002 000235.00
CODE: RAP1    CONVICTION: RAPE 1ST DEGREE      ACTION: CONVICTED
STATUTE: 13A-006-061

SENTENCE:    CONF: 99 YRS 00 MOS 000 DAYS
SENTENCE:    PROB: 00 YRS 00 MOS 000 DAYS      LIFE: NO   LIFEWO: NO

POST-JUDGMENT MOTIONS FILED:    DT FILED      DT DENIED      CON BY AGREE
_X_ MOTION FOR NEW TRIAL        05/15/2003    05/28/2003    _____
___ MOTION FOR JUDG. OF ACQUIT  _____      _____     _____
___ MOTION TO W/D GUILTY PLEA   _____      _____     _____
___ MOTION FOR ATTY TO W/DRAW   _____      _____     _____
___ OTHER                       _____      _____     _____

COURT REPORTER(S):
ADDRESS:                        WOODALL, CARLA H.
                                C/O HON. LARRY ANDERSON
                                DOTHAN         , AL  36302

                                VANN, DEBORAH C.
                                C/O HON. DENNY HOLLOWAY
                                DOTHAN         , AL  36302

APPELLATE COUNSEL #1:           PARKER CLARK MAURICE
ADDRESS:                        401 N FOSTER ST

PHONE NUMBER:                   DOTHAN         , AL  36303
                                334-793-9009

APPELLATE COUNSEL #2:           _____
ADDRESS:                        _____
                                _____
PHONE NUMBER:                   _____

APPELLANT (PRO SE):             MCLEOD FREESHONE CORNELIUS
ADDRESS:                        % HOUSTON COUNTY JAIL
                                DOTHAN         , AL  363020000
AIS #:

APPELLEE (IF CITY APPEAL):      _____
ADDRESS:                        _____
                                _____

I CERTIFY THAT THE INFORMATION PROVIDED              OPERATOR: STW
ABOVE IS ACCURATE TO THE BEST OF MY          PREPARED: 06/04/2003
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 4th DAY OF __June___, 2003    CIRCUIT COURT CLERK

```
ACR371                  ALABAMA JUDICIAL DATA CENTER                        74
               NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                         BY THE TRIAL COURT CLERK
               IN THE CIRCUIT COURT  OF   HOUSTON COUNTY
STATE OF ALABAMA VS MCLEOD FREESHONE CORNELIU JUDGE: BRADY EUTAW MENDHEIM
```

APPEAL DATE: 05/28/2003

INDIGENCY STATUS:
  GRANTED INDIGENCY STATUS AT TRIAL COURT:      __X__ YES  _____ NO
  APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: __X__ YES  _____ NO
  INDIGENT STATUS REVOKED ON APPEAL:            _____ YES  __X__ NO
  INDIGENT STATUS GRANTED ON APPEAL:            __X__ YES  _____ NO

DEATH PENALTY: NO

APPEAL TYPE: STATE CONVICTION  Clark Parker (Par 069) appointed as Counsel

THIS IS AN APPEAL FROM A CONVICTION.

DATE OF CONVICTION: 04/09/2003 _____ ____ DATE OF SENTENCE: 05/28/2003

YOUTHFUL OFFENDER STATUS: DENIED

CO/CASE NUMBER: 38/CC 2002 000236.00
CODE: MURDA  CONVICTION: ATTEMPT - MURDER    ACTION: CONVICTED
                                             STATUTE: 13A-004-002
SENTENCE:    CONF: 99 YRS 00 MOS 000 DAYS
SENTENCE:    PROB: 00 YRS 00 MOS 000 DAYS         LIFE: NO   LIFEWO: NO

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| _X_ MOTION FOR NEW TRIAL | 05/15/2003 | 05/28/2003 | ----------- |
| ___ MOTION FOR JUDG. OF ACQUIT | -------- | --------- | ----------- |
| --- MOTION TO W/D GUILTY PLEA | -------- | --------- | ----------- |
| --- MOTION FOR ATTY TO W/DRAW | -------- | --------- | ----------- |
| --- OTHER | -------- | --------- | ----------- |

COURT REPORTER(S):
ADDRESS:                              WOODALL, CARLA H.
                                      C/O HON. LARRY ANDERSON
                                      DOTHAN          ,  AL  36302

                                      VANN, DEBORAH C.
                                      C/O HON. DENNY HOLLOWAY
                                      DOTHAN          ,  AL  36302

APPELLATE COUNSEL #1:                 PARKER CLARK MAURICE
ADDRESS:                              401 N FOSTER ST

PHONE NUMBER:                         DOTHAN          ,  AL  36303
                                      334-793-9009

APPELLATE COUNSEL #2:
ADDRESS:                              -------------------------------
                                      -------------------------------
                                      -------------------------------
PHONE NUMBER:                         -------------------------------

APPELLANT (PRO SE):                   MCLEOD FREESHONE CORNELIUS
ADDRESS:                              % HOUSTON COUNTY JAIL
                                      DOTHAN          ,  AL  363020000
AIS #:_____

APPELLEE (IF CITY APPEAL):
ADDRESS:                              -------------------------------
                                      -------------------------------
                                      -------------------------------

I CERTIFY THAT THE INFORMATION PROVIDED              OPERATOR: STW
ABOVE IS ACCURATE TO THE BEST OF MY         PREPARED: 06/04/2003
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 4th DAY OF _June____, 2003    CIRCUIT COURT CLERK

State of Alabama
Unified Judicial System

Form ARAP- 26 (front)    8/91

# COURT OF CRIMINAL APPEAL
## DOCKETING STATEMENT

Criminal Appeal Number

_____ _____ 009   75

**GENERAL INFORMATION:**

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF    HOUSTON    COUNTY

_____ , Appellant

v.  [X] STATE OF ALABAMA   [ ] MUNICIPALITY OF _____

| | | |
|---|---|---|
| Case Number CC-02-235 CC-02-236 | Date of Complaint or Indictment 1-31-2002 | Date of Judgment/Sentence/Order Sentence 4-9-03(Conviction)5-28-03 |
| Number of Days of Trial/Hearing _____ Days | Date of Notice of Appeal Oral: 5-28-03 | Written: |

Indigent Status Requested: [X] Yes  [ ] No        Indigent Status Granted: [X] Yes  [ ] No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  [X] Appointed  [ ] Retained.    If no attorney, will appellant represent self?  [ ] Yes  [ ] No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)

Clark M. Parker

| Address | City | State | Zip Code |
|---|---|---|---|
| 401 N. Foster St. | Dothan, | AL | 36303 |

Telephone Number
334-793-9009

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 [X] State Conviction
2 [ ] Post-Conviction Remedy
3 [ ] Probation Revocation
4 [ ] Pretrial Order
5 [ ] Contempt Adjudication
6 [ ] Municipal Conviction
7 [ ] Juvenile Transfer Order
8 [ ] Juvenile Delinquency
9 [ ] Habeas Corpus Petition
10 [ ] Other (Specify)

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 [ ] Capital Offense - § _____
2 [ ] Homicide - § _____
3 [ ] Assault - § _____
4 [ ] Kidnapping/Unlawful Imprisonment - § _____
5 [ ] Drug Possession - § _____
6 [ ] Trafficking in Drugs - § _____
7 [ ] Theft - § _____
8 [ ] Damage or Intrusion to Property - § _____
9 [ ] Escape - § _____
10 [ ] Weapons/Firearms - § _____
11 [ ] Fraudulent Practices - § _____
12 [ ] Offense Against Family - § _____
13 [ ] Traffic - DUI - § _____
14 [ ] Traffic - Other - § _____
15 [ ] Miscellaneous (Specify): Rape 1st degree 13A-006-061 Attempted Murder 13A-004-002

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?  [ ] Yes  [X] No

**G. TRANSCRIPT:**

Will the record on appeal have a reporter's transcript?  [X] Yes  [ ] No

If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.  6-6-03  (Date)

If the answer to question "1" is "No":

(a) Will a stipulation of facts be filed with the circuit clerk?  [ ] Yes  [ ] No

(b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  [ ] Yes  [ ] No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP- 26 (back)    8/91    COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

H. POST-JUDGMENT MOTIONS: List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 5 | 15 | 03 | Motion for new trial . | 5 | 28 | 03 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

I. NATURE OF THE CASE: Without argument, briefly summarize the facts of the case.

Defendant was the live-in paramour of the victim's mother. Victim suffered sexual assault; was hit with "Wok" frying pan.

DNA sample from underwear of victim indicated match with Defendant. Aftertrial, a witness informed Defense that mother of victim customarily kept soiled underwear in piles on the floor and dressed victim in mother's underwear.

J. ISSUE(S) ON APPEAL: Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

The trial court's denial of motion for new trial.

Other issues possibly to be raised after review of record.

FILED

JUN 6 2003

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

K. SIGNATURE:

6-6-03
Date

*Clark M Parker*
Signature of Attorney/ Party Filing this Form

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 1C      8/91 | REP    TER'S TRANSCRIPT ORDER – CRIM   AL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>77 |
|---|---|---|

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF _____ HOUSTON _____ COUNTY

_____ FREESHONE CORNELIUS MCLEOD _____ , Appellant

V.    ☒ STATE OF ALABAMA    ☐ MUNICIPALITY OF _____

| Case Number<br>CC-2002 000235/CC-2002 000236 | Date of Judgment/Sentence/Order<br>5/28/03 |
|---|---|
| Date of Notice of Appeal<br>Oral: 5/28/03        Written: | Indigent Status Granted:<br>☒ Yes    ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

_____          _____          _____
Signature                        Date                             Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                                     COURT REPORTER(S)

A. ☒ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

Carla Woodall
C/O Hon. Larry Anderson
Dothan, AL 36302

B. ☒ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

Deborah C. Vann
C/O Hon. Denny Holloway
Dothan, AL 36302

C. ☒ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

_____
_____
_____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. _____ | | _____ |
| E. _____ | JUN 6 2003 | _____ |
| F. _____ | | _____ |
| G. _____ | JUDY BYRD, CLERK | _____ |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

Clark M. Parker          5/6/03          Clark M. Parker  Attorney
Signature                  Date             Print or Type Name

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals. (2) The District Attorney. (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF HOUSTON COUNTY
STATE OF ALABAMA VS MCLEOD FREESHONE CORNELIU JUDGE: Jerry M. White

*78*

```
------------------------------------------------------------------
| APPEAL DATE: 05/28/2003                                         |
------------------------------------------------------------------
| INDIGENCY STATUS:                                               |
|   GRANTED INDIGENCY STATUS AT TRIAL COURT:      __X__ YES ____ NO|
|   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: __X__ YES ____ NO|
|   INDIGENT STATUS REVOKED ON APPEAL:            __X__ YES _X_ NO|
|   INDIGENT STATUS GRANTED ON APPEAL:            __X__ YES ____ NO|
|                                                                 |
| DEATH PENALTY: NO                                               |
|                                                                 |
| APPEAL TYPE: STATE CONVICTION  Clark Parker (PAR 069) appointed as Counsel|
------------------------------------------------------------------
| THIS IS AN APPEAL FROM A CONVICTION.                            |
|                                                                 |
| DATE OF CONVICTION: 04/09/2003      DATE OF SENTENCE: 05/28/2003|
------------------------------------------------------------------
| YOUTHFUL OFFENDER STATUS: DENIED                                |
|                                                                 |
| CO/CASE NUMBER: 38/CC 2002 000235.00                            |
| CODE: RAP1   CONVICTION: RAPE 1ST DEGREE    ACTION: CONVICTED   |
|                                             STATUTE: 13A-006-061|
| SENTENCE:   CONF: 99 YRS 00 MOS 000 DAYS                        |
| SENTENCE:   PROB: 00 YRS 00 MOS 000 DAYS    LIFE: NO  LIFEWO: NO|
------------------------------------------------------------------
| POST-JUDGMENT MOTIONS FILED:   DT FILED    DT DENIED   CON BY AGREE|
|  X  MOTION FOR NEW TRIAL      05/15/2003   05/28/2003   -----------|
| --- MOTION FOR JUDG. OF ACQUIT  --------    --------    -----------|
| --- MOTION TO W/D GUILTY PLEA   --------    --------    -----------|
| --- MOTION FOR ATTY TO W/DRAW   --------    --------    -----------|
| --- OTHER                       --------    --------    -----------|
------------------------------------------------------------------
| COURT REPORTER(S):              WOODALL, CARLA H.               |
| ADDRESS:                        C/O HON. LARRY ANDERSON         |
|                                 DOTHAN        , AL  36302       |
|                                                                 |
|                                 VANN, DEBORAH C.                |
|                                 C/O HON. DENNY HOLLOWAY         |
|                                 DOTHAN        , AL  36302       |
|                                                                 |
| APPELLATE COUNSEL #1:           PARKER CLARK MAURICE            |
| ADDRESS:                        401 N FOSTER ST                 |
|                                                                 |
| PHONE NUMBER:                   DOTHAN        , AL  36303       |
|                                 334-793-9009                    |
|                                                                 |
| APPELLATE COUNSEL #2:           -------------------------------|
| ADDRESS:                        -------------------------------|
|                                 -------------------------------|
| PHONE NUMBER:                   -------------------------------|
|                                                                 |
| APPELLANT (PRO SE):             MCLEOD FREESHONE CORNELIUS      |
| ADDRESS:                        % HOUSTON COUNTY JAIL           |
|                                 DOTHAN        , AL  363020000   |
| AIS #: _ _ _ _ _ _ _ _ _                                        |
|                                                                 |
| APPELLEE (IF CITY APPEAL):      -------------------------------|
| ADDRESS:                        -------------------------------|
|                                 -------------------------------|
------------------------------------------------------------------
```

I CERTIFY THAT THE INFORMATION PROVIDED                    OPERATOR: STW
ABOVE IS ACCURATE TO THE BEST OF MY              PREPARED: 06/04/2003
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO          *Judy Byrd*
THIS ACTION ON THIS _19th_ DAY OF __June___, 2003    CIRCUIT COURT CLERK

ACR371
79

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF HOUSTON COUNTY
STATE OF ALABAMA VS MCLEOD FREESHONE CORNELIU JUDGE: Jerry M. White

```
-------------------------------------------------------------------------
| APPEAL DATE: 05/28/2003                                                |
-------------------------------------------------------------------------
| INDIGENCY STATUS:                                                      |
|   GRANTED INDIGENCY STATUS AT TRIAL COURT:     __X__ YES  _____ NO     |
|   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: __X__ YES  __X__ NO   |
|   INDIGENT STATUS REVOKED ON APPEAL:           _____ YES  __X__ NO     |
|   INDIGENT STATUS GRANTED ON APPEAL:           __X__ YES  _____ NO     |
|                                                                        |
| DEATH PENALTY: NO                                                      |
|                                                                        |
| APPEAL TYPE: STATE CONVICTION  Clark Parker (Par 069) appointed as Counsel |
-------------------------------------------------------------------------
| THIS IS AN APPEAL FROM A CONVICTION.                                   |
|                                                                        |
| DATE OF CONVICTION: 04/09/2003_____   DATE OF SENTENCE: 05/28/2003   |
|                                                                        |
| YOUTHFUL OFFENDER STATUS: DENIED                                       |
|                                                                        |
| CO/CASE NUMBER: 38/CC 2002 000236.00                                   |
| CODE: MURDA  CONVICTION: ATTEMPT - MURDER   ACTION: CONVICTED          |
|                                             STATUTE: 13A-004-002       |
| SENTENCE:  CONF: 99 YRS 00 MOS 000 DAYS                                |
| SENTENCE:  PROB: 00 YRS 00 MOS 000 DAYS     LIFE: NO  LIFEWO: NO       |
-------------------------------------------------------------------------
```

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| _X_ MOTION FOR NEW TRIAL | 05/15/2003 | 05/28/2003 | ------------- |
| _X_ MOTION FOR JUDG. OF ACQUIT | --------- | --------- | ------------- |
| --- MOTION TO W/D GUILTY PLEA | --------- | --------- | ------------- |
| --- MOTION FOR ATTY TO W/DRAW | --------- | --------- | ------------- |
| --- OTHER | | | |

```
=========================================================================
| COURT REPORTER(S):                WOODALL, CARLA H.                    |
| ADDRESS:                          C/O HON. LARRY ANDERSON             |
|                                   DOTHAN        , AL  36302            |
|                                                                        |
|                                   VANN, DEBORAH C.                     |
|                                   C/O HON. DENNY HOLLOWAY             |
|                                   DOTHAN        , AL  36302            |
|                                                                        |
| APPELLATE COUNSEL #1:             PARKER CLARK MAURICE                 |
| ADDRESS:                          401 N FOSTER ST                      |
|                                                                        |
| PHONE NUMBER:                     DOTHAN        , AL  36303            |
|                                   334-793-9009                         |
|                                                                        |
| APPELLATE COUNSEL #2:             ----------------------------------   |
| ADDRESS:                          ----------------------------------   |
|                                   ----------------------------------   |
| PHONE NUMBER:                     ----------------------------------   |
|                                                                        |
| APPELLANT (PRO SE):               MCLEOD FREESHONE CORNELIUS           |
| ADDRESS:                          % HOUSTON COUNTY JAIL                |
|                                   DOTHAN        , AL  363020000        |
| AIS #:_____                                                    |
|                                                                        |
| APPELLEE (IF CITY APPEAL):        ----------------------------------   |
| ADDRESS:                          ----------------------------------   |
|                                   ----------------------------------   |
-------------------------------------------------------------------------
```

I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY            OPERATOR: STW
KNOWLEDGE AND I HAVE SERVED A COPY OF          PREPARED: 06/04/2003
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 19th DAY OF June____, 2003    _Judy Byrd_
                                               CIRCUIT COURT CLERK

—. Judy BYrd

6-14-03
Time, 10:12. PM

## Fileing For A Habeas Corpus

My Right to Habeas Corpus. Habeas Corpus is an old Common-Law Writ, or Legal order, which Commands the release of a person who is being detained illegally, Habeas Corpus is Latin for " I should have the body. My right to the writ of Habeas Corpu is guaranteed in Article I, Section 9, of the United State s. Constitution. A person who has been arrested and held too long without a hearing or who has been arrested on basis of evidence illegally obtained, or has not been granted one his rights under due Process of Law, may be freed on a writ of Habeas Corpus obtained by his Lawyer or by a friend, To obtain a writ, it is necessary to appear. before the Court and set forth reasons why the detention is illegal. If the Judge agrees, the detained person will be released.

1. illegal (ilegal ) adj. Prohibited by Law
— il'le.gal'i.tyn. — il.le 'gally. adv

2. ob.tain (ǝb-tan, ob) v. 1. To get or acquire.
— ob. tain 'a. ble adj.



FILED
JUN 1 7 2003
JUDY BYRD CLERK
HOUSTON CO., AL.

let me Know something on this
AS. Ap    from, Freeshone C. McLeod
Thanks for your Time MRS. Judy BYrd

MR. McLEOD:
What purpose does this letter appear? What relevance do you have with Judge Mendheim
I need more information about this to process this letter.

Judy Byrd, Clerk
P. O. Drawer 6406
Dothan, Alabama 36302

Dear, Mr. Judy Byra

I'm writing you to let you that is a Recommend-
ation of The Magistrate Judge In The District Court
Of The United States Upon review of the allegations
Contained in the complaint, that the Court concludes
that the plaintiff should be assembled prior
to forming of process in accordance with the provision
of 28 U.S.C. 1915 (e) (2) (B) (i)

                    Conclusion

Accordingly, it is the Recommendation of the Magistrate
Judge that 1. The plaintiffs that time the Challenges
his Criminal conviction be dismissed without
prejudice in accordance with the provisions of 28 U.S.
1915 (e) (2) (B) (ii) (iii) and 2. This Case be dismissed prior to
Service of process pursuant to the provisions of
28 U.S.C. 1915 (e) 2 (B) (ii). Done this 29 day of March

United States Magistrate Judge Name, Charles S. Coo
     please let Judge Brown Fall and Mendheim
know on this matter I have firmly not guilt an
rehash the way to court but D.A. Doug Vales-
on and has not Tom Brooks did not file these
papers to Judge Mendheim so he can not aware
                        And I will be making a copy
                        them to the F.B.I. thank
     for your time Mr. Judy Byra

I Need for you to Make
Copies of these papers for me please
So that I will have Copies of these
to

*[handwritten]* Received & filed Freeshone Sutton County at the Houston County Dothan Ala.

83

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**FILED**

MAY 20 2003

**CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.**

FREESHONE C. MCLEOD,          )
                             )
          Plaintiff,          )
                             )
     v.                       )          CIVIL ACTION NO. 03-A-495-S
                             )
DOUG VALESKA, *et al.*,       )
                             )
          Defendants.         )
                             )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, the plaintiff, a state inmate, challenges the validity of his confinement and claims that his civil rights were violated during state criminal proceedings.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. 1915(e)(2)(B)(ii).[1]

## DISCUSSION

The plaintiff attacks convictions for rape and attempted murder which were imposed on him by the Circuit Court of Houston County, Alabama. However, the plaintiff is not

---

[1]This subsection provides that the court shall dismiss an inmate's *in forma pauperis* complaint at any time if it determines that the action presents grounds that fail to state a claim on which relief may be granted.

4

entitled to relief at this time.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that claims for damages challenging the legality of a prisoner's conviction or confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Id.* at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be classified as a habeas corpus action.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court concluded that a state prisoner's "claim for [both]declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the punishment imposed "is not cognizable under § 1983 " unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when the prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily

2

to imply the invalidity of the judgment." *Balisok*, 520 U.S. at 645. The Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

In his complaint, the plaintiff challenges the validity of his rape and attempted murder convictions. A judgment in favor of the plaintiff on his claims would necessarily imply the invalidity of his convictions and sentence. It is clear from the complaint that these convictions have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the plaintiff's convictions is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

Based on the foregoing, the court concludes that the plaintiff presently has no cause of action under § 1983 with respect to his claims challenging the validity of his conviction and these claims are therefore due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's challenge to his criminal convictions be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii); and

3

2. This case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

Done this _20th_ day of May, 2003.

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

87

CIVIL ACTION NO. 03-A-495-S

## ORDER

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this _____ day of May, 2003.

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

5/31/03 Mailed copies of court
papers back to: —
Freeshone G. McLeod #51369
Houston County Jail
901 East Main. Street
Dothan, Alabama. 36301

Dec 23, 2003 - _Petition for writ of Habeas Corpus_
dismissed. _Deft's case on appeal_.

_Eugene Reese, Judge_

**REQUEST FOR LOCAL EXTENSION OF TIME
TO COMPLETE THE REPORTER'S TRANSCRIPT**

93

Freeshone Cornelius McLeod _____ v. _____ State of Alabama
**Appellant's Name**            **Appellee**

Trial Court Case No. CC-02-235-236 Notice of Appeal Date 4-9-2003

On appeal from the: [✓] Circuit Court of

[ ] District Court of ⎱ Houston County

[ ] Juvenile Court of ⎰

I, Carla H. Wardall _____, a court reporter in the above referenced case,
hereby request a 28 day extension to complete the transcript in said cause for the reasons
I have set out below. Currently this transcript is due on 7-23-2003 , and with this extension
the transcript will be due on 8-20-2003 .

REASONS: Due to time spent working on other transcripts
as well as moving from the courthouse annex into
the newly remodeled courthouse

Carla H Wardall _____ 7-21-2003
**Court Reporter**            **Date**

=========================================================================

**TRIAL COURT ACTION**

[✓] Upon consideration of the above request, I hereby grant a 28 day extension to complete said transcript, thus extending
the transcript's due date to 8-20-2003 . Upon granting this request, I direct the court reporter to file this order
with the Clerk of this Court and to mail or fax a copy hereof to the Clerk of the Court of Criminal Appeals at the address
noted below by no later than the transcript due date in effect immediately preceding this order.

**FILED**

[ ] The above referenced request for a local extension is denied.

/s/ Wardall _____ 7-21-03     JUL 2 2 2003
**Judge's Signature**        **Date**         /s/ Judge Byrd

HOUSTON CO., AL

**Note:** Pursuant to Rule 11(c) of the Alabama Rules of Appellate Procedure, local extensions cannot total more than 28
days and cannot be to a date more than 84 days from the date of the notice of appeal.    HOUSTON CO., AL

=========================================================================

The Clerk of the Court of Criminal Appeals     Fax (334) 242-4689
P. O. Box 301555
Montgomery, Alabama 36130-1555

COURT OF CRIMINAL APPEALS
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

*H. W. "Bucky" McMILLAN*
Presiding Judge
*SUE BELL COBB*
*PAMELA W. BASCHAB*
*GREG SHAW*
*A. KELLI WISE*
Judges

July 21st, 2003

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

91

RE: CR-02-1610

Freeshone Cornelius McLeod v. State of Alabama (Appeal from Houston Circuit Court:
CC02-235; CC02-236).


       You are hereby notified that the Court of Criminal Appeals acknowledges that the
following action was taken in the above cause by the trial court:

       Additional time is granted to certify the completion of reporter's transcript to
and including 08/20/2003.

                                                    Lane W. Mann, Clerk
                                                    Court of Criminal Appeals

LWM/sm


cc: Honorable Jerry White, Special Tc Judge
    Honorable Judy Byrd, Circuit Clerk
    Deborah Vann, Court Reporter
    Carla Woodall, Court Reporter
    Honorable Clark Maurice Parker, Attorney, Appellant


FILED

JUL 2 5 2003

JUDY BYRD, CLERK
HOUSTON CO., AL

# ...TION TO COURT OF CRIM...AL
# APPEALS FOR EXTENSION OF TIME
# TO FILE TRANSCRIPT

0001  92

**TO:** The Clerk of the Court of Criminal Appeals
P. O. Box 301555
Montgomery, Alabama 36130-1555

Fax: (334) 242-4689

Criminal Appeals Case Number    CR _32 - 1610_

_Freeshone Cornelius McLeod_ v. _State of Alabama_
Appellant's Name          Appellee

Trial Court Case No. _CC-02-235_    Notice of Appeal Date _5-28-03_

On appeal from the: [✓] Circuit Court of
[ ] District Court of    _Houston_ County
[ ] Juvenile Court of

I, _Carla H. Woodall_, a court reporter in the above referenced case,
hereby request a _28_ day extension to complete the transcript in said cause for the reasons
I have set out below. Currently this transcript is due on _8-20-03_, and with this extension
the transcript will be due on _9-17-03_.

REASONS: _Due to 3 pending appeals each over_
_500 pages as well as time spent in court._

FILED

AUG 2 2 2003

_~~~~ Byrd_
~~~~ BYRD, CLERK
HOUSTON CO., AL

_Carla H. Woodall_          _8-20-2003_
Court Reporter          Date

**Note:** Rule 11(c) of the Alabama Rules of Appellate Procedure prohibits an appellate court from
granting an extension if the request is not received by the clerk of the appellate court within the time
originally prescribed or before the expiration of an extension previously granted. Based on internal
policy of the Court of Criminal Appeals, no more than two 28-day extensions will be granted.

STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE

H. W. "Bucky" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

P.O. BOX 301555
MONTGOMERY, AL 36130-1555

August 20th, 2003

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

RE: CR-02-1610

Freeshone Cornelius McLeod v. State of Alabama (Appeal from Houston Circuit Court:
CC02-235; CC02-236).

        You are hereby notified that the following action was taken in the above cause by
the Court of Criminal Appeals:

        Additional time is granted to certify the completion of reporter's transcript to
and including 09/17/2003.

                                        Lane W. Mann, Clerk
                                        Court of Criminal Appeals

LWM/sm

cc: Honorable Jerry White, Special Tc Judge
    Honorable Judy Byrd, Circuit Clerk
    Deborah Vann, Court Reporter
    Carla Woodall, Court Reporter
    Honorable Clark Maurice Parker, Attorney, Appellant



## MOTION TO COURT OF CRIMINAL
## APPEALS FOR EXTENSION OF TIME
## TO FILE TRANSCRIPT

94

TO:   The Clerk of the Court of Criminal Appeals          Fax: (334) 242-4689
      P. O. Box 301555
      Montgomery, Alabama 36130-1555

Criminal Appeals Case Number      CR _02_ - _1610_

_Freeshone Cornelius McLeod_ v. _State of Alabama_
**Appellant's Name**                      **Appellee**

Trial Court Case No._CC-02-235-236_   Notice of Appeal Date_5-28-03_

On appeal from the: [✓] Circuit Court of
                     [ ] District Court of  } _Houston_ County
                     [ ] Juvenile Court of

I, _Carla H. Woodall_ , a court reporter in the above referenced case,
hereby request a _28_ day extension to complete the transcript in said cause for the reasons
I have set out below. Currently this transcript is due on _9-17-2003_ , and with this extension
the transcript will be due on _10-15-03_ .

REASONS: _Due to time spent working in other transcripts_
_as well as in court_

FILED

SEP 1 6 2003

_Judy Byrd_

JUDY BYRD, CLERK
HOUSTON CO., AL

_Carla H. Woodall_              _9-16-2003_
Court Reporter                   Date

============================================================

**Note:**   Rule 11(c) of the Alabama Rules of Appellate Procedure prohibits an appellate court from
granting an extension if the request is not received by the clerk of the appellate court within the time
originally prescribed or before the expiration of an extension previously granted. Based on internal
policy of the Court of Criminal Appeals, no more than two 28-day extensions will be granted.

COURT OF CRIMINAL APPEALS
STATE OF ALABAMA

JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

September 16th, 2003

H. W. "Bucky" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

RE: CR-02-1610

Freeshone Cornelius McLeod v. State of Alabama (Appeal from Houston Circuit Court:
CC02-235; CC02-236).

You are hereby notified that the following action was taken in the above cause by
the Court of Criminal Appeals:

Additional time is granted to certify the completion of reporter's transcript to
and including 10/15/2003.

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/sm

cc: Honorable Jerry White, Special Tc Judge
    Honorable Judy Byrd, Circuit Clerk
    Deborah Vann, Court Reporter
    Carla Woodall, Court Reporter
    Honorable Clark Maurice Parker, Attorney, Appellant

FILED

SEP 1 8 2003

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL