COURT OF CRIMINAL APPEALS NO. _CR 04-1304_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

## CIRCUIT COURT OF ___HOUSTON___ COUNTY, ALABAMA

CIRCUIT COURT NO. ___CC 2002-235.60___

CIRCUIT JUDGE ___JERRY M. WHITE___

Type of Conviction / Order Appealed From: ___RULE 32___

Sentence Imposed: ___PETITION DISMISSED___

Defendant Indigent: ☒ YES ☐ NO

___FREESHONE MCLEOD    #229466___

___PTO-DR    C/O BULLOCK CO. CORRECTIONAL FACILITY___    **NAME OF APPELLANT**
(Appellant's Attorney)                                    (Telephone No.)
___P O BOX 5107___
(Address)
___UNION SPRINGS, AL___        ___36089___
(City)              (State)          (Zip Code)

**V.**

## STATE OF ALABAMA

(State represented by Attorney General)                  **NAME OF APPELLEE**

NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)



EXHIBIT
J
PENGAD 800-631-6989

CLERK'S INDEX

CASE ACTION SUMMARY                                                          1-2

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE                              3-10

BRIEF IN SUPPORT OF RULE 32 PETITION                                        11-38

IN FORMA PAUPERIS DECLARATION                                               39-41

ORDER DATED 2-22-05, DEFT. ALLOWED TO FILE RULE 32 PETITION.  CLERK          42
DIRECTED TO PROVIDE DA WITH COPY

MOTION FOR SUMMARY DISPOSITION                                              43-44

ORDER DATED 3-28-05, THE COURT HAS CAREFULLY WEIGHED AND CONSIDERED          45
THE DEFT'S RULE 32 PETITION AND IS SATISFIED THAT EACH AND EVERY ISSUE
RAISED THEREIN WAS RAISED OR COULD HAVE BEEN RAISED  EITHER AT TRIAL OR ON
APPEAL.  THE STATE'S MOTION FOR SUMMARY DISPOSITION IS THEREFORE GRANTED AND
DEFT'S RULE 32 PETITION IS DISMISSED.

PETITIONERS OBJECTION TO STATE'S MOTION TO DISMISS.                         46-51

LETTER FROM DEFT TO JUDGE MENDHEIM                                           52

NOTICE OF APPEAL                                                            53-55

ORDER DATED 3-31-05, CLERK TO ADVISE COURT OF CRIMINAL APPEALS OF DEFT'S     56
NOTICE OF APPEAL.

CLERK'S NOTICE OF APPEAL                                                     57

CERTIFICATE OF COMPLETION                                                    58

```
ACR0372                ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2002 000235.60
OPER: RHM                      CASE ACTION SUMMARY
 AGE:  1                        CIRCUIT  CRIMINAL                  RUN DATE: 02/18/2005
IN THE CIRCUIT COURT OF  HOUSTON
                                                                      JUDGE: JMW
STATE  OF  ALABAMA                    VS       MCLEOD FREESHONE CORNELIU
                                               P O BOX 5107
CASE: CC 2002 000235.60
                                               UNION SPRINGS , AL  36089 0000

DOB: 10/13/1977          SEX: M  RACE: B  HT: 5 09  WT: 130   HR: BLK EYES: BRO
SSN: 423152024  ALIAS NAMES:
CHARGE01: RULE 32-FELONY          CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 10/06/2001                   AGENCY/OFFICER: 0380000 S SEAY

DATE WAR/CAP ISS:                          DATE ARRESTED: 10/07/2001
DATE     INDICTED: 01/31/2002              DATE   FILED: 02/17/2005
DATE     RELEASED:                         DATE HEARING:
BOND        AMOUNT:          $.00            SURETIES:

DATE 1:            DESC:                    TIME: 0000
DATE 2:            DESC:                    TIME: 0000
TRACKING NOS: DC 2001 002451 00  /                         /

  DEF/ATY:                        TYPE:                        TYPE:

                        00000                        00000

PROSECUTOR: VALESKA DOUGLAS A

============================================================================
TH CSE: DC200100245100 CHK/TICKET NO: 012790329       GRAND JURY: 000000003
 OURT REPORTER:                   SID NO:      000229466
DEF STATUS: JAIL                  DEMAND: Y                     OPER: RHM
DATE         ACTIONS, JUDGEMENTS, AND NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 2-17-05 | Petition for relief from conviction or setnence. |
| | *February 22, 2005- Deft. allowed to file R.32 petition. Clerk directed to provide D.A. with Copy. (2/25/05 A:DA +Deft)* |
| 3-2-05 | Motion for summary disposition. |
| | *March 8, 2005- The Court has carefully weighed and considered the defendant's Rule 32 petition and is satisfied that each and every issue raised therein was raised or could have been raised, either at trial or on appeal. The State's Motion for Summary disposition is therefore granted and defendant's Rule 32 petition is hereby dismissed.* |
| | *3-10-05 N: Deft* |

1

STATE OF ALABAMA    VS FREESHONE CORNELIUS MCLEOD    CC2002-235.60

03-10-05    PETITIONER'S OBJECTION TO STATE MOTION TO DISMISS RULE 32 PETITION.

03-24-05    Notice of appeal.

March 31, 2005 -
Clerk to advise Ct of Criminal Appeals of
deft's notice of appeal.

*[signature]*
Judge

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

**FILED**

FEB 1 7 2005

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

Case Number

CC  02  235-02-236
ID  YR  NUMBER

IN THE _Circuit_ _____ COURT OF _Houston_ C# ALABAMA

_Freeshone McLeod_ _____ vs. _State of Alabama_
Petitioner (Full Name)                              Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _229466_ _____ Place of Confinement _Bullock Co._

County of conviction _Houston Co._

## NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _Dothan Houston Co Cit Court_

2. Date of judgment of conviction _May 28, 2003_

3. Length of sentence _Two 99 years Run C1s_

4. Nature of offense involved (all counts) _1st degree rape; Attempted murder_

5. What was your plea?  (Check one)
   (a) Guilty _____
   (b) Not guilty _✓_
   (c) Not guilty by reason of mental disease or defect _____
   (d) Not guilty and not guilty by reason of mental disease or defect _____

3

6.  Kind of trial: (Check one)

    (a)  Jury _✓_           (b)  Judge only _____

7.  Did you testify at the trial?

    Yes _____          No _✓_

8.  Did you appeal from the judgment of conviction?

    Yes _✓_          No _____

9.  If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _Alabama Criminal Court App_

        (2)  Result _Denied_

        (3)  Date of result _3-19-04_

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _Alabama Suprem Court_

        (2)  Result _Denied_

        (3)  Date of result _August 13, 2004._

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____

        (2)  Result _____

        (3)  Date of result _____

Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petition or application, or motions with respect to this judgment in any court, state or federal?

Yes _✓_                     No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court *Houston County Cir Court*

(2) Nature of proceeding *Rule 32# Petition*

(3) Grounds raised *Ineffective Assistance of Trial and Appellant Counsel Petitioner was denied a fair trial Ineffective Assistance of Appellant Counsel failed to raised Colorable issues on direct Appeal, Insufficient Evidence.*

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____                  No _____

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____                  No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court _____

3

5

(3)  Grounds raised _____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____   *N/A*   No _____

(5)  Result _____ *N/A* _____

(6)  Date of result _____ *N/A* _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.        Yes _____        No ✓

(2)  Second petition, etc.       Yes _____        No ✓

(2)  Third petition, etc.        Yes _____        No ✓

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

___✓___  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

(1) Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

    (2)    Conviction obtained by use of coerced confession.

    (3)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

    (4)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

    (5)    Conviction obtained by a violation of the privilege against self-incrimination.

    (6)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

    (7)    Conviction obtained by a violation of the protection against double jeopardy.

    (8)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

    (9)    Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

    B.   **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

    C.   **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

    D.   **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

    E.   **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> **"Successive Petitions.** The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes __✓__                    No _____

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

  (a)  Name of court  _Houston Co. Court_

  (b)  Result  _____

  (c)  Date of result  _____
      (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

  On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____                    No __✓__

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____

_____

(b) At arraignment and plea _____

_____

(c) At trial _Tom Brantley_____

_____

(d) At sentencing _Tom Brantly_____

_____

(e) On appeal _Clark M Parker_____

_____

(f) In any post-conviction proceeding _____

_____

_____

(g) On appeal from adverse ruling in a post-conviction proceeding _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____     No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____     No _____

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) And give date and length of sentence to be served in the future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes __✓__     No _____

18. What date is this petition being mailed?

_____

   Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___2-14-05___.
(Date)

___Freeshone McLeod___
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _14th_ day of _February_ _2005_.

___L. Amy C. Anthony___
Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

## OR *

# ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____.
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____.

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

10

IN THE CIRCUIT CC + OF HOUSTON COUNTY, ALABA

DOTHAN, ALABAMA,

KEESHONE CORNELIUS MCLeod # 229466

PETITIONER

-VS-

STATE OF ALABAMA

RESPONDENTS

R.E. CASE NO: CC-02-235 & 02-236

)
)
)
)
)
)

## BRIEF of SUPPORT of RULE 32 PETITION

COME NOW; FREESHONE C. MCLeod PRO/SE Petitioner whom Shall Name hereafter a Said Petitioner and bring this brief In SUPPORT of Rule 32. Post-Convictio Petition and Show this Honorable Court In SUPPORT thereof:

### I
### JURISDICTION

This Honorable Court has the Jurisdiction Under (Ala. R. Crim. P. 32.1 (b) (c). 32.3 32.5 32.7 (a) and 32.9 (a) (b) (c) and (d) to Grant the Relief that is So Lawfull due to this Said Petitioner herein.

### II.

Petitioner IS Raising the following Grounds and Claims Which this Honorable Court Should entertain these issues and allegations and or adjudicate on the (merits) of the Claims In Petitioner's Petition to Vindicate iation of his Rights.

### III.

etitioner Contends that he was deprived of Inneffective Assistance of Counsel nd Appellant Counsel durning trial and on Direct Appeal on account of the nadequacy of defense Counsel's Performance's at trial on direct Appeal.

# FILED

FEB 1 7 2005

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

11

during the trial the Petitioner was not allow to testify, so Petitioner is Testifing in this Petition that the state allowed the alleged (minor) Victim to testify that she was "Rape." did she acknowled what she was testifying to? (NO). Petitioner contends that this (minor child) was Lead to sad what the district Attorney told her to sad. (R.4). In the Case of ROWE-VS-State 421 So 2d. 1352 (Ala. Crim. App 1982); this court observed: ... A Required element of the Crime of Rape is Actual Proof of actual Penetration of the Female Sex organ by the male Sex organ. Whether an actual Penetration is accomplished is a question of fact to be determined by the Jury. JACKSON -VS- State 390 So. 2d 671 (Ala Crim. App. 390 So. 2d 675 (Ala. 1980). 421 So.2d at 1356). the State, moreover had Present a Prima facie case of first degree Rape based soley upon the Victim Testimony and medical testimony or other Physical evidence corroborating the Victim Testimony is not Required. Smith-vs-State 601 So. 2d (Ala crim. App 1992]. Code 1975 13A-6-61. (a) (1).

13A-6-61 Rape in the first degree is defined by the Legislature as follows: (a). A male commits the Crime of Rape in the first degree if: (1) He engages in Sexual Intercourse with a female by forcible compulsion; or (2) He engages in Sexual Intercourse with a female who is incapable of consent by Reason of being Physically heilpless or mentally incapacitated; or (3) He, being 16 years or older, engages in Sexual Intercourse with a female is less than 12 years old. Petitioner contends that the state failed to Prove Forcible-compulsion. According to the case set out in RIDER-VS- State 544 So. 2d. 944. (Ala crim. App 1989).

TABLE OF ADVERSE DECISION

Page C-68  Motion for New trial

C-72   Denied

R. 611.   Motion for Judgment of Acquittal on Rape Charge

R. 612   Denied

R. 613.   Motion for Judgment of Acquittal on Attempted murder

R. 614   DENied

1. 378.   OBJECTION by State to Defense question based on

Relevance,

R. 378.   379,  383.   386   390 Denied

STATEMENT OF ISSUES PRESENTED FOR REVIEW

I. WHETHER THE TRIAL COURT ERRED IN DENYING THE PETITIONER MOTION FOR A NEW TRIAL.

YES

II. WHETHER THE TRIAL COURT ERRED IN SUSTAINING THE STATE'S OBJECTION TO THE PETITIONER'S EXAMINATION OF VICTIM'S MOTHER REGARDING HER CUSTODY OF VICTIM?

YES

III. WHETHER THE TRIAL COURT ERRED IN DETERMINING THERE WAS SUFFICIENT EVIDENCE TO CONVICT THE PETITIONER OF ATTEMPTED MURDER AS CHARGED IN THE INDICTMENT?

YES

IV. WHETHER THE TRIAL COURT ERRED IN DETERMINING THERE WAS SUFFICIENT EVIDENCE TO CONVICT THE PETITIONER OF RAPE IN THE 1ST DEGREE AS CHARGED IN THE INDICTMENT?

YES

## STATEMENT OF THE CASE

THE PETITIONER, Freeshone Cornelius McLeod herein after referred to as MR. MCLeod, was arrested on October 7, 2001 (C 57) and was charged with one count of Rape in the First degree, and one count of attempted murder (C 57). MR. McLeod was indicted on January 31, 2002) under two separate indictment (C 13, 15). MR. McLeod was tried on April 7, 2003 (C 255) and convicted by a Jury under each indictment. MR. McLeod was sentenced on May 28, 2003 99 years consecutive, fined $20,000.00 assed $6,00.00 Victim's Compensation funds on each case Respectively (C 66-67). THE Petitioner's attorney filed a written notice of appeal on June 6, 2003, (C 76). this appeal follows:

## STATEMENT OF THE FACTS

THIS matter was tried before the Hon. Judge Bradley Eutaw Mendheim acting circuit Judge on April 7, through April 9, 2003. THE Hon. Douglas Valeska, District attorney for the 20th Judical District represented the state. THE Hon. K. Brantley attorney at law Dothan represented the petitioner. MR. McLeod prior to the opening statement to the Jury by counsel MR. Brantley moved to supress MR. McLeod statement made to Houston County Sheriffs Department Investigator Adam Robinson (R16). A hearing was conducted outside the presence of the Jury (R16). THE state called Investigator Adam Robinson to the stand, the state questioned the witness of october 6, 2001 being in Gordon Alabama Houston County, 62 Gordon Street, Robinson Stated we received a call of a child bleeding from the head" (R17). Investigator Robinson was further questioned by the state and it was established that he was present at the time when

15

JonTeria Jones, the Victim was talking or was laying on the concreate where her mother was in close proximity to her. (R25). The state asked if Robinson if he had heard the victim mother ask her who had done this and who had hurt her or cause her this injury. (R 25) Mr. Brantley objected on Relevance as to what others had said the court directed the state to "Just go to the facts" and admitted it for purpose of the motion in limine. Mr. McLeod was detained, but was not placed under arrest [R29]. He was hand cuffed then placed in the back seat of Robinson patrol unit at which time the petitioner asked if the child was ok. Robinson stated that the petitioner had no blood on him nor did he appear to be under the influence of any intoxicants. the petitioner was taken to the Houston county Jail for questioning. [R 40]. Mr. Brantley asked if he was read his Rights "Yes sir" he was detained for questiong" upon further questioning Robinson could not Recall if he gave the petitioner a waiver of Rights or if he asked him he waived those Rights, when asked if anyone else heard the statement made by the petitioner "No sir. I dont believe so" [R42] the state and the defense rested on the suppressed issues. The court found Robinson's statement admissible. The court consolidated the case without objection, "The two charges are, Rape in the first and attempted murder [R46]. Next the state called TiLena Westley to the stand. TiLena was a four (4) years old and at the time of the indictment she was age three (3), the court questioned her ability to understand, the state explained to TiLena to answer yes or No, she either did not understand or Remember, Mr. Brantley Requested to take the witness on voire-dire, the court granted a voire-dire Exam. "I would move at this point and time to exclude her as a witness for the lack of capacity because she is so young" [R90].                                   16

The court determined the witness competent and allow her testimony admitted. Tylena stated that Jonteria the victim left the house to go get some noodles and Freemone followed her out. She further stated that when Freemone came back in the house, Jonteria did not, witness then was dismissed. The state called Melissa Ann Lee to the stand. Ms. Lee testified that around one o'clock (1:00) to one thirty (1:30) on october 6, 2001 She saw the Petitioner outside of her kitchen window, looking around. She went to the door to see what he was doing, "he said he was looking for Jonteria" [R 132]. Her brother Larry Dixon rode by. She went to talk to him and did not see the petitioner again until she went down to Mr. McGriff's. State passed the witness. During Mr. Brantley questioning the court learned of a Sexual relationship that Jonteria's mother "Tuni" was having with Larry Dixon the witness brother before are during the time she was with the Petitioner. Witness was dismissed. the State called Moses McGriff, the State questioned Mr. McGriff about october 6, 2001 around two o'clock, and whether he recalled where he was. He stated that he was when he noticed the petitioner outside walking back and forth on the road. He went out to talk to him and see what he was doing, "He asked me have I seen the daughter." (R 263). "He said that the little girl was lost," [R 264]. "I asked howlong she been gone? He said about thirty (30) five (5) to forty (40) minutes." [R 264]. Mr. McGriff and the petitioner found Jonteria in the bushes face down, Mr. McGriff stated, "I said do not touch the baby we are going to call 911." [R 271], the State asked, "who got her out of the bushes?" (R 272). "I seen her momma toting her into my driveway." [R 272]. State passed the witness.

17

MR. Brantley cross-examines MR. McGiff and established that he had seen the Petitioner and Jonteria together quite often, and that he always taking care of her, that he would be the only adult with her. Where did you look when Freeshone came up to you and asked you would you help look for Tera, that Tera was lost?" (R 281). Tera was a nickname for the victim, he then stated that started looking in the ditch in front of his house, they looked around the trailer and they found drag marks and found Jonteria in the bushes, they followed the marks and found Jonteria in the bushes, she was laying on top of them" (R 283). THE STATE called Dinthea Jones "JUNT" the mother of the victim. The State asked her, "if I could on October 6, 2001 tell the jury who had legal custody of Jonteria?" (R 352). My sister Mary Wesley" (R 352). She stated in her testimony that she saw Jonteria that morning once, later in the day, she went to a friend house, she further stated, "Somebody came up the road and said Jonteria was on the next street," (this issue should have been arguable) (R 364). Who went looking with you?" "He did." referencing the Petitioner, R 364). However, she stated she did not go with the Petitioner to MR. McGiff. Yet she stated that Freeshone told her he found her and took her straight to it. She picked up her daughter and carried her to MR. McGiff's driveway and laid her down. MR. Brantley cross-examined the witness. MR. Brantley established that MRS. Wesley has had custody of Jonteria for two years. When asked why she did not had custody of the child. the State objection on grounds of Relevance.

R. 378). The court asked counsel to approach the bench. Proceedings were held at the bench outside of the hearing of the jury. The court asked Mr. Brantley: How the question was relevant? He explained that the evidence needed to come in because in the past she had physically abused the child. After argument of counsel the court sent the jury out to examine the witness on this issue. The court learned that the witness who is the mother of the victim, lost custody of the victim because D.H.R. said she was not properly supervising the child. (R 383). A judge determined the custody. (R 382). The court sustained the State's objection. (R 383) with further argument Mr. Brantley continued to try and show the court the relevancy of this issue line of questioning. (R. 383 - 391). While the jury remained out of the courtroom, Mr. Brantley produced a document of a conviction for domestic abuse against the witness brother and offered it for admission. The State objected; "First of all that is not a Certified Copy". (R 394) The court allowed Mr. Brantley to offer the facts substantiating the conviction. The witness admitted that she had plead guilty in Gordon Alabama Municipal court in February of 2001 to assault 3rd degree. (R 395) The court again determined that the issue was not relevant. (R 396) Ms. Jones stated that after she got up on the morning of the incident she had gone to her mother's house which was not far from where she lived; "You just could walk." (R 406). The witness then provided confusing and contradicting testimony as to where she was that morning. After saying that she had been at her mother's house she stated, "the same house I was at ------ I mean, my momma --- I was over at Walt Lee's house. this issue should have been serious (Arguable). (R 408).

MS. Jones stated that she first learned of her daughter missing when Mr. McLeod came and told her. She stated then both left together looking for her (R 410) Mr. McLeod and Ms. Jones both looked for the victim and Ms. Jones stated that Mr. McLeod appeared to be concerned about where she was. (R 412) Ms. Jones stated that Mr. McLeod had an "evil look on his face" when he pointed out the victim to her. (R 413) She stated that she was staring at his face even before she picked her daughter up. (R 416) On Re-direct examination by the state, Ms. Jones stated that there were no other pots or pans in the trailer where she and Mr. McLeod lived except the wok, that was alleged to have been used to strike the victim. (R 420) She stated that her mother's house was within about 20 feet of Mr. McGriff's house and that Mr. McGriff's house was not less than 20 feet from the trailer where she lived with Mr. McLeod. (R 420-421) The state next called Lieutenant Donald Valenza, Houston County Sheriff Department Investigator as its witness. (R 427) L.T. Valenza testified that he received the wok, alleged to have been used in the incident from another Deputy and transported it to Montgomery for finger prints examination. (R 432) He also told the court that he took the "major case prints" of Mr. McLeod. (R 432) The state called Peter Macchia, forensic scientist, Alabama Department of forensic science. (R 453) After extensive questioning and upon motion by the state, Mr. Macchia __no objection was made by defense counsel__ to his being declared an expert in the field of (D.N.A) (R 468) Mr. Macchia stated that he obtained evidence determined to be semen on the clothing from the victim matches the D.N.A of Mr. McLeod (R 489-490) __Mr. Macchia stated that he determined there was no semen on the swabs from the "Rape kit"__ used to examine the victim. (R 502) (Dismissal should been declared.)

20

He stated that the semen from the clothing of the victim came from the hip area of the pants. (R.508), Investigating officer Houston County Sheriff's Department Keith Cook, was examined by the State and generally described what he found at the scene. He stated that he saw blood in various places around the dwelling where the mother Dinthea Jones and Mr. McLeod lived. (R.527-534) Inv. Cook obtained a W.O.K. The fry pan that was suspected to be connected with the crime. The State next called Shannon Fitzgerald a certified latent print examiner for the Alabama Bureau of Investigation, (R.567) Mr. Fitzgerald testified that he obtained latent fingerprint from the inside of the W.O.K. which were determined to be Mr. McLeod. After cross-examination and Redirect were conducted several times, the State rested. Mr. McLeod was not allowed to testify because of counsel did not wanted him to do.

## ARGUMENT

I. WHETHER THE TRIAL COURT ERRED IN DENYING THE PETITIONER MOTION FOR A NEW TRIAL.

Yes

MR. MCLEOD filed a motion for new trial on mar 5th, 2003 [C68.] Stating inter alia that subsequent to the trial, the defense counsel was made aware of evidence that could not have been discovered by the exercise of due diligence Prior to trial and the newly discovered evidence was material and arguably was evidence that had the Jury been made aware of this evidence a Verdict of Not guilty would have been reached by the Jury. THE New evidence was provided in the form of affidavit wherein an acquaintance of the mother, DiVethea Jones, often dresses the Victim in her own soiled and dirty cloths. The evidence would have provided a basis for the Jury to conclude that the Semen found on the garment that the victim was wearing did in fact come into contact with the victim after the mother wore the garment after having sex with MR. MCLEOD, her Livein Boyfriend After hearing the trial court denied the motion. [C72.]

THE Standard of Review for cases involving the grant or denial of a New trial based on Newly discovered evidence is the same as that for a motion to withdraw a guilty Plea. BANKS V. STATE 845 SO. 2d 9. (ALA Crim, APP 2001) The basis for a new trial is set out in EXPARTE HEATON 542 SO.2d 931 at 932 (ALA 1989). as found in the case of ISOM V. STATE 497 SO 2d 208, 212 (ALA Crim, APP (1986) Citation omitted

to establish a Right to a new trial based on newly discovered evidence the Petitioner must show the followings: (1) that the evidence will probably change the result if a new trial is granted; (2) that the evidence has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching. Mr. McLeod submits that it is patent that the evidence that the panties were worn by and put on the victim by the mother after having sex with the victim most probably would change the outcome of the trial; Certainly the evidence was discovered after the trial, the evidence could not have been discovered by the defense because the information was volunteered by an acquaintance of the mother who the Petitioner could not have known what she knew, the evidence is most certainly material in that it goes to the heart of the defense in that Mr. McLeod did not attempt to rape the victim and that the semen was on her cloths after having emitted during sex with the mother, the issue of cumulativeness is Moot; because this defense was incomplete without this evidence, Mr. McLeod contends that the trial court erred in not granting a new trial on his motion for the same after having met the standard for the granting of a new trial.

## ARGUMENT:

II  WHETHER THE TRIAL COURT erred IN SUSTAINING the State's OBJECTION to the PETITIONER's Examination of victim's MOTHER Regarding her custody of the victim.

YES.

(9)

Petitioner had Right to present reasonable alternative theory to that of the State. Court prevented the Petitioner from developing that theory through Cross-examination of the victim mother.

defense counsel began cross-examination of the State's witness, Dinthea Jones, who is the mother of the victim. (R 376), on cross-examination the witness admitted that she was in the area the day of the incident, on further Cross-examination the defense attempted to illicit evidence that the victim was in legal custody of her aunt, the witness sister at the time of the incident. (R 377, 382). the State objected on Relevance (R 378). Custody of the victim was taken from the mother by D.H.R. because she was not adequately supervising the child (R 383). defense counsel argued that he was trying to establish through this line of questioning that some one else either did or could have committed the offense against the victim. (R 378). defense further argued that she improperly supervised the victim on the day of the incident, then if it would be conceivable and logical that she could have improperly supervised the child on the day of the incident thus allowing some person other than the Petitioner to assault the child. (R 386) After argument by counsel and a brief examination of the witness, both outside the presence of the jury, (R 382-391). the trial court sustained the State's objection of potential embarrassment to the witness and victim (R 381), and on the basis of Relevance, (R 386)

The trial Court's reasoning for exclusion of this evidence was based upon his determination that the evidence sought for was Irrelevant, (R 3.785 379, 383 386 390, not that it's probative value substantially out weighed the danger of unfair prejudice, nor bt confusion of the issue nor was it misleading to the jury nor would it unduly delay the proceedings, nor would it be a waste of time nor would it be a needless presentation of cumulative evidence, therefore, Rule 403: Exclusion of Relevant Evidence on Grounds of Prejudice Confusion or waste of time" (Ala. R. Evid. would not apply. As with issues of Revlevance, the exercise of this discreation will not be reversed on appeals, unless the discreation has been abused. the basic standard of review was set out in the case of Amsouth Bank N.A.-vs- Spigener 505 So. 2d 1030 (Ala. 1986), holding that question of ----- 'materiality' Relevance and remoteness rest largely with the trial judge and that Rulings thereon will not be disturbe unless the judge's discreation has been abused." (quoting) from the 'advisory committee's notes: in Rule 403 (Ala. R. Evid. the entire of lines of questioning on this issue by the defense was attempt to develope a theory of defense; a reasonable alternative theory to that of the Petitioner guilt. Petitioner had right to present reasonable alternative theory to that of the state. the trial court erred when it prevented the Petitioner from developi that theory through cross-examination of victim's mother regarding whether she improperly supervised the child' specifically ms. Jones said that the victim lived closed to her, that she stated with her mother during the day, who lives within sight of ms. Jones, dwelling and that she had seen the victim several times that day before the incident. (R 353) ms. Jones testified that mr. McLeod told her that he had seen the victim looking for her, (ne witness) and that prior to the incident ----- somebody came up the road and said Jontevia was on the next street." (R 354). this was arguable issue that Trial Counsel failed (111 to in

25

FOURTEENTH (14th) AMENDMENT to the United States Constitution and Article I, Section 7, of the Constitution of Alabama, provides a defendant with the right to be heard and to present his own defense. EPHRAIM VS. STATE 627 SO. 2d 1102 (Ala.Crim App) 1993) CODE OF ALABAMA 1975  12-21-137.  "Right of cross-examination" provides that;  "the right of cross-examination thorough and sifting belongs to every party as to the witness against him. if several parties to the same case have distinct interests each may exercise this right.

THE Advisory Committees Notes" to Rule 401, supra States:

The test of logical Relevancy set forth in Rule 401 is a liberal one, evidence is to be admitted if it possesses "any tendency" in logic or experience to lead to the fact or inference for which it is offered. the standard of probability under the Rule is more probable or less probable than it would be without the evidence" (Emphasis supplied by counsel) Alabama recognizes a liberal test of Relevance, which States that evidence is admissible if it has any tendency to lead in logic to make the existence of the fact for which it is offered more or less probable than "it would be without the evidence,' HATES VS STATE 717 SO. 2d at 36. (Ala. Crim App. 1997). The defense was attempting to introduce a logical and reasonable theory that some one other than the petitioner could have committed the offense against the victim by showing that the witness had "in loco parentis" custody of her child or at the least implied reasonable possibility to look after the child, and negligently supervised the child, most poignantly, the witness testified that some body came up the road and said Janteria was on the West Street. (this was arguable issues.)

Rule 402: RELEVANT EVIDENCE GENERALLY ADMISSIBLE; IRRELEVANT EVIDENCE INADMISSIBLE State's. ALL relevant evidence is admissible except as otherwise provided by the Constitution of the United States or that of the State of Alabama by Statue, by these rules or by other Rules applicable in the courts of this State. Evidence which is not relevant is not admissible. IN the case of LEITNER-VS- State 631 So. 2. 273. (ALA. Crim. App. 1993 at 278): this Honorable Court held that evidence that Someone other than the Petitioner could have committed the crime for which the Petitioner is being charged is Relevant evidence; evidence suggesting that Someone other than the Petitioner may have killed Craven is Relevant evidence ... the court ruled that the journal excerpt was not Relevant to the case. Evidence However is Relevant and admissible "if it has any Probative value, However Slight upon a matter in the case." C. Gamble, McElroy's Alabama Evidence. 21. 01. (1) 4th ed. 1991); PEEPLES -VS- State 601 So 2d 186, 187 (Ala Crim. App 1992). "Evidence is Relevant if it has any Tendency to throw light upon the matter in issue, even though such light may be weak and falls Short of demonstration," McCain -vs- State 46 (Ala App. 627 247 So.2d 383 1971). AUSTIN -VS- State 434 So. 22 289 (ALA Crim. App. 1983). Any fact which has Casual Connection or logical relation to another fact so as to make the other fact either more or less probable is competent OR Relevant. HURST -vs- State 397 So. 2d. 203 (Ala Crim App. Cert denied. 397 So. 22 208 1981)

WATERS -VS- State 357 So 2d 368 (Ala crim App) cert denied 357 So 2d 373 (Ala 1978); Mitchell -VS- State 473 So 2d 591 594 (Ala crim App 1985); Emphasis supplied in opinion); Further case law support the Proposition that a defendant may attempt to explore and after offer evidence that Someone other than Petitioner may have Committed the Crime for which he Is Charged is upheld in the case of EX PARTE WALKER 623 So 2d 281 at 284 (Ala 1992) Generally an accused may offer evidence that some other Person Committed the Crime See, e.g., C. Gamble MCELRoy'S Alabama Evidence 48 01 (1) (4th ed. 1991) to be admissible evidence of this Kind must meet Serious requirements one of which is that the evidence would have to be established if the third Party was on trial; LOWREY -VS- State 26 (Ala App 159 155 So. 313 (1934); GREEN -VS- State 258 (Ala 471 64 So 2d 84 (1953); MORRIS -VS- State 75 (Ala App 175 142 So 685 (1932) Also the Preffered evidence must Relate to the "Res gestae" of the crime that it is must be derived from and Related to the facts and Circumstances of the alleged crime; TOLIVER -VS- State 142 (Ala 3 38 So 801 1905); MC Donald -VS- State 165 (Ala 85 67 So 629 1910). this kind of evidence is particularly important where the State's case rests Primarily upon Circumstantial evidence as it does here. this Court has held that Blame-Shifting Proof can take a wide Range in such a case Starting in GREEN, supra; that [I] Order to argue the Circumstantial evidence against Petitioner; Petitioner had a Right to introduce any legal evidence tending to Show that some one else may have been guilty in exoneration of himself." SEE; Also Scott -VS- State 96 (Ala 20 11 So. 193 (1892);

( Emphasis Supplied by Petitioner).

The case of <u>Green -Vs- State 64 So. 2d 84 (Ala. 1953)</u> is based on similar to the circumstances and defense theory in the case at Bar relating to the witness Relationship with the Victim. the defense was attempting to established the fact that the witness and mother of the victim had previously had been adjudicated as being negligent in her supervision of her child, the victim. Also the inquiry directed to the townsen McGoush as to whether or not he and Mrs. Boshell had had trouble or had had a falling out was admissible as a circumstances to cast suspicion on the Petitioner Mr. McLeod. this being a case of circumstantial evidence Testimony may permissibly take a wide range. and any fact from which an inference may be drawn relating to the crime is competent evidence: <u>Morris -Vs- State 25 (Ala. App. 175. 142 So. 685</u>; <u>Lancaster -Vs- State 21 (Ala. App. 140. 106 So. 609)</u>. In order to Rebuttal Circumstantial against the Petitioner, the Petitioner had a Right to introduce any legal evidence tending to show that some one else may have been guilty in Exoneration of himself. <u>Spicer -Vs- State supra</u>; <u>McDonald -Vs- State; supra   Levison -Vs- State 54 (Ala 520)</u>; <u>Alston -Vs- State 63 (Ala. 178</u>; <u>Scott -Vs- State 96 (Ala 20 11 So. 193.</u>

## <u>ARGUMENT</u>

III. WHETHER THE TRIAL ERRED IN DETERMING there was sufficient evidence to convict the Petitioner of ATTEMPTED MURDER AS Charged IN the INDICTMENT ?

YES.

MR. McLeod Submits that the State failed to Present sufficient evidence to convict him of attempted Murder. The standard for conviction at trial is proof beyond a reasonable doubt, and the State must produce evidence which the jury might reasonably concluded excluded every reasonable hypothesis of Petitioner innocence. The State's witness, Melissa Ann Lee stated she saw MR. McLeod outside and he stated that he was looking for the victim. (R 132). The State's next witness, MR. Moses McGriff testified that he saw MR. McLeod walking back and forth on the road. He went out to talk to him and see what he was doing. "He asked me have I seen the daughter." (R 263), "He said the little girl was lost" (R 264). "I asked how long she been gone? He said about thirty five (35) to forty (40) minutes (R 264). On cross examination, MR. McGriff stated that he often times saw MR. McLeod taking care the victim, MR. McGriff stated that he saw the victim lodging on top of some bushes in a thicket of plum trees with limbs and sticks and that it was the kind of bush that would scratch a person if they were dragged across the bush (R 285). MR. McGriff recounted how he and MR. McLeod looked all around the premises for the victim. MR. McGriff also admitted that MR. McLeod exclaimed, "Oh my God" when he first saw the victim (R 286), and that appeared to be concerned about the victim during the time that they were looking for her. (R 288). The State called Dinthea Jones the mother of the victim. MS. Jones stated that after she got up on the morning of the incident she had gone to her mother's house which was not far from where she lived; "You could just walk." (R 406),

The witness then provided confusing and contradictiong testimony as to where she was that morning. After saying that she had been at her mother's house she stated "the same house I was at ..... I mean my momma --- I was over at walt Lee's house I was at walt Lee's house (R 408) ARguable Issue MS. Jones Stated that she first learned of her daughter missing when MR. MCleod came and told her. She stated they both left together looking for her [R 410] MR. MCleod and MS. Jones both looked for her the victim and MS. Jones Stated that MR. MCleod appeared to be concerned about where she was. (R 412) further MS. Jones stated that there were no other pots and pans in the trailer where she and MR. MCleod lived, except the wok which was alleged to have been used to strike the victim. [R 420] the victim testified that she went to her Aunt's house to get some Noodles to eat (R 306 - 313), the test to applied is whether the jury could have reasonable find that the evidence excluded every reasonable hypothesis except that of guilt; No whether such evidence excluded every reasonable hypothesis of guilt about whether a jury might reasonable so concluded. CUMBO v.s. State 368 So 2d 871 (Ala crim App Cert denied 368 So 2d 877 (Ala 1979), from 668 So 2d 152 INMIN v.s. State (Ala crim App 1995)

The human Provision of the law are, that a Prisoner charged with a felony Should Not be convicted on circumstantial evidence, unless it shows by a full measure of Proof that the defendant is guilty. such Proof is always Insufficient unless it excludes to a moral Certainty, every other reasonable hypothesis, but that the guilt of the accused. No matter how strong the circumstances, if they can be Reconcilled with the theory that same other Person may have done the act, then the Petitioner is Not shown to be guilty, by that full measure of Proof that the law Requires.

EX PARTE ACRee 63 (Ala 234 1879); COMBO 868 50 2d at 876" R. W. VS. State 808 50. 2d 1228 (Ala Crim. App. 2001), Considering the fact that MR. McLeod alerted the family and Neighbor's that the child was missing, that he searched diligently for her as well as the testimony of the MR. McGriff and the victim Mother concerning MR. McLeod concern for the missing child and the concern that was shown when she was found, the trial court and the Jury ERRED in not finding that a reasonable hypothesis other than guilt existed.

The only frying pan & pot or cooking utensil in the house was the WOK MR. McLeod was Preparing to cook for the child, and the Jury could reasonable have concluded that he had cooked and handled the wok on Prior occassions, the facts that his finger and handprints should be on the wok was not surpising to the even the finger Print expert. MR. Machia the reasonable alternative theory that MR. McLeod had used the wok before and touched it with his hand is Patent Since it was the only utensil in the Home of Both MR. McLeod and Ms. Jones, fur, the fact that the child was seen on another street as stated by her mother "somebody came up the Road and said Intericia was on the next street." this should have stated and argue to allow the mother of the victim to tell who told her that the child was on the other street :( R 354), MOST Certainly could provide an alternative theory that "some one else committed OR had committed this serious charge other than the Petitioner MR. McLeod.

FINALLY:

32

the State failed to Provide Proof that the Blow with the WOK was intended to kill the victim. DR. SALNA, an attending Physician agrees that even a Person who is unconscious from a minor Injury would display the same Symptom's as the victim when first Presented at the Hospital.

Attempted Murder is a Specific Intent Crime, an attempt to commit Murder. (A) one must Intentionally or Knowingly attempt to Commit Murder (B) accordingly a General felonious Intent is not Sufficient. Accordingly one cannot Recklessly attempt to commit Murder, Free-vs- State 465 So. 2d 137 (Ala. crim. app. (1984). the State failed to Provide evidence that MR. McLeod Specifically Intended to kill the victim.

## ARGUMENT:

IV. WHETHER the TRIAL COURT ERRED IN DETERMINING there was Sufficient evidence to convict the Petitioner of RAPE 1st degree as Charged in the INDICTMENT?

Yes. MR. McLeod argues that there was not Sufficient evidence to convict him of "RAPE in the first degree CODE of ALABAMA 13A-6-61 "Rape in the first degree States:

(A) A Person Commits the Crime in the First degree if:

① he or She engages in Sexual Intercourse with a member of the opposite Sex by Forcible- Compulsion; or ② he or She engages in Sexual Intercourse with a member of the opposite Sex who is Incapable of consent by reason of being Physically helpless OR mentally Incapacitated; or ③ he or She being 16 years or older engages in Sexual Intercourse with a member of the opposite Sex who is less than 12 years old: The Issue of Penetration is for the JURY to determine.

33

The State MUST prove there is no reasonable alternative theory that MR. McLeod used his penis to have sexual intercourse with the victim in this case, the defense provided a reasonable alternative theory that the child's vaginal area and parts were bruised and injured during the time she was drugged into the woods and over the brush and sticks, Case law on this point is clear, "Penetration by the male sexual organ into the sexual organ of a female must be shown in order to sustain a conviction of Rape". Jackson vs. State 471 So. 2d 516 (Ala, Crim. App. 1985)

A required element of the crime of Rape is proof of an actual penetration of the female sex organ by the male sex organ, whether an actual penetration is accomplished is a question of fact to be determined by the Jury. Rowe vs State 421 So. 2d 1352 (Ala, App 198

In order to prove a Prima-facie case of Rape in the first degree; the State must prove that the petitioner a male did ① engage in sexual intercourse with a female who was (2) less than (12) years of age. BARNES -vs- State 580 So 2d 97 (Ala crim. App 1991 Certiorari denied.

## CONCLUSION ARGUMENT:

MR. McLeod; the Petitioner submits to this Honorable Court that the trial court erred in four areas that either SUBSTANTIALLY PREJUDICED MR. McLeod in this trial or what were contrary to Law. Primarily the trial court did not allow MR. McLeod to develop his defense Regarding a reasonable alternative theory that another person could have committed this crime, the ability of a criminal defendant to thoughly cross-examine his accusers and the witness against him is fundamental in our adversarial system of justice. The Fourteenth (14th) Amendment to the United States Constitution provides that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without (due-process of law.) nor deny to any person within its jurisdiction the equal protection of the laws." MR. McLeod asserts that his fundamental Rights to due-process was abridge by the trial court's denying him the effectiveness assistance of counsel and effective cross-examination of the victim's mother. (Secondly); MR. McLeod asserts that there was insufficient evidence to support his conviction for attempted murder. The State Never failed to Prove that MR. McLeod Specifically intended to kill the victim. The only evidence remotely connecting MR. McLeod to the alleged weapon a wok. was that his hand and finger prints were on it, that utensil was used by MR. McLeod for cooking because it was the only pot or pan in the house. It is absolutely reasonable that his prints should be on the wok.

Further, the state failed to provide that Mr. McLeod actually had sexual intercourse with the victim, there was a plethora of evidence that would suggest and could lead a jury to conclude that the victims vaginal injuries were cause by being roughly dragged through a thicket of limbs, bushes, branches, and brush. Finally, the trial court erred in denying Mr. McLeod's motion for a new trial which was primarily based upon newly discovered evidence which would had (1) shown that the evidence would probably change the result if a new trial was granted; (2) that the evidence before ~~was discovered~~ was discovered after the trial; (3) that it could not have been discovered before the trial by the exercise of due-diligence (4) that it was material to the issue. The trial court erred for denying the Petitioner a new trial that on cross-examination by Mr. Brantley Dr. Salina testified on cross-examination that there was no sperm in the vaginal canal. (R237) No# 10 question). Dr. Salina also stated that he don't have to prove penetration. (wrong) (R239) No# 21 question According to the case set out in JACKSON-VS-STATE 471 so 2d 516 (Ala Crim App 1985). Petitioner argues that Doctor Salina only went on his opinion and not the facts to established that penetration was done by an penis [R249) No# 10 Question). [R250] No# 16 question. (R252); Dr. Salina testified that any time we see and injury at all to the vaginal area his first consideration is some kind of sexual assault, another one of Dr. Salina opinion and not considering the facts. Petitioner argues that the victim mother or some one else committed the crime. On cross. Examination By Mr. Brantley (R 32

No# (1) Q. Your momma saw everything that happen didn't she?

5# (3) A. Witness nodded?

on (4) Q. Is that yes?

5# #(5) A. Yes sir.

Petitioner Argues that from portions of the trial transcript
and testimony of the witness and facts this case is
due to an evidentiary hearing according to the A.R.C.P.
and the rules of the courts.

Q. [R 418] And you'r telling the jury that you're never discussed this case
with Tera?

A. No sir.

Q. Why would tera tell the jury you had?

A. I don't know.

Q. Is tera too young to understand what the truth is?

A. No sir.

Q. But you're saying you haven't discused the case with her?

A. No.

Q. Do you know she told the jury that you had told her what to say?

A. No sir

Q. Does that surprise you at tera?

A. Yeah.

Petitioner contends that from portions of transcript and testimony if is concrete
evidence that the victim was lead by the District Attorney and was told
what to say by the mothere and Petitioner prays that this case be
Remanded on the facts; order a Evidentiary hearing to be heard; and
transfered Petitioner back to the Circuit Court of Houston County
Circuit court with instructions to enter a Judgment of acquittal
or in the alternative Grant to him a new trial base on the
Facts that has been establisned after trial.

DR. SALNA testified that the injuries to the victim vagina has been caused by some BLUNT-FORCE instrument. (R-235-) DR SALNA stated that I'm saying there was attempted penetration. (R 240). He also testified that the labium is outside the vagina. (R 247

Q. But the labium is outside the vagina?

A. that correct sir.

CROSS-EXAMINATION by MR. BRANTLEY.

Q. NO Penetration occurred to the vagina? (R.239.)

Q. Are you saying that there was NOT Penetration to the vagina? You CAN See from DR. SALNA testimony that he only went on his opinion and NOT the facts. According to the law.

Case Number

| ID | YR | NUMBER |
|----|----|--------|

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

_Houston Co. Cir. Court_
(Insert appropriate court)

_Freeshone C. Mclead # 229466_
AIS #229466
(Petitioner)    # 229466

vs.

_State of Alabama_
(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, _Freeshone C. Mclead # 229466_ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No _✓_

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _N/A_

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _N/A_

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____    No _✓_

   b. Rent payments, interest, or dividends?

   Yes _____    No _✓_

   c. Pensions, annuities, or life insurance payments?

   Yes _____    No _✓_

   d. Gifts or inheritances?

   Yes _____    No _✓_

   e. Any other sources?

   Yes _____    No _✓_    39

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____            No ✓

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____            No ✓

If the answer is "yes", describe the property and state its approximate value.

_____

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____
                          (Date)

_Frcershore McLeod_ # 209466
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _56¢_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _____ BULLOCK COUNTY CORR. FACILITY _____ institution:

PREPARED BY: _Patsy Faulkner_

BULLOCK COUNTY CORR. FACILITY
BUSINESS OFFICE/ACCOUNT CLERK
P.O. BOX 5107
UNION SPRING, AL. 36089
DATE _2/11/2005_

_2/11/05_
DATE

40    AUTHORIZED OFFICER OF INSTITUTION

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
BULLOCK CORRECTIONAL FACILITY

AIS #: 229466        NAME: MCLEOD, FREESHONE

AS OF: 02/11/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| FEB | 17 | $0.33 | $0.00 |
| MAR | 31 | $6.58 | $30.00 |
| APR | 30 | $0.76 | $15.00 |
| MAY | 31 | $0.53 | $0.00 |
| JUN | 30 | $1.10 | $10.00 |
| JUL | 31 | $4.31 | $25.00 |
| AUG | 31 | $0.26 | $0.00 |
| SEP | 30 | $0.26 | $0.00 |
| OCT | 31 | $0.26 | $0.00 |
| NOV | 30 | $0.26 | $0.00 |
| DEC | 31 | $25.97 | $90.00 |
| JAN | 31 | $20.56 | $100.00 |
| FEB | 11 | $5.27 | $0.00 |

February 22, 2005. Deft. allowed to file a 32 petition. Clerk directed to provide D.A. with copy.

(2/25/05 A'DA + Deft.)

_[signature]_
Judge

EX PARTE,                              )          IN THE CIRCUIT COURT OF

FREESHONE CORNELIUS MCLEOD  )          HOUSTON COUNTY, ALABAMA

VS.                                    )

STATE OF ALABAMA                       )          CASE NO. <u>CC 2002-235.60</u>

<u>MOTION FOR SUMMARY DISPOSITION</u>

Comes now the State of Alabama and moves the Court for an order summarily dismissing the petition filed herein and for reason alleges the following:

1. The petition fails to state a claim for which relief may be granted.

2. The grounds alleged in the petition either were raised at trial or could have been but were not raised at trial.

3. The grounds alleged in the petition either were raised on appeal or could have been but were not raised on appeal.

4. The grounds alleged and facts stated do not amount to newly discovered evidence.

5. It appears from reading the petition that the petitioner is merely restating the issues he presented on his direct appeal. Upon reading the decision published by the Court of Criminal Appeals it becomes apparent that each issue of the present petition was addressed on appeal and decided adversely to the petitioner.  Therefore the petition should be denied.

6. The State denies each and every material allegation contained within the petition.

Submitted this _2nd_ day of March, 2005.

Gary R. Maxwell
Chief Assistant District Attorney


## CERTIFICATE OF SERVICE

I, Gary R. Maxwell, Chief Assistant District Attorney, hereby certify that I have placed a copy of the same in the U.S. mail, postage prepaid, to Freeshone Cornelius McLeod, #229466, Bullock County Correctional Facility, P.O. Box 5107, Union Springs, AL 36089 this _2nd_ day of March, 2005.

Gary R. Maxwell
Chief Assistant District Attorney


# FILED

MAR 0 2 2005

Judy Byrd

JUDY BYRD, CLERK
HOUSTON CO., AL

44

March 8, 2005 - The Court has carefully weighed
and considered the defendant's Rule 32 petition
and is satisfied that each and every issue
raised therein was raised or could have
been raised, either at trial or on appeal.
The State's motion for summary disposition is
therefore granted and defendant's Rule 32
petition is hereby dismissed.

3-10-05 N. Dept

IN THE CIRCUIT COURT OF HOUSTON COUNTY ALABAMA

FILED

FREESHONE C. MCLEOD.
PETITIONER

VS.

MAR 10 2005

Judy Byrd
JUDY BYRD, CLERK
HOUSTON 283 160

CASE NO: CC-2000283 160

STATE OF ALABAMA
RESPONDENTS

PETITIONER'S OBJECTION to STATE'S MOTION to
Dismiss Rule 32 Petition

Come Now, the Petitioner in the above styled cause by and through inmate assistance, and files this his OBJECTION to the State's motion to dismiss the Petitioner's Rule 32 Petition. the Petitioner states the following in support of the foregoing proceeding:

I. the Petitioner states that under the constitutional laws that he is not barred from obtaining POST-CONVICTION Relief.

II. the Petitioner previously files a Rule 32 Petition with the HOUSTON COUNTY, CIRCUIT COURT where certain issues under INEFFECTIVE Assistance of trial counsel and appellant counsel.

For the DISTRICT Attorney's to State dismiss the Petitioner's WRIT without addressing the JURISDICTIONAL issues and the illegal sentence was in effect to denied the the Petitioner his RIGHT to Due-Process of Law under SNIPES VS. State 571 So 2d. 398 (Ala. crim. APP. 1990). Six fourteenth Amendments to the United States CONSTITUTION; Article one (1), Section 6, CONSTITUTION of ALABAMA. 1901.

(1) the State alleges that the Petitioner fails to State a claim for which Relief may be Granted. Yet the Petitioner has address the JURISDICTION and illegal Sentence grounds in the Rule 32 Petition where Relief may be Granted.

(2) the State allege that the grounds in the Petition either were raised at trial or could have been but were not raised at trial: because of INCOMPETENT COUNSEL at trial, failure to object on certain issues

46

And Appellant counsel failure to raise these issues in a motion for New trial, the Houston county Circuit court denied Petitioner the fundamental Right to a fair trial and was through no fault on Petitioner's Part and therefore, the Petitioner further shows. that Under A.R.CR.P. it is the counsel's responsibility to bring these errors to the trial and Appeals court's attention. Neither did counsel at trial secure the error's for Appellate Review, which how can this court blame the Petitioner for these errors. which all have Merits that Requires a Reversal of the conviction.

(3) For the District Attorney's office to state the same Allegation's that the state in No# 2 is without Merits. Stating the same of simular the same, Should not be allowed to use the same suchas for Requesting a dismissal on a denial, because the factual issues are Clearly shown in the Instant Rule 32 Petition. therefore, the Petitioner's Claims is of actual Prejudic effect of the entire trial Proceedings Resulting from the Prejudice effect of the trial Judge's comments on the evidence in the Presence of the Jury. IN White-vs-State 546 So 2d 1014 at 1030 and 1031 (Ala. Cr. App. 1989.) the collar of this Rule is also true and applies here where the evidence of the accused's Guilt is slight or weak, though legally sufficiency the burden of showing Probable Prejudice from error will not be as great as in the case where the evidence of guilt is strong and substantial. matters that would be harmless error in some cases may be constructed as Reversible errors where the scales are delicately ballanced between Guilt and Innocence." "overwhelming evidence of guilt does not Render Prejudice error harmless....." Et Parte Lowe, 514 So 2d. 1040, 1050, (Ala. 1987.)

47

In White, supra, as in the case at bar, the trial Judge's instruction to the Jury was insufficient to cure or eradicate the prejudicial qualities of his comments. Furthermore, the Appellate Review of alleged infraction of these fundamental Rights must be taken from the facts Reflected in the Records and fair and Reasonable inference to be drawn therefrom, therefore, "Necessarily, to a large extent (as has quite often been held by the courts), each case presenting this question must be decided upon the merits of the Particular case under Review.

4. Last but final of the District Attorney Claim (4) States that Petitioner Claim and facts do not amount to Newly discovered evidence; Petitioner's contends in his Rule 32 Petition shows that Petitioner has establishes a Right to a New trial based on Newly discovered evidence the Petitioner must and have showed the following:

I. that the evidence will probably change the Result if a New trial is Granted: Yes. (2). that the evidence has been discovered since the trial; True. (3). that it could have not been discovered before the trial by his court appointed counsel; True. (4) that it is material to the issues and (5) that it is not merely cumulative or impeaching; Mr. McLeod submits that it is Patent that the evidence that the Panties Were worn by and put on the victim by the mother after having Sex with the victim most Probably Would change the outcome of the trial. the basis for a New trial is Set out in Ex Parte Heaton 542 So. 2d 931 at 932 (Ala 1989). or Isom vs. State 497 So. 2d 208 212 (Ala crim App 1986).

48

Certainlty, The evidence was discovered after the trial, the evidence could not have been discovered by the Defense because the information was volunteered by an acquaintance of the mother who the Defendant could not have known what she knew. The evidence is most certainly material in that it goes to the heart of the defense in that Mr. McLeod did not attempt to rape the victim, and that the semen was on her cloths after having sex emitted during sex with the mother, the issue of cumulativeness is moot because this defense was incomplete with out this evidence.

Mr. McLeod contends that the trial court erred in not granting a new trial on the motion for the same after having met the standard for the granting of a new trial.

49

Petitioner's States that he was Prejudiced by the failure of the Attornies to Raise the afore mentioned issues on appeal by his Court appointed Attorney MR. CLARK PARKER _____ was Petitioner's Attorney on Appeal and had he raised these fundamental issues or Preserved them for appellate court's Review. Probably the Result of the Appeal Process would have been different. that When a Sentence or Sentences are illegal on there face, how can this court Not Hold an evidentiary hearing the grounds Raised.

## CONCLUSION

for the grounds Stated, SUPRA Petitioner Submits Without CONTRADICTI and States that there exist material issues of fact or law which would entitle the Petitioner to Relief under Rule 32 and that and Purpose Preserving and Protecting Petitioner's Constitutional Right would be Served by any further Proceedings. As Such, the Court may grant the Petition with the benefit of a Hearing under SChLUP -vs- DELO  130 L. Ed. 2d. 808  1995).

I. Allow Petitioner to Present evidence on this Claim and Set the Case for an evidentiary hearing where additional facts may be Presented in support of this Claim.

II. Dismiss the Indictment Returned against Petitioner because of Insufficient evidence.

III. Order such other Relief as is Necessary and Proper in Light of the evidence Presented at the evidentiary hearing.

Petitioner contends that for the above Reason he is entitled to a New trial.

The Petitioner Respectfully Request that this Honorable court of Houston County, makes specific findings of facts as to why said petition Should Not be granted.

Wherefore, the Premises considered, the Petitioner Prays that this Honorable court will deny the State's motion to dismiss or denie and issue an order for a hearing to be held on the merits of the Rule 32 Petition.

Respectfully Submitted

_Freeshone Mcleod_
Pro/se Petitioner

Sworn and Subscribed to Before me this 7th Day of March, 2005 Year.

Notary Public _Lona L. Anthony_

My Commission Expires

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

State of Alabama At Large.

## CERTIFICATE OF SERVICE

I, Freeshone C McLeod hereby certify that I have served true and correct copies of the foregoing upon all Parties Postage Prepaid by Placing same in the U.S. mail here at Bullock County Corr, facility on this 7 Day of March 2005 Year, as follows:

①. Honorable Douglas Albert Valeska    ②. Honorable Judge Bradley E. Menthei
District Attorney                         Clerk of the court
twentieth Judical cir. of Alabama.        Jodd C. Bard District court
P.o. Box 1632                             P.O. Drawer 6406

51

C605-235

236

Put in defts file —
— per Judge Mendheim
3-9-05

Dear, Mr. Brad Mendheim

1. I'm writing to tell you that Dinthea Jones did
this to her child why I said this is because she had
blood on her shirt when I went looking for her
to ask her have she seen her child I got proof that
she did this if you would just look at these pages in the
transcrip page 319 on 320 she told her child saw
everything that happened

2. the mother is the one who said I did this on 10-6-01
if you would look at page, 26 an 28 then you
will see that the mother said all of this and I
want to know why she lied on me

3. then she told her what to say look at page, 418
I got some people comeing to see you and tell
you what Dinthea Jones told them on 10-6-01
and the reason why I did not say any thing
about this court is because my lawyer
Tom Brantley told me to say no when you
ask me did I have any thing to say

P.s. Judge Mendheim I need to see you in person
As to o-ad bless you I cannot sit in prison for the child
mother-no more

52

IN TH. HOUSTON COUNTY CIRCUIT COURT.
JUDICIAL INFORMATION SYSTEM.

HOUSTON COUNTY, ALABAMA.
DOTHAN ALABAMA.

Freeshone C. McLeod.
APPELLANT / PETITIONER

R.E: CC-2002-000235.60

VS-
STATE OF ALABAMA et. al.

APPELLEE / RESPONDENTS.

**FILED**

MAR 2 4 2005

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

## NOTICE OF APPEAL:

COME NOW APPELLANT / PETITIONER, KNOWN herein to this COURT as FreeShone CORNELIUS McLeod, Ais#229466 MOVES this COURT to fully grant/ entertain Said Notice of Appeal, in the above Cited cause as follows:

1 that Appellant McLeod filed his POST-Conviction Petition herein on or about 2/22/05 2005.

) that on MARCH 8, 2005 the above Mentioned Court ~~failed the~~ Overlooked Appellant / Petitioner Presented Claims which were properly addressed and duly Raises before appropriate Jurisdictional Court POST-Conviction Petition and BRief in Support of Rule 32 J''as now being Requested transmitted for Appellant Review, and transferred to the COURT of CRiminal Appeals. in the aforementioned cause.

) that this Court 'the Judicial Notice of the request herein, and Notice of Appeal and issue forth an order for the Dismissed of Petitioner Rule 32 Records t be transcribed herein, of the MARCH 8, 2005 hearing of the Houston County, Circuit Court Denial.

Page 2

IN. R.E CC-2002-235.

t r the Clerk issue forth the same contents herein to the parties envolved under the premise of indigency, and title 8, 12-17.94 et. seq. to protect Appellant/ Petitioner Wherent Rights to Access to the courts on Appeals within the statue of Limitations to apporpriately preserve all Constitutional deprivation that have just occured by the erroneous Ruling through abuse of discreation by the hearing Judge.

Petitioner pray's that this Hon; court will forward to him the Necessary papers or Form for the purpose of his Appeal.

1 to Notify the Criminal courts of Appeal that Petitioner wishe's to Appeal, that in addition too. the court also contact the criminals courts of Appeal and the record and submit the same in the interests of justice for the Ruling to now be ordered for Appellant Review; and provide copies of same to all parties herein to avoid any such default/ forfeitures at No-foult of Appellant/ Petitioner McLeod because of his indigency hereto;

Allow Petitioner to proceed in forma paupris:

Executed here in this _16th_ Day of MARCH   2005 year.

FreeShone C. McLeod
A.I.s:#229466
P.O. Box 5107
Bullock County, corr. facility.
Union Springs AL. 36089-5107

54

NOTICE OF APPEAL
page 3

## CONCLUSION:

Appellant states and claim that the appeal brief was filed by his court appointed attorney MR. CLARK PARKER whom the Houston County Circuit court appointed to the Appellant now can this court blame the Appellant for these errors which all have merits that Requires a Reversal of the conviction.

RESPECTFULLY-SUBMITTED
Freeshone Mclead

SWORN AND SUBSCRIBED BEFORE ME ON this 16th DAY of March 2005 YEAR.

NOTARY PUBLIC _Lane C. Anthony_

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

COMMISSION EXPIRES

## CERTIFICATE OF SERVICE

I hereby Certify that I have served a true and correct copy of the aforementioned Documents upon said Partie hereto by Placing same in the United States mail Box Located herein at BULLOCK, CORR, facility and Request being that I'm Indigent, that Clerk Serve said reporter, for transcript under alabama Rules of Judicial Administration within the guise of office under title 8: 12-17-94 et. seq. as Requested hereto properly address and postage Prepaid, hereto.

Executed this 16th DAY of MARCH 2005.

(3)

March 31, 2005

Clerk to advise Ct of Criminal Appeals of
deft's notice of appeal.

_Dug S~ Corbett_
Judge

```
ACR371                    ALABAMA JUDICIAL DATA CENTER
            NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                         BY THE TRIAL COURT CLERK
                   IN THE CIRCUIT COURT  OF   HOUSTON COUNTY
STATE OF ALABAMA VS MCLEOD FREESHONE CORNELIU JUDGE: JERRY M. WHITE
-----------------------------------------------------------------------------
| APPEAL DATE: 03/24/2005                                                    |
|---------------------------------------------------------------------------|
| INDIGENCY STATUS:                                                         |
|   GRANTED INDIGENCY STATUS AT TRIAL COURT:                                |
|   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:    __X__ YES  _____ NO    |
|   INDIGENT STATUS REVOKED ON APPEAL:                __X__ YES  _____ NO    |
|   INDIGENT STATUS GRANTED ON APPEAL:                _____ YES  __X__ NO    |
|                                                     __X__ YES  _____ NO    |
| DEATH PENALTY: NO                                                         |
|                                                                           |
| APPEAL TYPE: RULE 32 PETITION                                             |
|---------------------------------------------------------------------------|
| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,  |
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.  |
|                                                                           |
| CO/CASE NUMBER: 38/CC 2002 000235.60                                      |
|                                                                           |
| ORDER ENTERED(DATE): 03102005 PETITION: __DISMISSED  X DENIED  __GRANTED  |
|---------------------------------------------------------------------------|
| POST-JUDGMENT MOTIONS FILED:     DT FILED     DT DENIED     CON BY AGREE  |
|   ___ MOTION FOR NEW TRIAL       ---------    ---------     ------------  |
|   ___ MOTION FOR JUDG. OF ACQUIT ---------    ---------     ------------  |
|   ___ MOTION TO W/D GUILTY PLEA  ---------    ---------     ------------  |
|   ___ MOTION FOR ATTY TO W/DRAW  ---------    ---------     ------------  |
|   ___ OTHER _____  ---------    ---------     ------------  |
|---------------------------------------------------------------------------|
| COURT REPORTER(S):                                                        |
| ADDRESS:                         -----------------------------------      |
|                                  -----------------------------------      |
|                                  -----------------------------------      |
| APPELLATE COUNSEL #1:                                                     |
| ADDRESS:                         PRO SE                                   |
|                                                                           |
| PHONE NUMBER:                                              00000          |
|                                  000-000-0000                             |
| APPELLATE COUNSEL #2:                                                     |
| ADDRESS:                         -----------------------------------      |
|                                  -----------------------------------      |
|                                  -----------------------------------      |
| PHONE NUMBER:                    -----------------------------------      |
|                                                                           |
| APPELLANT (PRO SE):              MCLEOD FREESHONE CORNELIUS               |
| ADDRESS:                         P O BOX 5107                             |
|                                  UNION SPRINGS , AL  360890000            |
| AIS #:                                                                    |
|                                                                           |
| APPELLEE (IF CITY APPEAL):                                                |
| ADDRESS:                         -----------------------------------      |
|                                  -----------------------------------      |
|                                  -----------------------------------      |
-----------------------------------------------------------------------------
I CERTIFY THAT THE INFORMATION PROVIDED                     OPERATOR: RHM
ABOVE IS ACCURATE TO THE BEST OF MY             PREPARED: 04/01/2005
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 1st DAY OF April , 2005     ---CIRCUIT COURT CLERK---
```

AP 14-3 Certificate of Completion and Transmittal of Record on Appeal by Trial Clerk

## CERTIFICATE OF COMPLETION AND TRANSMITTAL
## OF RECORD ON APPEAL BY TRIAL CLERK

FREESHONE MCLEOD
    Appellant

TO: The Clerk of the Court of
        Criminal Appeals of Alabama

V.

Case No. ___CC2002-235.60___

State of Alabama
    Appellee

Date of Notice of Appeal ___3-24-05___

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by

assembling ____57____ pages of the Clerk's record, and ____0____ pages of

the Court Reporter's transcript, and that one copy of each of the record on appeal
has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ____1ST____ day of ___APRIL___ , ___2005___ .

_____
                                    Circuit Clerk

HOUSTON
                                    County