IN THE ALABAMA COURT OF CRIMINAL APPEALS

FREESHONE CORNELIUS MCLEOD
APPELLANT,

VS.

STATE OF ALABAMA
APPELLEE.

FILED
APR 21 2005
CLERK
ALA COURT CRIMINAL APPEALS

ON APPEAL FROM
THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA
CIRCUIT COURT CASE NUMBER: CC2002-235 or 236, 60
CRIMINAL APP. NO: CR. 04-1304

BRIEF IN SUPPORT; AND ARGUMENT:


EXHIBIT
K

# TABLE OF AUTHORITIES

Lowrey vs. State 26 Ala. App. 159 155 So. 2d 313 1934

McDonald vs. State 165 Ala. 85 51 So. 2d 629 1910

Ex Parte Walker 623 So. 2d 281 284 Ala. Crim. App. 1992

Charles W. Gambie McElroy's Alabama Evidence 48.01 5th ed. (1996)

Baker vs State 555 So 2d 273 Ala Crim App 1989; Id.

Free vs. State 455 So 2d 137 (Ala Crim App 1984

Jackson vs. State 471 So 2d 516

Rowe vs State 808 So 2d 1228 2001

Carroll vs State 468 So 2d 186 Crim App 1985

Jackson vs. Virginia 443 U.S. 307 319 99 S.Ct 2781 2789 61 L Ed 2d 560

Garrick vs State 589 So 2d 760 (Ala Crim App (1991)

King vs State 574 So 2d 921 (1990)

Isom vs State 497 So 2d 1986

Ex Parte Long 600 So 2d 982 1992 on Remand 600 So 2d 992

Strickland vs Washington 466 U.S. 688, 104 S.Ct 2052 80 L.Ed 2d 274 (1969)

Davis vs State 596 F. 2d 1214 601 F. 586 vacated 100 S.Ct 1827 on Remand 623 F. 2d 366 (1979).

Lancaster vs State 21 Ala. Cr. App. 140 106 So 609

Ex Parte Acree 63 Ala. 234 1879

Ex Parte Heaton 542 So 2d 931 at 932 Ala. 1989

Peeples vs State 601 So 2d 186, 187 (Ala. Cr. App. 1992

Austin vs State 434 So. 2d 289 (Ala Crim App 1983

## STATEMENT OF THE CASE

Freesnowe C. McLeod was arrested on October 7, 2001 and was charged with one count of Rape in the 1st degree. and one count of Attempted murder. Mr. McLeod was indicted on January 31. 2002 under separate indictment. Mr. McLeod was tried on April 7, 2003 and convicted by a jury under each indictments. Mr. McLeod was sentence on May 28, 2003, to Cruel and Unusual punishment two 99 years to run Consecutive. Appellant court appointed counsel file a written notice of appeal on June 6, 2003 this appeal follows:

## STATEMENT of the FACTS

This is an Rule 32 Proceeding. on April 7, 2003 the appellant was convicted of Rape in the first degree 13A-6-61 Attempted murder in the first degree. He was later sentence to two consecutive 99 years in the Alabama State Penitentiary. This conviction was affirmed by the Alabama Court of Criminal Appeals on MARCH 19, 2004

On February 22, 2005 the appellant filed a petition for Relief from Conviction and Sentence in the Circuit Court of Houston County, Alabama Pursuant to Rule 32 Alabama Rules of Criminal Procedure. The petitioner alleged, inter alia, that the appellant was denied the effective assistance of trial and appellant counsel and that his conviction was obtained by action of insufficient of evidence.

A Ruling on the petition was conducted on MARCH 5, 2005 before the Honorable Judge White, Houston County, Circuit Judge. The Appellant contends that the alleged (minor) child was permitted to use the word that she was Rape. It is well settle in Alabama that this was Reversable errors according to the cited case in VAN ARCKEN; Likewise, in the case of CHATOM vs. White. Supra. thus, had petitioner trial counsel objected in a timely fashion to the improper testimony of the prosecutrix. Petitioners conviction would have been Reversed. It is abundantly clear that petitioner was denied effective assistance of counsel under the STRICKLAND test.

## STATEMENT OF ISSUE PRESENTED FOR REVIEW:

I. WHETHER THE TRIAL COURT ERRED IN DENYING the APPELLANT motion for a NEW TRIAL.
   YES.

II. WHETHER THE TRIAL COURT ERRED IN SUSTAINING the State's Objection to the APPELLANT Examination of Victim's mother REGARDING HER CUSTODY of the victim. And the MOTHER whereabout when the INCIDENT OCCURED.
   YES.

III. WHETHER THE TRIAL COURT ERRED IN DETERMINING there WAS SUFFICIENT EVIDENCE TO CONVICT the APPELLANT of ATTEMPTED MURDER AS CHARGED IN THE INDICTMENT.
   YES.

V. WHETHER THE TRIAL COURT ERRED IN DETERMINING there WAS SUFFICIENT EVIDENCE TO CONVICT the APPELLANT of RAPE IN THE FIRST DEGREE AS Charged IN the INDICTMENT?
   YES.

## ARGUMENT ISSUE ONE:

for the err and failing to grant his motion for a new trial and strike the foregoing testimony of the (minor) Prosecutrix, the Alabama Court of Criminal Appeals held that the Appellant's conviction was due to be reversed for the error of allowing the Prosecutrix to state that she was "raped." Id. at 673. There was no objection to the victim testifying that she had been raped, by trial counsel.

at the end of the State's case, Appellant Attorney failed to moved that the trial court exclude the State's evidence and direct a verdict in favor of Petitioner.

the Appellant was found guilty of "rape" and Attempted murder in the first degree and was Illegal Sentence to two 99 years to run consecutive. Appellant conviction and sentence were upheld on appeal without written opinion by the Alabama Criminal Courts of Appeal on March ___ 19, ___ 2004.

Because Appellants trial counsel failed to object to the legal characterization contained in complaint's testimony, which would have been reversable under VAN ARCKEN, the Appellant was denied effective assistance of trial counsel.

had Appellant counsel would have raised these colorable issues on appeals Appellants appeal process would have been different.

# ARGUMENT

## ISSUE TWO

The performance of Appellant's trial and Appellant counsels appointed by the court it is a clear demonstration of how to fail the two-prong Strickland test. (First) the precedent established in VAN ARCKEN demonstrates the deficiency and unreasonableness of Appellant's trial court counsels.

Second) It is also clear that the outcome would have been different but for trial counsels unprofessional errors.

The Alabama Court of Criminal Appeals in Gilchrist vs State, 534 So 2d 1120 (Ala. Crim. App. 1988), cert. den. (Ala. 1988), used the Strickland test to review an ineffective assistance of counsel claim based on the failure of defendant's counsel to object to improper evidence. The court held that: had there been an objection, Gilchrist's conviction would have been reversed.

Likewise in the case of Chatom vs. White, supra, the Eleventh Circuit Court of Appeals held that defense counsels failure to object to the admission of atomic absorption tests results was ineffective assistance of counsel, and reversed the petitioner's conviction.

## ARGUMENT ISSUE THREE.

A defendant is prejudice under the foregoing facts (1) where the only evidence from which a rational trier of fact could find him (1) guilty beyond a reasonable doubt is the Prosecutrix's testimony she was "raped", and (2) when it is error to reverse in Alabama for a Prosecutrix to testify she was "raped".

In addition to being ineffective by not objecting to the improper testimony of the complainant, trial counsel also failed by not properly preserving Appellate's insufficency of the evidence claim. At the close of the State's case; trial counsel failed to make a motion to exclude the the State's evidence and direct a verdict in favor of the Appellate. Section 13 (A)-6-60 (1). Code of Alabama 1975, defines sexual intercourse as follows: "Such term has its ordinary meaning and occurs upon penetration, however slight; emission is not required." Section 13A-6-60 (2) defines deviate sexual intercourse as "any act of sexual gratification between person not married to eachother involving the sex organ of one person and the mouth or anus of another. Other than the complainant's testimony that the victim's mother that told her           what to say that she had been raped,"  by  the Appellate; the only other reference of sexual activity between the complainant and the Appellant. although it is necessary for a defendant to state his grounds upon moving to exclude evidence, he need not specify a particular defect; it is sufficient that the defendant state as a ground; that the prosecution has failed to present a prima facie case. CARROLL VS State 468 So. 2d 186 Ala. Crim. App. 1985). Had trial counsel made a correct and proper motion at the close of the state case it should have been granted, and as such, the results of the proceeding would then have clearly been different. Appellate having established both prongs of the STRICKLAND standard,

Being that there was no other evidence offered than this one statement of testimony from the victim, it is not reasonable to believe that a rational trier of fact could have found that essential elements of any crime much less first degree rape, beyond a reasonable doubt. See: Jackson vs. Virginia 443 U.S. 307 319 99 S. Ct. 2781 2789 61 L. Ed. 2d 560, Rhrig den, 444 U.S. 890 100 S. Ct 195 62 L. Ed 2d. 126 (1979); Mattox vs Dugger 839 f. 2d, 1523 1524 (11 Cir.) Cert. den the trial court denied the Relief prayed for in the appellant's Rule 32 Petition.

Further, the victim testified at trial, without objection by trial counsel, that she had been raped.

Trial counsel failed to make an opening statement at trial for "strategic" reason.

Trial counsel failed to instruct on lesser included offenses of first degree rape, and first degree attempted murder, trial counsel did not request the trial court to instruct the jury on lesser included offenses nd appellate counsel did not raise as issues on the appeal the failure of the trial court and counsel's to instruct the jury on the lesser included offenses; these failures consitute abuse of discreation and ineffective assistance of counsels mandating reversal of the conviction of rape in the first degree.

Consideration of the Rules Governing instructing Juries on Lesser included offenses must begin with the Provision of Code of Alabama 13A-1-9:

A defendant may be convicted for an offense included in an offense Charged. an offense is an included one if:

1) It is established by Proof of the same or fewer than all the facts required to establish the commission of the Offense Charged; or

2) It consists of an attempt or Solicitation to commit the offense Charged or to commit A Lesser included Offense; or

3) It is Specifically designated by Statue as a Lesser degree of the offense Charged; or (4) it differs from the offense Charged only in the Respect that a Less Serious injury or Risk of injury to the Same Person, Property or public interest or a Lesser kind of Culpability suffices to establish its Commission. the court Shall not charge the Jury with Respect to an included offense unless there is a Rational basis for a Verdict convicting the defendant of the included offense. A trial court must instruct the Jury on the elements of a Lesser included offense when there is A Rational basis for a verdict convicting the accused of the Lesser included offense. <u>GARRICK VS State 589 So 2d 760 (Ala. Crim. App. 1991)</u>.

Isom -vs- State 497 So. 2d 208 (Ala. Crim. App 1986)

A person accused of the greater offense has a right to have the Court charge on the lesser offense included in the indictment where there is reasonable theory from the evidence supporting his or her position, regardless of whether the State or defendant offers the evidence Ex parte Long 600 So. 2d 982 (Ala. 1992) on Remand 600 So 2d 992. Jones -vs- State 514 So. 2d 1060 (Ala. Crim. App. 1987) Moreover, a defendant accused of a greater offense is entitled to have the trial court charge on any lesser included offense if there is any reasonable theory from the evidence to support the lesser charge, regardless of whether the State or the defendant offers the evidence Breakridge vs State 628 So. 2d 1012 (Ala. Crim. App 1993).

Appellant alleging that there were circumstantial evidence presented at his trial to convict him of the charge that alleged in the indictment. This Court has previously held that sexual abuse may be a lesser included offense of both Rape. King vs State 574 So 2d 121 (Ala. Crim. App. 1990).

Circuit Court of Houston County, Alabama failed to make specific findings of facts relating to each material issue of fact raised in Post-Conviction Relief. Appellant Required Remand Reverse and Remanded for Circuit Court to make specific finding of facts.

## CONCLUSION

Appellant McCleod held that: (1) the evidence was insufficient to support a conviction. (2) State did not prove Prima Facie case in this cause, there was insufficient evidence placed before the Grand Jury to sustain the appellant's conviction. The evidence was insufficient to allow the jury to infer the appellant's guilt beyond a reasonable doubt. Appellant's alleging that during the course of his trial Dr. Salva testified under oath on cross-examination by appellant's court appointed counsel Mr. Brantled, that the injuries to the victim vagina was been cause by some blunt-force instrument (R 235). Dr. Salva went on to testify that I'm saying there was attempted penetration (R 240).

Cross-examination by defense counsel (R 239) (Q.24) No penetration occurred to the vagina?
A. ..................

Q. (18) by defense counsel Are you saying that there was no penetration to the vagina? Dr. Salva went on another of his opinion and not the facts of law.
Cross-examination by defense counsel of victim mother Q. (R.418) And you telling the jury that you've never discussed this case with Tera?, the victim
A. No sir.
Q. What would Tera tell the jury you had?
A. I don't know.
Q. Is Tera too young to understand what the truth is?
A. No sir.
Q. But you saying you haven't discussed the case with her?
A. No.
Q. Do you know she told the jury that you had told her what to say?

A mistrial should have been declared.

Appellant contends that from portions of trial transcript of testimony it is very clear that the victim was told what to say by the mother before trial. It is respectfully submitted that, for the foregoing reason, the circuit court below erred in denying Appellant motion for new trial and that such error, this cause is due to be reversed and remanded to the circuit court, for such review.

Respectfully submitted

Freeshone McLeod

# Certificate of Service

I hereby certify that I have served a copy of the above and foregoing Brief of Appellant upon all parties listed below by placing a copy of the same in the U.S. mail postage prepaid and properly addressed on this 21st day of April 2005 year:

Alabama Criminal Court of Appeals
300 Dexter Avenue
Montgomery Alabama, 36104-3741

Alabama State Attorney General
Honorable: Troy King
11 South Union St. 3rd Floor
Montgomery, Alabama 36104

Respectfully-Submitted
Freesmone Cornelius McLeod.

SEE:

EXHIBIT A.

ATTACHMENT/HIGHLITED

EXHIBIT A

Received Paper on 4/10/03



JAY HARE/EAGLE
Freeshone McLeod reacts to the guilty verdict handed down by the jury Wednesday afternoon. At left is his attorney, Tom Brantley.

Fresshone G. McLeod
Received on Thursday April 10, 2003
#3

# Jurors convict McLeod

Sentencing in rape, attempted murder case set for May

By JIM COOK
Eagle Staff Writer       4/9/03

Freeshone McLeod walked out of a courtroom Wednesday afternoon after being found guilty of raping and brutally beating a 6-year-old girl.

"He is wrong," he said.

His victim, now eight, left the courtroom with the aid of a cane. The trial for her attacker is now finished, but her suffering continues. Her very survival was called a miracle by physicians and police who saw her after the attack, which fractured her skull and depressed her brain stem.

But the miracle was imperfect. Although she has recovered enough to return to school, she remains partially paralyzed and occasionally shakes uncontrollably. And those are just the physical reminders of the attack.

"Her life will never be the same," District Attorney Doug Valeska said after the jury returned its verdict. "There's tremendous brain damage inside. She's destined to a life of suffering for what he did."

The 21-year-old McLeod will be sentenced in May. He faces up to two life sentences in prison.

"The penitentiary is screaming out calling for Freeshone McLeod," Valeska said. "People in prison don't like people who molest children. There'll be another judgment for him."

Authorities believe McLeod lured the victim from her grandmother's home in Gordon, took her to a trailer where he and her mother lived and then brutally assaulted her. The victim was later found unconscious in bushes near the trailer.

During the trial, the victim testified McLeod took her from her grandmother's house to the trailer.

*Please see McLeod, 5-A*

## McLeod
*Continued from 1-A*

She said McLeod hit her with a frying pan. She didn't testify to anything suggesting sexual assault. Under cross-examination the victim admitted she had been told by her mother to identify McLeod as her attacker. The victim denied this and when asked again to identify her attacker, the victim still said it was McLeod.

Police testified a wok found in the trailer was used to assault the victim. A fingerprint found on the wok matches a fingerprint taken from McLeod. Another unidentifiable print was also found on the wok.

Physicians attending to the victim after she was taken to the hospital told jurors bruising to her vaginal area and anus they observed indicated she was sexually assaulted. Semen found on underwear she was wearing at the time of the assault was identified by a state DNA expert as McLeod's.

In his closing statement, Valeska said the evidence against McLeod was overwhelming and called him an "evil, sexual pervert."

Tom Brantley, McLeod's defense attorney, argued that DNA evidence was not enough to convict McLeod. He said because the victim's mother and McLeod were in a sexual relationship and living together the semen could have possibly gotten on the underwear from clothing mixed along with it in a hamper.

"I ask you in the name of simple justice and fairness not to convict Freeshone McLeod," Brantley said.

The jury deliberated for a little more than an hour before returning the guilty verdict.

*Eagle Staff Writer Jim Cook can be reached at jcook@dothaneagle.com or 712-796.*

4/9/03