CR-04-1304

*In the COURT of CRIMINAL APPEALS of ALABAMA*

FREESHONE CORNELIUS MCLEOD,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

*On Appeal From the Circuit Court of Houston County*
*(CC-02-235.60)*

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

Beth Slate Poe
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7401, 242-7300*

May 19, 2005



EXHIBIT L

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument in this case.

i

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT............................. i

TABLE OF CONTENTS............................................. ii

TABLE OF AUTHORITIES.......................................... iii

STATEMENT OF THE CASE AND FACTS............................... 1

ISSUE PRESENTED FOR REVIEW.................................... 2

STANDARD OF REVIEW............................................ 2

STANDARD OF REVIEW............................................ 2

SUMMARY OF ARGUMENT........................................... 3

ARGUMENT...................................................... 3

  The Trial Court's Summary Denial Of This Petition
  Was  Proper When The Allegations In The Petition
  Were Precluded. ............................................ 3

CONCLUSION.................................................... 6

CERTIFICATE OF SERVICE........................................ 7

## TABLE OF AUTHORITIES

**Cases**

Duren v. State, 813 So. 2d 928 (Ala. Crim. App., 2000).... 4

**Rules**

Alabama Rules of Criminal Procedure,

Rule 32.2(a)(4) ........................................ 4

Rule 32.7(d) .......................................... 3

## STATEMENT OF THE CASE AND FACTS

This is an appeal from the denial of a Rule 32 petition in the Circuit Court of Houston County, Alabama (CC-02-235.60). Judge Jerry M. White presided.

Freeshone Corneluis McLeod, alias "Freek Nasty", the appellant in this case, filed a Rule 32 petition in the Circuit Court of Houston County, Alabama on February 14, 2005 challenging his convictions of first degree rape and attempted murder on April 7, 2003 and two resulting consecutive sentences of ninety-nine years. (C. 3) He raised the following claims in his Rule 32 petition:

> 1. "Whether the trial court erred in denying the petitioner (sic) motion for a new trial?
>
> 2. "Whether the trial court erred in sustaining the State's objection to the petitioner's examination of the victim's mother regarding her custody of the victim?
>
> 3. "Whether the trial court erred in determining there was sufficient evidence to convict the petitioner of attempted murder as charged in the indictment?
>
> 4. "Whether the trial court erred in determining there was sufficient evidence to convict the petitioner of rape in the first degree as charged in the indictment?"

(C. 14, 21, 23, 29, 33) The district attorney filed a motion for summary disposition on March 2, 2005. (C. 43, 44)

On March 8, 2005, Judge Jerry M. White entered the following ruling on the case action summary:

> "The Court has carefully weighed and considered the defendant's Rule 32 petition and is satisfied that each and every issue raised therein was raised or could have been raised, either at trial or on appeal. The State's motion for summary disposition is therefore granted and defendant's Rule 32 petition is hereby dismissed."

(C. 45)

McLeod filed written notice of appeal on March 16, 2005. (C. 39)

## ISSUE PRESENTED FOR REVIEW

Was the trial court's summary denial of this petition proper when the petition was without merit?

## STANDARD OF REVIEW

The standard of review in evaluating the denial of a postconviction petition is whether the trial court abused its discretion. Elliot v. State, 601 So. 2d 1118, 1119 (Ala. Crim. App. 1992). This Court will affirm the trial

court's decision to deny a post-conviction petition if the trial court was correct for any reason. <u>Hoobler v. State</u>, 668 So. 2d 905, 906 (Ala. 1995).

## SUMMARY OF ARGUMENT

The trial court's summary disposition of McLeod's Rule 32 postconviction petition was proper because the issues raised in the Rule 32 petition were the same issues he raised on direct appeal. Therefore, pursuant to Rules 32.2(a)(4) and Rule 32.7(d) of the Alabama Rules of Criminal Procedure, this petition was ripe for summary disposition. As the trial court's ruling was correct, no abuse of discretion occurred warranting a reversal on appeal.

## ARGUMENT

**The Trial Court's Summary Denial Of This Petition Was Proper When The Allegations In The Petition Were Precluded.**

The trial court's summary disposition of this Rule 32 petition was proper. Rule 32.7(d) of the Alabama Rules of Criminal Procedure allows a trial judge to summarily deny and dismiss a Rule 32 postconviction petition that "is not

3

sufficiently specific, or is precluded, or fails to state a claim", or for which "no material issue of fact or law exists which would entitle the petitioner to relief and . . . no purpose would be served by any further proceedings." Duren v. State, 813 So. 2d 928, 928 (Ala. Crim. App. 2000), citing, Patty v. State, 652 So. 2d 337, 338-39 (Ala. Crim. App. 1994). In the present case, the trial judge could readily discern without a hearing that this case that the claims were barred by Rule 32.2(a)(4) of the Alabama Rules of Criminal Procedure.

McLeod's grounds raised in his petition were addressed on the merits by this Court on direct appeal in its memorandum opinion in CR-02-1610 issued March 19, 2004. Specifically, this Court reviewed the merits of this claim in the context of an ineffective assistance of counsel claim and found no basis for granting McLeod relief. As his claims had previously been reviewed and rejected, it was properly summarily dismissed on the ground of preclusion found in Rule 32.2(a)(4) of the Alabama Rules of Criminal Procedure.

In sum, this case was properly summarily denied on the basis of preclusion. Therefore, as the trial court's ruling

4

was correct, no abuse of discretion resulted that would warrant a reversal on appeal. Accordingly, this Court should affirm the trial court's summary denial of the Rule 32 petition.

## CONCLUSION

Based on the foregoing, this case is due to be affirmed on appeal.

Respectfully submitted,

Troy King
Attorney General

By-

*Beth Slate Poe*
Beth Slate Poe
Assistant Attorney General
Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2005, I served a copy of the foregoing on McLeod, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

> Freeshone Cornelius McLeod
> AIS #229446
> P. O. Box 5107
> Union Springs, AL  36089

*Beth Slate Poe*
Beth Slate Poe
Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300

203236/79546-001

7