*Poe 79546*

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

P. O. Box 301555

Montgomery, AL 36130-1555

RELEASED

AUG 19 2005

CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-1304                    Houston Circuit Court CC-02-235.60

Freeshone Cornelius McLeod v. State

McMILLAN, Presiding Judge.

Freeshone Cornelius McLeod appeals from the summary dismissal of his Rule 32, Ala. R. Crim. P., postconviction petition challenging his 2003 convictions for rape in the first degree and attempted murder, and resulting sentences of 99 years for each conviction, to be served consecutively.

On appeal, McLeod raises four issues:

1. "Whether the trial court erred in denying the appellant (SIC) motion for a new trial.

2. "Whether the trial court erred in sustaining


EXHIBIT
M
PENGAD 800-631-6989

1

the State's objection to the appellant (SIC) examination of victim's mother regarding her custody of the victim and the mother (SIC) whereabout (SIC) when the incident occured (SIC).

3.    "Whether the trial court erred in determining there was sufficient evidence to convict the appellant of attempted murder as charged in the indictment.

4.    "Whether the trial court erred in determining there was sufficient evidence to convict the appellant of rape in the first degree as charged in the indictment."

These four issues are identical to the ones raised and addressed in McLeod's direct appeal, which was affirmed by memorandum by this Court on March 19, 2004.  As McLeod's claims have previously been reviewed and addressed on the merits and rejected, the circuit court properly summarily dismissed his petition as precluded by Rule 32.2(a)(4), Ala. R. Crim. P.

Accordingly, the judgment of the trial court is due to be affirmed.

AFFIRMED.

Cobb, Baschab, Shaw, and Wise, JJ., concur.

2