RECEIVED
2006 FEB -1 A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Southern Division

FREESHONE C. MCLEOD, #229466
    Petitioner

-vs-

ARNOLD HOLT, et. al.,
    Respondent.

)
)
)
)  CIVIL ACTION NO
)  1:05-CV-1123-F
)
)
)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner's Traverse to
Answer of Respondent

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Brief and Traverse for Petition for
Writ of Habeas Corpus

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Freeshone C. McLeod, #229466
                Petitioner
      P.O. 5107
       B.C.C.F.
    Union Springs AL.
               36089

(1)

RECEIVED

In the United States Federal District Court

for the Middle District of Alabama

Southern Division

Freeshone C. McLeod, #229466
    Petitioner

-vs-

Arnold Holt
    Respondent.

Civil Action No: 1:05-CV-1123-f

Petitioner Traverse to Respondents Answer.

The Petitioner herein response to the return of an answer issue the respondents pursuant to the court's order as of _____. Petitioner asserts that he is illegally detained in violation of his state and federally protected rights guaranteed under the constitution and laws of the United States and for reason setforth in the petition for the issuance of said writ, which by reference is herein.

Wherefore, Petitioner submits that pursuant to the provisions of the aforesaid answer, the respondents have not establish sufficient cause for petitioner's detention, and writ of habeas corpus should be issued, and discharging him forwith from the custody of the respondents.

(2)

## DOCTRINE OF EXHAUSTION:

Petitioner has exhausted his legal Remedies in the State of Alabama, Petitioner was convicted of Rape in the First-degree and attempted murder in the First-degree on May 28, 2003, and Sentenced to be imprisoned in the State of Alabama Penitentiary for two 99 years to Run-consecutively. Petitioner's direct Appeal to the Alabama Court of Criminal Appeals was affirmed without a written opinion on March 19, 2004.

## STATEMENT of Petitioner's Claim AND PROPOSITIONS OF LAW:

Petitioner makes the following for Issuance of aforesaid writ:

(1) Inadequate and Ineffective Assistance of counsel'(S)
   STRICKLAND -vs- Washington, 693 F. 2d 1243 (1983)
   BEASLEY -vs- United States. 491 F 2d. 687 (1974)
   United States -vs- Hammonds. 425 F 2d. 597 (1970)
   Browning -vs- States. 326 So. 2d 778 32 6 So 2d 738 (1978)
   United States -vs- Henderson. 489 F 2d 82.
   United States -vs- Nelson. 94 S.Ct 2612 (1973)
   Davis -vs- State of Alabama. 596 F 2d 1214 reh. denied, 601 F. 2d 586 Vacated 100 S.Ct. 1827 on Remand 636 F2d 586 (1979)
   Herring -vs- Estelle. 491 F. 2d 125 (1979)

(2) "Whether the trial court erred by its failure to Produce on Records that McLeod was actual advised or warned of his MIRANDA RIGHTS
   (PROPOSITION OF LAW:)

   Ex parte Callahon; 471 So. 2d 463. 1985         Spicegood -vs- State. 50 ALA
   Ex parte Johnson; 670 So. 2d 709-711 (1993)     App. 105 277 So 2d. 463 (1985)
   Ex parte Price 725 So. (3) 2d 1063. (1998)

<u>Motion To Issue Writ of habeas corpus</u>
<u>and Brief in Support</u>

Comes Now, Petitioner and respectfully moves this Honorable Court for the order to issue writ of habeas corpus on the following grounds:

(I) Inadequate and Ineffective Assistance of counsel(s) the Sixth (6th) amendment to the Constitution of the United States guarantees the defendant the assistance of counsel, this right of Assistance of counsel is the right to "Reasonably Effective Assistance of Counsel. <u>STRICKLAND-vs- WASHINGTON 693 F. 2d 1243 (1982) U.S.C.A. CONST. Amend 6. In Beasery vs. United States cite as 491 F 2d. 687 (1974)</u>; the court held that.... "the Standard required for effective assistance of counsel for defense must concisentously Protect his/her clients interest, underflected by conflicting consideration and defense must Investigate all apparent substantial defense available to the defendant and must asserts them in a Proper and timely manner." In this case "at bar" Petitioner's defense counsel(s) failed to investigate the most important issues such as the falsefied documents, he also failed to Procure any witness in the Petitioner behalf, failure to make any opening Statements, failure to object to any answers of question during the state's entire direct and redirect examination of the complaing minor witness Jowteria Jones ————. Failure to submits any written jury charges and also failure to make a closing argument on the behalf of Petitioner McLeod.

(4)

Altho no one in specific action or omission in conduct of trial in itself would constitute ineffective assistance of counsel, but the totality of the omission and errors reflects a pro-forma defense and a lack of inadequate representation in preparation and trial of case and petitioner was deprived his constitutional right's to effective assistance of counsel, United States -vs- Hammonds 425 F. 2d 597 (1970) U.S.C.A. Const. Amend 6, the Criminal Court of Appeals ruled in Browning -vs- State, 326 So. 2d. 778 cert denied 326 So. 2d. 738 (1978) - - - - - - - - "that the appearance of an unprepared counsel, particularly in a serious felony case may be construed to be the equivalent of no counsel at all which is a denial of defendant's constitutional rights, U.S.C.A. Const. Amend. 6. In this case at hand the totality of the defense adds up to the fact that the fact that the attorney simply was not prepared to try the case, and the attorney by not being prepared, his conduct reduce the trial to a force, sham of mockery of justice! Herring -vs- Estelle, 491 F. 2d 125 (1974) A counsel for defense is expected to exercise dilligence in preparing a case for trial and the Sixth (6th) Amendment and the appelle courts interpretation of this required from a appointed defense attorney in a class-A- felony case much more than what was establish here in McLeod case.

[5]

## STATEMENT OF CASE:

The Petitioner was charge with Rape First-degree and attempted murder first-degree, was indicted by a Houston County grand jury on January 31, 2002 and charged with first-degree Rape in violation of Section 13A-6-61 of the Code of Alabama (1975) CC-02-235 and with attempted murder in violation of Sections 13A-6-2 and 13A-4-2 of the Code of Alabama (1975). McLeod's trial commenced on April, 2003, at which time he was appointed by the court the Honorable Thomas K. Brantley. The jury returned a verdict finding him guilty of first-degree Rape and attempted murder. On May 28, 2003 McLeod was sentenced to ninety-nine years imprisonment on both charges, both sentences were ordered to run consecutively. On May 15, 2003, Mr. Brantley was allowed to withdraw as counsel and the Honorable C. Parker was appointed to represent McLeod on direct appeal. McLeod's conviction was affirmed by the Alabama Court of Criminal Appeals in a written memorandum opinion issued March 19, 2004, his application for Reh. was overruled on April 16, 2004. Petition for writ of certiorari was denied by the Supreme Court of Alabama on August 13, 2004 and Certificate of Judgment was entered on that same date.

Petitioner filed his second petition Rule 32, raising the following grounds which was not adjudicated on the merits.

(6)

## STATEMENT OF FACTS:

Petitioner avers that upon his conviction's on one count of Rape First-degree 13A-6-61 and attempted murder First-degree 13A-6-2 and 13A-4-2 Code of Alabama (1975), Petitioner asserts that on about October 6, 2001, Investigator Robinson and Sgt. Forehand was the leading investigator's officer's of Houston County, Police department, and did not articulate precisely the Petitioner Miranda Rights as required by miranda most importantly a complete waiver of his rights as they were not explained to the Petitioner McLeod. As a matter fact according to Petitioner Records it shows or indicate that Investigator Robinson did not remember whether he waived McLeod his rights or not RPts 41, the Petitioner was not afforded the proper Miranda warning, the waiver of his rights were ommitted, the Petitioner did not voluntary and intelligent and intentionally waive these Rights, before or after questioning and tape recording the Petitioner Statements as Required by miranda.

## ARGUMENT I:

The Petitioner argues that when he was interrogated by Law-enforcement officer's with the Houston County, Police department on October 6, 2001 at 3:30 P.M. and on October 6, 2001 and once more between that time, that Petitioner had not been fully informed or advised his Miranda Rights before questioning, and the Records should Reflect the same.

Petitioner McLeod contends that he was deprived of his State and Federal constitutional rights that lead to his conviction in this case, the Record's does not indicate any sufficient sworn affidavit arrest warrant signed by any judge or magistrates.

(7)

## WARNING and CONSENT to SPEAK

### WARNING of RIGHTS:

"You MUST understand your rights before we ask any questions."

You have the right to Remain Silent.

Anything you say can be used against you in a court of law, or other proceedings. You have the right to talk to an attorney for advise before we question you, and to have him/her present with you during questioning. If you cannot afford an attorney and want one, one will be appointed for you by the Court, If you decide to answer questions without an attorney being present, you will still have the right to stop the questioning at anytime, until you talk to a attorney." I have Read this Statement of my rights and it had been Read to me and I understand what my Rights are.

DATE: _____

Time: _____                     Signature: _____

Witness: _____

"this was not used by the Petitioner as Required by MIRANDA as to Voluntary and Intentionally waiver of Rights.

### Certification:

I, hereby Certify that the foregoing warning and waiver of Rights were read by me to the above Signature and that he also Read it and affixed his signature hereto in my presence.

Signature: _____

Witness: _____     "this was never done in McLeod case at bar"
Witness: _____     Nor does the Records Reflect this.
Time: _____     Certification was never presented and was
Date: _____     Not sign by Petitioner or any Law-enforcement
                            officers.

[8]

ARGUMENT II:

The Petitioner contends that he never gave any statements voluntary and the principles of <u>Miranda vs. Arizona 384 U.S. 436 6. Sct 1062 16 L ed. 2d 694 (1966)</u> and was thus due to be supressed. See: <u>ex parte Callahan 471 So 2d. 463 (Ala 1985)</u>; <u>Criminal key 46.3/88 5794</u> Rights of the accused warning by police. "As a constitutional prerequisite to any" questioning, an individual held for interrogation by law-enforcement officers, the defendant must be warned in clear and unequivocal terms that he has a right to remain silent that any statement he does make may be used against him, and that he/she has a right to be, to the presence of an attorney, either retained or appointed, that no promise or threat have been made to me and against me. I hereby voluntarily and intentionally waive my rights and I, am willing to make a statement and answer questions." Criminal Law key 412. (2) (3); In <u>Miranda vs. Arizona</u>, <u>ex parte Johnson 620 So 2d 709-711 (Ala crim. App. (1993)</u>. While being in custody no statements was giving by Petitioner McLeod relating to purely collateral matters and are not inculpor-tant in any respect are inadmissible as State did not establish that <u>Miranda</u> warning were properly given and understood by the petitioner; U.S.C.A. Amendment (5) Five, an in-custody statement by an accused in prima-facie, involuntary and unadmissible to overcome this presumption, the State must first establish that before putting the Petitioner in custody the police informed him of his rights as required by <u>Miranda vs. Arizona</u>; to this end the State must spell out with clarity and precision the specific <u>Miranda warning</u> the police gave to <u>Spicegood</u> at trial.

(9) (9)

<u>Miranda -vs- Arizona</u>, <u>ex parte Johnson</u>, <u>ex parte Price</u> and <u>Callahan -vs- State</u>; the Petitioner further contends that the testimony at trial by investigator Robinson on cross-examination by defense counsel. (Q.) was McLeod under arrest? (A.) No, sir. R.pts 30 of trial transcript; Petitioner contends that the testimony at trial by investigator Robinson as to his <u>Miranda Rights</u> R.pts. 40 (Q.) But he under arrest at this time, was he not? (A.) No, sir, he was detained for questioning. (Q.) You advised him of his rights? (A.) I did, yes sir. (Q.) You did, (A.) Yes sir. This Honorable Court should review: why would investigator Robinson advised McLeod of his rights when McLeod was never place under arrest, which goes to the <u>core</u> that if McLeod was not under arrest, why would he being advised of his rights? Petitioner further contends that (He) Petitioner was never under arrest. Investigator Robinson testified that Sargent Forehand told me when I went to place him in the back seat of his patrol car, to advise him of his rights, <u>R.Pts 40</u>. No witness or signature by investigator Robinson or Petitioner McLeod that Robinson advised McLeod of his <u>Miranda Rights</u>. Petitioner argues that he was never fully advised or warned concerning his role in the reading of the Miranda Rights form; and that no uses of form that had the standard Miranda warning on it. and Petitioner never signed <u>Miranda form</u> nor <u>waiver</u> in the presence of any law enforcement; and the records should reflect the same. Petitioner never signed a waiver or a certification and gave no statement.

holding that the State demostrate that the Petitioner had not; were not fully informed of his <u>Miranda Rights</u>; because an law-enforcement officer testified at trial on cross-examination that he had advised the Petitioner of his Rights; but Petitioner signed no part nor the waiver part of the Miranda form. Investigator's Robinson and Sgt. Forehand was the leading investigators to arrived at the crime scene to which they never articulate precisely which Right were never explained to the Petitioner before he was interrogated and the necessary <u>Miranda</u> Predicate, because general question of whether the warning was properly given and understood by the Petitioner McLeod. See: <u>Ex parte Johnson 620 So 2d 709-711</u>, <u>Ex parte Callahon</u> <u>Robinson vs. State 399 So 2d 902 (1981)</u> <u>Miranda vs Arizona</u>; In each case the State sought to establish Miranda warning predicate by merely asking the Police whether the warning were given, and this was consistently held to be inadquate under <u>Spicegood</u> and <u>Miranda vs. Arizona</u>; the court of Criminal Appeals properly explained in the aforementioned case. the simple question is did you read the defendant Right prior to questioning? Per the inrequired <u>Miranda</u> decision does not indicate whether the right were read before and after questioning and whether the Petitioner understood the Rights, and whether he made an intelligent waiver of those Rights; even in cases where officer's have attempted to give a detailed Miranda warning. Key elements have been left out or misstated, thus it is critical that the testifying officer give some detail as to exactly what language was used for the miranda warning, and under what circumstances," <u>Ex parte: Price 726, So 2d 1063 (1998)</u>

(11)

It is well establish that extrajudicial confession and other inculpatory statements are prima facie involuntary and that for such a statement or confession to be admissible the state must prove by the preponderance of the evidence that it was voluntary. The state must show:

(1) that proper Miranda warning were given before any questioning by the police and; (2) that the statement was voluntary (I.E.), that it was not procured through coercion or improper inducement," the court records in this case does not indicate precisely which right were explained to the petitioner, therefore, he was not fully properly advised of each of the right establish in <u>Miranda</u>, Before he provides any statements to any law-enforcement officer's (he) petitioner must be advised of his <u>Miranda Rights</u>. In particular, investigator Robinson testimony omitts any indication that the petitioner McLeod was properly advised of his <u>Miranda Rights</u>. Petitioner further contends that he was not presented to him; a little document called waiver of rights and investigator Robinson didn't know if he gave McLeod one or not RPTS 41. Petitioner argues that when the low-enforcement officer's arrived at the crime scene, he was accomplish with another individual as well, Mr. McGriff, Petitioner argues that why that Mr. McGriff wasn't a suspect as well as he was; instead the investigator officers single out McLeod as being the perpetrator of the crime without probable cause; and the records reflect's that the investigator office went only on their instinct and not the law: the record does not indicate that petitioner waived a lawyer at that time, that he understood what he was doing that no promise or threats had been made to him, and no pressure or force of any kind had been used against him, that he hereby voluntary and intentionally

(12)

waived these Rights and that he was willing to make any statements and answer questions as Required in Miranda -vs- Arizona 384 U.S. 436 (1966); ExParte Johnson 620 704-711 (1993); ExParte Price 725 at 1062 (1998); this actual violations of Petitioner McLeod's (5th) (6th) and (14th) Fourteenth Amendment to the Constitutional of the United States and Constitution of Alabama (1901). this was not done in McLeod's Case at "bar" According to Law.

## CONCLUSION:

Wherefore, the Premises Considered the Petitioner Pray for the foregoing Reason that this Honorable Court to order Habeas Relief and Send this Cause back to Houston County, Circuit Court for a New trial in the Light of Heming -vs- Estelle Supra, and because defense Counsel(s) for Petitioner was totally unprepared, and violation of Petitioner McLeod's (5th) (6th) (14th) Amendments.

Respectfully Submitted
Freeshone McLeod

Sworn and Subscribed before me on this 18th day of January, 2006.

Notary Public: _L. Anne P. Anthony_
NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

My Commission expires:

(13)

## CERTIFICATE OF SERVICE:

I, hereby certify that on this __18th__ day of __January__, 2006, I served a copy of the foregoing on RESPONDENTS, by placing the same in the United States mail, first class, postage prepaid and addressed as follows:

OFFICE OF THE ATTORNEY GENERAL
  HONORABLE TROY KING
CRIMINAL APPEALS DIVISION
  11 South Union Street
MONTGOMERY, AL. 36130.

Respectfully submitted:
_Freeshone McLeod_