IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREESHONE C. McLEOD, #229466, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 1:05-CV-1123-MEF |
| | ) |
| ARNOLD HOLT, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

On February 1, 2006, the petitioner, Freeshone C. McLeod ["McLeod"], filed a response in which he contends that any default arising from the failure to raise his *Miranda*[1] and arrest affidavit issues at trial or on appeal resulted from ineffective assistance of counsel and that such establishes cause for his procedural defaults. Specifically, McLeod argues that both trial and appellate counsel provided "ineffective and inadequate assistance" because they failed to challenge the lack of proper *Miranda* warnings and the invalid arrest warrant throughout the state court proceedings. *Court Doc. No. 11* at 3. McLeod likewise raises the following additional claims for relief in support of his habeas petition: (I) the trial court erred in its failure to produce records or documents that law enforcement officials actually advised McLeod of his *Miranda* rights; (ii) trial counsel failed to (a) investigate the issues such as falsified documents, (b) procure any witnesses to testify on petitioner's behalf, © make any

---

[1] 1. *Miranda v. Arizona*, 384 U.S. 436 (1966).

opening statements, (d) object to answers during the prosecution's questioning of the minor victim, (e) submit written jury charges, and (f) make a closing argument; (iii) petitioner did not voluntarily and intelligently waive his *Miranda* rights as law enforcement officials did not adequately or articulately explain these rights to him; and (iv) any statements obtained from petitioner were inadmissible at trial because he did not sign a waiver of rights form.  In light of the foregoing, the court construes McLeod's February 1, 2006 traverse (Court Doc. No. 11) to contain a motion to amend.  Upon consideration of the motion to amend, and for good cause, it is

ORDERED that this motion be and is hereby GRANTED.  It is further

ORDERED that on or before February 22, 2006 the respondents shall file a supplemental answer which addresses all of the claims and arguments presented by the petitioner in his amendment to the petition as contained in his traverse to the answer.  The respondents are advised that in filing their answer they should make specific reference to the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*.

Done this 3rd day of February, 2006.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE