IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRESHONE C. MCLEOD, #229466, | ) |
| | ) |
| PETITIONER, | ) |
| | ) |
| V. | ) CIVIL ACTION NO. |
| | ) 1:05-CV-1123-F |
| | ) |
| ARNOLD HOLT, et al., | ) |
| | ) |
| RESPONDENTS. | ) |

### RESPONDENTS' ANSWER TO AMENDED CLAIMS

Come now the Respondents in the above styled cause by and through the Attorney General of the State of Alabama and in response to this Court's order make the following answer to McLeod's amended claims.

1. Respondents aver that McLeod's claim that "the trial court erred in its failure to produce records or documents that law enforcement officials actually advised McLeod of his *Miranda* rights" is procedurally defaulted.

2. Respondents aver that McLeod's claim that "trial counsel failed to investigate the issues such as falsified documents" is procedurally defaulted.

3. Respondents aver that McLeod's claim that trial counsel failed to "procure any witnesses to testify on petitioner's behalf" is procedurally defaulted.

4. Respondents aver that McLeod's claim that trial counsel failed to "make any opening statements" is procedurally defaulted.

5. Respondents aver that McLeod's claim that trial counsel failed to "object to answers during the prosecution's questioning of the minor victim" is procedurally defaulted.

6. Respondents aver that McLeod's claim that trial counsel failed to "make a closing argument" is procedurally defaulted.

7. Respondents aver that McLeod's claim that he did "not voluntarily and intelligently waive his *Miranda* rights as law enforcement officials did not adequately or articulately explain these rights to him" is procedurally defaulted.

8. Respondents aver that McLeod's claim that "any statements obtained from petitioner were inadmissible at trial because he did not sign a waiver of rights form" is procedurally defaulted.

9. Respondents aver that, unless and until McLeod shows cause and prejudice for his procedural default of these claims, his petition and amended claims are due no further review or relief.

10. Respondents aver that, by alleging a defense of procedural default, they do not intend to waive the future assertion of other applicable defenses such as lack of merit.

## MEMORANDUM BRIEF

All of the amended claims raised by McLeod are procedurally defaulted. It does not appear that any of the claims were presented to the state courts for review.

Thus, under Teague v. Lane, 489 U.S. 288, 297-298 (1989), the claims are procedurally defaulted. Furthermore, these claims were not raised on direct appeal or in the appeal from the denial of the Rule 32 petition. In fact, the Alabama Court of Criminal Appeals specifically stated in its memorandum opinion affirming the trial court's denial of McLeod's Rule 32 postconviction petition that:

> "On appeal, McLeod raises four issues:
>
> > 1. 'Whether the trial court erred in denying the appellant (sic) motion for a new trial.
> >
> > 2. 'Whether the trial court erred in sustaining the State's objection to the appellant (sic) examination of the victim's mother regarding her custody of the victim and the mother (sic) whereabouts (sic) when the incident occured (sic).
> >
> > 3. 'Whether the trial court erred in determining there was sufficient evidence to convict the appellant of attempted murder as charged in the indictment.
> >
> > 4. 'Whether the trial court erred in determining there was sufficient evidence to convict the appellant of rape in the first degree as charged in the indictment.'
>
> These four issues are identical to the ones raised and addressed in McLeod's direct appeal, which was affirmed by memorandum by this Court on March 19, 2004. As McLeod's claims have previously been reviewed and addressed on the merits and rejected, the circuit court properly summarily dismissed his petition as precluded by Rule 32.2(a) (4), Ala. R. Crim. P."

(Exhibit M) Thus, the amended claims were not presented to the Alabama Court of Criminal Appeals or the Supreme Court of Alabama for review. These claims are procedurally defaulted under O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

Absent a showing of cause and prejudice, or a fundamental miscarriage of justice, this Court is barred from reviewing the amended claims. *See,* Engle v. Isaac, 456 U.S. 107 (1982). The cause and prejudice test applies to pro se litigants. Alexander v. Dugger, 841 F. 2d 371, 374, n.3 (11th Cir. 1988). McLeod has shown neither cause nor prejudice regarding these claims. Therefore, this Honorable Court should decline to review these claims on the grounds that they are procedurally defaulted. Until he has overcome this procedural default, his amended claims are due no further habeas review or relief.

          Respectfully submitted,

          Troy King, ASB #KIN047
          *Attorney General*
          By-


          s/Beth Slate Poe
          Beth Slate Poe ID#POE005
          *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Freeshone C. McLeod, #229466, P. O. Box 5107, Union Springs, AL 36089.

        Respectfully submitted,

        s/Beth Slate Poe (POE005)
        Beth Slate Poe (POE005)
        Office of the Attorney General
        Alabama State House
        11 South Union
        Montgomery, AL 36130-0152
        Telephone: (334) 242-7300
        Fax: (334) 242-2848
        E-Mail: bpoe@ago.state.al.us

109523/88232-001