IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREESHONE C. MCLEOD, #229466, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| V.                                        ) | CIVIL ACTION NO. |
| ) | 1:05-CV-1123-F |
| ) | |
| ARNOLD HOLT, et al.,             ) | |
| ) | |
| RESPONDENTS.              ) | |

**SECOND SUPPLEMENTAL ANSWER**

Come now the Respondents in the above styled cause by and through the Attorney General of the State of Alabama and in response to this Court's order make the following supplemental answer to McLeod's federal habeas corpus petition.

1. Respondents aver that McLeod's assertion that both trial and appellate counsel provided ineffective assistance of counsel because they failed to challenge the alleged lack of proper <u>Miranda</u> warnings and the alleged invalid arrest warrant throughout the state court proceedings is procedurally defaulted.

2. Respondents aver that McLeod may not establish "cause" for his procedural default of his claims in paragraph one above by asserting ineffective

assistance of counsel claims because his claims of ineffective assistance of counsel are likewise procedurally defaulted.

3. Respondents aver that, based on their previous answers, the following answer, the applicable law and the record in this case, this petition is due to be denied and dismissed with prejudice.

## SUPPLEMENTAL CHRONOLOGY

Subsequent to the filing of his first Rule 32 petition in CC-02-0235.60 and the appeal of that case, CR-04-1304,[1] McLeod filed two additional Rule 32 postconviction petitions. McLeod raised the following claims in the second Rule 32 petition (CC-02-0235.61):

> 1. that his claim alleging a "defect (sic) and excessive sentence" [is] not subject to the statute of limitation;
>
> 2. that his "conviction and sentence are illegal unconstitutional (sic) because that (sic) he was arrested under a void arrest warrant";
>
> 3. that he was denied due process when the trial court summarily dismissed his previous Rule 32 petition without "addressing the jurisdictional defects and issues";
>
> 4. that his indictment was void because "he was arrested upon a void arrest warrant that was not issued and signed by a judge or a magistrate according to [] Smith v. State, 609 So. 2d 449 (Ala. Crim. App. 1992)";

---

[1] Copies of these documents have been previously submitted to this Court as Exhibits J, K, L, and M).

2

> 5. that trial counsel, Mr. Tom Brantley, failed to "properly investigate the arrest warrant", which he alleged was void because the indictment was not endorsed by the foreman of the grand jury, but rather, was only signed by Deputy Ivey and Sheriff Glover; and,
>
> 6. that his "writ of arrest was without probable cause and an (sic) void arrest warrant because the writ of arrest was only a form of an arrest warrant and was not issued under oath of a judge or magistrate."

(Exhibit N) On June 16, 2005, this second Rule 32 petition was summarily dismissed with the following notation on the case action summary sheet: "June 16, 2005, -- Rule 32 petition dismissed as it contains same allegations raised in previous Rule 32 petition which was dismissed and said dismissal is presently pending on appeal." (Exhibit N, pg. 1) On that same date, the State had filed a motion for summary disposition, which the trial court dismissed as "moot". (Exhibit N, pg. 1) McLeod did not appeal from the denial of this second Rule 32 petition. (Exhibit N)[2]

On September 21, 2005, McLeod filed a third Rule 32 petition, CC-02-0235.62 (Exhibit N, pg. 10), raising the following claims:

> 1. that "when he was questioned by law enforcement officers with the Houston County Police (sic) Department on October 6, 2001, at 3:30 p.m. and on October 6, 2001, and once more between that time, [he] had not been fully informed of his <u>Miranda</u> rights before questioning";

---

[2] The case action summary sheet does not reflect an appeal. As of the date of this filing, the undersigned contacted the Houston County Circuit Clerk's Office to confirm that Exhibit N is indeed the most recent case action summary and that McLeod did not appeal this second Rule 32 petition and was assured that it is the most up to date case action summary and that no appeal was filed.

3

    2. that he did not sign a form waiving his <u>Miranda</u> rights;

    3. that the evidence was insufficient to "link McLeod to the crime"; and,

    4. that his "court appointed lawyers" were ineffective for failing "to search his records, the false documents, fail[ing] to discover the evidence that could have persuaded the jury to spare (sic) his two 99 years (sic) to run consecutive (sic)".

(Exhibit O) On September 28, 2005, the trial court denied and dismissed the third Rule 32 petition with the following entry on the case action summary sheet:

> "This is defendant's third petition for relief under Rule 32 ARCP. The first was dismissed on motion by the State for summary disposition because all matters raised in the petition could or should have been raised on appeal. The second [petition] was dismissed for the same reason. In this third petition, the defendant claims that his rights were violated under <u>Miranda v. Arizona</u>. Assuming this is true and evidence in violation of this was allowed in the trial, defendant certainly knew this and should have raised it on appeal. Petition dismissed."

(Exhibit O, pg. 1) McLeod's subsequent motion to amend his petition filed on September 29, 2005, was denied on October 5, 2005. (Exhibit O, pg. 2) The State's motion for summary disposition filed on September 30, 2005, was dismissed as "moot". (Exhibit O, pg. 2) McLeod filed notice of appeal on October 27, 2005. (Exhibit O, pg. 2) On November 1, 2005, the trial court noted on the case action summary sheet that: "Clerk directed to notify the Court of Criminal Appeals of defendant's appeal order of September 28, 2005. Also notify that Court

[that McLeod] was not[3] granted permission to file in forma pauperis." (Exhibit O, pg. 2) A later notation on the case action summary sheet states that "(11-3-05: Deft need $201.00 filing fee.)" (Exhibit O, pg. 2)[4]

## EXHAUSTION DOCTRINE

The two claims addressed in this second supplemental answer appear to have been raised in the state court (albeit improperly) and thus, are technically exhausted for purposes of procedural default. However, for the reasons discussed below, the claims are procedurally defaulted, and thus, due no federal habeas relief.

## PROCEDURAL DEFAULT

McLeod did not present his allegations pertaining to his Miranda rights or ineffective assistance of counsel claims on direct appeal (Exhibits A, B, and D) or in his first Rule 32 petition. The first time McLeod could be said to have fairly presented his claims of ineffective assistance of counsel and Miranda rights claim was in the second Rule 32 petition that was filed while he still had the first Rule 32 petition pending in state court. (Exhibit N) In fact, that is precisely why the trial

---

[3] This was the trial court's emphasis.
[4] The date of the filing of this second supplemental answer, the undersigned again called the Houston County Circuit Clerk's Office to verify that the case action summary sheet submitted as Exhibit O is complete and that McLeod has still not appealed the denial of his third Rule 32 petition. The Clerk confirmed that Exhibit O contains the most recent entry on the case action summary sheet and that McLeod never appealed his third Rule 32 petition.

5

court dismissed the second Rule 32 petition. Under Alabama procedural law, a person may not have a second postconviction petition on the same conviction pending in state court at the same time. *See*, Ex parte Hargett, 772 So. 2d 481, 483 (Ala. Crim. App. 1999); Ex parte Bogan, 814 So. 2d 305 (Ala. Crim. App. 2001).

Similarly, the claims were not properly raised in state court in the third Rule 32 petition because it was filed on September 21, 2005 (Exhibit O, pg. 31), which was beyond the one year statute of limitation allowed by Rule 32.2(c) of the Alabama Rules of Criminal Procedure. The certificate of judgment in this case was issued on August 13, 2004, which allowed McLeod until August 13, 2005, to file a Rule 32 postconviction petition. Because this petition was filed beyond the statute of limitation, the claims are now procedurally defaulted from federal habeas review. The petition also failed to properly present the claims to the state court because the petition was properly precluded as a successive petition pursuant to Rule 32.(b) of the Alabama Rules of Criminal Procedure. Moreover, the claim alleging violations of Miranda rights was also precluded under a state procedural rule -- Rule 32.2 (a) of the Alabama Rules of Criminal Procedure. As the trial court correctly noted, that if McLeod's rights were violated, this was "certainly known" to McLeod and "should have been raised on direct appeal." Similarly, if the Miranda claim was known at the time of direct appeal, his claim of ineffective assistance of counsel could have been raised on direct appeal by new counsel, or if

6

not then, then certainly in the first Rule 32 proceeding. But, as neither was raised in a timely manner under state procedural rules, the claims are now procedurally defaulted for purposes of federal habeas review. *See, e.g.*, Medina v. Singletary 59 F. 3d 1095, 1107 (11th Cir. 1995); Coleman v. Thompson, 501 U.S. 722 (1991); Schlup v. Delo, 513 U.S. 289, 320 (1995).

Additionally, these two claims are procedurally defaulted because the claims raised improperly in the second and third Rule 32 petitions were not appealed to the Court of Criminal Appeals or the Supreme Court of Alabama. Thus, under O'Sullivan v. Boerckel, 526 U.S. 338 (1999), these claims are procedurally defaulted for purposes of federal habeas review or relief. Moreover, McLeod may not use as cause to excuse his failure to raise the Miranda claims, that he had ineffective assistance of counsel because as noted above, McLeod's claim of ineffective assistance of counsel itself is procedurally defaulted. *See e.g.*, Edwards v. Carpenter, 529 U.S. 496, 451-52 (2000). Therefore, because his claims are procedurally defaulted, and he has not and cannot show adequate legal cause and prejudice for his default, this petition is due to be denied and dismissed with prejudice.

7

## CONCLUSION

Based on the foregoing, this petition is due to be denied and dismissed with prejudice.

## EXHIBIT LIST

N. Copy of McLeod's second Rule 32 petition and the accompanying case action summary sheet. CC-02-0235.61;

O. Copy of McLeod's third Rule 32 petition and the accompanying case action summary sheet. CC-02-0235.62.

Respectfully submitted,

Troy King, ASB #KIN047
*Attorney General*
By-

s/Beth Slate Poe
Beth Slate Poe ID#POE005
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  <u>Freeshone C. McLeod, #229466, P. O. Box 5107, Union Springs, AL  36089</u>.

                                          Respectfully submitted,

                                          s/Beth Slate Poe (POE005)
                                          Beth Slate Poe (POE005)
                                          Office of the Attorney General
                                          Alabama State House
                                          11 South Union
                                          Montgomery, AL  36130-0152
                                          Telephone: (334) 242-7300
                                          Fax: (334) 242-2848
                                          E-Mail: bpoe@ago.state.al.us

115731/88232-001