```
ACR0372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 000235.61
OPER: RHM                        CASE ACTION SUMMARY
PAGE:   1                          CIRCUIT  CRIMINAL           RUN DATE: 05/27/2005
============================================================================
IN THE CIRCUIT COURT OF   HOUSTON                                    JUDGE: JMW

STATE  OF  ALABAMA                       VS     MCLEOD FREESHONE CORNELIU
                                                P O BOX 5107
CASE: CC 2002 000235.61
                                                UNION SPRINGS , AL  36089 0000

DOB: 10/13/1977          SEX: M  RACE: B  HT: 5 09  WT: 130  HR: BLK  EYES: BRO
SSN: 423152024  ALIAS NAMES:
============================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 10/06/2001                AGENCY/OFFICER: 0380000 S SEAY

DATE WAR/CAP ISS:                       DATE  ARRESTED: 10/07/2001
DATE     INDICTED: 01/31/2002           DATE     FILED: 05/27/2005
DATE    RELEASED:                       DATE   HEARING:
BOND       AMOUNT:           $.00               SURETIES:

DATE 1:           DESC:                  TIME: 0000
DATE 2:           DESC:                  TIME: 0000

TRACKING NOS: DC 2001 002451 00  /                    /

   DEF/ATY:                          TYPE:                          TYPE:

                             00000                           00000

PROSECUTOR: VALESKA DOUGLAS A

============================================================================
OTH CSE: DC20010024510O CHK/TICKET NO: 012790329         GRAND JURY: 000000003
COURT REPORTER: _____ SID NO:  000229466
DEF STATUS: JAIL                         DEMAND: Y                  OPER: RHM
============================================================================
DATE           ACTIONS,  JUDGEMENTS,  AND  NOTES
============================================================================
 05-27-05    | Petition for relief from Conviction or sentence. Brief in support of Rule 32
             | petition.
```

June 16, 2005 – Rule 32 petition dismissed as it contains same allegations raised in previous Rule 32 petition which was dismissed and said dismissal is presently on appeal.

*[signature]* Judge

(6-17-05 w/ dept)

| 6-16-05 | State files Motion for Summary Disposition  (moot – dismissed) |

EXHIBIT
N

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

(Pursuant to Rule 32,
Alabama Rules of Criminal Procedure)

**FILED**
MAY 2 7 2005
*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

Case Number

CC - 02  235 236, 61
ID    YR    NUMBER

IN THE **Houston County Cir.** COURT OF **Dothan**, ALABAMA

**Freesnove Cornelius McLeod** vs. **State of Alabama**
Petitioner (Full Name)                          Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number **#229466**    Place of Confinement **Bullock County Facility**

County of conviction **Houston Co.**

**NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack **Dothan, Houston Co. Cir. Court.**

2. Date of judgment of conviction **May 28, 2003**

3. Length of sentence **two 99 years to run C/S.**

4. Nature of offense involved (all counts) **1st degree Rape, 1st degree Att. murder**

5. What was your plea? (Check one)
   (a) Guilty _____
   (b) Not guilty **✓**
   (c) Not guilty by reason of mental disease or defect _____
   (d) Not guilty and not guilty by reason of mental disease or defect _____

2

6. Kind of Trial (Check one)

   (a) Jury ✓       (b) Judge only _____

7. Did you testify at the trial?

   Yes _____       No ✓

8. Did you appeal from the judgment of conviction?

   Yes ✓       No _____

9. If you did appeal, answer the following:

   (a) As to the state court to which you first appealed, give the following information:

      (1) Name of court ALABAMA CRIMINAL COURTS of APPEALS.

      (2) Result Affirmed

      (3) Date of result August 13, 2004

   (b) If you appealed to any other court, then as to the second court to which you appealed, give the following information:

      (1) Name of court N/A

      (2) Result

      (3) Date of result

   (c) If you appealed to any other court, then as to the third court to which you appealed, give the following information:

      (1) Name of court N/A

      (2) Result

      (3) Date of result

any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ✓       No ___

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

   (a) (1) Name of court  _Houston, County Cir. Court._

      (2) Nature of proceeding _Rule 32 Petition_

      (3) Grounds raised _Ineffective Assistance of Trial and Appellant Counsels, Insufficient of the evidence Claim._

(attach additional sheets if necessary)

      (4) Did you receive an evidentiary hearing on your petition, application, or motion?

         Yes ___       No ✓

      (5) Result _dismissed_

      (6) Date of result _On or about the month of March - April 2005._

   (b) As to any second petition, application, or motion, give the same information:

      (1) Name of court ___
      (2) Nature of proceeding ___
      (3) Grounds raised ___ N/A

(attach additional sheets if necessary)

      (4) Did you receive an evidentiary hearing on your petition, application, or motion?

         Yes ___       No ___

      (5) Result ___
      (6) Date of result ___

   (c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

      (1) Name of court ___

3

4

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____   No _____

(5) Result _____

(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.    Yes _____    No _____

(2) Second petition, etc.   Yes _____    No _____

(2) Third petition, etc.    Yes _____    No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

✓ A. The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:

4

5

with understanding of the nature of the charge and the consequences of the plea.

    (2)   Conviction obtained by use of coerced confession.

    (3)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

    (4)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

    (5)   Conviction obtained by a violation of the privilege against self-incrimination.

    (6)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

    (7)   Conviction obtained by a violation of the protection against double jeopardy.

    (8)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

    (9)   Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

✓  B.  **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  C.  **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  D.  **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

✓  E.  **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

5

6

<u>If the facts had been known at the time of trial or sentencing, the result would probably have been different; and</u>

<u>The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  F.  <u>The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> "<u>Successive Petitions</u>. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes ✓     No _____

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court  Houston County Cir. Court

(b) Result  Dismissed

(c) Date of result  Between March - April 2005
(attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes ✓     No _____

6

7

state the case that resulted in the judgment under attack:

    (a) At preliminary hearing __MICHAEL CRESPI__

    (b) At arraignment and plea __Same/Above__

    (c) At trial __Tom Brantley__

    (d) At sentencing __Clark Parker__

    (e) On appeal __Clark Parker__

    (f) In any post-conviction proceeding _____

    (g) On appeal from adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

    Yes _____    No __✓__

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes _____    No __✓__

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) And give date and length of sentence to be served in the future: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

    Yes _____    No __✓__

18. What date is this petition being mailed?

    __5/24/05__

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

8

# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on  5-24-05
              (Date)

_Freeshone McLeod_
Freesnowe C. McLeod.
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 24th day of May, 2005

_[signature]_
Notary Public
NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

## OR *

### ATTORNEY'S VERIFICATION UNDER OATH
### SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____.
                                   (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the ____ day of _____, 19____.

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____
_____
_____
_____

---

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

9

R.E.L Se No: CC-02-235-236

Freesnone C. McLeod
Petitioner

vs.

State of Alabama
Respondents

FILED
MAY 27 2005
Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

## Brief In Support of Rule 32 Petition

Come now, Freesnone C. McLeod Pro/Se Petitioner whom shall hereinafter as said Petitioner and bring this brief in support of Rule 32 Post-Conviction and shall show this Honorable Court in support thereof:

### I
### Jurisdiction

This court has jurisdiction over this matter and his issues contained within pursuant to the holding in GORDON VS NAGLE 2.F. 3d 354 Ala 1993 which states under Alabama Law post-conviction claims alledging jurisdiction defect and excessive sentence are not subject to a two-year statue of limintatin based on federal or state constitutional grounds (Ala Rules Proc. Rule 32.1(A-C) 32.2 (C)

### II.

Petitioner is raising the following claim of which this court should entertain these issues and or adjudicate the merits of the claims in petitioner attempt to vindicate violation of his rights.

### Grounds I.  Due-Process,

Petitioner alleging that his conviction and sentence is illegal and unconstitutional because that he was arrested under an void arrest warrant.

(1)

10

GROUND: (2) JURISDICTION defect:

Petitioner contends that this Honorable Court was without Jurisdiction to impose the harsh illegal sentence of two 99 years to run C/S; Petitioner alleging that not only was he false arrested and accused, but false-imprisonment as well. Petitioner contends that the sentence is invalid with Jurisdiction defect, C.P. Rule 16.2(b) A.R.Crim. APP. the lack of subject matter; Jurisdiction defect may be raised at anytime cite: FALKNER vs. STATE 686 So 2d 39 47-48 (ALA Crim. APP. 1991).

Therefore, the Petitioner claims is of actual prejudice effect of the entire trial proceedings resulting from the prejudice effect of the trial judge comment on the evidence in the presence of the Jury: (SEE:) WHITE vs STATE 546 So 2d 1014 at 10-30 (ALA Crim. APP 1989).

For this Circuit Court Judge; the Honorable White to dismiss the Petitioner's Petition without addressing the Jurisdictional defect and issues and the illegal sentence was in effect to denied the Petitioner's his right to due-process of the law! (SEE: SNIPES vs STATE 571 So. 2d 398 ALA. Crim APP. 1990] LADD vs State 577 So 2d 926 1990)

allow Petitioner to present evidence on these claims and set the case for an evidentiary hearing to be held where additional facts may be presented in support of these claims and issues. Rule 32.(9)

11

## GROUNDS FOR RELIEF:

Petitioner contends that the Indictment that was Returned against Him was void because he was arrested upon a void arrest warrant that was not issued and signed by an Judge or Magistrate according to the cited case: <u>Smith vs. State 609 So. 2d 449 (Ala Crim App 1992).</u>

Petitioner contends that this Court overlooked and excluded the most important issue that was a Jurisdictional Issue; Petitioner has the Right to bring these Claims of Issues before this Honorable Court for these errors Petitioner is entitled to Relief Dismiss the Indictment and Vacate the Sentence and Conviction: this Court must consider the Petitioners Petition where there has been a Bare allegation his Constitutional due-process Rights have been violated due to an void Arrest warrant.

## ARGUMENTS:

Petitioner contends that his Court appointed counsel <u>Tom BRAMLEY</u>, failed to make Proper investigation of the arrest warrant; Petitioner argues that the Records will Reflect that the Writ of arrest in (his) Petitioners Case <u>No CC-02-235 & 236</u>, is void defected because it failed to be issued as charge and signed by an Judge or Magistrate goes to the proof if the Writ of Arrest is void and defected it makes the indictment void defected and invalid.

Petitioner contends that the Records does not indicate that the indictment was not endorsed by the foreman of the grand Jury; Petitioner orders that this Court hold and evidentiary hearing and Cite: <u>LANCASTER vs. State</u> as the <u>basis for giving this Court Jurisdiction:</u>

12

Petitioner contends that he is entitled to a new trial basis of newly discovered evidence was discovery after trial;

## STATEMENT OF CASE / AND GROUNDS:

Petitioner was charge and convicted of Rape 1st. degree 13A-6-61 and Attempted murder 1st degree violation of 13A-6-2 code of Alabama 1975, and sentence to two 99 years to run c/s. this issue should have been delt with by the court; Petitioner initially asserts that the trial court erred in failing in reviewing the propriety of the issuance of an arrest warrant and not an writ of arrest; Where probable cause did not existed for the issuan of the warrant; Petitioner alledgly that his writ of arrest warrant is void and invalid because it was not issued by an Judge or magistrate: this Honorable court of Houston County, was without probable cause to arrest the Petitioner; this Petitioner McLeod was illegal Arrested, False accused, and False imprisonment: Petitioner contends that this was only a form of Arrest warrant that was drawn by the Clerk; and signed by Deputy Ivey, and Sheriff Glover: the Law is Clearly shown that a warrant for Arrest have to be issued and signed by an Judge or magistrate; and the only way that a Sheriff or deputy Authorized to signed an warrant is that it is a misdemeanor; So this Petitioner is Charged for the wrong offenses and indicted for the wrong offenses when [the] Petitioner should have been arrested for misdemeanor charges and not felonies Charges: Petitioner contends that the writ of Arrest that was drawn in a form of an Arrest warrant and was issued on the basis of insufficient of Probable Cause is void and invalid: Petitioner alledging that Code of Ala 1975 vol 12 A Tit 14.15; No magistrate or Judge Signed writs of Arrest warrant; it was signed only by the Clerk; Sheriff deputy, that this did Render Petitioner conviction base on the bare allegation that a violation of Petitioner Due-Process has been violated: Smith vs State 609 So.2d 449 (Ala Crim. App 1992)_

13

GROUNDS:

Petitioner contends that there in the Records Reflected no Ventified Signature of complaint issued by an Judge or magistrate of the court is void this court have place Petitioner false Imprisonment under an void warrant and have not establish Petitioner Detention.

(A). a Caption is a essential of a good indictment and when upon appeal the Records does not contain a caption filing; the Requirment of the state, it is a fatal error. Petitioner contends that 15-7-4 Code of ALA 1975 defines; (a) A "Warrant" of arrest is an order in writing, issued and signed by a Judge or magistrate stating the substance of the complaint and directed to a proper officer commanding him to arrest the defendant; it must state the offense by name, this writ of arrest for Petitioner McLeod is void, invalid, defected because it was not issued or signed by an Judge or magistrate: R.P 17-18 of Petitioner trial transcript. Petitioner contends that not only is his writ of arrest is void also his case action summary sheet as well; it indicate's that Petitioner was arrested Dated 10-7-2001; and the filling date was 2-7-2002; writ of arrest was issue feb 3, 2002; and indicted Jan 31, 2002; how is this all possible when Petitioner contends that he was incarcern on 10-7-2001; Never made Bond, Petitioner McLeod was denied DUE-PROCESS of A Fair Trial and from the evidence that existed is True and a BARE-Allegation is established that Petitioner was subject to (A) miscarriage of Justice from the Houston County, Circuit Court; Petitioner has shown good cause; why this Writ should not be granted.

(5)

14

Ground for Relief.

(A). A warrant of arrest may be in substance as follows:

The State of Alabama Houston County, to any Lawful officer of the State; Complaint on (Oath) having been made before me that the offense of designated or describing it) has been committed and accusing Freeshone McLeod, thereof; You are therefore commanded forthwith to arrest McLeod, and bring him before me. Dated the date of _____

Signed: E.f. Judge or magistrate.

Petitioner McLeod contends that the Records does not Reveal or indicate this at all. The Constitution prohibits the issue of any warrant to arrest any person without probable cause, hence, any warrant issued without probable cause is void; Probable Cause existed for the issuance of the warrant is made Const 5, U.S.C.A. Const Amend 4. Petitioner contends that his writ of arrest was without probable cause under an void arrest warrant; because the writ of arrest was only a form of an arrest warrant and was not issued under (Oath) by a Judge or a magistrate.

Petitioner and the victim mother was living together for months-years before the void writ of arrest was taken out. The purpose of this in this writ to prove that the victim mother; or some one else committed this offense.

Petitioner McLeod; further contends that the victim mother oftens threaten him at time saying that she was going to get him in some way or another,

15

Petitioner contends that the court erred in not compelling the State to elect between Count I and Count I of the indictment. Where an indictment charges different kindred offenses in the same transaction, is without basis in our law, it has long been held that different offenses of the same character may be proper joined in a single indictment, as noted by our Supreme Court in <u>Deason v State 363 So. 2d 1001 (1978)</u> to compel on election by the State as to which count of the indictment i was seeking a conviction; this is permissible under our Statue 15-8-52 code of 1975; Petitioner contends that the testimony of the victim in this case was illegally obtained and should not have been admitted.

<u>A bare allegation that a Constitutional Right has been violated and mere conclusion of law shall not be sufficient to warrant any further proceedings.</u>

Here, where Petitioner allegations are true, does raise a serious questions of convicting Courts Jurisdiction and Authority to Sentence.

In this particular instance this Petitioner has previously filed a Rule 32 Petition; which was allegedly dismissed, but was not adjudicated on its merits, therefore, this Petition is not <u>Precluded</u> by any provision of Rule 32 especially as being <u>deemed as successive</u>, before this court; because on different grounds cannot be deemed procedurally barred under statue precluding <u>successive</u> petition unless prior petition was adjudicated on its merits.

therefore, it is completely clear that Petitioner Petition is not precluded it was made clear that said Counsel failed to investigate the <u>crime scene</u>, failed to investigate the <u>arrest warrant</u>; Denial Petitioner of a fair trial in violation of his <u>due-process rights</u>. (7)

16

Illegal Sentence, 1] that trial court was without jurisdiction and was unauthorized to impose sentence. Where Petitioner was found guilty under a void Arrest warrant: Smith vs State 609 So. 2d 449 (ALA. Crim. App. 1992.

this Court was clearly without jurisdiction to convict and was therefore without authority to impose sentence." Blount vs State 572 So 2d 498,

Jones vs Barnes 77. L Ed 987 998 : Base, on the foregoing it is completely clear and establish that this Petitioner is entitled to Relief as a matter of law; and does prays this Honorable Court for the Relief in which he is so lawful entitled to.

Petitioner has establish a Right to a dissmissable of the indictment base on an void writ of Arrest warrant OR in the Alternative grant A New Trial for the Petitioner under the cited case of: Smith vs State 609 So 2d (Ala Crim App 449 1992).

this Petitioner is Serious being Restrained of his liberty by the Respondents upon Illegal Sentence impose upon him in volation of Code of Alabama 15-8-90 [1975].

### SPECIFIC - DEFENSE:

Rule 32. (1) (a)(b)(c)   32. 2 (c)
32.(e)   (1) (2) (3) (4) (5)
32.(3)   32. 6. (d)
32. (7) (a) (c) (d)
32. (9) (d)

[8]                                              17

## CONCLUSION

Petitioner contentious that complaint was not made on (oath) before Judge or magistrate, that the warrant was not issued or signed by Judge or magistrate. That there were no sworn affidavit charging crime of the void defected warrant. Petitioner cite: <u>LANCASTER V. STATE</u> as the basis for giving this court jurisdiction. Petitioner contends that this trial court acquired jurisdictional defect and the defect cannot be cure, NUNC PRO TUNC back to the date when the original complaint was filed: (SEE) <u>PROPERTY 2018 RAINBOW DRIVE supra</u> (SEE) <u>HERRERA V. COLLINS 122 L Ed 2d</u>: SEE: <u>BARNES V. STATE 1997</u>. Furthermore, Petitioner contends that the (oath) was not administered to the foreman of the Jury according to, Alabama Rules of the Court 1997 (a) the foreman of the grand jury. Accord to Petitioner trial transcript and according to Rule 12.3 oath, instruction, duties, and power of the grand Jury. (a) Oath the foreman of the grand jury shall take the following oath you, as foreman of the grand jury of Houston County, do solemnly swear (or affirm) that you will dilligently inquiries and the Presentments make of all indictable offense given to in charge, as well as those brought to your knowledge, committed or violable within the county, no wear in the records that this was done according to law. According to Rule 12.5 (b) duties of foreman: it is duty of the foreman to (1) Preside over the grand jury proceeding: (2) issue or cause to issue subpoenas and subpena duces-Tecum for any witness whom the grand jury may require to give evidence. Petitioner contends that this never happen at his rape conviction: if foreman of the grand-jury would have subpoena duces-Tecum at trial Petitioner would have not been found guilty of rape in the first degree:

18

GROUNDS (1) The court may grant a new trial; or for the reason that the verdict was contrary to law; or to the evidence; or if any reason the petitioner had not received a fair trial; Petitioner is entitled to a evidentiary hearing according to Rule 32(9) based of newly discovery evidence was discovery after trial.

Respectfully Submitted

_Freelove McLeod_
PRO/SE Petitioner

Sworn and subscribed before me on this 24th day of May 2006,

Notary Public _Lane C. Anthony_

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

Certificate of Service:

I, certify that on this 24 day of May 2006, I have served a copy of the same upon the respondent by placing the same in the U.S. mail postage prepaid properly addressed below

Hon: Judy Byrd
Circuit Clerk
District Court, Clerk
P.O. Drawer 6406
Dothan, Alabama.

19

| State of Alabama Unified Judicial System | AFFIDAVIT of SUBSTANTIAL HARDSHIP and ORDER | Case Number: |
|---|---|---|
| Form C-10   Rev 6/88 | | CC-02-235-23 |

IN THE _Circuit_ COURT OF _Houston_ COUNTY

Plaintiff/State     v. Defendant

**IN THE MATTER OF:**

**TYPE OF PROCEEDING:**       **CHARGE:**

☐ CIVIL CASE—I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ CIVIL CASE (such as paternity, support, termination of parental rights) — I request an attorney be appointed for me.

☒ CRIMINAL CASE—I am financially unable to hire an attorney and request that the Court appoint one for me.

**AFFIDAVIT**

**INCOME/EMPLOYMENT**

A. Do you have a job or work for yourself?   ___Yes ✓No
   Employer's name and address _____
   How much money do you take home each week?   + $ -0-

B. If unemployed, give month and year of last employment and amount earned per month _____   $ -0-

C. Does your husband or wife have a job?   ___Yes ✓No
   Employer's name and address _____
   How much money does he/she take home each week?   + $ -0-

D. Do you receive money or benefits from any other source?   ___Yes ✓No
   (Example: retirement pay, social security, workmen's compensation, unemployment compensation, food stamps, rent payments, interest, dividends, etc.)
   How much do you receive each month?   + $ -0-

**ASSETS**

A. Do you have any money in any bank, savings and loan, credit union, or any other place, including cash on hand?   ___Yes ✓No
   Where? _____ How much? + $ ___

B. Do you own anything else of value? (Land, house, boat, television, stereo, jewelry, car, truck, van, stocks, bonds, etc.)   ___Yes ✓No
   What? _____
                                                               Total Value + $ ___

**DEPENDENTS**

A. Are you:   ___Single   ___Married   ___Widowed   ___Divorced   ___Separated?

B. Do you have any dependents?   ___Yes ✓No
   Who and what relationship? _____

20