```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 000235.62
OPER: RHM                   CASE ACTION SUMMARY
PAGE:    1                 CIRCUIT   CRIMINAL                 RUN DATE: 09/26/2005
=============================================================================
IN THE CIRCUIT COURT OF  HOUSTON                                    JUDGE: JMW

STATE OF ALABAMA                        VS     MCLEOD FREESHONE CORNELIU
                                               P O BOX 5107
CASE: CC 2002 000235.62
                                               UNION SPRINGS , AL  36089 0000

DOB: 10/13/1977          SEX: M  RACE: B  HT: 5 09  WT: 130   HR: BLK EYES: BRO
SSN: 423152024  ALIAS NAMES:
=============================================================================
CHARGE01: RULE 32-FELONY          CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 10/06/2001                  AGENCY/OFFICER: 0380000 S SEAY

DATE WAR/CAP ISS:                         DATE ARRESTED: 10/07/2001
DATE   INDICTED: 01/31/2002               DATE    FILED: 09/23/2005
DATE   RELEASED:                          DATE  HEARING:
BOND    AMOUNT:           $.00            SURETIES:

DATE 1:            DESC:                   TIME: 0000
DATE 2:            DESC:                   TIME: 0000

TRACKING NOS: DC 2001 002451 00  /                      /

   DEF/ATY:                        TYPE:                          TYPE:

                     00000                        00000

PROSECUTOR: VALESKA DOUGLAS A

-----------------------------------------------------------------------------
OTH CSE: DC200100245100 CHK/TICKET NO: 012790329       GRAND JURY: 000000003
COURT REPORTER:                  SID NO:    000229466
DEF STATUS: JAIL                 DEMAND: Y                        OPER: RHM
DATE           ACTIONS, JUDGEMENTS, AND NOTES
=============================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-23-05 | Petition for relief from conviction or sentence.  Affidavit of hardship. |

September 28, 2005 - This is defendant's third petition for relief under Rule 32 ARCP. The first was dismissed on motion by the State for summary disposition because all matters raised in the petition could or should have been raised on appeal. The second was dismissed for the same reason. In this third petition the defendant claims that his rights were violated under Miranda v. Arizona. Assuming this is true and evidence was used in violation of this, was allowed in the trial defendant certainly knew this and should have raised it on appeal. Petition dismissed.

(9-29-05 W. Deft)

EXHIBIT

State of Alabama vs Freeshone McLeod    CC 02-235.62

9-29-05 motion to amend Rule 32 complaint.

9-30-05 motion for Summary disposition (moot - dismissed 9-28-05)

October 5, 2005
motion to amend denied    [signature] Judge

10-6-05 N'Da *dept

10-14-05  Petitioner's objection to State's motion to dismiss Rule 32 Petition.

10-27-05 NO action needed.

10-25-05  Notice of appeal.

Nov. 1, 2005 - Clerk directed to notify Court of Criminal Appeals of defendant's appeal of order of September 28, 2005, Also notify Court that defendant was not granted permission to file in Forma Pauperis    [signature] Judge

(11-3-05 N'Dept need $201⁰⁰ filing fee)

2

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

**(Pursuant to Rule 32,**

**Alabama Rules of Criminal Procedure)**

**Case Number**

CC - *2002* - *235 & 236 - 60*
ID      YR      **NUMBER**

IN THE _Circuit_ COURT OF _Houston Co_, ALABAMA

_Freeshone C. McLeod_ vs. _State of Alabama_
Petitioner (Full Name)                              Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number _#229466_ — Place of Confinement _Bullock County, facility,_

County of conviction _Houston County, Alabama._

**NOTICE:** **BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _Dothan Al, Houston Co_

2. Date of judgment of conviction _May 28, 2003_

3. Length of sentence _two 99 years to Run Consecutive_

4. Nature of offense involved (all counts) _Rape 1st degree, 44 Murder 1st degree._

5. What was your plea? (Check one)

   (a) Guilty _____

   (b) Not guilty _✓_

   (c) Not guilty by reason of mental disease or defect _____

   (d) Not guilty and not guilty by reason of mental disease or defect _____

**FILED**

SEP 2 3 2005

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

3

6. Kind of trial: (Check one)

   (a)  Jury ✓                    (b)  Judge only _____

7. Did you testify at the trial?

   Yes _____                    No ✓

8. Did you appeal from the judgment of conviction?

   Yes ✓                          No _____

9. If you did appeal, answer the following:

   (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _ALABAMA CRiminAL Court of APPEALS._

        _____

        (2)  Result _Affirmed._

        _____

        (3)  Date of result _August 19, 2005_

        _____

   (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _____

        _____

        (2)  Result _____ N/A _____

        _____

        (3)  Date of result _____ N/A _____

        _____

   (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____ N/A _____

        _____

        (2)  Result _____ N/A _____

        _____

        (3)  Date of result _____

        _____

4

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes __✓__                No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _Circuit Court of Houston County,_

    (2) Nature of proceeding _Rule 32 Petition_

    (3) Grounds raised _Ineffective Assistance of Trial and Appellate_
    _Counsels._

    _____

    _____

    _____

    _____

    (attach additional sheets if necessary)

    (4) Did you receive an evidentiary hearing on your petition, application, or motion?

    Yes _____                No __✓__

    (5) Result _Dismissed_

    (6) Date of result _March 22, 2005_

(b) As to any second petition, application, or motion, give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    _____

    _____

    _____

    _____

    (attach additional sheets if necessary)

    (4) Did you receive an evidentiary hearing on your petition, application, or motion?

    Yes _____                No _____

    (5) Result _____

    (6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

    (1) Name of court _____

5

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5) Result _____

(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.          Yes _____          No _____

(2) Second petition, etc.          Yes _____          No _____

(2) Third petition, etc.          Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

✓ A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

(1)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)    Conviction obtained by use of coerced confession.

(3)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)    Conviction obtained by a violation of the privilege against self-incrimination.

(6)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)    Conviction obtained by a violation of the protection against double jeopardy.

(8)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)    Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

**If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.**

B.    <u>**The court was without jurisdiction to render the judgment or to impose the sentence.**</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C.    <u>**The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D.    <u>**Petitioner is being held in custody after his sentence has expired.**</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E.    <u>**Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**</u>

<u>**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**</u>

<u>**The facts are not merely cumulative to other facts that were known; and**</u>

5

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.  **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"**Successive Petitions**.  The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No __✓__

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____

(b)  Result _____

(c)  Date of result _____
(attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No __✓__

6

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing ___N/A___

(b) At arraignment and plea ___N/A___

(c) At trial ___Michal Crispi___

(d) At sentencing ___Tom Brantley___

(e) On appeal ___Clark Parker___

(f) In any post-conviction proceeding ___Rule 32. Petition___

(g) On appeal from adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes __✓__          No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No __✓__

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
___None___

(b) And give date and length of sentence to be served in the future: ___None.___

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes __✓__          No _____

18. What date is this petition being mailed?

_____

✓ Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

9

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___9-21-05___ .
             (Date)

_Freeshone McLeod_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 21st day of September , 2005.

_Lane C. Anthony_
Notary Public    NOTARY PUBLIC STATE OF ALABAMA AT LARGE
                 MY COMMISSION EXPIRES: Mar 18, 2007

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____ .
                         (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____ , _____ .

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

Freeshone G. McLeod

P.O. Box 5107 Bullock County,

Union Springs AL. 36089

_____

---

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the    10

Freeshone McLeod
229466

| State of Alabama<br>Unified Judicial System | **AFFIDAVIT of SUBSTANTIAL** | Case Number |
|---|---|---|
| Form C-10    Rev 6/88 | **HARDSHIP and ORDER** | CC-2002-235.60<br>CC-2002-236.60 |

IN THE ___Circuit___ COURT OF ___Houston___ COUNTY

Plaintiff/State _Petitioner_   v. Defendant _State of Alabama_

IN THE MATTER OF:

TYPE OF PROCEEDING: _Rule 32_   CHARGE: _Felony_

☐ CIVIL CASE--I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ CIVIL CASE (such as paternity, support, termination of parental rights) -- I request an attorney be appointed for me.

☑ CRIMINAL CASE--I am financially unable to hire an attorney and request that the Court appoint one for me.

## AFFIDAVIT

**INCOME/EMPLOYMENT**

A. Do you have a job or work for yourself? ___Yes ✓No

   Employer's name and address _____

   How much money do you take home each week? + $ N/A

B. If unemployed, give month and year of last employment and amount earned per month  $ N/A

C. Does your husband or wife have a job? ___Yes ✓No

   Employer's name and address _____

   How much money does he/she take home each week? + $ ___

D. Do you receive money or benefits from any other source? ___Yes ✓No

   (Example: retirement pay, social security, workmen's compensation, unemployment compensation, food stamps, rent payments, interest, dividends, etc.)

   How much do you receive each month? + $ N/A

**ASSETS**

A. Do you have any money in any bank, savings and loan, credit union, or any other place, including cash on hand? ___Yes ✓No

   Where? _____ How much? + $ ___

B. Do you own anything else of value? (Land, house, boat, television, stereo, jewelry, car, truck, van, stocks, bonds, etc.) ___Yes ✓No

   What? N/A _____

   _____ Total Value + $ N/A

**DEPENDENTS**

A. Are you: ___ Single ✓ Married ___ Widowed ___ Divorced ___ Separated?

B. Do you have any dependents? ✓Yes ___

   Who and what relationship? Son, Freeshone McLeod Jr.

11

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
BULLOCK CORRECTIONAL FACILITY

AIS #: 229466      NAME: MCLEOD, FREESHONE            AS OF: 09/20/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| SEP | 10 | $0.26 | $0.00 |
| OCT | 31 | $0.26 | $0.00 |
| NOV | 30 | $0.26 | $0.00 |
| DEC | 31 | $25.97 | $90.00 |
| JAN | 31 | $20.56 | $100.00 |
| FEB | 28 | $24.67 | $100.00 |
| MAR | 31 | $1.69 | $0.00 |
| APR | 30 | $1.69 | $0.00 |
| MAY | 31 | $1.69 | $0.00 |
| JUN | 30 | $1.23 | $0.00 |
| JUL | 31 | $0.00 | $0.00 |
| AUG | 31 | $0.00 | $0.00 |
| SEP | 20 | $0.00 | $0.00 |

*Prison Account Balance   9/20/2025*
*$ 0*

PREPARED BY:
*Patsy Faulkner*
BULLOCK COUNTY CORR. FACILITY
BUSINESS OFFICE/ACCOUNT CLERK
P.O. BOX 5107
UNION SPRINGS, AL 36089
DATE  *9/20/05*

12

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

Freeshone C. McLeod

RE. CASE NO: CC-2002-235/236.60

___Petitioner___

VS

State of Alabama

___Respondents___

## RELief from conviction
### Rule 32, A.R.CR.P
#### Explanation of Grounds:

COME NOW, the Petitioner, Freeshone C. McLeod, PRO/SE in the above styled cause pursuant to Alabama Rules of Criminal Procedure, Rule 32, and in support thereof states the following: Petitioner avers that upon his conviction on one count of Rape 1st degree 13-A-6-61 and attempted murder 1st degree 13A-4-2 Code of Alabama 1975, that he was convicted by a jury on April 9th 2003, and he was sentenced on May 28th, 2003 to two 99 years sentences to run consecutive, this Petition Raising the violation of his fifth (5th) sixth (6th) Amendment Rights under the U.S. Constitution, when his MIRANDA Rights were violated by the use of an improper MIRANDA warning which violates the Principles of MIRANDA VS ARIZONA 384 U.S. 430 86 S.Ct 1062 16 L Ed 2d 694 1966.

### STATEMENT of CASE:

the Petitioner asserts that on or about Oct 6, 2001 Investigator Robinson and Sgt. Forehand was Lead investigator of Houston County Police department and did not Articulate precisely the Petitioner's MIRANDA Rights as Required.

13

by MIRANDA most important if a complete waiver of his
Rights as they were not extrained to the Petitioner as
a matter of law. According to Petitioner Records it shows
that Investigator ROBINSON did not remember whether he waiv
McLeod his Rights or not RPTS.41. the Petitioner was not
afforded the Proper MIRANDA warning, the waiver of his Rights
were ommited, the Petitioner did not VOLUNTARY and intentionall
waive these Rights, before or after questioning and tape
Recording the Petitioner statement as Required by MIRANDA.

### Argument I:

the Petitioner argues that when he was questioned by LAW Enf
orcement officer's with HOUSTON COUNTY Police department on
OCT 6, 2001, at 3:30 P.M. and on OCT 6, 2001, and once mor
between that time, that Petitioner had NOT been fully informed
of his MIRANDA Rights before questioning.

### "WARNING and Consent to Speak"
### Warning of Rights

You MUST UNDERSTAND YOUR RIGHTS before we ask you any questions.
You Have the Rights to Remain silent.
Anything you say can be USED against you in a court of law or
other Proceedings. You have the right to talk to a lawyer for
advise before we question you, and to have him present with you
during QUESTIONING. If you cannot afford a lawyer and want one
a lawyer will be appointed for you by the court. If you decide to
answer questions now without a lawyer Present, you will still have
the Right to stop the questioning at any time.

14

You also, have the right to stop the questioning at any time until you talk to a lawyer."

I have Read this statement of my rights and it has been Read to me, and I understand what my rights are."

Date: _____

Time: _____

                                    _____
                                    Signature of Petitioner

this never was done in McLeod case, no were in McLeod's Records this was done, according to Law:

## WAIVER:

I do not want a lawyer at this time, I understand and know what I am doing, no promise or threats have been made to me and no presure or force of any kind has been used against me. I hereby Voluntarily and intentionally waive my rights and I am willing to make a statement and answer questions.

Date: _____

time: _____        _____
                                    Signature of Petitioner

'this was not used by the Petitioner as Required by Miranda as to Voluntarily and Intentionally waive of rights.

## Certification:

I, hereby certify that the foregoing warning and waiver of rights were Read by me to the above signator, and that he also Read it and has affixed his signature hereto in my Presence.

_____
Witness
_____
witness                          _____
                                    Signature of Petitioner,

3

15

this was never done in Mcleods case at Bar.
Certification were never presented, was not signed by any or Mcle
witness or by investigator Robinson of Houston County,
Police department, at the time of questioning. Petitioner Mcleod
contends that he never gave any statement voluntary and the
principles of MIRANDA VS ARIZONA 384 U.S. 436 6 S.Ct 1062
112 L. ed 2d 694 (1966), and was thus due to be suppressed.
See: ex parte Callahan 471 so 2d 463 (Ala 1985) criminal Reg
46. 3 / 88. 5794 Rights of the accused. Waiving by police,
"as a constitutional prerequisits to any" questioning, an individu
held for interrogation by law enforcement officers, the defendant
must be warned in clear and unequivocal terms, that he has
a Right to Remain silent that any statement he does make may
be used against him. and that he has a Right to the presence of
an Attorney, either Retained or appointed that no promises or
threats have been made to me and against me, I hereby voluntairi
and intentionally waive my Rights and I am willing to make a
statement and answer questions." criminal Law Reg 412.(2)(3) in
MIRANDA VS ARIZONA Exparte Johnson 620 so 2d 709-74 (Ala 1993)
In custody no statement giving by petitioner relating to purely
collateral matters and are not inculpatory in any Respect are
inamissible as state did not establish that miranda warning
were properly given and understood by petitioner. U.S.C.A
Amendment five:
An incustody statement by an accused in Prima facie, involuntary
and unadmissiable to overcome this Presumption, the state must
first establish that before putting the Petitioner incustody, the
police informed him of his Rights as Required by

16

MIRANDA VS ARIZONA, Ex Parte Callahan 471 So 2d 463 (ALA 1985
See; Also Swicegood vs State 50 Ala, App 105 277 So 2d 380 1973)
ex Parte Johnson 620 So 2d 709-711 (Ala 1993), ex Parte Price 725
So. 2d 1063 (Ala 1998) Phillies vs State 726 So 2d 292 (Ala 1998
to this end the State must spell out with clarity and Precision
the specific MIRANDA warnings the Police gave to Swicegood
(that trial, MIRANDA VS ARIZONA ex Parte Johnson ex Parte Price and
Callahan v. State; Petitioner further contends that the testimony
at trial by Investigator Robinson on cross examination by
Defense Counsel (Q.) was McLeod under ARREST? (A) No Sir
RPTS-30 of transcript, Petitioner further contends that the
testimony at trial by Investigator Robinson as to his MIRANDA
Rights (Page 40) (Q) But he was under arrest at this time?
was he not? (A) NO SIR, he was detained for questioning.
(Q) You Advised him of his rights? (A) I did, Yes Sir. (Q)
You did? (A) Yes Sir, (Q) Who would you advised him
of his Rights if McLeod was never Place under arrest; Petitioner
further contends that he was never under arrest, Investigator
Robinson testified that Sergeant Forehand told me when I went to
Place him in the back seat of his car to Read him of his rights
RPTS 40, No witness or Signature by Investigator Robinson or
Petitioner that Investigator Robinson Advised McLeod of his MIRANDA
Rights, Petitioner contends that he was never advise or warn
concerning his Role in the Reading of the MIRANDA rights, and
that no used of a form that had the Standard MIRANDA WARNING
on it, and Petitioner Never signed MIRANDA form in the Presence
of any law-enforcement officials, and that he never signed a waiver or
a certification and had not signed the MIRANDA form and gave no Statement, 17

5

Petitioner was never advised or warned of his Rights, his constitutional Rights, his miranda warnings: he signed no miranda Rights form; the state did not Read to the Jury the complete miranda Rights form that should have been used. most importantly the waiver and certification Part which was not signed by the Petitioner or Investigator Robinson, or any witness. On cross exam-ination (Page 41) of McLeod's transcript (Q) And then did you Ask him does he waived those Rights? (A) I don't know if I did or not sir. (Q) So you don't know if he waived his Rights or not do you? (A) No sir. So if he Read McLeod his miranda Rights who didn't he advised McLeod that he has the Right. to Remain Silent. Never were any warning Giving by any law enforcement officer to McLeod about his miranda Rights; Investigator Robinson testified to the Jury that he don't know if he waived McLeod Rights or not. Petitioner Further argues that the testimony set out above does not contain in Records a complete statement of the Rights and/or waiver Required by miranda vs Arizona. the state failure on direct or Redirect examination of Investigator Robinson did not Ask or Read the complete miranda warning form to McLeod, as to the exact waiver of the Petitioner's Rights of which the Petitioner did not Sign, as testified by Investigator Robinson of he Read the miranda Rights to the Petitioner, but failed to have the Petitioner Signed the waiver and complete the certification Part; ex parte Price 725 So 2d 1063 (Ala App. 1998), Carr v State 640 So 2d 1064 1994

(16)

18

Holding that the State demonstrate that the Petitioner has not been fully informed of his miranda rights, because a law enforcement officer testified at trial that he has advise the petitioner of his Rights, but Petitioner Signed no part nor the waiver part of the miranda form; Investigator Robinson and Sgt. foreman was the lead investigators to which the State never articulated precisely which Rights were never explained to the Petitioner McLeod before he was interrogated and questioned by and law enforcement officers, this was not sufficient to establish the necessary miranda Predicate, because general question of whether the proper miranda warning were given does not adequately establish whether the warning was properly given and understand by the Petitioner; See also exparte Johnson 620 So 2d 709-711 exparte Price Robinson) vs State 399 So 2d 902 (Ala 1981), ex parte Callaham, Miranda v. Arizona, In each case the State sought to establish miranda warning Predicate by merry asking the Police whether the warning were given and this was consistantly held to be inadequate under Swicegood and Miranda vs-Arizona; the Criminal Court of Appeals properly explained in the afore-mentioned cases. The simple question is did you Read the defendant his Rights Prior to questioning per The required miranda decision does not indicate whether the rights were Read before and after questioning and whether the Petitioner understand the rights, and whether he made an intelligent waiver of those Rights even in cases when officers have attempted to give a detailed miranda warning, key elements have been left out or misstated, thus it is critical that the testifying officer give some details as to exactly what language was used fo

19

the miranda warning, and under what circumstances, exparte price: 725 So. 2d 1063 (Ala 1998), Criminal Law Ket 531.1 and 519.1 it is well established that exajudicial confessions and other inculpatory statements are prima-facie involuntary and that for such a statement or confession to be admissible the state must prove by the preponderance of the evidence that it was voluntary, the state must show:

(1) that proper miranda warnings were given before questioning by the police and ... (2) that the statement was voluntary (T.E), that it was not procured through coercion or improper inducement."

           Criminal law Ket 314:
"the trial court cannot fill an evidentiary gap with supposition or a presumption concerning a witness knowledge."

Exparte Price:
Because the general question of whether the miranda warning were given does not adequately establish whether they were properly given and understood by the Defendant. (Emphasis in original) See: Isomomoll v U.S 413 F 2d 12.33 (5th cir, 1969) the governments burden of proving that proper miranda warning were given), cannot be meet by presumption or inferences, that when the police officers Read an accused from a form they are reading miranda warnings or that what is read is without Revelation of its contents and meets constitutional standard as set out in Miranda rs. Arizona See: Criminal law 414.

the Records in this case does not indicate Precisely which Rights were explained to the Petitioner McLeod, therefore he was not Properly advised of each of the Rights established in MIRANDA, before he Provises any Statements to any law enforcement officers. In Particular, Investigator Robinson testimony omits any indication that McLeod was Properly advised, MIRANDA VS. ARIZONA 384 U.S 436 16 L.ed 2d 694, 86 S.Ct 1602, the Petitioner was not Place under arrest, when Investigator Robinson Put McLeod in the back Seat of his car, but was taken to a Special interrogation Room where he Signed No confession, which contained No typed Paragraph stating Any Question, Petitioner contends that his MIRANDA rights was not Properly Read to him by any Arresting officials, because if it was according to trial Transcript RPTS 31834, why Investigator Robinson Stated that he never ask McLeod Any Question, If it True that McLeod was asking the questions; then the Arresting officer should have made, advise McLeod with the understanding that any Statement he made will be used against him; this was Never done according to the Records. At his Trial in an Alabama State court, at which there were No confession or admitting was admitted into evidence, he was Convicted of Rape and attempted murder. the defense was Precluded from making any showing that warning of his Rights to counsel and his Right to Remain Silent had not been Given, his conviction was Affirmed by the criminal court of Appeals on March 19, 2006, (Another case on certiorari,) the Supreme court of the U.S Reversed on the grounds that the defendant was not warned of Any of his Rights before

(9)                                          21

the questioning by the HOUSTON POLICE department, IN
HOUSTON COUNTY, Alabama, and that no other steps
were taken to Protect these rights; the Petitioner was
Place in the back seat of the PATROL UNIT by HOUSTON COUNTY,
POLICE department as a (SUSPECT) in HOUSTON COUNTY FOR the
offense of Rape and attempted murder of one (1) Victim
JETERIA JONES and was Interrogated in the Private inter-view
Room of the POLICE department FOR a Lengthy Period; he
was then handed over to the HOUSTON COUNTY Jail, where he was
detained without being Properly arrested and without an AFFIDAVIT/
warrant for his Arrest, which McLeod State's that he was never
arrested; on PAGE W CUSTODY FOR questioning, which the WRIT of
Arrest was Void iNvaliD because it was NOT an AFFIDAVIT/
warrant that was Signed and ISSUE by an Judge or magistrate
Judge; Petitioner contends that he did not knowingly and
Intelligently waive his Rights to Remain Silent and his
Right to consult with counsel Prior to the time.
HOUSTON COUNTY POLICE department held Petitioner McLeod
in the Station and county Jail FOR 12 hours and
Interrogated him on Nine Separate Occasions before they
Secured an Void invaliD WRIT of Arrest: At his trial
in a Alabama State court on the charges of Rape an Att.
murder, which NO CONFESSION OR Statement was Introduced into
evidence, He was convicted holding that the evidence
Should have been NOT admissible; Because Petitioner Should
have been advised of his Right to Remain Silent and of his
Right to counsel.

12

22

this court should have seen that McLeod had been effectively appprised of his Rights, on Records which it does not indicate or show no were that any (warning) had been given or that any effective alternative had been employed.

## WARNING by POLICE:

As a constitutional Prerequisite to any questioning, an individual held for interrogation by a Law-enforcement officer, he must be <u>warned</u>, in clear, and unequivocal terms, that he has a Right to Remain silent, that any statements he does make may be used as evidence against him, and that he has a Right to the Presence of an Attorney either Retained or Appointed, this was not done at <u>BAR</u> to Petitioner McLeod in his case at BAR.

A defendant may waive effectuation of his Rights to Remain silent and to be assisted by counsel at a custodial police interrogation, Provided the waiver is made voluntarily, knowingly and intelligently, this was never done in McLeod case at BAR and the Records Reflects the same. the Records indicate's that INVESTIGATOR Robinson did not know if he waive those Rights or not (RPTS 41) Petitioner McLeod contends that (he) himself Never waive any Rights; that his court appointed counsel waive those Rights without his consents, or knowingly, and McLeod was not given the Little document called <u>Waiver of Rights.</u>

23

if any individual held for interrogation by police indicates
in any manner, at any time prior to or during questioning,
that he wishes to Remain silent, the interrogation must cease;
the American accusatory system of criminal Justice demands
that the government seeking to punish an individual produce
the evidence against him by its on independents Labons,
Rather than by the expedient of compelling it from his mouth.
A defendant's constitutional Rights are violated if his conviction
in a federal or state court, is based, in whole or in part, on
an involuntary confession, regardless of its Truth or falsity;
this is so even if there is ample evidence aside from the
confession to support the conviction. U.S. V. Price 383 U.S 787
16 L.ed 2d 267, 86 S.Ct 1152. the mandate of the (14th)
amendment that no state shall deprive any Person of Life
of Liberty without due-process of law is a direct tradition
concern of the federal Government; the Indictment allege
Rape 1st degree and attempted murder by the accused Person
upon the Rights of the asserreted victims to due-process of
Law under the (14th) Amendment. At his trial in a alabama
State Court on the charges of Rape 1st. Att. murder 1st, no
confession or voluntary statement was never admitted into
evidence; he was convicted, this case is due to be Reversed,
because Petitioner mcLeod should have been warn & advised
of his Rights to Remain silent and of his Right to
counsel cite; 62 CAL 2d 571, 43 CAL. RPTS 201, 400 P. 2d
97.

(12)

24

on record which indicates that law-enforcement officer Robinson could not Remember did he waive Petitioner Rights or not, Petitioner contends that no warning had been given to him.

Waiver- Burden of Proof: if the interrogation of an individual held by police continues without the Presence of an Attorney, and a statement is Taken, A heavy burden rest on the government to demonstrates that the defendant knowingly, and intelligently waived his privilege against self-incrimination and his Right to retained or appointe counsel; this never happen in mcleod case at Bar, because mcleod never gave an statement, when he was never advise or warn, of his miranda Rights; the requirement of warning to be given by the police before in custody interrogation of a suspect and the Rules as to waiver of his Rights are a fundamental with Respect to the fifth (5th) amendment; this was never done in mcleod's case, according to mcleod Records when the police arrived at the crime scene, mcleod was place in the back seat of the police car as a suspect, but never was he place under arrest, and was not given full understanding of his miranda Rights; when an individu is in custody on probable cause, the police may seek eviden in the field to be used at trial against him; such investigati may include inquiry of person not under restraint; this is exactly what happen in mcleod's case at bar that the houston county police department place mcleod in custody with out probable cause,

25

Because when they arrived at the crime scene there were MR McLeod and another individual also were there his name was MR McGriff, so why was not MR McGriff also Place in the back seat of the police car as a suspect as well, Instead they single McLeod out without Probable cause and without sufficient evidence to link McLeod to the crime, there were no phasical evidence to link McLeod to the crime at Bar, Petitioner contends that the investigation of the Houston County, Alabama Police department was a total screw-up, Petitioner alleging that no law-enforcement officer advised him that he did not have to make any statement, and that any statement that he make or made could be used against him, and that he had the Right to Remain silent, and the Right to see an attorney; no where in McLeod Records that this happen in McLeod case; and his convictions of Rape 1st and Att murder 1st must be Reversed, Where the Petitioner was handed over to the Houston County Sheriff department after being only an suspect and never under arrested, and there was no evidence of Any warning given Prior to the Houston County Police department nor of an Articulated waiver of Rights after the Houston County Police department commenced their interrogation, and the Records does not indicates or Show where MR McLeod Signed Any type of documents, In a State Court Reversal, on the ground because he has not been advised of his Rights to Remain Silent had been given or that his Right to Counsel, no where in the court's Records this was done,

26

the law enforcement officers took Petitioner into custody
and interrogated him in a police station for the purpose
of obtaining a confession, the police did not effectively
advised him of his miranda Rights to Remain silent or
of his Right to consult with an attorney, Rather the confront
mcleod with a form of an word stating that we were going
to hold you until the victim say that you having Perpertrat
a Rape and att murder, once was mcleod never been place
under arrest, Petitioner made no confession, or gave no
statement to any law enforcement officials, the accused must
be adequately and effectively appraised of his Rights and
the exercise of those Rights must be fully honored, the
Warning of the Right to Remain silent must be accompanied
by the explanation that anything said can and will be
used against you in a court of law, this warning is needed
in order to make him aware not only of the Privilege, but
also of the consequences of foregoing, Petitioner contends
that his conviction and sentence was unconstitutional, that
his court appointed lawyers failure to search his Records for
the false documents, failure to discovery the evidence that
could have Persuaded the Jury to spare his two 99 Years to
Run consective fell below minimum constitutional standards for
the ineffective assistance of counsel's   it is the lawyer's duty
to "investigate" and instructing to "explore all avenues", no one
could misunderstand in the circumstance of a case like this,
Petitioner lawyer's Representation to be constitutional
          deficient.

(15)

27

## PRAYER OF RELIEF:

Wherefore, the premisese considered, the petitioner prays that for the foregoing reason that this Honorable court will Grant this Rule 32 post-conviction petition and Hold an evidentiary hearing according to Rule 32.(9) with the benefit of counsel, Rule 32.(7)(C) the petitioner believes that this case is lawful due to be Reversed and Judgment be vacated, and would humbly ask that this Honorab court give him an opportunity to demonstrates the merits of his claim. Petitioner further contends that he was not presented to him; a little document called waiver of Rights, and the investigator officer didn't know if he gave petitioner one or not. RPTS 41 trial transcript: Petitioner contends that when the law-enforcement officer's arrived at the crime scene, he was accompolish with another individual as well MR. McGriff he should have been a suspect as well as he was.

Respectfully submitted

*Freeshane McLead*

## Conclusion:

for the foregoing reason considered, the petitioner prays that this Honorable court of Houston county, Alabama Grant this petition according to Law; and Hold an evidentiary hearing according to Rule 32.(9) where facts and truth will be Reveal and that Justice may be served, and Grant petitioner the relief that he is so lawful due:

28

PETITIONER MCLEOD CONTENDS THAT: (1) THE STATE FAILED
TO ESTABLISH THAT MIRANDA WARNING WERE NOT PROPERLY
GIVEN AND UNDERSTOOD BY PETITIONER; (2) NO PROPER
ADMISSION OF INCULPATORY STATEMENT WAS NOT GIVEN; AND (3)
EVIDENCE DID NOT SUPPORTED CONVICTION OF RAPE 1ST DEGREE, AND
ATT MURDER 1ST DEGREE;

NO CONFESSION OF A POORLY EDUCATED INDIGENT PETITIONER
NOT TOLD OF HIS RIGHTS TO COUNSEL, TAKEN WHILE HE WAS
IN POLICE CUSTODY AND WITHOUT THE ASSISTANCE OF COUNSEL
WHICH WAS NOT REQUESTED, CANNOT BE ADMITTED INTO EVIDENCE,
MIRANDA VS ARIZONA 16 L. ed 2d 694; ALL DEFENDANT'S
MUST BE INFORMED OF THEIR RIGHT TO COUNSEL AND BE GIVEN
COUNSEL SWIFTLY UPON THEIR ARREST; JOHNSON VS ZERBST
304 U.S. 458 82 L. ed 1461; LAW ENFORCEMENT IS NOT
A GAME OF CHANCES; PETITIONER MCLEOD WAS INDEED DENIED
HIS RIGHTS; THERE IS A RIGHT TO COUNSEL DURING INTEROGATION
PERIOD FOR ANY PERSON UNDER ARREST PEOPLE VS DORADO 42
CAL. RPTR 169 398 P2d 361

## PROPOSITION OF LAW: / DUE PROCESS:

(1)  THE CONVICTION WAS OBTAINED IN VIOLATION OF PETITIONER
     RIGHT TO COUNSEL, GUARANTEED BY THE SIXTH AMENDMENT;

(2)  THE CONVICTION WAS OBTAINED IN VIOLATION OF PETITIONER
     PRIVILEGE AGAINST SELF-INCRIMINATION GUARANTEED BY THE
     FIFTH (6TH) AMENDMENT, FED CRIM PROC RULE 5 (a);

29

(3) THE FIFTH AND SIXTH AMENDMENT REQUIRE that the convictions be REVERSED, TEMPLE L 9 97 100; 32 U. Of Chicago L, REV 560 579 580

(4) PETITIONER MCLEOD during POLICE CUSTODY and after he had become the PRIME SUSPECT were obtained in Violation of his CONSTITUTIONAL Right to COUNSEL and against COMPULSORY SELF- INCRIMINATION; MASSIAH VS UNITED States, 377 U.S. 201 12 L.ed 2d 246 84 S.CT 1199

(5) THE MERE FACT that no Confession was made while Petitioner MCLEOD was in the custody of the POLICE does Render it INADMISSIBLE.

(6) PETITIONER INCARCERATION FOR FIVE (5) days CONSTITUTE a detention Without Legal Authority and was, therefore, a deprivation of Liberty without DUE- PROCESS of Law: in violation of the FOURTEENTH (14th) AMENDMENT.

(7) this Case is due to be REVERSED, and a EVIDENTIARY heaving is to be held according to Rule 32.(9) A.R.C.P. and APPOINT COUNSEL to PETITIONER on Said matter.

(8) AND ORDER Relief to the PETITIONER that is so LAWFUL due, and entitled to.

RESPECTFULLY- SUBMITTED

_Freeshone McLead_

SWORN AND SUBSCRIBED BEFORE
ME ON THIS __21St__ DAY OF __September__, 2005

NOTARY- PUBLIC _____

MY COMMISSION EXPIRES,

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

## CERTIFICATE OF SERVICE:

I, hereby certify that on this _____ Day of _____ 2005,
I served a true copy of the same upon the HOUSTON
COUNTY, CLERK, by placing in the U.S. mail at BULLOCK,
COUNTY, facility postage prepaid the below addressed.

THE HONORABLE JUDY BARD, CLERK,
HOUSTON COUNTY, CIRCUIT COURT DISTRICT COURT CLERK,

P.O. DRAWER 6406
DOTHAN, ALABAMA 36302

DONE THIS ON __21__ DAY OF __Sep__ 2005,

RESPECTFULLY- SUBMITTED

_Freeshone McLead_

31