IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FREESHONE C. MCLEOD, #229466, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 1:05-CV-1123-F |
| | ) | |
| ARNOLD HOLT, et al., | ) | |
| | ) | |
| RESPONDENTS. | ) | |

RESPONDENTS' ANSWER TO COURT'S ORDER OF MAY 19, 2006

Come now the Respondents in the above styled cause by and through the Attorney General of the State of Alabama and in response to this Court's order of May 19, 2006, make the following response.

1. On April 4, 2006, this Court ordered the Respondents to "advise this court of whether the petitioner's appeal of the denial of his third Rule 32 petition remains pending before the state courts", and that if the appeal had not yet been dismissed by the trial court or ruled upon by the Alabama Court of Criminal Appeals", to "advise the court of the impact this pending petition has on the instant habeas action." Around the time of this order, the undersigned counsel had an unusually high number of pending habeas actions, including two or three other orders to advise other federal judges about the status of pending state actions. The

undersigned called the circuit clerks in those cases including this present one to ascertain the necessary information. The undersigned apparently mistakenly thought she had taken the information and answered the Court's order but had not. The undersigned counsel regrets the error but submits that the Court's order was not intentionally ignored.

2. In answer to the Court's inquiry, it appears that McLeod's third Rule 32 petition was not successfully appealed and is not pending in state court. The undersigned again called the Circuit Clerk of Houston County to inquire whether McLeod's third Rule 32 petition was still pending in state court. The Clerk's office said the appeal was dismissed on November 1, 2005, because McLeod was not granted in forma pauperis status. This information was previously submitted to this Court as Respondents' Exhibit O (page 2) with the second supplemental answer filed by Respondents on March 31, 2006.[1] The undersigned requested that the Circuit Clerk send her the most recent case action summary, which that office did. The most recent case action summary sheet is the same as that previously submitted as Exhibit O but is again submitted in deference to this Court's most recent order. It is designated as Respondents' Exhibit P.

3. The undersigned also called the Alabama Court of Criminal Appeals about any pending appeal in the third Rule 32 petition. The Clerk's Office for that

---

[1] See page five, footnote one of Respondents' second supplemental answer.

2

court informed the undersigned that they had no appeal pending for CC-02-0235.62. (Exhibit Q)

4. This third Rule 32 petition has no impact on the pending habeas corpus petition. The third petition contains a claim of ineffective assistance of counsel, but it does not establish cause for the procedural default of the other issues raised by McLeod in his habeas petition because the third Rule 32 petition was denied on the basis of procedural bar. That ruling[2] constituted a state court ruling on an adequate and independent state procedural ground, which means that the claim is defaulted for purposes of federal habeas review. Baldwin v. Johnson, 152 F. 3d 1304, 1317-1319 (11th Cir. 1998) Furthermore, because McLeod failed to appeal, those issues raised in the third petition, including his claim of ineffective assistance

---

[2] In addition to the procedural ground cited by the trial court in denying the third Rule 32 petition, the petition was also properly denied on the basis that it was barred by the statute of limitation in Rule 32.2(c) of the Alabama Rules of Criminal Procedure because the case became final in state court on August 13, 2004 (Exhibits H and I), and this third petition was not filed until over a year later on September 21, 2005. (Exhibit O, pg. 10) Under Alabama law a claim of ineffective assistance of counsel is not a jurisdictional claim, Hoobler v. State, 668 So. 2d 905, 908 (Ala. Crim. App. 1995), thus, the trial court's ruling would have also been correct on that basis. Under state law, if a trial court's ruling is correct for any reason it will be affirmed on appeal. Cogman v. State, 825 So. 2d 191, 192 (Ala. Crim. App. 2002). Thus, even if McLeod had properly appealed the trial court's denial of his Rule 32 petition, the trial court's ruling would have been due to be affirmed on appeal. In turn the claim of ineffective assistance of counsel would have been procedurally defaulted on federal habeas review because the state court would have found the claim procedurally barred on the basis of the procedural bar cited by the trial court (Rule 32.2 (a)) or the statute of limitation in Rule 32.2(c).

3

of counsel, are defaulted on a second level. As McLeod's "cause" is procedurally defaulted, he may not rely on it to establish cause for his procedural default of his other claims raised in his present habeas petition.

Accordingly, this petition is still due no further review or relief until this Court affirmatively finds that McLeod has overcome the procedural default of his claims.

## EXHIBIT LIST

P.  Copy of the clerk's file in McLeod's Rule 32 petition case, CC 02-0235.62, including the case action summary sheet, the Rule 32 petition, the State's motion for summary disposition, McLeod's motion to amend his third Rule 32 petition, McLeod's objections to the State's motion to dismiss and notice of appeal.

Q.[3] Notice from the Alabama Court of Criminal Appeals that the Court has no record of an appeal in McLeod's third Rule 32 proceeding, CC 02-0236.62.

Respectfully submitted,

Troy King, ASB #KIN047
*Attorney General*
By-


s/Beth Slate Poe
Beth Slate Poe ID#POE005
*Assistant Attorney General*

---

[3] This document has not been received but will be forwarded immediately upon receipt.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Freeshone v. McLeod, #229466, P.O. Box 5107, Union Springs, AL 36089.

                                                Respectfully submitted,

                                                s/Beth Slate Poe (POE005)
                                                Beth Slate Poe (POE005)
                                                Office of the Attorney General
                                                Alabama State House
                                                11 South Union
                                                Montgomery, AL  36130-0152
                                                Telephone: (334) 242-7300
                                                Fax: (334) 242-2848
                                                E-Mail:  bpoe@ago.state.al.us

136855/88232-001