```
ACRO372         ALABAMA JUDICIAL INFORMATION SYSTEM   CASE: CC 2002 000235.62
OPER: RHM              CASE ACTION SUMMARY
PAGE:   1              CIRCUIT  CRIMINAL            RUN DATE: 09/26/2005
=============================================================================
IN THE CIRCUIT COURT OF  HOUSTON                               JUDGE: JMW

STATE  OF  ALABAMA             VS    MCLEOD FREESHONE CORNELIU
                                     P O BOX 5107
CASE: CC 2002 000235.62
                                     UNION SPRINGS , AL  36089 0000

DOB: 10/13/1977        SEX: M  RACE: B  HT: 5 09  WT: 130   HR: BLK EYES: BRO
SSN: 423152024  ALIAS NAMES:
=============================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 10/06/2001               AGENCY/OFFICER: 0380000 S SEAY

DATE WAR/CAP ISS:                      DATE ARRESTED: 10/07/2001
DATE    INDICTED: 01/31/2002           DATE    FILED: 09/23/2005
DATE    RELEASED:                      DATE  HEARING:
BOND      AMOUNT:       $.00           SURETIES:

DATE 1:           DESC:                TIME: 0000
DATE 2:           DESC:                TIME: 0000

TRACKING NOS: DC 2001 002451 00  /                  /

   DEF/ATY:                     TYPE:                        TYPE:

                    00000                        00000

PROSECUTOR: VALESKA DOUGLAS A
-----------------------------------------------------------------------------
OTH CSE: DC200100245100 CHK/TICKET NO: 012790329   GRAND JURY: 000000003
COURT REPORTER:                 SID NO:    000229466
DEF STATUS: JAIL                DEMAND: Y                      OPER: RHM
=============================================================================
DATE          ACTIONS, JUDGEMENTS, AND NOTES
=============================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-23-05 | Petition for relief from conviction or sentence. Affidavit of hardship. |

September 28 2005 - This is defendant's third petition for relief under Rule 32 ARCP. The first was dismissed on motion by the State for summary disposition because all matters raised in the petition could or should have been raised on appeal. The second was dismissed for the same reason. In this third petition the defendant claims that his rights were violated under Miranda v. Arizona. Assuming this is true and evidence of same in violation of this was allowed in the trial defendant certainly knew this and should have raised it on appeal. Petition dismissed.

(9-29-05 w. Deft)

EXHIBIT
P
PENGAD 800-631-6989

State of Alabama VS Freeshone McLeod    CC 02-235.62

9-29-05 motion to amend Rule 32 complaint.

9-30-05 motion for Summary disposition (moot - dismissed 9-28-05

October 5, 2005.
       motion to amend denied                    *[signature] Judge*

       10-6-05 N' Da *depf*

10-14-05  Petitioner's objection to State's motion to [dismiss] Rule 32 Petition.

10-27-05 NO action needed.

10-25-05  Notice of appeal.

Nov. 1, 2005 - Clerk directed to notify Court )
Criminal Appeals of defendant's Appeal )
order ) September 28, 2005. Also notify
Court that defendant was not granted permission
to file in Forma Pauperis
                                    *[signature] Judge*

       (11-3-05 N'Deft need $20100 filing fee)

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

Case Number

CC - _2002_ _235 & 236 c60_
     ID    YR      NUMBER

IN THE _____ *Circuit* _____ COURT OF _Houston Co_, ALABAMA

_Freeshone C. McLeod_ _____ vs. _State of Alabama_
Petitioner (Full Name)                              Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number _#229466_ _____ Place of Confinement _Bullock County facility,_

County of conviction _____ _Houston County, Alabama._

**NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _Dothan Al. Houston Co_

2. Date of judgment of conviction _May 28, 2003_

3. Length of sentence _two 99 years to Run Consecutive_

4. Nature of offense involved (all counts) _Rape 1st degree, Att Murder 1st degree._

## FILED

SEP 23 2005

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

5. What was your plea?   (Check one)
   (a)  Guilty _____
   (b)  Not guilty _✓_
   (c)  Not guilty by reason of mental disease or defect _____
   (d)  Not guilty and not guilty by reason of mental disease or defect _____

6.  Kind of trial: (Check one)

    (a)  Jury ✓                    (b)  Judge only _____

7.  Did you testify at the trial?

    Yes _____                    No ✓

8.  Did you appeal from the judgment of conviction?

    Yes ✓                          No _____

9.  If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _ALABAMA CRiMiNAL Court of APPEALS._

        (2)  Result _Affirmed._

        (3)  Date of result _AUGUST 19, 2005_

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _____

        (2)  Result _____NA_____

        (3)  Date of result _____NA_____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____NA_____

        (2)  Result _____NA_____

        (3)  Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes __✓__          No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _Circuit Court of Houston County,_

(2) Nature of proceeding _Rule 32 petition_

(3) Grounds raised _Ineffective Assistance of Trial and Appellate_
_Counsels._

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No __✓__

(5) Result _Dismissed_

(6) Date of result _March 22, 2005_

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court _____

3

(2) Nature of proceeding _____

    (3)   Grounds raised _____

_____

_____

_____

_____

    (attach additional sheets if necessary)

    (4)   Did you receive an evidentiary hearing on your petition, application, or motion?

        Yes _____            No _____

    (5)   Result _____

    (6)   Date of result _____

(d)   Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

    (1)   First petition, etc.       Yes _____          No _____

    (2)   Second petition, etc.     Yes _____          No _____

    (2)   Third petition, etc.      Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)   If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.   Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

_____  A.   The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

       For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

(1)   Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)   Conviction obtained by use of coerced confession.

(3)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)   Conviction obtained by a violation of the privilege against self-incrimination.

(6)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)   Conviction obtained by a violation of the protection against double jeopardy.

(8)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)   Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

**If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.**

___✓___ B.   **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

___✓___ C.   **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D.   **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

___✓___ E.   **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

5

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____   F.   **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.   **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> "**Successive Petitions.** The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.   Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

   Yes _____        No __✓__

B.   If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

   (a)   Name of court _____

   (b)   Result _____

   (c)   Date of result _____
         (attach additional sheets if necessary)

C.   If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

   On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

   Yes _____        No __✓__

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____ N/A _____

(b) At arraignment and plea _____ N/A _____

(c) At trial _____ MicnaL CRispi _____

(d) At sentencing _____ Tom BRANTley _____

(e) On appeal _____ CLARK PARKER _____

(f) In any post-conviction proceeding _____ Rule 32 Petition _____

(g) On appeal from adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes ____✓____          No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No ____✓____

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____ NONE _____

(b) And give date and length of sentence to be served in the future: _____ None _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ____✓____          No _____

18. What date is this petition being mailed?

_____

✓ Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___9-21-05_____.
(Date)

_+ Freeshone McLeod_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _21st_ day of _September_____ . _2005_.

_L. Anle C. Anthony_____
Notary Public   NOTARY PUBLIC STATE OF ALABAMA AT LARGE
                MY COMMISSION EXPIRES: Mar 18, 2007

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____.
(Date)

+_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____ , _____.

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_Freeshone C. McLeod_____

_P.o. Box 5107 Bullock County,_

_Union Springs AL. 36089_

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the

Freeshone Mc Leod
229466

| State of Alabama<br>Unified Judicial System | AFFIDAVIT of SUBSTANTIAL<br>HARDSHIP and ORDER | Case Number<br>CG-2002-235.60<br>CC-2002-236.60 |
| --- | --- | --- |
| Form C-10    Rev 6/88 | | |

IN THE ___CIRCUIT___ COURT OF ___HOUSTON___ COUNTY

Plaintiff/State _PETITIONER_    v. Defendant _STATE OF ALABAMA_

IN THE MATTER OF:

TYPE OF PROCEEDING: _RULE 32._    CHARGE: _FELONY._

☐ CIVIL CASE--I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ CIVIL CASE (such as paternity, support, termination of parental rights) -- I request an attorney be appointed for me.

☑ CRIMINAL CASE--I am financially unable to hire an attorney and request that the Court appoint one for me.

## AFFIDAVIT

**I N C O M E / E M P L O Y M E N T**

A. Do you have a job or work for yourself?    ___Yes ✓ No

Employer's name and address _____

How much money do you take home each week?    + $ N/A

B. If unemployed, give month and year of last employment and amount earned per month _____    $ N/A

C. Does your husband or wife have a job?    ___Yes ✓ No

Employer's name and address _____

_____

How much money does he/she take home each week?    + $ _____

D. Do you receive money or benefits from any other source?    ___Yes ✓ No

(Example: retirement pay, social security, workmen's compensation, unemployment compensation, food stamps, rent payments, interest, dividends, etc.)
How much do you receive each month?    + $ N/A

**A S S E T S**

A. Do you have any money in any bank, savings and loan, credit union, or any other place, including cash on hand?    ___Yes ✓ No

Where? _____ How much?    + $ _____

B. Do you own anything else of value? (Land, house, boat, television, stereo, jewelry, car, truck, van, stocks, bonds, etc.)    ___Yes ✓ No

What? N/A
Total Value + $ N/A

**D E P E N D E N**

A. Are you:    ___Single ✓ Married ___Widowed ___Divorced
___Separated?

B. Do you have any dependents?    ✓ Yes
Who and what relationship? SON, FREESHONE MCLEOD JR.

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
BULLOCK CORRECTIONAL FACILITY

AIS #: 229466      NAME: MCLEOD, FREESHONE           AS OF: 09/20/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| SEP | 10 | $0.26 | $0.00 |
| OCT | 31 | $0.26 | $0.00 |
| NOV | 30 | $0.26 | $0.00 |
| DEC | 31 | $25.97 | $90.00 |
| JAN | 31 | $20.56 | $100.00 |
| FEB | 28 | $24.67 | $100.00 |
| MAR | 31 | $1.69 | $0.00 |
| APR | 30 | $1.69 | $0.00 |
| MAY | 31 | $1.69 | $0.00 |
| JUN | 30 | $1.23 | $0.00 |
| JUL | 31 | $0.00 | $0.00 |
| AUG | 31 | $0.00 | $0.00 |
| SEP | 20 | $0.00 | $0.00 |

*Prison Account Balance    9/20/2005*

*$ 0*

PREPARED BY: _Patsy Faulkner_
BULLOCK COUNTY CORR. FACILITY
BUSINESS OFFICE/ACCOUNT CLERK
P.O. BOX 5107
UNION SPRINGS, AL 36089
DATE _9/20/05_

IN THE CIRCUIT COURT OF HOUSTON COUNTY ALABAMA

Freeshone C. McLeod                          R.E. CASE NO: CC-2002-235#236.60

___Petitioner___

        VS

State of Alabama

___Respondents___

### Relief from Conviction

Rule 32, A.R.CR.P.

Explanation of Grounds:

COME NOW, the Petitioner, Freeshone C. McLeod, PRO/SE in the above styled cause pursuant to Alabama Rules of Criminal Procedure, Rule 32, and in support thereof states the followings: Petitioner avers that upon his conviction on one count of Rape 1st degree 13-A-6-61 and attempted murder 1st degree 13A-4-2 Code of Alabama 1975, that he was convicted by a jury on April 9th 2003, and he was sentenced on May 28th, 200 to two 99 years sentences to run consecutive. This petition raising the violation of his fifth (5th) sixth (6th) Amendment rights under the U.S. Constitution, when his MIRANDA rights were violated by the use of an improper MIRANDA warning which violates the principles of MIRANDA VS ARIZONA 384 U.S 430 86 S.ct 1062 16 L. Ed 2d 694 1966.

### Statement of Case:

the Petitioner asserts that on or about Oct 6, 2001 Investigator Robinson and Sgt. Forehand was lead investigator of Houston County Police department and did not articulate precisely the Petitioner's MIRANDA rights as required.

by MIRANDA MOST importantly a complete waiver of his
Rights as they were not extrained to the Petitioner as
a matter of Law. According to Petitioner Records it shows
that Investigator ROBINSON did not Remember whether he waiv
Mcleod his Rights or not RPTS.41. the Petitioner was not
afforded the Proper MIRANDA warning, the waiver of his Rights
were ommitted, the Petitioner did not VOLUNTARY and intentional
waive these Rights, before or after questioning and take
Recording the Petitioner Statement as Required by MIRANDA.

### ARGUMENT I:

the Petitioner argues that when he was questioned by Law En
Forcement officer's with Houston County Police department on
OCT 6, 2001, at 3:30 P.M. and on OCT 6, 2001, and once mo
between that time, that Petitioner had not been fully informed
of his MIRANDA Rights before questioning.

### "WARNING and Consent to Speak"
### Warning of Rights

You MUST understand Your Rights before we ask you any questions.
You Have the Rights to Remain silent.
Anything you say can be used against you in a court of Law, or
other Proceedings. You have the right to talk to a Lawyer for
advise before we question you, and to have him present with you
during questioning, if you cannot afford a Lawyer and want on
a Lawyer will be appointed for you by the court, if you decide to
answer Questions now without a Lawyer Present, you will still have
the Right to stop the questioning at

You also, have the right to stop the questioning at any time until You talk to a lawyer".

I have Read this Statement of my rights and it has been Read to me, and I understand what my rights are."

Date: _____

Time: _____          _____
                                Signature of Petitioner

this never was done in McLeod case, no were in McLeod Records this was done, according to Law:

## WAIVER :

I do not want a lawyer at this time, I understand and know what I am doing, no Promise or threats have been made to me and no Presure or force of any kind has been used against me. I hereby voluntarily and intentionally waive my Rights and I am willing to make a Statement and answer questions

Date: _____

time: _____          _____
                                Signature of Petitioner
                          this was not used by the Petitioner
                          as Required by miranda as to
                          voluntarily and intentionally waiv
                              of rights.

## Certification :

I, hereby certify that the foregoing warning and waiver of rights were Read by me to the above Signator, and that he also Read it and has affixed his Signature hereto in my Presence.

Witness _____

Witness _____          _____
                                Signature of Petitioner,

this was never done in McLeods case at Bar,
Certification were never Presented, was not signed by any or McL
witness or by Investigator Robinson of Houston County
Police department, at the time of questioning, Petitioner McLeod
Contends that he never gave any statement voluntary and the
Principles of MIRANDA VS ARIZONA 384 U.S. 436 6 S.Ct 1062
112 L.ed 2d 694 (1966), and was thus due to be Suppressed,
See: ExParte Calland 471 So 2d 563 (Ala 1985) Criminal Rei
46.3 / 88. 5794 Rights of the accused, warning by police,
"as a constitutional prerequisits to any" questioning, an individ
held for interrogation by law enforcement officers, the defendant
must be warned in clear and unequivocal terms, that he has
a Right to Remain silent that any statement he does make may
be used against him, and that he has a Right to the presence of
an Attorney, either Retained or appointed that no Promises or
threats have been made to me and against me, I hereby voluntair
and intentionally waive my Rights and I am willing to make a
Statement and answer questions" Criminal law Ref. 412, (2) (3) In
MIRANDA VS ARIZONA ExParte Johnson 620 So 2d 709-74 (Ala 1993
In Custody no statement giving by Petitioner relating to Purely
Collateral matters and are not Incuporary in any Respect are
Inamissible as state did not establish that MIRANDA warning
were Properly given and understood by Petitioner, U.S.C.A
Amendment five:
An Incustody statement by an accused in Prima facie, Involuntory
and Unadmissiable to overcome this Presumption, the state must
first establish that before putting the Petitioner Incustody, the
police informed him of his Rights as Required by

Miranda vs Arizona. Ex Parte Callahan 471 So 2d 463 (Ala 1985
See: also swicegood vs State. 50 Ala. App 105 277 So 2d 380 1973)
ex Parte Johnson 620 So 2d 709-711 (Ala 1993), ex Parte Price 725
So 2d 1063 (Ala 1978) Phillips vs State 726 So 2d 292 (Ala 1998)
to this end the State must spell out with clarity and Precision
the specific MIRANDA warnings the Police gave to swicegood
(at trial, MIRANDA VS ARIZONA ex parte Johnson ex parte Price and
Callahan v. State: Petitioner further contends that the testimony
at trial by investigator Robinson on cross examination by
Defense counsel (Q) was McLeod under ARREST? (A) NO SIR
RPTS-30 of transcript. Petitioner further contends that the
testimony at trial by investigator Robinson as to his miranda
Rights (Page 40) (Q) But he was under arrest at this time?
was he not? (A) NO SIR, he was detained for questioning.
(Q) You advised him of his rights? (A) I did, yes sir (Q)
You did? (A) yes sir. (Q) who would you advised him
of his Rights if McLeod was never place under arrest. Petitioner
further contends that he was never under arrest, investigator
Robinson testifies that sergeant forehand told me when I went to
place him in the back seat of his car to Read him of his rights
RPTS 40. No witness or signature by investigator Robinson or
Petitioner that investigator Robinson advised McLeod of his miranda
Rights. Petitioner contends that he was never advise or warn
concerning his Role in the Reading of the miranda rights, and
that no used of a form that had the standard miranda warning
on it, and Petitioner never signed miranda form in the Presence
of any law-enforcement officials, and that he never signed a waiver or
a Certification and had NOT Signed the miranda form and gave no Statement

Petitioner was never advised or warned of his Rights,
his constitutional Rights, his miranda warnings,
he signed no miranda Rights form; the state did not
Read to the jury the complete miranda Rights form that
should have been used. most importantly the waiver and
Certification Part which was not signed by the Petitioner
or Investigator Robinson, or any witness. On cross exam-
ination (Page 41) of McLeod's transcript (Q) And then did you
Ask him does he waived those Rights? (A) I don't know if
I did or not sir. (Q) So you don't know if he waived his
Rights or not do you? (A) no sir. so if he Read McLead
his miranda Rights why didn't he advised McLead that
he has the Right to Remain silent. never were any warning
Giving by any law enforcement officer to McLead about his
miranda Rights! Investigator Robinson testified to the jury
that he don't know if he waived McLead Rights or not, Petitioner
further argues that the testimony set out above does not contain
in Records a complete statement of the Rights and/or waiver
Required by miranda vs Arizona. the state failure on direct
or Redirect examination of investigator Robinson did not ask
or Read the complete miranda warning form to McLead, as t
the exact waiver of the Petitioner's rights of which the
Petitioner did not sign, as testified by investigator Robinson or
he Read the miranda Rights to the Petitioner, but failed to
have the Petitioner signed the waiver and complete the
Certification Part; ExParte Price 725 So 2d 1063 (Ala App, 1998)
Carr v state 640 So 2d 1064 1994.

Holding that the State demostrate that the Petitioner
has not been fully informed of his miranda rights,
because a law enforcement officer testifed at trial that
he had advise the petitioner of his Rights, but Petitioner
signed no part nor the waiver part of the miranda form,
Investigator Robinson and Sgt. firenand was the lead Investigators
to which the state never articulated precisely which Rights
were never explained to the Petitioner McLeod before he was
interrogated and questioned by and law enforcement officers,
this was not sufficient to establish the necessary miranda
Predicate, because general question of whether the Proper miranda
warning were given does not adequately establish whether the
warning was properly given and understand by the Petitioner. See;
also ex parte Johnson 620 so 2d 709-711 ex parte Price Robinson] Vs
State 399 so 2d 902 (Ala 1981), ex parte Callahan, miranda V.
Arizona, In each case the state sought to establish miranda
warning Predicate by mere asking the police whether the
warning were given and this was consistantly held to be Inadequate
under Swicegood and miranda vs Arizona; the criminal court
of Appeals Properly explained in the afore mentioned cases.
"the simple question is did you Read the defendant his Rights
Prior to questioning per The required miranda decision does not
Indicate whether the rights were Read before and after questioning
and whether the Petitioner understood the rights, and whether he made
an Intelligent waiver of those Rights even in cases when officers
have attempted to Give a detailed miranda warning, key elements
have been left out or misstated, thus it's critical that the
Testifying officer give some details as to exactly what language was used fo

the miranda warning, and under what circumstances, exparte Price: 725 S. 2d 1063 (Ala 1998), Criminal Law Key 531.1 and 519.1 it is well established that exafudicial confessions and other inculpatory statements are prima-facie involuntary and that for such a statement or confession to be admissible the state must prove by the propondrance of the evidence that it was voluntary, the state must show:

(1) that proper miranda warnings were given before questioning by the police and ... (2) that the statement was voluntary (I. E.), that it was not procured through coercion or improper inducement."

CRIMINAL LAW KEY 314:

"The trial court cannot fill an evidentiary gap with supposition or a presumption concerning a witness knowledge exparte Price:

Because the general question of whether the miranda warning were given does not adequately establish whether they were properly given and understood by the defendant. (Emenasis in original) See: Isomomoll V U.S 413 f. 2d 12.33 (5th cir. 1969), the governments burden of proving that proper miranda warning were given), aumot be meait by presumption or inferences, that when the police officers Read an accused from a form they are reading miranda warnings or that what is Read is without revelation of its contents and meets constitutional standard as set out in miranda vs: Arizon See: CRIMINAL LAW 414.

the Records in this case does not indicate precisely which Rights were explained to the Petitioner McLeod, therefore he was not properly advised of each of the Rights established in Miranda before he Provises any Statements to any law enforcement officers. In Particular, Investigator Robinson testimony omits any indication that McLeod was Properly advised, Miranda VS Arizona 384 U.S. 436 16 L.ed 2d 694, 86 S.ct 1602, the Petitioner was not Place under arrest, when Investigator Robinson Put McLeod in the back seat of his car, but was taken to a Special Interrogation Room where he Signed no confession which contained no typed Paragraph stating any question: Petitioner contends that his Miranda rights was not Properly Read to him by any Arresting officers, because if it was according to trial Transcript RPTS 31 & 34, why Investigator Robinson stated that he never ask McLeod any question, if it True that McLeod was asking the questions; then the Arresting officer should have made, advise McLeod with the understanding that any statement he made will be used against him: this was never done according to the Records: At his Trial in an Alabama State court, at which there were no confession or admitting was admitted into evidence, he was convicted of Rape and attempted murder; the defense was Precluded from making any showing that warning of his Rights to counsel and his Right to Remain Silent had not been given, his conviction was Affirmed by the criminal court of Appeals on March 19, 2005, (Another case on certiorari) the Supreme court of the U.S Reversed on the grounds that the defendant was not warned of any of his Rights before

the questioning by the Houston police department, In Houston County, Alabama, and that no other steps were taken to protect these rights; the petitioner was place in the book seat of the patrol unit by Houston County police department as a (suspect) in Houston county for the offense of Rape and attempted murder of one (1) victim Deteria Jones and was interrogated in the private inter-view room of the police department for a lengthy period; he was then handed over to the Houston county jail, where he was detained without being properly arrested and without an affidavit/warrant for his arrest, which McLeod states that he was never arrested; or Place in custody for questioning, which the writ of Arrest was void involid because it was not an affidavit/warrant that was signed and Issue by an Judge or magistrate Judge; Petitioner contends that he did not knowingly and Intelligently waive his rights to remain silent and his Right to consult with counsel prior to the time. Houston County police department held Petitioner McLeod in the station and county jail for 12 hours and Interrogated him on Nine separate occasions before they secured an void involid writ of Arrest: At his trial in a Alabama State court on the charges of Rape an Att. murder, which no confession or statement was introduced into evidence, he was convicted holding that the evidence should have been not admissible; Because Petitioner Should have been advised of his Right to Remain Silent and of his Right to counsel.

this court Should have seen that MCLEOD had been effectively appraised of his Rights, on Records which it does not indicate or snow no were that any (warning) had been given or that any effective alternative had been employed

## WARNING by POLICE:

As a constitutional Prerequisite to any questioning, an individual held for interrogation by a Low-enforcement officer, he must be warned, in Clear, and unequivocal terms, that he has a Right to Remain silent, that any statements he does make may be used as evidence against him, and that he has a Right to the Presence of an Attorney either Retained or Appointed, this was not done at BAR to Petitioner MCLEOD in his case at BAR.

A defendant may waive effectuation of his Rights to Remain silent and to be assisted by counsel at a custodial police interrogation, provided the waiver is made voluntarily, knowingly and intelligently this was never done in MCLEOD case at BAR and the Records Reflects the same, the Records indicate's that INVESTIGATOR Robinson did not know if he waive those Rights or not (RPts 41) Petitioner MCLEOD contends that (he) him/self Never waive any Rights, that his Court appointed counsel waive those Rights without his Consents, or knowingly, and MCLEOD was not given the little document called waiver of Rights.

If any individual held for interrogation by police indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease; the American accusatory system of criminal justice demands that the government seeking to punish an individual produce the evidence against him by its own independents labors rather than by the expedient of compelling it from his mouth. A defendant's constitutional rights are violated if his conviction in a federal or state court, is based, in whole or in part, on an involuntary confession, regardless of its truth or falsity; this is so even if there is ample evidence aside from the confession to support the conviction. U.S. V. Price 383 U.S 787 16 L.ed 2d 267, 86 S.ct 1152. the mandate of the (14th) amendment that no state shall deprive any person of life of liberty without due-process of law is a direct tradition concern of the federal government; the indictment allege Rape 1st degree and attempted murder by the accused person upon the rights of the asserrated victims to due-process of law under the (14th) amendment. At his trial in a alabama state court on the charges of Rape 1st. Att. murder 1st, no confession or voluntary statement was never admitted into evidence; He was convicted, this case is due to be reversed, because Petitioner mcleod should have been worn & advised of his rights to remain silent and of his right to counsel cite: 62 Cal 2d 571, 43 Cal. Rpts 201, 400 P.2d 97.

on record which indicates that law-enforcement officer Robinson could not remember did he waive Petitioner Rights or not, Petitioner contends that no warning had been given to him.

_Waiver Burden of Proof:_ if the interrogation of an individual held by police continues without the Presence of an attorney, and a statement is taken, a heavy burden rest on the government to demonstrates that the defendant knowingly and intelligently waived his Privilege against self-incrimination and his Right to retained or appointed counsel; this never happen in McLeod case at Bar, because McLeod never gave an statement, where he was never advise or warn, of his _miranda Rights_; the requirement of warning to be given by the police before in custody interrogation of a suspect and the Rules as to waiver of his Rights are a fundamental with Respect to the fifth (5th) amendment; this was never done in McLeod's case, according to McLeod Records when the police arrived at the crime scene, McLeod was place in the back seat of the police car as a suspect, but never was he place under arrest, and was not given fully understanding of his _miranda Rights_; when an individual is in custody on probable cause, the police may seek evidence in the field to be used at trial against him; such investigation may include inquiry of person not under restraint; this is exactly what happened in McLeod's case at Bar, that the Houston County Police department place McLeod in custody without probable cause,

Because when they arrived at the crime scene there were MR mcleod and another individual also were there his name was MR mcGriff, So why was not MR mcGriff also Place in the back Seat of the Police car as a Suspect as well? Instead they Single mcleod out without Probable cause and without Sufficient evidence to link mcleod to the crime, there were no Phasical evidence to link mcleod to the crime at Bar, Petitioner contends that the investigation of the Houston county, Alabama Police department was a total screw-up, Petitioner alleging that no law- enforcement officer advised him that he did not have to make any Statement, and that any Statement that he make or made could be used against him and that he had the Right to Remain Silent, and the Right to See an attorney; no where in mcleod Records that this happen in mcleod case; and his convictions of Rape 1st and Att murder 1st must be Reversed. Where the Petitioner was housed over to the Houston county Sheriff department after being only an suspect and Never under arrested, and there was no evidence of any warning given Prior to the Houston county Police department nor of an articulated waiver of Rights after the Houston county Police department commenced their Interrogation, and the Records does not indicates or show where MR mcleod Signed Any type of documents; IN a State court Reversal, on the ground because he has not been advised of his Rights to Remain Silent had been given or that his Right to counsel, no where in the court's Records this was done,

the law enforcement officer's took Petitioner into custody and interrogated him in a police station for the purpose of Obtaining a confession, the police did not effectively advised him of his miranda rights to Remain silent or of his Right to consult with an attorney. Rather the confront mcleod with a form of an word stating that we were going to hold you until the victim say that you having perpetrat a Rape and att murder, once was mcleod never been place under arrest.' Petitioner made no confession, or gave no statement to and law enforcement officers, the accused must be adequately and effectively appraised of his Rights and the exercise of those Rights must be fully-Honored, the warning of the Right to Remain silent must be accompanied by the explanation that anything said can and will be used against you in a court of law. this warning is Needed in order to make him aware not only of the Privilege, but also of the consequences of foregoing. Petitioner contends that his conviction and sentence was unconstitutional, that his court appointed lawyers failure to Search his Records for the false documents, failure to discovery the evidence that could have Persuaded the Jury to spare his two 94 years to Run consective fell below minimum constitutional Standards for the ineffective Assistance of Counsel's it is the lawyer's duty to investigate" and instructing to explore all avenues," no one could misunderstand in the circumstance of a case Like this," Petitioner Lawyer's Representation to be constitutional deficient.

## PRAYER OF RELIEF:

Wherefore, the premisese Considered, the petitioner prays that for the foregoing reason that this honorable court will GRANT this Rule 32 post-conviction petition and hold an evidentiary hearing According to Rule 32.(9) with the benefit of Counsel, Rule 32.(7)(C) the petitioner believes that this case is lawful due to be Reversed and Judgment be vacated, and would humbly ask that this honorable court give him an opportunity to demonstrates the merits of his claim. Petitioner further contends that he was not presented to him; a little dowment called waiver of rights, and the investigator officer didnt know if he gave petitioner one or not. RMS 41 trial transcript: Petitioner Contends that when the law-enforcement officer's arrived at the crime scene, he was accompolish with another individual as well MR. MCGRIFF he should have been a suspect as well as he was.

RESPECTFULLY SUBMITTED

*Freeshone McLeod*

## CONCLUSION:

For the foregoing reason Considered, the petitioner prays that this honorable Court of Houston County, Alabama GRANT this petition According to Law; and hold an evidentiary hearing According to Rule 32.(9) where facts and truth will be Reveal and that Justice may be served, and grant petitioner the Relief that he is so Lawful due:

PETITIONER MCLEOD CONTENDS THAT: (1) THE STATE FAILED
to ESTABLISH THAT MIRANDA WARNING WERE NOT PROPERLY
GIVEN AND UNDERSTOOD BY PETITIONER; (2) NO PROPER
ADMISSION OF INCULPATORY STATEMENT WAS NOT GIVEN AND (3)
EVIDENCE DID NOT SUPPORTED CONVICTION OF RAPE 1ST DEGREE, AND
ALL MURDER 1ST DEGREE.

NO CONFESSION OF A POORLY EDUCATED INDIGENT PETITIONER
NOT TOLD OF HIS RIGHTS TO COUNSEL, TAKEN WHILE HE WAS
IN POLICE CUSTODY AND WITHOUT THE ASSISTANCE OF COUNSEL
WHICH WAS NOT REQUESTED, CANNOT BE ADMITTED INTO EVIDENCE,
MIRANDA VS ARIZONA 16 L. ed 2d 694; ALL DEFENDANT'S
MUST BE INFORMED OF THEIR RIGHT TO COUNSEL AND BE GIVEN
COUNSEL SWIFTLY UPON THEIR ARREST; JOHNSON VS ZERBST
304 U.S. 458 82 L. ed 1461; LAW ENFORCEMENT IS NOT
A GAME OF CHANCES; PETITIONER MCLEOD WAS INDEED DENIED
HIS RIGHTS; THERE IS A RIGHT TO COUNSEL DURING INTERROGATION
PERIOD FOR ANY PERSON UNDER ARREST PEOPLE VS DORADO 42
CAL. RPTR 169 398 P2d 361

## PROPOSITION OF LAW: / DUE-PROCESS:

(1) THE CONVICTION WAS OBTAINED IN VIOLATION OF PETITIONER
RIGHT TO COUNSEL, GUARANTEED BY THE SIXTH AMENDMENT;

(2) THE CONVICTION WAS OBTAINED IN VIOLATION OF PETITIONER
PRIVILEGE AGAINST SELF-INCRIMINATION GUARANTEED BY THE
FIFTH (5TH) AMENDMENT, FED CRIM PROC RULE 5 (a):

(3) THE FIFTH AND SIXTH AMENDMENT REQUIRE that
the convictions be Reversed, TEMPLE L P 97 100;
32 U. of Chicago L REV 560 579 580.

(4) PETITIONER MCLEOD during POLICE custody and after
he had become the Prime SUSPECT were obtained in
violation of his CONSTITUTIONAL Right to counsel and
against COMPULSORY SELF- INCRIMINATION; MASSIAH VS
United States, 377 U.S 201 12 L ed 2d 246 84 S.Ct 1199

(5) THE MERE FACT that NO Confession was made while
Petitioner MCLEOD was in the custody of the
POLICE does Render it INADMISSIBLE.

(6) PETITIONER INCARCERATION FOR FIVE (5) days CONSTITUTE
a detention Without LEGAL Authority and was,
therefore, a deprivation of Liberty without DUE PROCESS
of LAW in violation of the fourteenth (14th) AMENDMENT.

(7) this case is due to be Reversed, and a evidentiary
hearing is to be held according to Rule 32.(9) A.R.C.P and
Appoint Counsel to Petitioner on Said matter.

(8) AND ORDER Relief to the PETITIONER that is so LAWFUL
due, and entitled to.

RESPECTFULLY- SUBMITTED

Freeshone McLead

SWORN AND SUBSCRIBED BEFORE
ME ON this 21st DAY OF September, 2005,

NOTARY- PUBLIC Cannol C. Anthony

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

MY COMMISSION EXPIRES:

CERTIFICATE OF SERVICE:

I, hereby certify that on this _____ DAY of _____ 200_
I Served a true copy of the same upon the HOUSTON
COUNTY, CLERK, by Placing in the U.S. mail at BULLOCK
COUNTY, facility Postage Prepaid the below addressed.

THE HONORABLE JUDY BYRD, CLERK,
    HOUSTON COUNTY, CIRCUIT COURT DISTRICT COURT CLERK

    P.O. DRAWER 6406
    DOTHAN, ALABAMA 36302

DONE this on 21 DAY of Sep 2005,

                    RESPECTFULLY- SUBMITTED
                    Freeshone McLead

EX PARTE,                                    )          IN THE CIRCUIT COURT OF

FREESHONE C. McLEOD            )          HOUSTON COUNTY, ALABAMA

VS.                                             )

STATE OF ALABAMA                   )          CASE NO. CC 2002-235 & 236.60

<u>MOTION FOR SUMMARY DISPOSITION</u>

Comes now the State of Alabama and moves the Court for an order summarily dismissing the petition filed herein and for reason alleges the following:

1. The petition fails to state a claim for which relief may be granted.

2. The grounds alleged in the petition either were raised at trial or could have been but were not raised at trial.

3. The grounds alleged in the petition either were raised on appeal or could have been but were not raised on appeal.

4. The grounds alleged and facts stated do not amount to newly discovered evidence.

5. The petitioner alleges that he was not adequately advised of his constitutional rights pursuant to <u>Miranda</u>. State's EXHIBIT "A" shows the contrary, in fact the petitioner even alleges that he never executed any explanation of rights and waiver of rights form. Also, to further make this claim moot, the State did not introduce at trial any statement made by the petitioner. A statement was taken from the petitioner and the first page of the transcript of said statement is attached as EXHIBIT "B" which shows that the petitioner had been properly advised and had executed a waiver.

6. The present petition is successive to two prior petitions.

7. As a jurisdictional issue does not in fact exist, the petition should be barred by the

statute of limitations.

8.  The State denies each and every material allegation contained within the petition.

Submitted this *29TH* day of September, 2005.

*Gary R. Maxwell*
Gary R. Maxwell
Chief Assistant District Attorney

## CERTIFICATE OF SERVICE

I, Gary R. Maxwell, Chief Assistant District Attorney, hereby certify that I have placed a copy of the same in the U.S. mail, postage prepaid, to Freeshon McLeod #229466, Bullock County Correctional Facility, P.O. Box 5107, Union Springs, AL 36089 *29TH* day of September, 2005.

*Gary R. Maxwell*
Gary R. Maxwell
Chief Assistant District Attorney

# FILED

SEP 3 0 2005

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO.. AL

*EXHIBIT A*

## ADVICE OF RIGHTS

## YOUR RIGHTS

PLACE: Houston Co. S.O.

DATE: 10·6·01

TIME: 6:26 p.m.

Before we ask you any questions, you must understand your rights.

YOU HAVE THE RIGHT TO REMAIN SILENT.

ANYTHING YOU SAY CAN BE USED AGAINST YOU IN COURT.

YOU HAVE THE RIGHT TO TALK TO A LAWYER FOR ADVICE BEFORE WE ASK YOU ANY QUESTIONS AND TO HAVE A LAWYER WITH YOU DURING QUESTIONING.

IF YOU CANNOT AFFORD A LAWYER, ONE WILL BE APPOINTED FOR YOU BEFORE ANY QUESTIONING IF YOU WISH.

IF YOU DECIDE TO ANSWER QUESTIONS NOW WITHOUT A LAWYER PRESENT, YOU WILL STILL HAVE THE RIGHT TO STOP ANSWERING AT ANY TIME. YOU ALSO HAVE THE RIGHT TO STOP ANSWERING AT ANY TIME UNTIL YOU TALK TO A LAWYER.

### WAIVER OF RIGHTS

I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

SIGNED: X _Freedence McLeod_

WITNESS: _Cook_

WITNESS: _____

TIME: 6:26 p.m

DATE: 10·6·01

*EXHIBIT D*

Transcribed 12/10/2001 By Donna Holland
OCA 012790329/Rocco
Statement from Freeshone McLeod, defendant

KR: Today's date 10/7/2001 time about 1:50 a.m. present Inv. Kris Rocco Houston County Sheriff's Office and Freeshone, state your name.

FM: Freeshone McLeod, when I was born?

KR: Yeah, date of birth.

FM: Freeshone McLeod, 10/13/77.

KR: Alright Freeshone um, how you spell your first name again?

FM: F-r-e-e-s-h-o-n-e.

KR: Ok, that's fine.

FM: M-c-L-e-o-d.

KR: Alright, um, you still aware of your rights, correct?

FM: Yes mam.

KR: Ok, your constitutional rights, you know what they consist of and they've already, you've already signed a waiver, (inaudible), and you know what I'm talking about.

FM: Yes mam.

KR: Let's go back to when I refer to last night that'll be because this is technically Sunday but I refer back I'm talking about um, Friday night.

FM: You mean, Saturday?

KR: Yeah.  Where did you spend the night?

FM: Friday?  (Inaudible).

KR: At who's?

FM: My girlfriend momma's house.

Page 1 of 47

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA.

R.E. CASE NO: CC-2002-235-236.061

FREESHONE C. McLEOD

   PETITIONER

   -VS-

STATE OF ALABAMA

   RESPONDENTS

# FILED

SEP 2 9 2005

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

)X

)X

)X

)X

## MOTION TO AMEND RULE 32 COMPLAINT
## CHALLENGING STATE CONVICTION:

COME NOW, FREESHONE C. McLEOD, by and through

NO ATTORNEY HELP, and MOVES THIS HONORABLE COURT

LEAVE TO AMEND HIS COMPLAINT FOR RULE 32 RELIEF AN

IN SUPPORT THEREOF WOULD SHOW AS FOLLOWS:

## I.
## JURISDICTION

THIS COURT HAS JURISDICTION OVER THIS MATTER AND HIS

   ISSUES CONTAINED WITHIN, WHICH STATES UNDER ALABAMA

LAW POST-CONVICTION CLAIMS ALLEDGING JURISDICTION DEFECT

AND EXCESSIVE SENTENCE ARE NOT SUBJECT TO A TWO YEAR

STATUE OF LIMINATION BASED ON FEDERAL OR STATE CONSTITUTION

GROUNDS; ALA RULES PROC, RULE 32.1 (A-C) 32.2 (C)

SEE: GORDON VS NAGLE 2. f. 3d 384 (CA) (ALA) 1993

II

PETITIONER is Raising the following claim of which this court Should entertained these issues and or adjudicate the merits of the claims in Petitioner Attempt to vindicate violation of his Rights.

GROUNDS of PETITIONER: (1) DUE-PROCESS.

Petitioner alleges that his conviction and Sentence is Illegal and unconstitutional because there he was arrested under an void invalid arrest/warrant:

GROUNDS of Petitioner: (2) Jurisdiction / Issues:

Petitioner contends that this Honorable court was without jurisdiction to impose the HARSH Sentence of two 99 Years to Run C/S, Petitioner alleging that not only was he false accused, But Never was Arrested RPTS 30 of Petitioner Transcript, Petitioner contends that the Sentence is invalid/unconstitutional with jurisdiction defect, C.P. Rule 16. 2 (b) A.R. Crim the Lack of SUBJECT matter Jurisdiction) may be Raised at anytime, SEE: FALKNER VS STATE 586 So 2d 39 47-48 (ALA) Crim App 1991, therefore the Petitioner Claims is of actual Prejudice effect of the entire trial Proceedings Resulting from the Prejudice effect of the trial Judge's comments on the evidence in the Presence of the Jury: (SEE:) WHITE VS STATE 546 So 2d 1014 at 1030-1031 (ALA, Crim. App 1989

For this Honorable Court not to hold an evidentiary hearing on Rule 32 Petition without addressing the jurisdictional issues and the Illegal Sentence was in effect to deny the Petitioner his Rights to due-process of the Law; (SEE:) SWIPES VS State 571 SO 2d 398 (ALA Crim App 1990.) ALSO: (SEE:) LADD VS STATE 577 SO 2d 926 (ALA Crim app 1990).

(1) Allow Petitioner to present evidence on these claims and Set the case for an evidentiary hearing to be held under Rule 32 .(9)

## Grounds of Petition:

this important issues was overlooked and excluded that was jurisdiction issues; Petitioner has the Right to bring these issues before this Honorable Court, and contends that the trial court appointed him Attorney Tom Brawley a Professional Attorney, how can this Court blame the Petitioner for these errors which all have merits that Requires vacate of the conviction and sentence, this court must consider the Petitioner allegations in Petitioner Petition that the Trial Judge abuse his discreation and did vioated his constitutional Rights and due-process Right to a fair State trial, and void invalid ARREST WARRANT, that was never conducted by Law?

(A) Petitioner alleged that he is entitled to Relief on the Following grounds: (1) The complaint was not made on (oath) before a Judge or magistrate; (2) the warrant was not signed by a Judge or a magistrate. (3) the indictment was not endorsed by the foreman of the grand Jurie (4) the _____

## ARGUMENTS:

Petitioner McLeod contends that his court appointed and appenate counsel's failure to make the proper investigation of the falsefied docments; Petitioner argues that the records will Reflect that the writ of arrest in (his) Petitioner case is void invalid defective, because it failed to be issue as charge and signed by an judge or magistrated judge; goes to the soley proof that the writ of arrest is basery for to be issue and served upon defendants who failure to appear in court, and to show the crime that he have been charge with, and to put his nam on Records:

### STATEMENT OF CASE AND GROUNDS:

The Petitioner was charged with Rape 1st degree and attempted murder 1st degree; these issues should have been dealt with by this court; Petitioner initiana asserts that the trial court emor in failing to review the propiety of the issuance of an Affidavit/wanant: where probable cause did not etisted for the insurance of the wanant; Petitioner alledg that his writ of arrest is void and invalid because it was not an Affidavit/wanant issue and signed by an Judge or magisnared; thus this Honorable court of Houston county was without probable cause to arrest the Petitioner: the Petitioner was Illegal arrested, falsed accused, and false imprisonment: Petitioner contends that this was only a form of arest/wanant that was drawn up by the clerk and signed by Deputy Ivery and Sherrif Larmour Glover.

the Law is Clearly Shown that (A) Warrant FOR ARREST have to be issue and Signed by an Judge OR magistrated; and the only way that a Sheriff or an Deputy Could Sign an warrant is that it is a <u>misdemeanor</u>. Petitioner Contends that the writ of Arrest in his <u>Records</u> that was drawn in a form of an arrest warrant and was issued on the basis of Insufficient of probable-cause is do to be <u>void</u> and invalid, for as the Records Snows, Petitioner Contends that Any warrant issue for Arrest and not Signed by an Judge or magistrated is <u>void</u> and invalid and Subsequent proceeding under a invalid warrant does not put a defendant in double Jeopardy; <u>Johnson vs State 82 (Ala 29 2,50 466 1887</u>. Petitioner Alledging that Code of Alabama 1975 Vol 12 (A) Tit 14-15 no magistrate or Judge Sign or issue Arrest warrant; this writ of Arrest was Sign only by the Clerk, Deputy Ivery, and Sheriff Glover, that this did Render Petitioner Conviction base on an void invalid Arrest/warrant; <u>Smith vs State</u> Cite as 609 So 2d 449 (Ala Crim App 1992)

## <u>Grounds II:</u>

Petitioner Contends that there was no Verified Signature of Complaint issued by an Judge or magistrate of the court is <u>void</u>, this court has place Petitioner McLeod false imprisonment under an <u>void</u> warrant and <u>void</u> indictment.

(A) a caption is an essential of a good indictment, and when upon appeal the Records does not Contain a caption filing; the Requirement of the state, it is a <u>fatal error</u>.

Petitioner contends that 15-7.4. Code of Ala 1975,
defined; (a) A "warrant of arrest" in an order in writing,
issued and signed by a Judge or magistrate, stating the substance
of the complaint and directed to a proper officer, commanding him
to Arrest the defendant; it must state the offense by name:
this writ of Arrest for Petitioner Mr. McLeod is void, invalid
defected; because it was not an Affidavit/ warrant that was
issued and signed by an Judge or magistrate, Petitioner contends
that he was never arrested According to trial Recored Rgts 30,
15-7-3, if the Judge or magistrate is reasonable satisfied from
such Deposition that the offense Complained of has been Committed
that there is reasonable Grounds to believe that the defendant is guilty
thereof; he must issued an Affidavit/ warrant; No Judge or
magistrate issue an warrant upon Petitioner McLeod, which makes
the writ of Arrest void invalid and deficient, Crittedon vs
State 476 So 2s 632 1985)


## Grounds III:

(A) Affidavit/ warrant of Arrest may be in Substance as follows:

The State of Alabama Houston County, to Any Lawful officer
of the State; complaint on (Oath) having been made before me
that the offense of designated or describing it has been committed
and accusing Freeshone C. McLeod, thereof; you are therefore commited
forthwith to Arrest McLeod, and bring him before me, Dated
the date of _____

                    Signed E.F. Judge or
                    magistrate

[(a)]

Petitioner McLeod contends that the records does not
indicate or reveal this at all, the constitution prohibits
the issue of any warrant to arrest any person without probable
cause, hence, any warrant issued without probable cause is void,
Probable cause existed for the insurance of the warrant is made,
Const. 5; U.S.C.A. Const Amend 4; Petitioner McLeod alleging
Staying that his Arrest was without probable cause under an
void Arrest warrant and void indictment; because he was never
being place under an Arrest RPTS 30 ___ of records; it will
indicate the same, that he was only detained for questioning;
that his writ of Arrest is void because it was not issued under
(OATH) by a Judge or magistrate no where in McLeod's Records
this was done according to law: Petitioner and the victim
mother was living together for months-years before this void
writ of Arrest was taken out, the purpose of this proposed testimony
to this writ to prove that the victim mother or some one
else committed this offense than McLeod, McLeod, further
alleging that the victim mother oftens threaded him at time
Saying that she was going to get him in some way or another
the indictment was not endorsed by the foreman of the grand
Jury MARgret C. DAVIS, instead it was endorsed by Amy
E. Scott RPTS VOLUME I page 14 ___ of Records.

## GROUNDS IV

Petitioner contends that the court erred in not compelling the state to
elect between count I and count II of the indictment where an
Indictment charges differents kindred offenses in the same Transaction
Is without in our law, it has long been held that different

offenses of the same Charter may be Propers Joined in a single Indictment, As noted by our Supreme Court in Deason vs. State 363 So 2d 1001 (Ala 1978) to Compel on Election by the State as to which Count of the Indictment it was seeking a Conviction; the Claim that the State is Required to Elect in Instance such as this, this is Permissible under our Statue 15-8-62 Code of (1975); Petitioner contends that the testimony of the minor Child the victim in this Case was Illegally; because the mother of the Victim Had told her what to say, and this testimony should have not been admitted. A bare allegation that a Constitutional Right have been violated and mere Conclusion of Law Shall not be sufficient to warrant any further Proceedings. here, where Petitioner allegation one True does raise a Serious questions of Convicting Courts Jurisdiction and authority to Sentence; In this Particular Instance this Petitioner, therefore is not Precluded by any Provision of Rule 32 especially as being deemed, as Successive because on different grounds Cannot be deemed Procedurally barred under Statue Precluding Successive Petition unless Prior Petition was adjudicated on its merits; Blount v State 572 So 2d 498 based on the foregoing it is Completely Clear that this Said Petitioner is entitled to Relief as a matter of Law; and does Pray's that this Honorable Court for the Relief in which he is so Lawful entitled to; Petitioner has establish a Right to a Vacate or in the alternative a new trial under the Cited Case of, Smith VS State Cite 609 So 2d Ala Crim App 449 1992; the Petitioner is Presently being Restrained of his Liberty by the Respondents upon Illegal Sentence under an Void Arrest/Warrant;

this is the only way that A WRIT of ARREST Shall be issue; and
not issue for criminal Charges. ISSUANCE of WRIT of ARREST, if a
defendant who has been dult summoned fails to appear; or if after
issuance of a summons there is reasonable cause to believe that the
defendant will fail to appear, or if for any Reason the summons cannot be
served or delivered, a writ of ARREST Small issue, more than one WRIT
of ARREST or summons may issue on the same complaint or Indictment.
the Purpose of the complaint, then is to enable the appropriate magistrate
to determine whether the Probable cause Required to support a
warrant exists; the (magistrate) must Judge for him/self the Persuasi-
eness of the fact relied on by a complaining officer to Snow Probable
Cause. He Should not accept without question the complaint's mere
Conclusion that the Person whole arrest is sought has committed a
Crime". SEE: GIORDENELLO VS- United States 357. U.S 480, 485,
86 78 S. CT 1245 1250 2 L Ed 2d 1503 (1958)


## Rule 3.2 (a)

An ARREST warrant issued upon A complaint Small be Signed by
the issuing Judge or magistrate, an ARREST warrant issued upon
an Indictment Small be Signed by the circuit Judge Presiding,
A clerk is only Authorized to issue warrant of ARREST for Returable
to district court; Rule 18. I (A) (1) (d), ALA R. Jud. Adm According
to Rule 4.4, or Petitioner mcLeod contends that he was not giving
a Probable cause hearing by a Neutral magistrate or Judge; See
GERSTEIN VS PUGH 420 U.S 103 (1975) also See RIVERSIDE VS
mcLaughlin, 500 U.S. 44 (1991).

IF A Probable cause hearing is NOT held within 48 hours of ARREST the person detained must be Release upon approve Bond. Felonies changed by complaint with commission was NOT Signed by a Judge or magistrate under (OATH) in mcleod case at BAR. No where in mcleods Records where it indicates And type of felony charge complaint Signed by any one, and Petitioner mcleod contends that he was NOT inform OR Advise of the Right to demand a preliminary hearing; nor was he giving AN preliminary hearing according to Law Petitioner mcleod contends that the writ of ARREST was to assures that the defendant is properly advised of the changes; RAIFORD VS STATE 296 MD at 299 462 A 2d at 1197, Petitioner mcleod contends that he was never arrested and no Affinnit/ warrant was issue against him And Signed by no Judge or magistrate; that he has been falsely ARRESTED under an void invalid deficient, insufficient Arrest-warrant.

## CONCLUSION:

the Petitioner is Raising the above following claim And grounds of which this Honorable court should entertain, these issues and or Adjudicate the merits of the claims And Grounds in Petitioner Petition to vindicate violations of his due process clause has been violated by this Honorable court and to Grant Relief that is so lawful due to this said Petitioner herein.

## PROPOSITION OF LAW:

Ex parte: DEASON VS STATE 363 So 2d 1001 (Ala 1978.

CRittenden VS State 476 So 2d 632 1985, 476 U.S. 1031 406 S. ct 12.39. 89. L. Ed 2d 347 1986.

Smith VS STATE 609 So 2d 449 (Ala crim app 1992).

Petitioner contends that the Lawyer's should have attacked the UNCONSTITUTIONAL and the invalidity of the Arrest warrant and the convictions; that it is the original unconstitutional infirmity should have been attacked by each of the lawyer's in this case and therefore, Petitioner have an allegation that each lawyer's take Freeshone McLeod ineffective assistance as well, the circuit court of Houston county, erred in finding that the trial and appellate counsel's "was competent effective counsel's" at the time of his two underlying convictions in case numbers, CC-2002-235.60 and CC-2002-236.60. the issue is whether counsel's performance in failing to challenge tit 62 & 311 on the grounds that it denied the Petitioner Equal-Protection was defficient and if so, whether the deficient Performance Presudiced the Petitioner. STRICKLAND -VS- WASHINGTON 466 U.S 668 687 104 S-CT 2052, 2064, 80, L. Ed, 2d 674 1984, JENKINS VS-STATE 586 So 2d 177 1991, EX PARTE PERRY 586 So 2d 242 1991, ~~[struck through]~~ Records Supported there was no evidence of forcible compulsion by Petitioner McLeod see: RIDER VS State 544 So 2d 944 (Ala Crim App 1989.

Petitioner contentious that complaint was not made on (oath) before an judge or magistrate, that the indictment was not endorsed by ~~[struck through]~~ forman of the grand Jury. Petitioner contends that this (his) case is to be Reversed and Remanded!

RESPECTFULLY- Submitted

Freeshore McLeod

PRO/SE Petitioner

Wherefore, Petitioner moves this Honorable court for Leave to Amend his complaint for Post-conviction Relief heretofore Filed so as to include the Below Listed grounds:

(1) Petitioner McLeod contends that his Arrest was without Probable cause, under an void invalid deficient ARREST/WARRANT and defective indictment.

(2) Petitioner contends that this court err for Admitting the testimony of the victim in this case, which was Illegally obtained and should not have been admitted.

(3) A BARE Allegation that a CONSTITUTIONAL Right have been Violated of Petitioner McLeod and mere conclusion of Law Shall not be Sufficient to WARRANT AND further Proceeding:

(4) Petitioner prays that this Honorable court set this case down for An evidentiary hearing to be Held under Rule 32.[9]

RESPECTFULLY Submitted

SWORN AND SUBSCRIBED BEFORE ME

_Freelane McLeo_
PRO/SE Petitioner

on this ___27th___ DAY of ___September___ 2005,

NOTARY PUBLIC _____

My Commission Expires _____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

## CERTIFICATE OF SERVICE:

I, hereby certify that on this ___27___ DAY of ___September___ 2005, I served a copy of the same upon the Respondents by placing in U.S. mail at Bullock County, facility Postage Prepaid.

R. E. CAB. NO: CC-2002-000235.62

FREESHONE CORNELIUS MCLEOD
    PETITIONER

-VS-

STATE OF ALABAMA
RESPONDENTS

                    ✳
                    ✳
                    ✳

# FILED

OCT 1 4 2005

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

## PETITIONERS' OBJECTION TO STATE MOTION TO DISMISS RULE 32 PETITION:

COME NOW, the Petitioner in the above styled cause by and through inmate's assistance, and file this his objection to the State's motion to dismiss the Petitioner's Rule 32 Petition. the Petitioner's States the following in support of the foregoing Proceeding:

I) the Petitioner States that under the Constitutional laws that he is not barred from obtaining Post-Conviction Relief.

II) the Petitioner Previously Filed a Rule 32 Petition with this Honorable court where certain issues under his 5th, 6th, 14th, Amendment of the Constitutional his Constitutional Rights was violated by this court because the factual issues are clearly Shown in the instant Rule 32 Petition.

II) Therefore, the Petitioners Claims is of actual Prejudice effect of the entire trial Proceeding Resulting from the Prejudice of the trial Judge's Comments on the evidence in the Presence of the Jury.

Instruction to the Jury was insufficient to cure or eradicate the prejudicial qualities of his comments. this Honorable Judge failed to instruct the Jury on Lesser Included offenses according to Law: the Petitioner Review of alleged infractions of these fundamental Rights must be taken from fact Reflected in the Records and fair and Reasonable inferences to be drawn therefrom. therefore, "Necessarily to a large extent (as has quite often been held by the Courts), each case presenting this question must be decided upon the merits of the particular case under Review, rather than an general Rule founded on the course adopted in our precedent cases. White supra thus incompetent counsel at trial failure to object, his failure to investigate the false/filed documents at trial, his failure to Raise these issues in a motion for New trial, the Houston County circuit court denied Petitioner the fundamental Right to a fair trial and was through No fault on Petitioner part, and for this Honorable Court to continue stating that the Petitioner should have Raised these Claims on direct appeal

the Petitioner further shows, that under A. R. Cr. P. it is the Counsel's responsibility to bring these errors to the trial and appeals courts attention! Neither did Counsel at trial or on direct appeal secure these errors for appellate Review: which all have merits that Requires a Reversal of the convictions:

4) for this Court to state dismiss the Petitioner Writ without addressing the jurisdictional issues and the Illegal sentences, was, in effect to deny the Petitioner his Right to Due- Process of Law:

(Underwood ~vs~ State 571 So. 2d. 398 (Ala. Crim. App. 1990)

Case 1:05-cv-01123-MEF-CSC    Document 20-2    Filed 05/24/2006    Page 50 of 57

Six, fourteenth, Amendments to the United States Constitution article One (1), Section 6, Const. of Alabama. 1901.

D.) the State alleges that the Petitioner's Rule 32 Petition is without merits and to be barred of Statue of Limitation, this court has Jurisdiction over this matter and Petitioner's issues contained within Pursuant to the holding in Gordon ~vs~ Nagle 2. f. 3d. 384 (CA) (Ala 1993), which States Under alabama Law; post-conviction claiming and alleging Jurisdictional defect and excessive Sentence are not subject to a two-year Statue of Limitation based on federal or State Constitutional grounds A.R.C.P. Rule 32. 1 (a) (c)   32. 2. (c)

E). that when a Sentence or Sentences are Illegal on there face, How can this court not deny the State's motion to dismiss and hold an evidentiary hearing on the grounds raised.

F.) Before, a Subsequent Petition con be deemed Successive, or barred, a previous Petition must have been Considered on its merits. LADD ~vs~ STATE 571 So.2d 926 (Ala. Crim. App 1990.

G). Allow Petitioner to Present evidence on this Claim and Set the case for an evidentiary hearing where additional fact may be Presented in support that that Petitioner Records doe's not Reflect that Petitioner was advised or warned of his Miranda Rights; Miranda ~vs~ Arizona and that no Sworn Affidavit/ warrant was signed and Issue by an Judge or magistrate against Petitioner, under

I. Dismiss the indictment Returned against Petitioner, because of his 6th, 6th 14th, Amendments Const. Rights was violated by this Court.

... their relief as is necessary and proper in light of the evidence presented at the evidentiary hearing.

## Grounds of Petition:

Petitioner has stated at trial and on several post-conviction remedies without contradiction that he was wrongful convicted under false/fied <u>documents</u>, and that such violates his Rights by denial of a fair State trial.

IV. In his motion in support of Rule 32 Petition, the Petitioner expressed denial of Due-process in it's most crucial form.

5). the Petitioner avers that his convictions is Prohibited by the Due-Process Clause of the federal constitution as he was convicted without proof of guilty beyond Reasonable doubt.


6) THEREFORE, the Petitioner request that this honorable court <u>Review</u> his convictions and determine pursuant to the Holding of <u>Smith vs State</u> Cite 609 so 2d 449 1992), <u>Jackson-vs-Virgina</u> 433 U.S. 307, 61 2. Ed. 2d. 560 99 S.Ct. 2781, and that this court find sufficient cause order the Holding of <u>Murray-vs-Carrier</u> 477 U.S. 478 91 L. Ed. 2d. 397 106 S.Ct

Petitioner McLeod contends that this Honorable Court forward him an warrant, Some type of form that is INSUFFICIENT and INVALID because it is NOT a part of Petitioner McLeod Records.

## Jurisdiction Issues may be Raised at Any time :

Petitioner contends that this Honorable Court of Houston County, Alabama was without Probable Jurisdiction to impose the harsh two 99 years Sentence to Run C/S, that his Sentence is invalid with Jurisdiction defect CP. Rule 16.2(b) A.R.C.P. the Lack of Subject matter Jurisdiction may be Raised at any time : FALKNER -VS- State 586 So. 2d 39 47-48 1991

for this Honorable Court to dismiss the Petitioner's WRIT with out addressing the Jurisdictional issues and the Illegal Sentence was in effect to denied the Petitioner his Right to DUE-Process of the Law.

## Conclusion :

for this Honorable Court bringing up post-conviction Remedies in Petitioner's Previous Petition's does not Protect the errors of this Court that Petitioner McLeod has been violated of his 5th, 6th, 14th, Amendments Rights; which his Rule 32 Petition exists material Issues of fact of Law which would entitle McLeod to Relief Under Rule 32; and that any purpose Preserving and Protecting Petitioner Constitutional Rights would be Served by Any further Proceedings :

PRAY'S that this Honorable Court will deny the State's motion to dismiss and issue an order for a hearing to be held on the merits of the Rule 32 Petition.

RESPECTFULLY SUBMITTED

*Freestone McLeod*

SWORN AND SUBSCRIBED BEFORE ME ON THIS 7th DAY of October 2005,

NOTARY PUBLIC: *L. ana C. Anthony*

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

MY COMMISSION EXPIRES:

STATE OF ALABAMA AT LARGE;

CERTIFICATE OF SERVICE;

I, Freestone C, McLeod hereby certify that I have served true a copy of the same upon the below party postage prepaid by placing same in U.S. mail here at B.C.C.F. on this 7th Day of October 2005,

JUDY BYRD
HOUSTON COUNTY CIR. COURT
P.O. BOX 6406

DOTHAN, AL. 36302.

RESPECTFULLY SUBMITTED

_IN THE CIRCUIT_ COURT OF HOUSTON COUNTY, ALABAMA

_DOTHAN, ALABAMA_

FREESHONE C. MCLEOD                          ✳

    APPELLANT / PETITIONER              ✳

-VS-                                        ✳  _IN R.E:_  CC-2002-235 & 236.60

STATE OF ALABAMA et. al.                      ✳

    APPELLEE / RESPONDENTS              ✳

# FILED

**OCT 2 5 2005**

_Judy Byrd_
JUDY BYRD, CLERK
HOUSTON CO. AL

## _NOTICE OF APPEAL_

COMES NOW APPELLANT / PETITIONER KNOWN herein to this Court as FreeShone McLeod, AIS # 229466, moves this Court to lawfully grant/ entertain said notice of Appeal, in the above cited cause as follows:

1. That APPELLANT McLeod filed his POST-CONVICTION Petition herein, on or about September 2005;

(2) that on September ———— 2005, the above mentioned Court heard the Appellant / Petitioner's Present Claims which were properly addressed and duly raised before appropriate Jurisdictional Court See Record i.e. (Post-Conviction Petition, and brief in Support of Rule 32 J", as now being requested transmitted for appellant review, and transferred to the court of Criminal Appeals, in the aforementioned cause;

(3) that this Court 'take Judicial Notice' of the Request herein, and notice of Appeal and issue form an order for the hearing Records by the Stenographer to be transcribed herein, of the September 2005 hearing;

Notice of Appeal                                    In Re CC-02-235 & 236.060

page 3    NOTARY    PUBLIC    STATEMENT

.State of Alabama )

.Houston, County )


Before me, the undersigned authority, did appear Freeshone, McLeod
AIS #229466 who attested to, the aforementioned contents, being
correct and true to the best of his knowledge lawful, Information
and belief, under the penalty of perjury.


Sworn and subscribed before me on this _18th_ Day of
_October_ 2005,


NOTARY PUBLIC AT LARGE, ALA:    _Lance C. Anthony_
                               **NOTARY PUBLIC STATE OF ALABAMA AT LARGE**
                               **MY COMMISSION EXPIRES: May 18, 2007**
    _____   C 5 M M I S S I O N   E x p i r


                    Certificate of Service:

I hereby certify that I have served a true and correct copy of the
    aforemention Document, upon said parties hereto, by placing same in
the united State's mail Box Located herein At B.C.C.f and Request being that
Iim Indigent, that Clerk Serve said Reporter, for transcript(s) under Alabama
Rules of Judicial Administration within the guise of office under title 12.17.9
et. seq. as requested hereto, properly addressed and postage Prepaid, hereto.


Executed on _18th_ day of _October_ 2005

                         Respectfully submitted
                         _Freeshone McLeod_

IN R.E. CC-2002-235 & 236.60

4. that the Appellant/Petitioner herein as been labeled in the Post as Indigent, and Lawfully Remains in the same light, for said cause hereto, and Support's the Claim within the gusie of title 1915. et, Seq.

(5). that the Clerk issue form the same contents herein to the Parties envolved under the premise of Indigency, and title 12-17-94. et, Seq. to Protect Appellant/Petitioner inherent rights to access the courts on appeal within the statue of Limitations to appropriately preserve all Constitutional deprivations that have just occured by the erroneous Ruling through abuse of discreation by the hearing Judge in the Present Case for Purpose of appeal.

(6) that in addition too, the court also contact the Stenographer and see court records and submits the same in the interests of Justice for the transcript to now be ordered for Appellant Review, and Provide copies of same to all Parties herein to avoid and such default/forfeiture at no-fault of Appellant/Petitioner McLeod, because of his indigency hereto;

executed herein on this __18th__ Day of __October__ 2005;

RESPECT+FULLY SUBMITTED

Freeshone McLeod

**FILED**

MAY 04 2006

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

To: Judge White

I am Freeshone C. McLeod AIS# 229466

1. My semen was on the panties that was put on the Victim by her mother Dinetha Jones

2. and yes Jonteria blood was on my shirt sleeve from bringing her out the wood

3. and yes my fingerprints was on that wok I use that for to cook in

4. then y'al said that Jonteria Jones was rape where is the evidence to prove that she was rape where is the Doctor report saying she was rape you better be praying to God that this child was rapped because I got proof that she was sexually assaulted. Certainly without findings of bruising, tearing, ripping, bleeding

   I can sue you the D.A. and the State of Alabama

   Look on page 249 in the transcript than you will see what I am talking about

* Need a case #, you can get it from records.