IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FREESHONE C. McLEOD, #229466, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-1123-MEF |
| | ) | |
| ARNOLD HOLT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Freeshone C. McLeod ["McLeod"], a state inmate, on November 15, 2005. In this petition, McLeod challenges convictions for first degree rape and attempted murder imposed upon him by the Circuit Court of Houston County, Alabama. The respondents filed an answer and supplemental answers in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they argue that McLeod's claims for relief are procedurally defaulted as he failed to present these claims to the state courts in accordance with the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845 (1999); *Teague v. Lane*, 489 U.S.288 (1989); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). Specifically, the respondents contend that McLeod's *Miranda*[1] and lack of arrest warrant

---

[1] 1. *Miranda v. Arizona*, 384 U.S. 436 (1966).

claims have not "been properly presented to the state courts for review either in direct appeal or in the [initial] Rule 32 postconviction proceeding. Therefore, [under applicable federal law], these claims are procedurally defaulted from federal habeas review." *Respondents' Answer* at 6. With respect to McLeod's allegations of ineffective assistance of trial and appellate counsel arising from the *Miranda* and arrest warrant issues, which the court construed as an allegation of cause for his procedural default on such claims, and his claims that (i) the trial court erred in its failure to produce records or documents that law enforcement officials actually advised McLeod of his *Miranda* rights; (ii) trial counsel failed to (a) investigate potential issues and defenses, (b) procure witnesses to testify on petitioner's behalf, (c) make any opening statements, (d) object to answers during the prosecution's questioning of the minor victim, (e) submit written jury charges, and (f) make a closing argument; (iii) petitioner did not voluntarily and intelligently waive his *Miranda* rights as law enforcement officials did not adequately or articulately explain these rights to him; and (iv) any statements obtained from petitioner were inadmissible at trial because he did not sign a waiver of rights form, the respondents maintain that these claims are procedurally defaulted as McLeod did not present them to the state courts in accordance with the state's procedural rules. *Teague v. Lane*, 489 U.S. 288 (1989); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). The record before the court indicates that the majority of the aforementioned claims are procedurally barred from review as they have never been presented to the state courts. Moreover, those claims that have been raised, i.e., trial counsel's failure to investigate and McLeod's failure to sign a waiver of rights form, are

2

likewise defaulted because McCleod did not present these claims to the state courts at the first available opportunity, be it either at trial, on direct appeal and/or in his initial or second Rule 32 petitions. The court further notes that McLeod did not properly appeal the denial of his second or third state post-conviction petitions.

A procedural default bars consideration of the merits of a claim unless the petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims only when the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 296. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624.

3

Accordingly, it is

ORDERED that on or before June 14, 2006 the petitioner may file a response to the answers filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after June 12, 2006 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The petitioner is instructed that when responding to the respondents' answers he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is cautioned that in responding to the respondents' assertion that all of his claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims

4

in state court either at the trial court level, on appeal or in available post-conviction proceedings.  The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity.  Moreover, if the petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, the petitioner must show specific reasons for the application of this exception.  *The petitioner is advised that the court will consider all previously filed responses when addressing his claims for habeas corpus relief.  Thus, it is not necessary to repeat any arguments presented to the court in prior documents.*

Done this 31st day of May, 2006.

                    /s/Charles S. Coody
                    CHARLES S. COODY
                    CHIEF UNITED STATES MAGISTRATE JUDGE