RECEIVED

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA OFFICE OF THE CLERK NORTHERN DIVISION
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

CASE NO: 1:05-CV-1123-MEF

FREESHONE C. MCLEOD #224466  )
    PETITIONER               )
                             )
vs                           )
                             )
ARNOLD HOLT, et al;          )

PETITIONER'S RESPONSE TO
ANSWER OF RESPONDENT:

---

BRIEF AND TRAVERSE FOR PETITION FOR WRIT
OF HABEAS CORPUS:

---

THE PETITIONER herein in Response to the return of an answer issued the Respondents pursuant to this Court's order as of June 14, 2006. Petitioner asserts that he is illegally detain of Liberty in violation of his State and Federally protected Rights guaranteed under the Constitution and Laws of the United States by reference is herein. Wherefore, Petitioner for the issuance of said writ, which is setforth in the Petition. Petitioner submits that pursuant to the provisions of the aforesaid answer, the Respondents have not established sufficient cause for Petitioner's detention and Writ of Habeas Corpus should be issued, discharging him forwith from the custody of the Respondents:

(1)

## DOCTRINE OF EXHAUSTION:

Petitioner has exhausted his legal remedies in the State of Alabama. Petitioner was convicted of Rape and Attempted Murder in the first degree on APRIL 28, 2003 and sentenced to be imprisoned in the State of Alabama Penitentiary for two (2) 99 years to run C/S. Petitioner direct appeal to the Alabama Court of Criminal Appeals was affirmed on MARCH 19, 2004.

## STATEMENT OF PETITIONER'S CLAIM(S) AND PROPOSITIONS OF LAW:

(1) Inadequate and Ineffective Assistance of Trial and Appellant Counsel(s).

Petitioner make the following for issuance of aforesaid writ:

STRICKLAND -vs- WASHINGTON. 643 F. 2d 1243 (1983).

(2) "Whether the HOUSTON COUNTY Police department erred by its failure to Advise, or warn Petitioner of his Miranda Rights."

ExPARTE JOHNSON 620 So 2d 709-711 (1993).
ExPARTE CALLAHAN 471 So 2d 463 (ALA 1985).
ExPARTE PRICE 725 So 2d 1063 (ALA 1998).
ROBINSON VS STATE 399 So 2d 902 (ALA 1981).
SPICEGOOD VS STATE 50 (ALA APP 105 277 So 2d 380 (1973).
MOMOLL VS U.S. 413 F. 2d 1233 (5th CIR. 1969).

(3) The Sufficiency of the evidence (Never Raised this ground on direct Appeal by trial court appointed counsel.

[2]

## Motion to Issue of Habeas Corpus

### And brief in support:

Come now, Petitioner and respectfully moves this Honorable Court for an order to issue writ of Habeas Corpus on the following grounds:

(SEE: Attached Exhibits and Affidavit(s)).

**I.** Inadequate and ineffective assistance of trial and appellant counsel(s).

The Sixth Amendment to the Constitution of the United States guarantees the defendant the assistance of counsel. This right of assistance of counsel is the right to reasonably effective assistance of counsel. <u>Strickland vs. Washington 693 F. 2d. 1243 1982 U.S.C.A. Const. Amend. 6</u>, the (5th Cir. in <u>McMoll -vs- U.S. 413 F. 2d 1293</u> the government burden of proving that a proper <u>Miranda</u> warning were given, aumpt be merit by persumption of inferences, that when the police officer's read an accused from a form they are reading <u>miranda warnings</u> on trots whats read is without revelation of its contents and meets constitutional standard as set out in <u>Miranda vs- Arizona</u>, SEE: Criminal Law <u>414</u>. The records in this case at bar does not indicate precisely which rights were explained to the petitioner McLeod; therefore, he was not properly advised of each of the rights established in <u>miranda</u>, before he provides any statement to any law-enforcement officer(s), in particular; Investigation Robinson testimony omitts any indication that the petitioner McLeod was properly advised. that he waived a lawyer at any time, that he understood what he was doing. that no promise or threats had been made to him, and no pressure or force of any kind had been used against him. that he hereby voluntary and intentionally waived those rights and that he was willing to make a statement and answer questions as required in <u>Miranda vs Arizona 384 U.S. 436 1966</u>).

In the case "at bar" Petitioner's defense lawyer(s) failed to demand considering the fact(s) that Petitioner assertion that all of his claim(s) for relief are not procedurally defaulted which is no fault on Petitioner part or Petitioner fault. It is not Petitioner fault why his court appointed lawyer(s) failed to investigate the false/filed documents in trial court at the trial court level, and on appeal or in lighting to exercise diligence in preparing his case in most favorable to the Petitioner, the Petitioner contends that the reason here presented asserts that this Honorable Court should address the procedurally-defaulted claims that the Respondent addressing under the fundamental-miscarriage of injustice; Petitioner shows the following portion(s) of the trial court record(s): in exhibit(s)(A) (B.)R-P 223) (C. R.P 235) ............. (E. R-P 237) (F) R-P 238) (G) R-P 239) (H) R-P 240) (I) (R-P 248) (J) R-P 248) (K) R-P 250) (L.) (R-P 251) (M) R-P 252) (N) R-P 312) of his trial court record(s) volume (3) an examination of Petitioner's record(s) will reflect the __bare__ truth of the outcome of his entitled proceeding; with respect to this action is directed to the Magistrate Judge for careful review which had been a violation created by state action in violation of the Constitution of Laws of the United States: if these rights had been recognized by court appointed lawyer(s) and was made on collateral review; or claims presented could have been discovered through the exercise of due-diligence; the time during which a properly filed __merit__ brief for State Post-Conviction by counsel(s) or other collateral review with respect to the pertinent judgment indicating the dates of such violation(s) where Petitioner alleges ineffective assistance of trial and appellant counsel(s) or insufficiency of the evidence in a "fundamentally unfair" ruling: This Honorable; Magistrate Judge should recognized that the burden of proof

(4)

is the producing of the state court record(s) of McLeod [T]he obligation to come forward with the state court record(s) is squarely upon the Respondent, not upon the Petitioner." BUNDY vs. WAINWRIGHT 808 F. 3d 1410, 1415 (11th Cir. 1987). In reference to portion(s) of trial court transcript as seen in volume (3) the above-facts clearly shows that the trial court arbitrarily abused its decreation by proceeding to trial upon false/filed documents; Petitioner was arrested upon an false/arrest/warrant/ without the (reading) warning) advised) of any of his MIRANDA Rights! (MIRANDA) (POUTE)! Where MIRANDA Warning was not properly given all conviction(s) must be vacated. In reference to the above portion(s) of the trial transcript record(s), the evidence pointed out during the course of trial that Petitioner McLeod Rights was and have been violated by the Houston County, Police Department Law-enforcement official(s) and the Houston County, Circuit Court. Petitioner respectfully request this Honorable Court to follow the decision in MIRANDA vs ARIZONA 384 U.S. 436 (1966) to find that the Houston County, Police department failure to conduct MIRANDA Warning of Petitioner prior to his detained and detention; and to order Reversal of Petitioner Conviction(s) and Remand to the circuit Court of Houston County, Alabama, with appropriate instruction."

III. "Whether a Black Male being detained for questioning for Rape and Attempted Murder of a one (1) minor child in the Southern State is entitled to be advised or warning giving of his MIRANDA Rights before being detained interrogated by Law-enforcement official(s): The Petitioner states without contradiction that he was violated by the Houston County, Police department, and the Houston County Circuit Court. and the Conviction(s) of Petitioner should be Reversed and Remanded discharging him from the custody of the Respondent(s):

(5)

IN THE UNITED STATES DISTRICT COURT: FOR THE MIDDLE DISTRICT OF ALABAMA  * NORTHERN DIVISION

FREESHONE C. MCLEOD * CASE NO: 1:05-CV-1123 M.E.F.

PETITIONER *

-vs- *

ARNOLD HOLT, et al; *

RESPONDENT

SWORN AFFIDAVIT: EXHIBIT (1)
TO SUPPORT PETITIONER PETITION

I, freeShone C. McLeod hereby declare under (OATH) and Perjury that the Prosecutor /OR/ Prosecutors has failed to make a Prima facie case: Id Citing TURNER-vs- STATE 266 (ALA 250 SO 2d 303 1957.

Petitioner was Prejudice under the foregoing fact(s) where the only evidence from a Rational trier of facts could find Petitioner guilty beyond a Reasonable/doubt is the Prosecutrix Testimony that she was "Raped" and (2) where it is error to Reverse in Alabama for a Prosecutrix to Testify she was "Raped."

RESPECTFULLY SUBMITTED

_Freeshone McLeod_

SWORN AND SUBSCRIBED BEFORE ME on this __7th__ day of __June__, 2006 year.

_Freeshone McLeod_

NOTARY PUBLIC: _L. Ong L. Anthony_

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

My commission expires:

(8) (6)

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NOTHERN DIVISION

Freeshone C. McLeod, #229466,

PETITIONER

-vs-

ARNOLD HOLT, et al;

RESPONDENT

CASE NO: 1:05-CV-1123-MEF

## SWORN AFFIDAVIT (2)

I, Freeshone C. McLeod hereby declare under (OATH) that I was deprived of my constitutional Rights to an fair trial from conviction and sentence at trial in violation of my (5th) (6th) (14th) admendment to the United States Constitution article 1, section 6, and the constitution of Alabama (1701).

Petitioner has shown prejudic under VAN ARCKEN VS STATE 424 So. 2d 622 (1982): The Alabama Criminal Courts of Appeal Reversed the appellant conviction on the basis of the trial court Refusal to grant the defendant motion to strike the prosecutrix statement that she was "Raped".

RESPECTFULLY SUBMITTED:

Freeshon McLeod

SWORN AND SUBSCRIBED BEFORE ME on this 7th day of June 2006 year,

Freeshone McLeod

NOTARY PUBLIC: _____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

My commission exp:

(7)

IN THE UNITED STATES DISTRICT COURT:

FOR THE MIDDLE DISTRICT OF ALABAMA

NOTHERN DIVISION

FREESHONE C. MCLEOD ) CASE NO. 1:05-CV-1123-M.E.F
   PETITIONER )
-VS- )
ARNOLD HOLT, et al; )
   RESPONDENT )

### SPECIAL REPORT:

COME NOW, the petitioner, Freeshone C. McLeod in the above styled-cause by through no legal assistance of counsel, and submits the following Special Report as follow:

### PETITIONER ALLEGATIONS:

1) That he is an inmate presently confined at Bullock Corr. Facility Union Springs Alabama [36089].

2) That he has been deprived of his constitutional Rights guaranteed by the Constitution of laws of the United States.

(3) Specifically, that on or about OCT 7, 2001 (HE) was detained by the Houston County Police Department for the offense(s) of "Rape" in the first degree; Attempted murder in the first degree; once never was (HE) petitioner was advised, warn, /or/ giving Miranda Rights. Petitioner was put to trial on APRIL 7, 2003 and was found guilty by a Jury indictment for Rape' first degree; Attempted murder first degree; during the entitled trial the prosecutor did not prove forcible-compulsion; See: RIDER VS STATE: 544 So. 2d 944 [Ala. Crim. App. 1989] the State did not prove a Prima Facie case of forcible-compulsion:

(◯), (8)

## CONCLUSION:

Petitioner contends that he have shown good cause that exist and Responded of the reference is herein of the aforesaid Answer, the Respondents have not established sufficient cause for Petitioner detention; and writ of habeas corpus should be issued, discharging him forwith from the custody of the Respondent(s).

Respectfully submitted
_Freeshone McLeod_

Sworn and subscribed before me on this __7th__ day of __June__, __2006__ year.

_Freeshone McLeod_

Notary Public: _L. Anice P. Anthony_

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007

My Commission expires: _____

## CERTIFICATE OF SERVICE:

I, Freeshone C. McLeod hereby certify that upon this __7th__ day of __June__ __2006__ year I served a copy of the foregoing Respond to answer of Respondent the Honorable Attorney General Troy King by placing a copy in an envelope in the U.S. mail Box at Bullock County Facility, postage prepaid as stated below:

STATE OF ALABAMA
OFFICE OF
ATTORNEY GENERAL HON. TROY KING
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130-0152

(6)   (9)

<u>NOTE: TO THE UNITED STATES DISTRICT COURT:</u>
<u>FOR THE MIDDLE DISTRICT OF ALABAMA</u>
<u>SOUTHERN DIVISION:</u>

DO TO PETITIONER INDIGENT SITUATION; PETITIONER IS UNABLE TO HAVE COPIE(S) RAN/OFF AND HUMBLE HIM/SELF AND ASK THIS HONORABLE COURT TO PLEASE FORWARD COPIE(S) OF EXHIBIT(S) A. B. C. E. F. G. H. I. J. K. L. M. N. UPON THE ATTORNEY GENERAL OFFICE:

<u>WITH ALL DUE-RESPECT!</u>

ENCLOSE IS TWO (2) COPIE(S) ONE FOR THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, <u>SOUTHERN DIVISION:</u>

ONE (1) COPY FOR THE ATTORNEY GENERAL OFFICE:

I REMAIN;
FREESHONE C. MCLEOD #229466
   P.O. BOX 5107
   B.C.C.F.
UNION SPRINGS AL.
         36089.