IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREESHONE C. MCLEOD, #229466, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. |
| ) | 1:05-CV-1123-F |
| ) | |
| ARNOLD HOLT, et al., ) | |
| ) | |
| RESPONDENTS. ) | |

**ANSWER TO AMENDED PETITION FILED AUGUST 20, 2006**

Come now the Respondents in the above styled cause by and through the Attorney General of the State of Alabama and in response to this Court's Order to respond to McLeod's most recent amendment to his §2254 petition, make the following answer.

1. McLeod alleges that the complaint used to obtain an arrest warrant and an indictment was void because it was not signed by the minor victim or her parents, but instead, was signed by the police.

2. Respondents assert that this amended claim is barred by the one year statute of limitation. "Petitioner must have filed the amendment to his §2254 petition within one year of his conviction becoming final, exclusive of the time that any properly filed State post-conviction petition was pending in the state courts." Culotta v. Mitchem, 2006 WL 752947 at *5 (M.D. Ala., March 22, 2006). The

statute of limitation commenced on November 11, 2004 (ninety days following the issuance of the certificate of judgment in state court on August 13, 2004). The statute of limitation ran until February 14, 2005, when McLeod filed his first Rule 32 postconviction petition in state court. At that point ninety-five days of his 365 days had run. The time remained tolled until September 27, 2005, when the certificate of judgment was issued in the first[1] Rule 32 case.[2] Thus, this amended claim filed on August 8, 2006, was filed 315 days after the Rule 32 proceeding became final in state court. Adding the 315 days to the ninety-five days that had run between the direct appeal being final and the commencement of the Rule 32 proceeding, a total of 410 days elapsed between the commencement of the statute of limitation and the filing of this amended claim. This amended claim exceeded the statute of limitation by forty-five days.

    3. The only way this claim may circumvent being time-barred is if it relates back to one of the claims filed in the initial petition that was timely filed. None of the claims previously filed are related to failure of the victim or the victim's parents to sign the complaint against McLeod which led to the arrest warrant and

---

[1] The other two Rule 32 proceedings occurred within the time tolled by the first Rule 32 proceeding, and thus, did not further toll the running of the statute of limitation beyond the time span of the first Rule 32 proceedings (i.e., from February 14, 2005 until September 27, 2005).

[2] The filing of the §2254 petition did not toll the statute of limitations with respect to the amended claim. See Duncan v. Walker, 533 U.S. 167, 181-2 (2001).

indictment. Thus, this claim is time-barred and due no federal habeas review or relief.

4. Respondents further submit that this claim constitutes a Fourth Amendment claim that is not subject to federal habeas corpus review when the State has provided an opportunity for a full and fair litigation of a Fourth amendment claim. Stone v. Powell, 428 U.S. 465 (1976). McLeod had the opportunity to raise this claim in state court on direct appeal (assuming it was properly preserved) and in his Rule 32[3] postconviction proceeding. McLeod, however, did not avail himself of that opportunity. Furthermore, he does not allege nor demonstrate that he was denied an opportunity for a full and fair litigation of this claim in state court. Therefore, his claim is not reviewable here pursuant to Stone. Peoples v. Campbell, 377 F.3d 1208, 1224 (11th Cir. 2004) (noting that a state prisoner may not be granted federal habeas corpus relief on grounds of a Fourth Amendment violation until the petitioner first demonstrates that the state courts deprived him of a full and fair opportunity to litigate his claim).

5. Moreover, because McLeod failed to present this present amended claim in state court, it is procedurally defaulted pursuant to Teague v. Lane, 489 U.S. 288 (1989). Even if not barred by the statute of limitation and Stone v. Powell,

---

[3] If the issue could not be raised on direct appeal, McLeod could raise it in the posture of an ineffective assistance of counsel claim – if applicable.

this claim would be due no review or relief unless and until this Court affirmatively finds that McLeod has sufficiently demonstrated cause for and actual prejudice from his procedural default. Coleman v. Thompson, 501 U.S. 722 (1991); Jones v. White, 992 F.2d 1548, 1564-5 (11th. Cir. 1993).

Wherefore, based on the foregoing, this claim is due no review or relief by this Court. Respondents assert that this petition is due to be denied with prejudice.

Respectfully submitted,

Troy King, ASB #KIN047
*Attorney General*
By-


s/Beth Slate Poe
Beth Slate Poe ID#POE005
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: <u>Freeshone C. McLeod, #229466, P.O. Box 5107, Union Springs, AL  36089</u>.

          Respectfully submitted,

          s/Beth Slate Poe (POE005)
          Beth Slate Poe (POE005)
          Office of the Attorney General
          Alabama State House
          11 South Union
          Montgomery, AL  36130-0152
          Telephone: (334) 242-7300
          Fax: (334) 242-2848
          E-Mail: bpoe@ago.state.al.us

174984/88232-001