At Screen
copy.

Poe
88232

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

SOUTHERN DIVISION

FREESHONE C. MCLEOD #229466,

   Plaintiff

-vs-

ARNOLD HOLT, et al;

   Respondents

Civil Action No.: 1:05-CV-1123-F

EXHIBIT 1

## MOTION TO AMEND HABEAS CORPUS COMPLAINT CHALLENGING STATE CONVICTION:

COMES NOW FREESHONE C. MCLEOD #229466 by and through inmate assistance and moves this Honorable court for Leave to amend his complaint for habeas corpus Relief, and in support thereof would show as follows:

(1). **PETITION:** FOR WRIT OF HABEAS CORPUS / CIVIL ACTION COMPLAINT:

COMES NOW Freeshone C. McLeod by PRO/SE without benefit of counsel, petition... this Honorable court in the above-stated cause, pursuant to 15-21-1 CODE OF ALABAMA which gives this court proper jurisdiction over said matter and for the following thereof:

(2) Plaintiff avers that on the __1st__ day of __January 2002__ I was indicted by a Houston County, Alabama Grand Jury thus Plaintiff contends that the complaint in which was

(1).

used to obtain an indictment and arrest warrant was void and fatally defected which make my sentence and judgement void, the complaint was never signed by the victim or victim parents; it was signed by Detective Robinson; the Records is silent of a (Sworn Affidavit) by the alleged victim or the parent(s) this complaint failed to support the requirement of Rule 2.3 Alabama Rules of Criminal Procedures which state... A complaint is a written statement made upon oath before a judge, magistrate, or official authorized law to issue said warrant of arrest, setting forth essential facts constituting an offense and alleging that the defendant committed the offense... The victim mother could not swear to the facts when she was not a actual witness, she swore to second hand information which made the complaint void, the parents of the alleged victim informed no one that they was pressing charges, but Houston County police department insisted that they would; the law of the state of Alabama forbid a police officer to be the victim, arresting officer and the complainer. In Giordenello vs U.S. 357 U.S. 480, 485-86 78 S.Ct 1245 1250 2 L Ed 2d 1503 1958: the U.S. Supreme Court held that "the language of the Fourth Amendment that... no warrant(s) shall issue but upon probable cause... of course applies to arrest as well as search warrant." SEE ALSO f. Whiteley vs Warden, Wyoming State Penitentiary 401 U.S. 560 91 S.Ct 1031, 28, L Ed 2d 306 (1971) Article 1, § Ala. Const. of 1901

(2)

provides that no ARREST WARRANT shall issue to... seize any person or thing without probable cause supported by (OATH) or a (affirmation); this Honorable Court of Houston County, Alabama was arbitrary and capricious fill out only to incarcerate Plaintiff McLeod, thus Plaintiff DUE-PROCESS was grossly violated and that a civil action will follow against INVESTIGATOR Robinson in their personal capacity act under color of law, because of the libel and slander complaint filed without the alleged victim parent(s) consent; thus this violation of Rule 13.1(C) the Alabama Supreme Court has further stated ..... an officer cannot justify an arrest on the ground that he had probable or reasonable cause to believe the person arrested had committed a felony. See: Duncan vs State 278 Ala. 145 160 176 So. 2d 840 854 (1965); this conviction(s) must be vacated and this cause set for a hearing; See Record(s) it will show that Houston County, Alabama Police department did not have sufficient probable cause to obtained the false writ of arrest warrant against me, Freeshone G. McLeod, the Parent(s) did not think a crime was committed by the Plaintiff McLeod, that's why they refused to press charges thus Houston Co. Police dept. has caused me severe mental Depression and Anguish by falsefiling documents to have me arrested

[3]

"INJUNCTIVE RELIEF SOUGHT"

(1) Plaintiff seek(s) an order to direct Houston County, Alabama Circuit Court to provide all legal documents pertaining to case no: CC-02-235.236.60 and provide document(s) such as: (Affidavit from Victim (Victim Parent(s)) information, indictment complaints made to magistrate judge to obtain an ARREST WARRANT

(2) Plaintiff seek(s) five millions-dollars for malicious prosecution from Douglas Albert Valeska D.A.@, in thine personal capacity acting under color of law.

(3) Plaintiff seek a hearing in this instant cause and Plaintiff be released at once for being wrongly-convict

Respectfully Submitted:
Frankie McLeod
PRO/SE

Sworn and subscribed before me on this 8th day of August 2006 year.

Notary Public: Brianna J. Etheridge

My commission expires: 5/28/07

14.

CERTIFICATE OF SERVICE:

I, hereby certify that I have on this 8 Day of Aug 2006 year, served a copy of the foregoing on the Alabama Attorney General's Office, by placing same in the United States mail, Properly Addressed and first Class Postage Pre Paid.

    Freeshone C. McLeod

[5]