IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF ALABAMA

FREESHONE C. MCLEOD                    ✳

PETITIONER                             ✳    CASE NO: 1: 05- CV- 1123- MEF

-VS-                                   ✳

ARNOLD HOLT et. al;                    ✳

RESPONDENT

PETITIONER TO RESPONSE TO THE ORDER

OF RESPONDENT ANSWER:

THE PETITIONER herein Response to the Return of an order
Answer issued the Respondent pursuant to this Court order,
as to October 10, 2006, Petitioner asserts that he is
illegally detained in violation(s) of his State and federally
protected Rights guaranteed under the Sixth [6th] Amend, and
the [14th] Amend, and the constitution and laws of the
United States and for reason set forth in the petition for
the issuance of said writ, which by reference herein:
Wherefore, Petitioner submits that pursuant to the provision
of the aforesaid Answer, the Respondent have not established
sufficient cause for Petitioner detention; and writ of habeas-
corpus be issued discharging him forwith from the custody
of the Respondent'(s).

(1)

## DOCTRINE OF EXHAUSTION:

Petitioner has exhausted his legal Remedies in the State's Court; Petitioner was convicted of Rape in the 1st-degree 13a-6-61 and attempted murder _____ CODE OF ALABAMA 1975; on MAY 28, 2003 Petitioner was Sentenced to be imprisonment in the State Penitentiary for two 99 years to RUN/CONSECUTIVE; Petitioner direct appeal to the alabama court of Criminal Appeals that was Appeal by his court appointed lawyer the HON: CLARK PARKER Attorney At Law; the sufficiency of the evidence claim(s) never were Raised on direct Appeal by his court appointed Counsel; which was No-Fault on Petitioner PART. (1) THE RESPONDENT contends that MCLeod's claim for Relief are Procedurally-Defaulted as he failed to Present these claims for Relief to the State court in accordance with the State Procedural Rules; MCLeod raised these claims in his Second Rule 32 Petition that was filed into the Circuit Court of Houston County, on or about Feb 14, 2005; which was No-Fault on Petitioner PART. (2) the RESPONDENT contends that MCLeod's MIRANDA and invalid ARREST WARRANT was not Signed by Judge or magistrate, but Signed by Clerk or LAW-ENFORCEMENT offical. (3) the Respondent contends that these claims have not Properly been Presented to the State court for Review: these claims WAS Presented in the [Initial] Rule 32 Petition POST-CONVICTION proceeding;

After Newly discovery evidence was discovery After trial, which indicated that his court Appointed Lawyer the Honorable CLARK PARKER of ATTORNEY AT LAW; 141 N. St. ANDREW St. DOTHAN, AL. 36303 ; who failed to investigate the Court's Records which was no-fault on Petitioner McLeod Part. THEREFORE; under Federal Laws; these claims are not procedurally- defaulted from Federal Habeas Review; (3) the RESPONDENT contends that because of the issues of the arrest warrant signed by police officer's are Likewise procedurally - defaulted because McLeod failed to present these claims to the state court; McLeod did present these claims on his Second Rule 32 petition, in which these claim's was discovery after trial and these claims is subject to Federal Habeas Review under MIRANDA as Well as under the [4th] [5th] and [6th] Amendment's. these claims are all not procedurally- defaulted. According To Law; McLeod contends that these claims was not Raise at trial And not presented to the State and Appellate courts because his Court- appointed Lawyer failure to investigate the State Records, McLeod contends that his Record's does not indicates And SWORN/AFFIDAVIT warrant for his Arrest; nor does it indicate any signed waiver: SEE Transcript; (4) THE RESPONDENT contends that the Records contain a waiver of Rights form signed by McLeod prior to giving his statement to Police. [UNTRUE]; McLeods Records does not indicate Any Statement he gave to any Law- Enforcement official's,

Mar 28, 2003; Petitioner was sentenced to be imprisonment
in the state Penitentiary for two 99 years to Run consecutive.
Petitioner direct appeal to the Alabama Court of Criminal appeals
that was appeal by his court appointed lawyer the Honorable;
Clark Parker; (never the Attorney Raised the sufficiency of the
evidence claim which was No-fault on Petitioner part; (1) the
Respondent contends that McLeod's claim for Relief are Procedurally
defaulted to he failed to Present these claim to the State court in
Accordance with the State Procedural Rules, McLeod did infact
Raised these claims in his second Rule 32 Petition that was filed
into the Circuit court of Houston County on or about feb 14, 2004,
which was No-fault on Petitioner part. (2) the Respondent contends
that McLeod Miranda and invalid Arrest/warrant was not signed by
Judge or magistrates; [True]; but signed by clerk or law-Enforcement
official(s) [True]; (3) the Respondent contends that these claims
was Not Properly Presented to the State's courts for Review;
which was No-fault on Petitioner part; Petitioner court-appointed
counsel Should be held "Accountable for such [Error's] and not
McLeod; these claims was later Presented to the trial court in
the [initial] Rule 32 Petition Post-conviction Proceeding; after
Newly discovery evidence which was discover after trial; where
Petitioner Defense counsel overlooked the most important issue's;
Defense counsel failed to investigate the court's Record's before
or during trial which was No-fault on McLeod's part, therefore, under
federal laws; these claims should not be Procedurally defaulted from
federal habeas Review; and McLeod Record's does not indicate no-where
that his arrest warrant was signed by Judge or magistrates and federal habeas
FOR Relief Should be     (4) granted;

to the complaint,

## DEFICIENT REPRESENTATION:

Mcleod contends that because of the deficient Representation of a court appointed lawyer in (A) Alabama State court it falls below "an objective standard of 'Reasonable' for a court appointed attorney (1) to not object to a Rape prosecutrix testifying that the petitioner mcleod "raped" her. and (2) to not preserve the issue's of the sufficiency of the evidence at the close of the State case, on on direct appeal.

## PROBABILITY OF A DIFFERENT RESULT:

Petitioner mcleod was actual prejudiced under the foregoing fact; (1) where the only evidence from which a rational trier of the fact could find him guilty beyond a reasonable doubt is the prosecutrix testimony was, she was "raped" because the victim mother had told her what to say R.P 312 & 315 of trial transcript. (2) When it is error to Reverse in Alabama for a prosecutrix to testify she was raped because trial counsel failed to object to the Illegal characterization contained in the complaint's Testimony, which would have been Reversible error under VAN ARCKEN the petitioner was denied effective assistance: THE SUPREME COURT OF the United States has determined that ineffective assistance of counsel must be demonstrated in two ways:

(5)

STRICKLAND VS WASHINGTON 466 U.S. 688 104 SCT
2052 80 L.ED 2d 274 (1969). [FIRST] it must show
that the performance of the defendant attorney was deficient
this prong of STRICKLAND test is satisfied by VAN-ARCKEN
[SECOND] it must be shown that there is a reasonable
probability that, the unprofessional error or errors, the
result of the proceeding, would have been different THE
ELEVENTH CIRCUIT COURT of APPEALS held that defense
counsel in case of CHATOM VS WHITE ——— f. 2d ———
11 CIR. 1988. MS. #87-7776, OCT 27, 1988 defense counsel
failure to OBJECT to the admission of atomic absorption
tests results was ineffective assistance of counsel, and
reversed the petitioner conviction. Thus, had petitioner court
appointed counsel objected in a timely fashion to the
improper testimony of the prosecutrix, petitioner conviction(s)
would have been reversed, and therefore, it is abundantly
clear that petitioner was denied effective assistance
of counsel under STRICKLAND test. In addition to
being ineffective by not objecting to the improper
testimony of the complainant, trial counsel was
also ineffective by not PROPERLY PRESERVING PETITIONER
INSUFFICIENCY of the evidence claim. At the close
of the State's case petitioner court-appointed lawyer
did not make the following motion: "Judge, we're
going to make a motion to exclude the State's
evidence and direct a verdict in favor of the
defendant."

(6)

had trial counsel made a correct and proper motion at the close of the State's Case, it should have been granted, and as such, the Results of the proceeding would then have clearly been different; therefore, the Petitioner was actual Prejudice of the entire trial proceeding, Resulting from the Prejudice effect of the trial Judge's comments on the evidence in the presence of the Jury: Trial counsel failure to Raise these issue's or claim(s) in a motion for New Trial or at Sentencing or on direct-appeal; which no-fault on Petitioner McLeod Part; the Houston County Circuit Court denied Petitioner the fundamental Right to a fair trial; and A <u>MISCARRAGE OF JUSTICE</u> of Petitioner Constitutional Rights was Violated; it is The counsel Responsibility to bring these error's to the trial and appellate court Attention; Neither did counsel at Trial [secure] the error's for appellate Review, which how can this Honorable-Court Blame Petitioner for these error's which all have merits that Require's a Reversal of Petitioner Conviction(s), for the Respondent to State that Petitioner claim(s) is Procedurally-defaulted without the Houston County, Circuit Court; without addressing the Jurisdictional Issue's and Illegal Sentence was denying Petitioner his Right To DUE-PROCESS:

(7)

Petitioner contends that he was prejudice by the failure of his court-appointed Lawyer to not present these Aforementioned issue's to the trial Court and on direct appeal by his Court appointed Attorney the Hon. CLARK PARKER WAS Petitioner Attorney on direct appeal and had he raised these fundamental issue's or Preserved them for Appellate Court's Review, Probably the Result of the appeal-Process would have been different.

## CONCLUSION:

Petitioner Submits without CONTRADICTION and State's that there exist material issue's of fact's of Law which would entitle the Petitioner to Relief Under the Sixth (6th) Amendment; Petitioner's Constitutional Rights would be served by Any further Proceedings. The Petitioner Respectfully Request that this Honorable Court makes Specific findings of fact's as to why Said Petitioner Should not be Granted: THE UNITED STATE'S SUPREME Court held; when a Petitioner Raised a Claim of actual-innocence of the crime to Avoid Procedural Bar to the consideration of the Merits of the Petitioner Constitutional Violation has happen Resulting in the conviction of one who is actual-Innocense," Sixth (6th), fourteenth (14th) Amendments to the United State's Constitution.

Petitioner contends that it is prohibition that state must avoid all reference to or use of, accused assertion of his rights to remain silent applies to assertion of Right To Counsel. U.S.C.A. Const. Amends. 5, 6. Comment on postarrest silence of Petitioner or his Refusal to give statement may be cured by prompt corrective action by trial court. U.S.C.A. Const. Amend. 5. Trial court erred by failing to give curative instruction following law-enforcement officer's testimony Regarding Petitioner postarrest silence and trial court abuse it's discreation in denying Resolving motion for mistrial, that was filed by his court appointed counsel, U.S.C.A. Const. Amend. 5. [See] transcript Record R.P. __68-71_____, the petitioner did not testify at trial, Petitioner McLeod never gave any statement and did not sign any-thing." wherein finding Prejudicial the officer's testimony, "I talked to [the Petitioner] and advised him of his Rights [Untrue]. illegal evidence, calculated to Prejudice the petitioner has been received, here because the trial Judge failed to give a curative instruction on the officer's comment on Petitioner postarrest silence, the admission of the testimony constitute error; thus, the trial Judge abuse it or his discreation in denying the motion for a mistrial. the Judgment is therefore, should be Reverse habeos corpus granted; discharging Petitioner forwith from the custody of the Respondent. denial of effective assistance of counsel and appellate counsel violates a conviction and entitled Petitioner to a new trial unless the state or government [9] can establish lack of Prejudice thereby.

Wherefore, the premises considered, the Petitioner
Prays that this Honorable court will issue on
order for a hearing to be held on the [merits] of
the Petition; after such hearing; an order be issue
discharging the petitioner forwith from the custody
of the Respondent; that Petitioner has shown
that he was actual- Prejudice by the entire trial
Proceeding; and has established good cause, indicating
the Prejudice that was [grovely-violated] from the
Circuit Court of Houston County, Alabama and
his court- appointed lawter's trial and Appellate
Attornes'(s).'

RESPECTFULY- Submitted.

_Freeshore McLead_

Sworn and Subscribed before me on
This 5th day of October 2006 years;

Notary- Public: _____

Commission exp: 5/28/07

CERTIFICATE OF SERVICE:

I, FREESNOWE C. McLEOD hereby certify that I have served true and correct copy of the foregoing upon all parties postage prepaid by placing same in the United States mail Box here at BULLOCK COUNTY, CORR, facility on this ___5___ DAY of _October_ _2006_ year;

[AS follows:]

I. THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN- DIVISION.

II. ATTORNEY GENERAL OFFICE
STATE of ALABAMA
11 SOUTH UNION STREET
MONTGOMERY ALABAMA, 36130-0152