IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREESHONE C. MCLEOD, ) | |
| AIS # 229466, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05cv1123-MEF |
| ) | (WO) |
| ) | |
| ARNOLD HOLT, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Freeshone C. McLeod ("McLeod"), a state prisoner, on November 23, 2005. (Doc. No. 1.) In his petition, McLeod challenges his convictions for first-degree rape and attempted murder entered against him by the Circuit Court of Houston County, on May 28, 2003.[1] The trial court sentenced McLeod to consecutive sentences of 99 years' imprisonment.

McLeod filed a direct appeal to the Alabama Court of Criminal Appeals, asserting the following claims:

(1)   Whether the trial court erred in denying the appellant's motion

---

[1] On May 15, 2003, defense counsel filed a motion for a new trial, challenging the sufficiency of the evidence. (Trial Transcript, C. 68-69.) On May 28, 2003, the state court denied the motion for a new trial. (C. 72.)

>   for a new trial?
>
> (2) Whether the trial court erred in sustaining the State's objection to the appellant's examination of victim's mother regarding her custody of the victim?
>
> (3) Whether the trial court erred in determining there was sufficient evidence to convict the appellant of attempted murder as charged in the indictment?
>
> (4) Whether the trial court erred in determining there was sufficient evidence to convict the appellant of rape in the first-degree as charged in the indictment?

(Doc. No. 9-2, State's Ex. B, p. v.) The Alabama Court of Criminal Appeals affirmed the trial court's judgment on March 19, 2004, and overruled McLeod's application for rehearing on April 16, 2004. (Doc. No. 9-3, State's Ex. D; Doc. No. 9-6, State's Ex. F.) On August 13, 2004, the Supreme Court of Alabama denied McLeod's petition for a writ of certiorari and issued a certificate of judgment. (Doc. No. 9-7, State's Ex. H.)

In February 2005, McLeod filed his first state post-conviction petition, pursuant to ALA.R.CRIM.P. 32. In his brief in support of his Rule 32 petition, McLeod asserts that "he was denied of []effective assistance of counsel and appella[te] counsel during trial and on direct appeal on account of the inadequacy of defense counsel's performance at trial and on direct appeal."[2] (Doc. No. 9-10, State's Ex. J, p. 11.) Additionally, in his statement of the issues, McLeod asserted the following claims:

---

[2] McLeod also argued that "his fundamental rights to due process was abridge[d] by the trial court's denying him the effective[] assistance of counsel and effective cross-examination of the victim's mother." (Doc. No. 9-10, State's Ex. J, p. 35.)

    (1)    Whether the trial court erred in denying the petitioner's motion for a new trial?

    (2)    Whether the trial court erred in sustaining the State's objection to the petitioner's examination of the victim's mother regarding her custody of the victim?

    (3)    Whether the trial court erred in determining there was sufficient evidence to convict the petitioner of attempted murder as charged in the indictment?

    (4)    Whether the trial court erred in determining there was sufficient evidence to convict the petitioner of rape in the first-degree as charged in the indictment?

(*Id.*, C. 14, 21, 23, 29, 33.) On March 8, 2005, the Bullock County Circuit court summarily dismissed the state post-conviction petition, determining that "each and every issue raised thereon was raised or could have been raised at trial or on appeal." (*Id.*, C. 45.) McCleod subsequently filed an appeal of the dismissal of his Rule 32 petition.[3] (Doc. No. 9-11, State's

---

[3] On appeal of his first state post-conviction petition, McLeod raised the following issues:

    (1)    Whether the trial court erred in denying the appellant a motion for a new trial?

    (2)    Whether the trial court erred in sustaining the State's objection to the appellant['s] examination of victim's mother regarding her custody of the victim?

    (3)    Whether the trial court erred in determining there was sufficient evidence to convict the appellant of attempted murder as charged in the indictment?

    (4)    Whether the trial court erred in determining there was sufficient evidence to convict the appellant of rape in the first degree as charged in the indictment?

(Doc. No. 9-11, State's Ex. K, p. 4 of 14.) Within his argument, McLeod asserted that trial counsel was ineffective for failing to object to the victim's testimony that the victim was "raped" and that "had appella[te]counsel raised these colorable issues on appeal[], appellant's appeal process would have been

Ex. K.) On August 19, 2005, the Alabama Court of Criminal Appeals determined that the four listed issues "are identical to the ones raised and addressed in McLeod's direct appeal" and that, because his "claims have previously been reviewed and addressed on the merits and rejected, the circuit court properly summarily dismissed his petition as precluded by Rule 32.2(a)(4), Ala. R. Crim. P." (Doc. No. 9-13, Def's Ex. M, p. 2.) He did not submit a petition for a writ of certiorari to the Alabama Supreme Court. (Doc. No. 1, Pet's § 2254 Petition, p. 5.) A certificate of judgment was entered on September 27, 2005.

During the pendency of his first Rule 32 petition, McLeod filed a second state post-conviction petition on May 27, 2005, in which he raised the following claims:

(1)   His conviction and sentence are illegal and unconstitutional because he was arrested pursuant to a void arrest warrant.

(2)   The state court was without jurisdiction to impose his sentence because he was falsely arrested and accused.

(3)   The indictment returned against him was void because he was arrested pursuant to a arrest warrant that was not issued or signed by a judge or magistrate.[4]

---

different." (*Id.*, p. 5 of 14.) He further argued that both trial and appellate counsel were ineffective with respect to his claim that the trial court erred in sustaining the State's objection to testimony concerning the mother's custody of the victim. (*Id.*, p. 7 of 14.) In addition, under Issue Three, McLeod argued that trial counsel was ineffective because (1) he failed to preserve his insufficiency of the evidence claim by failing to move to exclude the State's evidence and failing to move for a directed verdict; (2) he failed to make an opening statement at trial for a "strategic reason"; (3) he did not object to the victim's testimony that she was "raped"; (4) he "failed to instruct on lesser-included offenses of first-degree rape and first degree attempted murder" and that appellate counsel was ineffective for failing to raise a claim that trial counsel failed to instruct the jury on the lesser-included offenses. (*Id.*, p. 7-10 of 14.)

[4] Within his argument concerning this claim, McLeod asserted that "his court appointed counsel Tom Brantley failed to make proper investigation of the arrest warrant." (Doc. No. 17-2, Def's Ex. N, p. 12.)

(Doc. No. 17-2, Def's Ex. N.)  On June 16, 2005, the Bullock County Circuit Court dismissed the second Rule 32 petition on the grounds that the dismissal of the initial Rule 32 petition was presently on appeal.  (*Id.*, C. 1.)  McLeod did not appeal from the denial of this second state-post conviction petition.  (*Id.*; Doc. No. 1, p. 5; Doc. No. 17, p. 3.)

On September 21, 2005, McLeod filed a third state post-conviction petition, asserting the following claims:

(1) During questioning "by law enforcement officers with the Houston County Police Department on October 6, 2001, at 3:30 p.m. and on October 6, 2001, and once more between that time," he was not fully informed of his *Miranda* rights.[5] (Doc. No. 17-3, State's Ex. O, C. 14.)

(2) He did not sign a waiver-of-rights form or otherwise voluntarily waive his constitutional rights.  (*Id.*, C. 16-28.)

At the conclusion of his petition, McLeod also listed the following claims:

(1) His conviction was obtained in violation of his right to counsel.

(2) His conviction was obtained in violation of his privilege against self-incrimination.

(3) The Fifth and Sixth Amendment require that the convictions be reversed.

(4) During the time he was in "police custody and after he had become the prime suspect [*sic*] were obtained in violation of his constitutional right to counsel and against compulsory incrimination."

(5) The mere fact that no confession was made while petitioner

---

[5] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

5

>   McLeod was in custody of the police renders it inadmissible.
>
> (6) His incarceration for five days constituted a detention without legal authority and was, therefore, a deprivation of liberty without due process of law in violation of the Fourteenth Amendment.

(Doc. No. 17-3, State's Ex. O, C. 29-30.)  On September 28, 2005, the Houston County Circuit Court dismissed the state post-conviction petition, specifically noting that McLeod's assertion that his Miranda rights were violated could have been raised on direct appeal. (*Id.*, C. 1.)  McLeod attempted to submit an appeal of the dismissal of his third state-post-conviction petition to the Alabama Court of Criminal Appeals;  the state appellate court, however, did not accept the filing because McLeod neither paid a filing fee nor was granted in forma pauperis status. (*Id.*, C. 2; Doc. No. 20, pp. 2-3.)

On November 15, 2005, McLeod filed a petition for habeas corpus relief in this court. In his § 2254 petition, McLeod asserts the following claims:

> (1) He was "never warn[ed] or giv[en] *Miranda* rights according to law: [he] never waive[d] any of [his] rights, Investigator Robinson did not remember whether he waived McLeod his rights or not. . . . The record does not indicate any warning or . . . explain[] any rights. . . . [He] never signed any document called waiver of rights [and] did not voluntar[ily] and intentionally waive [his] rights before or after questioning as required by *Miranda*."
>
> (2) There "was never an affidavit/warrant issued and signed by a judge or magistrate for his arrest, only an invalid writ of arrest was issued . . . signed by the Clerk, Deputy, and Sheriff of Houston County Police Department, Dothan, Alabama."

(Doc. No. 1, pp. 6-7.)  On February 1, 2006, McLeod filed an amendment to his § 2254

petition, in which he asserts the following claims:

(1) The trial court erred in its failure to produce records or documents indicating that law enforcement officials advised him of his rights.

(2) Trial counsel was ineffective for the following reasons:

   (a) Trial counsel failed to investigate the issues, such as falsified documents.

   (b) Trial counsel failed to procure any witnesses to testify on his behalf.

   (c) Trial counsel did not give an opening statement.

   (d) Trial counsel did not object to answers during the prosecution's questioning of the minor victim.

   (e) Trial counsel did not submit written jury charges.

   (f) Trial counsel did not give a closing argument.

(3) He did not voluntarily and intelligently waive his *Miranda* rights as law enforcement officials did not adequately or articulately explain these rights to him.

(4) Any statements obtained were inadmissible at trial because he did not sign a waiver of rights form.

(5) Any default arising from his failure to raise his *Miranda* and arrest affidavit issues at trial or on appeal resulted from ineffective assistance of counsel and that such establishes cause for his procedural defaults. Specifically, both trial and appellate counsel provided ineffective assistance because they failed to challenge the lack of proper *Miranda* warnings and the invalid arrest warrant throughout the state court proceedings.

(Doc. No. 11.)

On August 16, 2006, McLeod filed a second amendment to his § 2254 petition, in which he asserts the following claims:

(1) The arrest warrant was never included in his record and such warrant is therefore "void and fatally defected which makes [his] sentence and judgment void. . . ."

(2) The complaint used to obtain an arrest warrant and an indictment was void because it was not signed by the minor victim or her parents, but instead, was signed by the police.

(Doc. No. 25.)

Upon review of the § 2254 petition and amendments to the petition, the answers of the respondents, and McLeod's responses to the answer, this court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

McLeod's claims challenging the voluntariness of his statements and the waiver of his rights were raised for the first time in his third post-conviction petition. (Doc. No. 17-3, State's Ex. O, C. 14, 16-30.) The Houston County Circuit Court, however, determined that these claims were procedurally barred pursuant to ALA.R.CRIM.P. 32 because the claims could have been raised on direct appeal. (*Id.*, C. 1.) The federal courts may not review a claim procedurally defaulted under state law if the last state court to review the claim finds that its judgment rests on a procedural bar. *See Harris v. Reed*, 489 U.S. 255, 260-61, 263

(1989); *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir.1996). Moreover, it is clear that McLeod did not properly challenge the dismissal of his third state post-conviction petition on appeal to the Alabama Court of Criminal Appeals or in a petition for a writ of certiorari to the Alabama Supreme Court. Consequently, these claims are procedurally defaulted in this court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Collier v. Jones*, 910 F.2d 770, 773 (11th Cir. 1990).

McLeod's challenge to the arrest warrant and affidavit on the grounds that the writ of arrest was not signed by a judge or magistrate, as well as his claim that trial counsel failed to investigate the arrest warrant, were raised for the first time in his second state post-conviction petition. (Doc. No. 17-2, State's Ex. N.) The Houston County Circuit Court dismissed the petition, specifically determining that McLeod's claims were precluded from review because his first state post-conviction petition was pending on appeal.[6] (*Id*., C. 1.) McLeod neither appealed the dismissal of his second Rule 32 petition to the Alabama Court of Criminal Appeals nor submitted a petition for a writ of certiorari to the Alabama Supreme

---

[6] The State cites *Ex parte Bogan*, 814 So. 2d 305 (Ala. Crim,. App. 2001), and *Ex parte Hargett*, 772 So. 2d 481, 483 (Ala. Crim. App. 1999), for the proposition that Alabama procedural law provides that a petitioner may not have a second post-conviction petition on the same conviction pending in state court at the same time that a separate appeal of his conviction is pending. The court notes, however, that the holdings in *Bogan* and *Hargett* do not support the State's argument that the claims in McLeod's second state post-conviction petition are procedurally barred in state court. For instance, in *Bogan*, the court determined that the state circuit court "had no jurisdiction to dismiss the January 2001 petition while the dismissal of Bogan's September 2000 petition was pending on direct appeal" and concluded that the court's ruling dismissing the second petition was "void for lack of jurisdiction." 814 So. 2d at 305-06. Nonetheless, McLeod did not appeal the dismissal of his second Rule 32 petition to the Alabama Court of Criminal Appeals or submit a petition of writ of certiorari to the Alabama Supreme Court. Thus, his claims are procedurally barred in this court. *See O'Sullivan*, *supra.*

Court. Thus, his claims concerning the writ of arrest and trial counsel's ineffectiveness for failing to investigate the warrant are procedurally defaulted in this court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Collier v. Jones*, 910 F.2d 770, 773 (11th Cir. 1990).

McLeod's claims that trial counsel was ineffective for failing to give an opening statement, failing to object to answers during the prosecution's questioning of the victim, and failing to submit written jury charges were raised for the first time on appeal of the denial of his first state post-conviction petition. (Doc. No. 9-11, State's Ex. K, p. 8 of 14.) On appeal, the Alabama Court of Criminal Appeals did not specifically discuss McLeod's allegations of ineffective-assistance-of-counsel. (Doc. No. 9-13, State's Ex. M.) The appellate court, however, affirmed the Houston County Circuit Court's decision, specifically determining that the court "properly summarily dismissed [McLeod's] petition as precluded by Rule 32.2(a)(4), Ala. R. Crim. P." (*Id.*, p. 2.) McLeod did not challenge the Alabama Court of Criminal Appeals' decision in a properly filed petition for a writ of certiorari to the Alabama Supreme Court. Consequently, these ineffective-assistance-of-counsel claims are procedurally defaulted in this court. *See O'Sullivan*, *supra.*

McLeod's remaining claims are also procedurally defaulted as these claims were never presented to the state courts. *See Teague v. Lane*, 489 U.S. 288 (1989); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). A movant, however, may avoid the procedural bar by demonstrating "cause and actual prejudice or actual innocence." *Jones v. U.S.*, 153 F.3d 1305, 1307 (11th Cir. 1998).

McLeod contends that his procedural defaults should be excused because his trial counsel failed to investigate court records, file appropriate motions, or object to the prosecution's questioning of witnesses and the witnesses' testimony at trial. (Doc. Nos. 1, 11, 24, 33.) In addition, he asserts that his appellate counsel failed to raise certain issues on appeal. (*Id*.) As previously discussed, McLeod is procedurally defaulted on his claims of ineffective assistance of counsel because these claims were not properly raised in the state courts. *See O'Sullivan*, *supra*; *Teague*, *supra*; *Bailey, supra*. Ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently and properly raised in the state courts. *Murray v. Carrier*, 477 U.S. 478, 489 (1986)(recognizing a "general[] require[ment] that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default"); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim). Because McLeod did not properly raise his claims of ineffective assistance of counsel in the state courts, his allegations that trial counsel failed to investigate court records or preserve certain arguments and that appellate counsel failed to raise additional claims on appeal does not constitute cause to excuse his procedural defaults.

McLeod also argues that his failure to present his claims on appeal of the dismissal of his third state post-conviction petition should be excused because the state courts denied his application to proceed *in forma pauperis* on appeal. (Doc. No. 1, § 2254 petition, p. 8.)

11

The state courts relied on state procedural rules in determining that McLeod was not eligible for in forma pauperis status and this court must give deference to the state court's decision. *See Hill*, *supra*. Therefore, McLeod's contention does not constitute cause for his procedural defaults.

To the extent that McLeod proclaims his innocence and a resulting miscarriage of justice from a failure to address his claims, his assertion is not persuasive. The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*. To meet this standard "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. at 327.

McLeod has failed to make the requisite showing of actual innocence. He has presented no evidence or facts to this court, nor has he suggested that any exists which could satisfy the standard set forth in *Schlup*. McLeod's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition

for habeas corpus relief filed by McLeod be denied and that this case be dismissed with prejudice. It is further

ORDERED that **on or before October 9, 2007**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of September, 2007.

        /s/Charles S. Coody  
    CHARLES S. COODY  
    CHIEF UNITED STATES MAGISTRATE JUDGE